UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

TONY CACCAVALE and ANTHONY MANGELLI,              Case No:  20-CV-974
individually and on behalf of all others similarly situated,

                                        Plaintiffs,          **CLASS ACTION**
                                                             **COMPLAINT**

                              -against-                      **JURY TRIAL DEMANDED**

HEWLETT-PACKARD COMPANY, HEWLETT
PACKARD ENTERPRISE, CO. and UNISYS
CORPORATION,

                                        Defendants.

------------------------------------------------------------------------X

Plaintiffs TONY CACCAVALE and ANTHONY MANGELLI, individually and on behalf of all others similarly situated, as class representatives, by their attorneys Certilman Balin Adler & Hyman, LLP, allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.  Plaintiffs TONY CACCAVALE ("Caccavale") and ANTHONY MANGELLI ("Mangelli") (collectively "Plaintiffs") bring this action individually in accordance with New York Labor Law ("NYLL") for failure to timely pay wages under NYLL § 191 and for failure to comply with NYLL § 195 (1).

2.  Plaintiffs also bring this action on behalf of themselves and all similarly situated manual workers who furnished labor to Defendants HEWLETT-PACKARD COMPANY ("HP"), Hewlett Packard Enterprise, Co., ("HPE") and/or UNISYS CORPORATION ("Unisys"), who were not timely paid wages under NYLL § 191, and/or who did not receive the notices/were not given a copy of the notices for their records required by NYLL § 195 (1).

1

7050966.1

## JURISDICTION AND VENUE

3.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(1), 28 U.S.C. § 1332 (d)(2)(a), and/or 28 U.S.C. § 1367.

4.   Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

**Plaintiffs**

5.   Plaintiff Caccavale is an individual who resides in the State of New York, County of Suffolk.

6.   Plaintiff Mangelli is an individual who resides in the State of New York, County of Nassau.

**Defendants**

7.   Defendant HP is a foreign company incorporated in Delaware with a principal place of business in Palo Alto, California.

8.   Defendant HPE is a foreign company incorporated in Delaware with a principal place of business in San Jose,  California.

9.   Defendant Unisys is a foreign corporation incorporated in Delaware with a principal place of business in Blue Bell, Pennsylvania.

10. Defendant HP, *inter alia*, sold printers, laptops and desktop personal computers.

11. Defendant HPE, *inter alia*, focuses on enterprise hardware products such as servers and networking equipment.

2

7050966.1

12. Defendant Unisys, *inter alia*, offers outsourcing and managed services, systems integration and consulting services, high end server technology, cybersecurity and cloud management software, and maintenance and support services (HP, HPE and Unisys collectively "Defendants").

## STATEMENT OF FACTS

13. Plaintiff Caccavale was employed by HP from approximately 1985 until November 2015.

14. Plaintiff Mangelli was employed by HP from approximately 1980 until November 2015.

15. During their time working for HP, Plaintiff Caccavale and Plaintiff Mangelli were employed as Field Service Engineers and worked in Long Island, Queens, Brooklyn, the Bronx and/or Manhattan.

16. Their jobs required that they physically fix various pieces of hardware and software.

17. On a typical day, Plaintiffs would access an application which indicated where their first job would be located.

18. Plaintiffs would drive to a location to pick up the needed part(s) which would be pre-selected for them.

19. The needed part(s) typically would be located in different locations throughout the New York metropolitan area.

20. Once the part(s) were picked up, Plaintiffs would drive to a customer location and find the listed contact for the given client.

21. Thereafter, Plaintiffs would take the given part(s), which, depending upon volume and weight, may have to be moved by a hand truck, as well as their tools (generally including, but

3

7050966.1

not limited to, screwdrivers, Allen wrenches, hex tools, and a digital volt meter), into the customer's building.

22. Plaintiffs would then have to fix given items which could entail physically breaking down the item several times and having to reassemble it.

23. Once the first job was over, Plaintiffs would often receive subsequent jobs where they would repeat the above described tasks.

24. When the given jobs for the day were completed, Plaintiffs would be required to account for various parts. If, for example, a replaced item was damaged they would either have to physically bring the item to a given location or pack it up, put it in a box, and put a label on it for mailing to a given location.

25. At all times that Plaintiffs were employed by HP, they spent most of their time engaged in physical labor.

26. At all times that Plaintiffs were employed by HP, Plaintiffs were manual workers.

27. During the entirety of their employment with HP, Plaintiffs were paid on a bi-weekly basis.

28. In or about November 2015, HP split into two divisions, one of which was HPE.

29. In or about November 2015, Plaintiff Caccavale moved from HP to HPE.

30. Plaintiff Caccavale was employed by HPE from November 2015 to July 2018.

31. In or about November 2015, Plaintiff Mangelli moved from HP to HPE.

32. Plaintiff Mangelli was employed by HPE from November 2015 to July 2018.

33. During their time working for HPE, Plaintiff Caccavale and Plaintiff Mangelli were employed as Field Service Engineers and worked in Long Island, Queens, Brooklyn, the Bronx and/or Manhattan.

7050966.1

34. During their time working for HPE, Plaintiffs performed the same duties that they did for HP.

35. At all times that Plaintiffs were employed by HPE, they spent most of their time engaged in physical labor.

36. At all times that Plaintiffs were employed by HPE, Plaintiffs were manual workers.

37. During the entirety of their employment with HPE, Plaintiffs were paid on a bi-weekly basis.

38. In or about 2018, HPE outsourced, *inter alia*, its Field Service Engineers to Unisys.

39. In or about July 2018, Plaintiff Caccavale moved from HPE to Unisys.

40. Plaintiff Caccavale was employed by Unisys from July 2018 until he was terminated on February 28, 2019.

41. In or about July 2018, Plaintiff Mangelli moved from HPE to Unisys.

42. Plaintiff Mangelli was employed by Unisys, from July 2018 until he was terminated on February 28, 2019.

43. During their time working for Unisys, Plaintiff Caccavale and Plaintiff Mangelli were employed as Field Service Engineers and worked in Long Island, Queens, Brooklyn, the Bronx and/or Manhattan.

44. During their time working for Unisys, Plaintiffs performed the same duties that they did for HP and HPE.

45. At all times that Plaintiffs were employed by Unisys, they spent most of their time engaged in physical labor.

46. At all times that Plaintiffs were employed by Unisys, Plaintiffs were manual workers.

7050966.1

47.  During the entirety of their employment with Unisys, Plaintiffs were paid on a bi-weekly basis.

48.  Upon information and belief, neither HP, HPE nor Unisys have received permission to pay manual workers less frequently than weekly pursuant to Labor Law § 191.

49.  Neither of HP, HPE, nor Unisys ever provided Plaintiffs with the notices required by NYLL Law § 195 (1) and/or never provided Plaintiffs with copies of said notices for their records.

50.  Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

51.  Defendants jointly employed Plaintiffs and similarly situated employees within the meaning of the NYLL.

52.  In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated employees.

53.  At all relevant times to this lawsuit, Defendants have had substantial control over the working conditions of Plaintiffs and similarly situated workers, and over the unlawful policies and practices alleged herein.

54.  Defendants controlled Plaintiffs' and similarly situated employees' terms and conditions of employment by determining their compensation, supervising and controlling employees' work schedules and conditions of employment and maintaining employment records.

## CLASS ACTION ALLEGATIONS

55.  All Field Service Engineers employed by Defendants performed/perform the same duties as Plaintiffs.

7050966.1

56. All Field Service Engineers employed by Defendants spent/spend at most of their time engaged in physical labor.

57. All Field Service Engineers employed by Defendants were/are manual workers.

58. All Field Service Engineers employed by Defendants were/are paid on a bi-weekly basis.

59. All Field Service Engineers employed by defendants did not receive the notices required by NYLL § 195 (1) and/or were never provided copies of said notices for their records.

60. Plaintiffs bring this action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of all manual workers who were employed by Defendants at any time from six years prior to the filing of this complaint to the Present (the "Class").

61. Upon information and belief, there is complete diversity of citizenship between Plaintiffs and the Class on the one hand and Defendants on the other hand.

62. The members of the Class are so numerous that joinder of all members is impracticable.  The Class is believed to be in excess of 40 individuals.  The precise number of class members is known to the Defendants.

63. Common questions of law and fact exist as to the Class that predominate over any questions only affecting class members individually, namely, the damages to which class members are entitled due to the Defendants' failure to comply with NYLL § 191 and/or NYLL § 195(1).

64. The Plaintiffs' claims are typical of the claims of the Class they seek to represent. Plaintiffs and all of the Class members work, or have worked, in the State of New York for HP, HPE, and/or Unisys.  They have all spent at least 25% of their time engaged in physical labor and were/are manual workers.  The Plaintiffs and the Class members all enjoyed/enjoy the same

7

statutory rights under NYLL § 191, to be paid on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned, and under NYLL § 195 (1).

65. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the Class to represent their interests fairly and adequately.  Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Class just as they would represent and consider their own interests.  Plaintiffs understand that in decisions regarding the conduct and the litigation and its possible settlement, they must not favor their own interests over the Class.  Plaintiffs recognize that any resolution of a class action must be in the best interest of the Class.  Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial.

66. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.

67. There is no conflict between Plaintiffs and the members of the Class.

68. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Class have been damaged and are entitled to recovery as a result of Defendants' violations of NYLL § 191 and NYLL § 195 (1).  Although the relative damages suffered by the individual members of the classes are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual class members lack the financial resources to vigorously prosecute individual lawsuits against Defendants to recover, *inter alia*, liquidated damages.  In addition, class litigation

8

is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

69. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) as the questions of law and fact common to Class members predominate over any other questions affecting only individual members, and as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

70. This action is properly maintenance as a class action under Federal Rules of Civil Procedure 23(b)(1)(A) and 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to the individual class members that may establish incompatible standards of conduct for the party opposing the class and/or that, as a practical matter, would be dispositive of the interests of the other class members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

## FIRST CAUSE OF ACTION
### Violations of NYLL §§ 191 and 198

71. Plaintiffs repeat and reallege paragraphs 1 through 70 hereof, as if fully set forth herein.

72. Plaintiffs and the Class were/are employed by Defendants.

73. Plaintiffs and the Class spent most  of their time engaged in physical labor.

74. Plaintiffs and the Class were/are manual workers as defined by the NYLL.

75. Plaintiffs and the Class were/are entitled to be paid on a weekly basis and no later than seven days after the workweek in which the wages were earned.

76. Defendants willfully failed to pay the Plaintiffs and the Class as frequently as required by NYLL § 191.

9

77. Defendants willfully failed to pay wages to the Plaintiffs and the Class within seven days after the end of each workweek in which wages were earned as required by NYLL § 191.

78. Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Class are entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

79. Due to Defendants' violations of the NYLL, each of the individual Plaintiffs has been damaged in an amount in excess of $75,000.

80. Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Class have been damaged in an amount in excess of $5,000,000.

## SECOND CAUSE OF ACTION
## Violations of NYLL § 195(1)

81.    Plaintiffs repeat and reallege paragraphs 1 through 80 hereof, as if fully set forth herein.

82.    Pursuant to Section 195(1) of the NYLL, an employer must provide an employee with a notice listing, *inter alia,* the rate of pay, including overtime pay, whether the pay is hourly, daily, or weekly, the regular day on which pay is dispersed, the name of the employer and its contact information, and any allowances taken.

83. This notice must be provided in English and in the language identified by each employee as the primary language of such employee, at the time of hiring and must be maintained by the employer for six (6) years.

84. Prior to February 27, 2015, the employee is entitled to damages of fifty dollars for each work week that the violations occurred.

85. On or after February 27, 2015, the employee is entitled to damages of fifty dollars for each workday that the violations occurred.

7050966.1

86. At all relevant times Defendants failed to comply with NYLL 195 by, *inter alia*, failing to provide Plaintiffs and the Class with the required wage notices and or failing to give Plaintiffs and the members of the Class copies of the notices for their records.

87. Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Class are entitled to recover from Defendants the statutory damages provided by NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that the Court grant the following relief:

a)  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b)  Designation of Plaintiffs as representatives of the Class and counsel of record as Class Counsel;

c)  Liquidated damages permitted pursuant to the NYLL;

d)  Statutory damages permitted pursuant to NYLL;

e)  Prejudgment interest;

f)  Post-Judgment interest;

g)  Reasonable attorneys' fees and costs of the action; and

h)  Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims properly triable by a jury.

7050966.1

Dated: East Meadow, New York
     February 21, 2020

          Respectfully Submitted,

          CERTILMAN BALIN ADLER & HYMAN, LLP

By: _____/S/_____
          Paul A. Pagano, Esq.
*Attorneys for Plaintiffs*
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
(516) 296-7000
ppagano@certilmanbalin.com

12

7050966.1