UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
TONY CACCAVALE, ANTHONY MANGELLI, and
DOUGLAS SORBIE, individually and on behalf of all
others similarly situated,

                              Plaintiffs,

                -against-

HEWLETT-PACKARD COMPANY A/K/A HP INC.,
HEWLETT PACKARD ENTERPRISE COMPANY and
UNISYS CORPORATION,

                              Defendants.
-------------------------------------------------------------------------X

Case No:  20-CV-00974
(GRB)(AKT)

**FIRST AMENDED CLASS
ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs TONY CACCAVALE, ANTHONY MANGELLI AND DOUGLAS SORBIE, individually and on behalf of all others similarly situated, as class representatives, by their attorneys Moser Law Firm, P.C. allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs TONY CACCAVALE ("Caccavale"), ANTHONY MANGELLI ("Mangelli"), and DOUGLAS SORBIE ("Sorbie")(collectively "Plaintiffs") bring this action individually in accordance with New York Labor Law ("NYLL") for failure to timely pay wages under NYLL § 191 and for failure to comply with NYLL § 195 (1).

2. Plaintiffs also bring this action on behalf of themselves and all similarly situated manual workers who furnished labor to Defendants HEWLETT-PACKARD COMPANY A/K/A HP INC. ("HP"), HEWLETT PACKARD ENTERPRISE COMPANY ("HPE") and/or UNISYS CORPORATION ("Unisys"), who were not timely paid wages under NYLL § 191, and/or who were not furnished with wage notices within 10 days of hiring as required by NYLL § 195 (1) and NYLL § 198 (1-b).

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(1), 28 U.S.C. § 1332 (d)(2)(a), and/or 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

**Plaintiffs**

5. Plaintiff Caccavale is an individual who resides in the State of New York, County of Suffolk.

6. Plaintiff Mangelli is an individual who resides in the State of New York, County of Nassau.

7. Plaintiff Sorbie is an individual who resides in the State of New York, County of Suffolk.

**Defendants**

8. Defendant HP is a foreign company incorporated in Delaware with a principal place of business in Palo Alto, California.

9. Defendant HPE is a foreign company incorporated in Delaware with a principal place of business in San Jose, California.

10. Defendant Unisys is a foreign corporation incorporated in Delaware with a principal place of business in Blue Bell, Pennsylvania.

11. Defendant HP, *inter alia*, sells printers, laptops and desktop personal computers.

12. Defendant HPE, *inter alia*, focuses on enterprise hardware products such as servers and networking equipment.

13. Defendant Unisys, *inter alia*, offers outsourcing and managed services, systems integration and consulting services, high end server technology, cybersecurity and cloud management software, and maintenance and support services (HP, HPE and Unisys collectively "Defendants").

## STATEMENT OF FACTS

14. Plaintiff Caccavale was employed by HP and/or its predecessors from approximately 1985 until November 2015.

15. Plaintiff Mangelli was employed by HP and/or its predecessors from approximately 1980 until November 2015.

16. Plaintiff Sorbie was employed by HP and/or its predecessors from approximately 1997 until November 2015.

17. During their employment with HP, Plaintiffs worked as Field Service Engineers in Long Island, Queens, Brooklyn, the Bronx and/or Manhattan.

18. Their jobs required that they physically fix various pieces of hardware and software.

19. On a typical day, Plaintiffs would access an application which indicated where their first job would be located.

20. Plaintiffs would drive to a location to pick up the needed part(s) which would be pre-selected for them.

21. The needed part(s) typically would be located in different locations throughout the New York metropolitan area.

22. Once the part(s) were picked up, Plaintiffs would drive to a customer location and find the listed contact for the given client.

23. Thereafter, Plaintiffs would take the given part(s), which, depending upon volume and weight, may have to be moved by a hand truck, as well as their tools (generally including, but not limited to, screwdrivers, Allen wrenches, hex tools, and a digital volt meter), into the customer's building.

24. Plaintiffs would then have to fix given items which could entail physically breaking down the item several times and having to reassemble it.

25. Once the first job was over, Plaintiffs would often receive subsequent jobs where they would repeat the above described tasks.

26. When the given jobs for the day were completed, Plaintiffs would be required to account for various parts. If, for example, a replaced item was damaged they would either have to physically bring the item to a given location or pack it up, put it in a box, and put a label on it for mailing to a given location.

27. At all times that Plaintiffs were employed by HP, they spent most of their time engaged in physical labor.

28. At all times that Plaintiffs were employed by HP, they spent at least 25% of their working time engaged in physical labor.

29. At all times that Plaintiffs were employed by HP, Plaintiffs were manual workers.

30. During the entirety of their employment with HP, Plaintiffs were paid on a bi-weekly basis.

31. In or about November 2015, Hewlett-Packard Company split into two independent entities with the creation of HPE and Hewlett-Packard Company being renamed HP Inc.

32. In or about November 2015, Plaintiff Caccavale was hired by HPE.

33. Plaintiff Caccavale was employed by HPE from approximately November 2015 to July 2018.

34. In or about November 2015, Plaintiff Mangelli was hired by HPE.

35. Plaintiff Mangelli was employed by HPE from approximately November 2015 to July 2018.

36. In or about November 2015, Plaintiff Sorbie was hired by HPE.

37. Plaintiff Sorbie was employed by HPE from approximately November 2015 to July 2018.

38. During their employment with HPE, Plaintiffs worked as Field Service Engineers in Long Island, Queens, Brooklyn, the Bronx and/or Manhattan.

39. During their time working for HPE, Plaintiffs performed the same duties that they had previously performed for HP.

40. At all times that Plaintiffs were employed by HPE, they spent most of their time engaged in physical labor.

41. At all times that Plaintiffs were employed by HPE, they spent at least 25% of their working time engaged in physical labor.

42. At all times that Plaintiffs were employed by HPE, Plaintiffs were manual workers.

43. During the entirety of their employment with HPE, Plaintiffs were paid on a bi-weekly basis.

44. In 2018, Unisys hired HPE Field Service Engineers employed in the State of New York.

45. In or about July 2018, Plaintiff Caccavale was hired by Unisys.

46. Plaintiff Caccavale was employed by Unisys from approximately July 2018 until February 28, 2019.

47. In or about July 2018, Plaintiff Mangelli was hired by Unisys.

48. Plaintiff Mangelli was employed by Unisys from approximately July 2018 until February 28, 2019.

49. In or about July 2018, Plaintiff Sorbie was hired by Unisys.

50. Plaintiff Sorbie is still employed by Unisys.

51. During their employment with Unisys, Plaintiffs were/are employed as Field Service Engineers and worked/work in Long Island, Queens, Brooklyn, the Bronx and/or Manhattan.

52. During their employment with Unisys, Plaintiffs performed/perform the same duties that they had previously performed for HP and HPE.

53. At all times that Plaintiffs were/are employed by Unisys, they spent/spend most of their time engaged in physical labor.

54. At all times that Plaintiffs were/are employed by Unisys, they spent/spend at least 25% of their working time engaged in physical labor.

55. At all times that Plaintiffs were/are employed by Unisys, Plaintiffs were/are manual workers.

56. During the entirety of their employment with Unisys, Plaintiffs were/are paid on a bi-weekly basis.

57. Upon information and belief, HP has not been authorized by the New York Commissioner of Labor to pay manual workers less frequently than weekly pursuant to Labor Law § 191.

58. Upon information and belief, HPE has not been authorized by the New York Commissioner of Labor to pay manual workers less frequently than weekly pursuant to Labor Law § 191.

59. Upon information and belief, Unisys has not been authorized by the New York Commissioner of Labor to pay manual workers less frequently than weekly pursuant to Labor Law § 191.

60. HPE did not furnish Plaintiffs with a wage notice within ten days of hiring as required by NYLL § 195 (1) and NYLL § 198 (1-b).

## CLASS ACTION ALLEGATIONS

61. All Field Service Engineers employed by Defendants in the State of New York performed/perform the same duties as Plaintiffs.

62. All Field Service Engineers employed by Defendants in the State of New York performed/perform duties similar to those performed by Plaintiffs.

63. All Field Service Engineers employed by Defendants in the State of New York had/have the same job description.

64. All Field Service Engineers employed by Defendants in the State of New York spent/spend most of their time engaged in physical labor.

65. All Field Service Engineers employed by Defendants in the State of New York spent/spend at least 25% of their time engaged in physical labor.

66. All Field Service Engineers employed by Defendants in the State of New York were/are manual workers.

67. All Field Service Engineers employed by Defendants in the State of New York were/are paid on a bi-weekly basis.

68. All Field Service Engineers hired by HPE did not receive a wage notice within 10 days of hiring as required by NYLL § 195 (1) and NYLL § 198 (1-b).

69. Plaintiffs bring this action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and the following classes:

   (a) All Field Service Engineers who were/are employed by HP in the State of New York at any time from six years prior to the filing of the initial complaint in this matter to the present (the "HP Class");
   (b) All Field Service Engineers who were/are employed by HPE in the State of New York at any time from six years prior to the filing of the initial complaint in this matter to the present (the "HPE Class");
   (c) All Field Service Engineers who were/are employed by Unisys in the State of New York at any time from six years prior to the filing of the initial complaint in this matter to the present (the "Unisys Class");
   (d) All Field Service Engineers who were hired by HPE at any time from six years prior to the filing of the initial complaint in this matter to the present. ("Notice Class")(HP Class, HPE Class, Unisys Class and Notice Class are collectively referred to as the "Classes").

70. There is diversity of citizenship between at least one class member and the Defendants.

71. Upon information and belief, there is complete diversity of citizenship between Plaintiffs and the members of the Classes on the one hand and Defendants on the other hand.

72. The members of the Classes are so numerous that joinder of all members is impracticable. The members of the Classes are believed to be in excess of 40 individuals and

possibly in excess of 100 individuals. The precise number of members of the Classes is known to the Defendants.

73. Common questions of law and fact exist as to the Classes that predominate over any questions only affecting members of the Classes individually, namely: (1) whether the Field Service Engineer job is a "manual worker" position; (2) whether employees hired by HPE from HP were entitled to a wage notice under NYLL § 195 (1); (3) whether Field Service Engineers were paid on a bi-weekly basis; and (4) the damages to which members of the Classes are entitled due to the Defendants' failure to comply with NYLL § 191, NYLL § 195 (1), and/or NYLL § 198 (1-b).

74. The Plaintiff(s)' claims are typical of the claims of the Classes they seek to represent. Plaintiffs and all of the members of the Classes work, or have worked, in the State of New York for HP, HPE, and/or Unisys. Plaintiffs and all of the members of the Classes have performed similar job duties and have spent more than 25% of their time engaged in physical labor. The Plaintiffs and the members of the Classes all enjoy the same statutory rights under NYLL § 191, NYLL § 195 (1) and NYLL § 198 (1-b).

75. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Classes. Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the Classes to represent their interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Classes just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the litigation and its possible settlement, they must not favor their own interests over the Classes. Plaintiffs recognize that any resolution of a class action must be in the best interest of the Classes. Plaintiffs understand that in order to provide adequate

representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial.

76. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.

77. There is no conflict between Plaintiffs and the members of the Classes.

78. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Classes have been damaged and are entitled to recovery as a result of Defendants' violations of NYLL § 191, NYLL § 195 (1) and NYLL § 198 (1-b). Although the relative damages suffered by the individual members of the classes are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual members of the Classes lack the financial resources to vigorously prosecute individual lawsuits against Defendants to recover, *inter alia*, liquidated damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

79. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) as the questions of law and fact common to the members of the Classes predominate over any other questions affecting only individual members, and as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

80. This action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(1)(A) and 23(b)(1)(B) in that prosecuting separate actions by individual members of the Classes would create a risk of adjudications with respect to the individual members of the Classes that may establish incompatible standards of conduct for the parties opposing the Classes and/or that, as a practical matter, would be dispositive of the interests of the

other members of the Classes not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

## FIRST CAUSE OF ACTION
### Violations of NYLL §§ 191 and 198
### Against All Defendants

81. Plaintiffs repeat and reallege paragraphs 1 through 80 hereof, as if fully set forth herein.

82. Plaintiffs and the members of the Classes were/are employed by Defendants.

83. Plaintiffs and the members of the Classes spent/spend most of their time engaged in physical labor.

84. Plaintiffs and the members of the Classes spent/spend at least 25% of their time engaged in physical labor.

85. Plaintiffs and the members of the Classes were/are manual workers as defined by the NYLL.

86. Plaintiffs and the members of the Classes were/are entitled to be paid on a weekly basis and no later than seven days after the workweek in which the wages were/are earned.

87. Defendants willfully failed to pay the Plaintiffs and the members of the Classes as frequently as required by NYLL § 191.

88. Defendants willfully failed to pay wages to the Plaintiffs and the members of the Classes within seven days after the end of each workweek in which wages were earned as required by NYLL § 191.

89. Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Classes are entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

90. Due to Defendants' violations of the NYLL, each of the individual Plaintiffs has been damaged in an amount in excess of $75,000.

91. Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Classes have been damaged in an amount in excess of $5,000,000.

## SECOND CAUSE OF ACTION
### Violations of NYLL §§ 195 (1) and 198 (1-b)
### Against HPE

92. Plaintiffs repeat and reallege paragraphs 1 through 91 hereof, as if fully set forth herein.

93. Pursuant to Section 195(1) of the NYLL, an employer must furnish an employee with a notice listing, *inter alia,* the rate of pay, including overtime pay, whether the pay is hourly, daily, or weekly, the regular day on which pay is dispersed, the name of the employer and its contact information, and any allowances taken.

94. This notice must be provided in English and in the language identified by each employee as the primary language of such employee, at the time of hiring and must be maintained by the employer for six (6) years.

95. Prior to February 27, 2015, an employee not furnished with a compliant wage notice within 10 days of hiring was entitled to damages of fifty dollars for each workweek that the violations occurred or continue to occur.

96. On and after February 27, 2015, an employee not furnished with a compliant wage notice within 10 days of hiring is entitled to damages of fifty dollars for each workday that the violations occurred or continue to occur.

97. At all relevant times HPE failed to comply with NYLL § 195 by, *inter alia*, failing to provide Plaintiffs and the members of the Notice Class with the required wage notices

and/or failing to give Plaintiffs and the members of the Notice Class copies of the notices for their records.

98. Due to HPE's violations of the NYLL, Plaintiffs and the members of the Notice Class are entitled to recover from HPE the statutory damages provided by NYLL § 198 (1-b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that the Court grant the following relief:

a) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b) Designation of Plaintiff(s) as representatives of the Classes and counsel of record as class counsel;

c) Liquidated damages permitted pursuant to the NYLL;

d) Statutory damages permitted pursuant to NYLL;

e) Prejudgment interest;

f) Post-Judgment interest;

g) Reasonable attorneys' fees and costs of the action; and

h) Such other relief as this Court shall deem just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all claims properly triable by a jury.

Dated: Huntington, New York
     April 27, 2020

                              Respectfully Submitted,

                              MOSER LAW FIRM, P.C.

By: _____
                              Steven J. Moser, Esq.
                              Paul A. Pagano, Esq.
                              *Attorneys for Plaintiffs*
                              5 East Main Street
                              Huntington, NY 11743
                              (516) 671-1150
                              smoser@moseremploymentlaw.com