

**Adam Saravay**
Partner
T. 973-639-2023
F. 973-297-3749
asaravay@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
www.mccarter.com

June 19, 2020

VIA ECF

The Honorable Gary R. Brown
100 Federal Plaza
Central Islip, NY 11722-9014
Courtroom 840

Re: **Caccavale, et al. v. Hewlett-Packard Company n/k/a HP Inc., et al.
Civil Action No.: 20-cv-00974(GRB)(AKT)**

Dear Judge Brown:

On behalf of Defendants HP Inc. f/k/a Hewlett-Packard Company ("HPI") and Hewlett Packard Enterprise Company ("HPE"), I am writing pursuant to Your Honor's Individual Rules to (i) outline a motion to dismiss Plaintiffs' First Amended Complaint ("FAC") and (ii) request a pre-motion conference. Count I of the FAC alleges that HPI and HPE violated New York Labor Law ("NYLL") § 191 by paying Plaintiffs' wages on a bi-weekly, instead of weekly, basis. Count II alleges that HPE violated NYLL § 195 by failing to furnish Plaintiffs with wage notices. Neither states a plausible claim for relief.[1]

### A. Count I Fails To State A Claim.

Plaintiffs do not allege that HPI or HPE underpaid them in any way. Instead, Plaintiffs allege only that they were paid biweekly instead of weekly. Even assuming for current purposes only that Plaintiffs have sufficiently alleged that they are manual workers for purposes of NYLL § 191, Count I nevertheless fails to state a plausible claim for relief.

Numerous courts have held that a claim for fully paid, late wages, which Plaintiffs seek to pursue in Count I, cannot be brought under the New York Labor Law, because it provides for a claim for "underpayment" of wages only. NYLL § 198(1-a); see, e.g., Arciello v. Cty. of Nassau, 2019 WL 4575145, at *8-9 (E.D.N.Y. Sept. 20,

---

[1] The putative class for Count I is limited to New York employees. FAC ¶ 69(a), (b). While the putative class for Count II does not expressly include the same geographic limitation (FAC ¶ 69(d)), HPI and HPE assume Plaintiffs likewise intend to limit it to New York employees. If not, HPI and HPE would also propose to move to strike that putative class definition to the extent it extends beyond New York.

In addition, while HPI and HPE have not located any arbitration agreement(s) executed by the named Plaintiffs in this matter (and, therefore, no motion to compel arbitration is possible at this stage), the putative classes would include many persons bound by arbitration agreements with HPI and/or HPE. HPI and HPE do not waive any of their rights under such agreements.

2019) (dismissing § 191 claim for late wages); Belizaire v. RAV Investigative and Sec. Servs. Ltd., 61 F. Supp. 3d 336, 360 n.22 (S.D.N.Y. 2014); Hunter v. Planned Bldg. Servs., Inc., 2018 WL 3392476, at *1-3 (N.Y. Sup. Ct. June 20, 2018).

HPI and HPE acknowledge that the caselaw is not uniform on this issue. See Vega v. CM and Assocs. Constr. Mgmt., LLC, 175 A.D.3d 1144 (1st Dep't 2019); Scott v. Whole Foods Market Grp., Inc., 2019 WL 1559424 (E.D.N.Y. Apr. 9, 2019). The better-reasoned view, however, supports HPI and HPE. As one court rejecting Vega noted, "actual payment of wages in full albeit on a bi-weekly basis where the law requires payment on a weekly basis does not constitute an 'underpayment' that would trigger an employee's right to commence a lawsuit" pursuant to § 198. Phillips v. Max Finkelstein, Inc., 115 N.Y.S.3d. 866, 869 (N.Y. Co. Ct. 2019). Moreover, a contrary result could illogically permit employees who were regularly paid their full wages—a portion of which were just one week "late" under the statute—to recover a windfall in the form of double those wages.

### B. Count II Fails To State A Claim.

Only employees who were hired after April 2011 may pursue the type of wage notice claim alleged in Count II. See, e.g., Trujillo v. Transperfect Glob., Inc., 164 A.D.3d 1161, 1162 (1st Dep't 2018); Jianjun Chen v. 2425 Broadway Chao Rest., LLC, 2017 WL 2600051, at *7-8 (S.D.N.Y. June 15, 2017). The FAC alleges that Plaintiffs were employed by Hewlett-Packard Co. ("HP") beginning in the 1980's or 90's. FAC ¶¶ 14-16. The original complaint correctly pleaded that Plaintiffs "moved from HP to HPE" in November 2015 when HP split into two different entities – HPI and HPE. Class Action Complaint ¶¶ 29, 31. The FAC implausibly recharacterizes these events by alleging that each Plaintiff "was hired by HPE." FAC ¶¶ 32, 34, 36. Without any factual basis, however, Plaintiffs' conclusory allegation that they were "hired" by HPE within the meaning of NYLL § 195(1) is precisely the type of "formulaic recitation of the elements" of their claim and "bare legal conclusion" that is insufficient to survive a motion to dismiss. Giambattista v. Am. Airlines, Inc., 5 F. Supp. 3d 284, 291 (E.D.N.Y. 2014) ("[T]he Complaint cannot conclusorily recite the elements of a claim." (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 681 (2009))). Moreover, Plaintiffs cannot replead to plausibly allege facts showing that they were "hired" by HPE within the meaning of NYLL § 195(1). For instance, Plaintiffs do not (and cannot) allege that they applied for jobs at HPE, or that they had a break in years of service. They do, however, allege that their duties remained the same. FAC ¶ 39. Under these facts, even as alleged in the FAC, Plaintiffs were not "hired" by HPE within the meaning of the statute.

Respectfully submitted,
*/s/ Adam Saravay*
Adam Saravay