

Attorneys at Law

Jeffrey H. Ruzal
t 212.351.3762
f 212.878.8600
JRuzal@ebglaw.com

June 19, 2020

**VIA ECF**
Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Caccavale v. Hewlett-Packard Company a/k/a HP Inc., et al.*
              2:20-cv-00974-GRB-AKT (E.D.N.Y.)

Dear Judge Brown:

      In accordance with the Court's Individual Practice Rule II.e.1., Unisys sets forth a brief outline of the arguments upon which it anticipates basing its motion pursuant to Federal Rule of Civil Procedure 12(b)(6), and, respectfully requests a pre-motion conference with the Court.

      Plaintiffs' claim against Unisys is premised solely upon New York Labor Law ("NYLL") § 191(1)(a)(i), which provides that manual workers must be paid weekly, and not later than seven calendar days after the end of the week in which the wages are earned. Plaintiffs do not allege that any back wages are owed to them, rather, their Amended Complaint seeks only liquidated damages, statutory penalties and interest, pursuant to NYLL § 198(1-a), which is the remedies provision for violations of NYLL § 191(1)(a)(i). Defendant's motion is briefly outlined below.

      (1) <u>Caccavale and Mangelli Waived All Claims Against Unisys</u>

      Caccavale's and Mangelli's employment was terminated on March 14, 2019, upon which they each signed agreements waiving all claims against Unisys.[1] Accordingly, they should be dismissed from this action.

      (2) <u>Plaintiffs' Frequency of Pay Claim Cannot Be Maintained Against Unisys</u>

      In addition, Plaintiffs' claim fails for three reasons. *First*, Plaintiffs are not statutorily permitted to obtain the exclusive non-back pay relief they seek in the form of liquidated damages. § 198(1-a) provides that an individual may bring an action to obtain relief only if there was a non-payment of wages. Because all wages here were paid (which is not in dispute), Plaintiffs are unable to maintain a claim. *Arciello v. Cnty. of Nassau*, No. 16-cv-3974(ADS)(SIL), 2019 WL 4575145,

---

[1] Copies of these agreements are attached as Ex. A.

June 19, 2020
Page 2

at *8 (E.D.N.Y. Sept. 20, 2019) (NYLL § 198(1-a) does not provide a remedy in the absence of a non-payment of wages)².

*Second*, Plaintiffs are not permitted to obtain solely liquidated damages, as the Second Circuit has ruled that there can be no cause of action under New York law for only punitive damages. *Martin v. Dickson*, 100 F. App'x 14, 16 (2d Cir. 2004).

*Third,* NYLL § 198(1-a) provides that liquidated damages are "equal to one hundred percent of the total amount of wages *found to be due*." As there are no wages due, there cannot be any liquidated damages that are owed.

(3) <u>Plaintiffs Cannot Satisfy Rule 23 Class Certification Requirements</u>

Plaintiffs are unable to satisfy class certification requirements pursuant to Fed. R. Civ. P. 23 because, like many of the putative class action members, Caccavale and Mangelli executed releases upon their termination of employment, and entered into arbitration agreements with Unisys.³  *See Hamoudeh v. Unitedhealth Grp. Inc.*, No. 16-cv-790(PKC)(RML), 2016 WL 2894870, at *2 (E.D.N.Y. May 17, 2016) (denying (collective action) certification where named plaintiffs had signed arbitration agreements, which may preclude them from pursuing their claims before the Court); *Romero v. Flaum Appetizing Corp.*, No. 07 Civ. 7222(BSJ)(JCF), 2011 WL 812157, at *6 (S.D.N.Y. Mar. 1, 2011) (denying class certification, finding that "each release at issue here would almost certainly require a 'fact sensitive' inquiry, which threatens to become the focus of the litigation, [thus,] there is no typicality between the putative class members' claims and defenses") (internal citations omitted).

Thank you for Your Honor's consideration.

Respectfully Submitted,

/s/ Jeffrey H. Ruzal
  Jeffrey H. Ruzal

cc: All Counsel of Record (VIA ECF)

---

² *See also Coley v. Vanguard Urban Improvement Ass'n, Inc.,* No. 12-cv-5565 (PKC)(RER), 2018 WL 1513628, at *13 (E.D.N.Y. Mar. 27, 2018) (same); *Hussain v. Pak. Int'l Airlines Corp.,* No. 11-cv-932(ERK)(VVP), 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012) (same); *Phillips v. Max Finkelstein, Inc.*, 66 Misc. 3d 514, 519 (Suffolk Cty. Ct. 2019)(rejecting *Vega v. CM & Assocs. Constr. Mgt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019) and finding no right of action exists for frequency of pay violations unless there was a nonpayment of wages); *Hunter v. Planned Bldg. Servs., Inc.*, No. 715053/2017, 2018 WL 3392476, at *2-3 (N.Y. Sup. Ct. Queens Cty. June 20, 2018) (Trial Order) (same).

³ Given these broad based arbitration agreements, Unisys does not waive, and expressly reserves the right to make at the appropriate time, a motion to compel arbitration of Caccavale's and Mangelli's claims, assuming they remain in the case, and the claims of any other putative class action members who likewise signed such agreement. This is assuming the Court rules that such release agreements do not bar their claims entirely.