

**Paul A. Pagano**
Tel: 917.589.1479
paul.pagano@moserlawfirm.com

July 6, 2020

<u>VIA ECF</u>
Hon. Gary R. Brown, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 840
Central Islip, NY 11722-9014

    Re:    *Caccavale, et. al. v. Hewlett-Packard Company a/k/a HP Inc. et. al.*
            Docket No: 20-cv-00974(GRB)(AKT)

Dear Judge Brown:

      This firm represents Plaintiffs Tony Caccavale ("Caccavale"), Anthony Mangelli ("Mangelli") and Douglas Sorbie ("Sorbie") individually and on behalf of all others similarly situated (collectively "Plaintiffs") in connection with the above referenced matter. This letter is written with respect to Hewlett-Packard Company a/k/a HP Inc. ("HPI") and Hewlett Packard Enterprise Company's ("HPE") (HPI and HPE collectively the "HP Defendants") potential motion to dismiss Plaintiffs' first amended complaint ("FAC")(DE 11).

      New York Labor Law ("NYLL") § 191 requires that manual workers be paid on a weekly basis. For the entirety of their employment with the HP Defendants, Plaintiffs worked as Field Service Engineers, *to wit*, as manual workers, and were paid on a bi-weekly basis (DE 11, ¶ 14-43). As such, Plaintiffs are entitled to liquidated damages in the amount of the late wages. Further, when Plaintiffs were hired by HPE in or about 2015, they were not provided with the required notices pursuant to NYLL § 195(1) (DE 11, ¶ 60).

### A. PLAINTIFFS STATE A VALID CAUSE OF ACTION PURSUANT TO NYLL § 191

      The HP Defendants assert that numerous courts have held that a claim for "fully paid," late wages cannot be brought under the NYLL because the NYLL provides for a claim for underpayment of wages only (DE 27, p. 1). The HP Defendants' argument is not supported by either state or federal law. Indeed, <u>both</u> state <u>and</u> federal law expressly provide that Plaintiffs' first cause of action (for violation of NYLL § 191) is valid. Arguably the leading case in the Eastern District on the pertinent issues is *Scott v. Whole Foods Mkt. Grp., Inc.,* 2019 U.S. Dist. LEXIS 61726 (E.D.N.Y. Apr. 9, 2019), which is being litigated by the undersigned's firm. In *Scott*, a case whose pertinent facts are effectively identical to those in the instant matter, the Hon. Sandra J. Feuerstein held that a claim under NYLL § 191 requires no additional evidence of actual damages beyond a delay in the payment of wages. *Scott*, 2019 U.S. Dist. Lexis 61726 at *12. Notably, the HP Defendants' argument that the wages in question were "just one week late," and that Plaintiffs were paid in full, were expressly rejected by the Hon. Sandra J. Feuerstein when she held that "the interpretation urged by [Defendant] leaves an aggrieved

employee with no recourse, but rather allows an employer to perpetually violate § 191 simply by paying the employee, in full, after a delay beyond the one-week period set by statute. Permitting an employer to flout the requirements of § 191 with impunity, so long as it eventually pays its employee the wages owed, is inconsistent with the stated purposes of the NYLL." Id at *13; (DE 27, p. 2). On the state court level, in *Vega v. CM & Assoc. Constr. Mgmt., LLC*, 2019 NY Slip Op 06459, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (App. Div. 1st Dept.), a case with virtually identical pertinent facts, the Court rejected the same arguments advanced by the HP Defendants, providing, *inter alia*, that "the term underpayment encompasses the instances where an employer violates the frequency requirements of section 191(1)(a) but pays all wages due before the commencement of an action." *Vega*, 175 A.D.3d at 1145; (DE 27, p. 1-2).[1]

None of the cases the HP Defendants cite overcome the binding authority of *Vega* or the persuasive authority of *Whole Foods* (DE 27, p. 1-2). *Arciello v. Cty. of Nassau*, 2019 U.S. Dist. LEXIS 161167, at *21-22 (E.D.N.Y. Sep. 20, 2019) relies on several equivocal underlying holdings and does not mention *Vega*, which had not yet been published as it had only been issued 10 days prior. Moreover, *Phillips v. Max Finkelstein, Inc.*, 2019 NY Slip Op 29390, 66 Misc. 3d 514, 115 N.Y.S.3d 866 (Cnty. Ct.) is neither persuasive nor binding. In *Phillips*, Judge Matthews acknowledged that "[u]nless there exists a ruling on these issues issued out of the Second Department or any other New York appellate court, this court is bound to follow the law as articulated in *Vega*." 115 N.Y.3d at at 868. However, Judge Matthews then abandoned that mandate and instead employed mental gymnastics to infer from a one page decision in *IKEA U.S., Inc. v. Industrial Board of Appeals*, 241 AD2d 454, 660 N.Y.S.2d 585 (2nd Dep't 1997), that does not mention NYLL § 198, that the Second Department had actually held that liquidated damages are not available to a Plaintiff for untimely payment of wages under NYLL § 191.

**B. PLAINTIFFS STATE A VALID CAUSE OF ACTION PURSUANT TO NYLL §195 (1)**

The HP Defendants argue that Plaintiffs do not have a cause of action for violation of NYLL § 195 (1) as Plaintiffs were hired by HPI prior to April 2011 and were moved to HPE rather than hired (DE 27, p. 2). Whether Plaintiffs were hired by HPE in 2015 such that the hiring notice requirement of NYLL § 195 (1) applies is a factual inquiry that does not lend itself to resolution on a motion to dismiss. The FAC clearly alleges that Plaintiffs were hired by HPE in November 2015 as well as the duration of Plaintiffs' periods of employment with HPE. (DE 11, FAC ¶ 32-37). The HP Defendants' request to move to dismiss the FAC should be denied.

> Respectfully Submitted,
> Moser Law Firm, P.C.
> *Paul Pagano*

---

[1] Federal courts "are bound, of course, by the law of New York as interpreted by the New York Court of Appeals." *Licci v. Lebanese Canadian Bank*, 739 F.3d 45, 48 (2d Cir. 2013). In the absence of rulings from the Second Circuit or the New York Court of Appeals, intermediate appellate state court rulings, such as those set forth in *Vega*, are bases for ascertaining state law which are not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise. *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005).