

**Paul A. Pagano**
Tel: 917.589.1479
paul.pagano@moserlawfirm.com

July 6, 2020

VIA ECF
Hon. Gary R. Brown, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 840
Central Islip, NY 11722-9014

Re:  *Caccavale, et. al. v. Hewlett-Packard Company a/k/a HP Inc. et. al.*
     Docket No: 20-cv-00974(GRB)(AKT)

Dear Judge Brown:

This firm represents Plaintiffs Tony Caccavale ("Caccavale"), Anthony Mangelli ("Mangelli") and Douglas Sorbie ("Sorbie") individually and on behalf of all others similarly situated (collectively "Plaintiffs") in connection with the above referenced matter. This letter is written with respect to Defendant Unisys Corporation's ("Defendant") potential motion to dismiss Plaintiffs' first amended complaint ("FAC")(DE 11). Plainly stated, Defendant should not be permitted to make a motion to dismiss as, *inter alia*, Plaintiffs state a valid cause of action for violation of New York Labor Law ("NYLL") § 191.

NYLL § 191 requires that manual workers be paid on a weekly basis. For the entirety of their employment with Defendant, Plaintiffs worked/work as Field Service Engineers, *to wit*, as manual workers, and were/are paid on a bi-weekly basis (DE 11, ¶ 44-56). As such, Plaintiffs are entitled to liquidated damages in the amount of the late wages.

### A. PLAINTIFFS STATE A VALID CAUSE OF ACTION PURSUANT TO NYLL § 191

Defendant asserts that the FAC does not set forth a valid cause of action for violation of NYLL § 191 as: (1) there was no non-payment of wages; (2) Plaintiffs are not permitted to obtain solely liquidated damages as there is no cause of action under New York law for only punitive damages; and (3) there are no wages due (DE 29, p. 1-2). Each assertion is incorrect.

Defendant's first and third arguments are effectively the same and are expressly refuted by case law directly on point. The leading case on the pertinent issues in the Eastern District is *Scott v. Whole Foods Mkt. Grp., Inc.,* 2019 U.S. Dist. LEXIS 61726 (E.D.N.Y. Apr. 9, 2019), which is being litigated by the undersigned's firm. In *Scott*, a case whose pertinent facts are effectively identical to those in the instant matter, the Hon. Sandra J. Feuerstein held that a claim under NYLL § 191 requires no additional evidence of actual damages beyond a delay in the payment of wages. *Whole Foods*, 2019 U.S. Dist. Lexis 61726 at *12. Notably, the Defendant's arguments were expressly rejected by the Hon. Sandra J. Feuerstein when she held that "the interpretation urged by [Defendant] leaves an aggrieved employee with no recourse, but rather

allows an employer to perpetually violate § 191 simply by paying the employee, in full, after a delay beyond the one-week period set by statute.  Permitting an employer to flout the requirements of § 191 with impunity, so long as it eventually pays its employee the wages owed, is inconsistent with the stated purposes of the NYLL."   Id at *13.

In *Vega v. CM & Assoc. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (App. Div. 1st Dept.), a case with virtually identical pertinent facts, the Court rejected the same arguments Defendants advance, providing, *inter alia*, that "the term underpayment encompasses the instances where an employer violates the frequency requirements of section 191(1)(a) but pays all wages due before the commencement of an action." *Vega*, 175 A.D.3d at 1145.[1]

None of the cases the Defendant cites overcome the persuasive authority of *Whole Foods* or the precedential authority of *Vega*.  Notably, *Arciello v. Cty. of Nassau*, 2019 U.S. Dist. LEXIS 161167, at *21-22 (E.D.N.Y. Sep. 20, 2019) relies on several equivocal underlying holdings.   Furthermore, Judge Spatt ruled that the county employees in *Arciello* were not covered by the New York Labor Law.  *Id.* at *23.  *Phillips v. Max Finkelstein, Inc.*, 2019 NY Slip Op 29390, 66 Misc. 3d 514, 115 N.Y.S.3d 866 (Cnty. Ct.) does not actually reject *Vega* but rather attempts to circumvent it through judicial acrobatics, is a decision from Suffolk County Court which is neither persuasive nor binding authority, and is outweighed by *Scott* and *Vega*.

Defendant's argument concerning punitive damages fails for a myriad of reasons, including, but not limited to, Plaintiffs do not assert an independent cause of action for punitive damages and *Scott and Vega* have expressly upheld the exact cause of action Plaintiffs do assert.

## B. DEFENDANT'S CERTIFICATION ARGUMENTS ARE PREMATURE

Defendant argues that Plaintiffs will not be able to achieve class certification because Plaintiffs Caccavale and Mangelli executed releases and entered into arbitration agreements with Defendant (DE 29, p. 2).  Even if Defendant's argument is valid, such argument is premature, as Plaintiffs are not seeking certification at this time.  Indeed, neither of the cases Defendant cites, *Salha Nuha Hamoudeh v. Unitedhealth Grp., Inc.*, 2016 U.S. Dist. LEXIS 65179 (E.D.N.Y. May 17, 2016) and *Romero v. Flaum Appetizing Corp.*, 2011 U.S. Dist. LEXIS 23782 (S.D.N.Y. Feb. 28, 2011), concern a motion to dismiss (DE 29, p. 2).  Further, Plaintiffs Caccavale and Mangelli are willing to withdraw their claims against Unisys without prejudice in light of their releases.

In sum, Defendant's request to move to dismiss the FAC should be denied.

Respectfully Submitted,
Moser Law Firm, P.C.
*Paul Pagano*
By: Paul A. Pagano

---

[1] Notably, Defendant's counsel wrote an insightful advisory on *Vega* that supports Plaintiffs' claims. https://www.ebglaw.com/news/recent-appellate-decision-may-make-new-york-employers-vulnerable-to-liquidated-damages-for-violating-new-yorks-frequency-of-pay-requirements/