UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| TONY CACCAVALE, ANTHONY MANGELLI, and DOUGLAS SORBIE, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>HEWLETT-PACKARD COMPANY A/K/A HP INC., HEWLETT PACKARD ENTERPRISE COMPANY and UNISYS CORPORATION,<br><br>　　　　　　　　　　　　　　Defendants. | No.: 20-CV-00974 (GRB)(AKT)<br><br>**ELECTRONIC DISCOVERY PROTOCOL** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

　　　　After conferring on these matters, Plaintiffs and Defendants in the above-captioned action (collectively, the "Parties," and individually, a "Party"), by and through their undersigned counsel, hereby stipulate and agree to this Electronic Discovery Protocol ("EDP" or "Protocol") for any electronically stored information that is produced in this action.

　　　　**A.　　General Terms.**

　　　　1.　　Application.  The procedures set forth in this Protocol shall govern the production of electronically stored information ("ESI"). For purposes of this Protocol, the Party requesting production of ESI shall be referred to as the "Requesting Party," and the Party producing ESI in response to such requests shall be referred to as the "Producing Party."  Nothing in this Protocol shall be construed to alter the Producing Party's rights arising under any applicable rules or otherwise to withhold production of ESI because, for example, the source of the ESI is not reasonably accessible or its production would be unduly burdensome or duplicative.

2. <u>Subject Matter and Scope of Discovery</u>.  This Protocol does not establish any agreement as to the appropriate temporal, sources, or subject matter scope of discovery in this action.

3. <u>Reservation of Rights</u>.  All Parties reserve all rights under applicable law for matters relating to the production of ESI that are not specifically addressed in this Protocol, including the right to object to production of any ESI and other discovery.

4. <u>Confidentiality</u>.  Any ESI produced pursuant to the Protocol shall be subject to any Confidentiality Stipulation and Order governing this Action.

5. <u>Security</u>.  The Parties will make reasonable efforts to ensure that any productions made are free from viruses and provided on encrypted media.

6. <u>ESI that is Not Reasonably Accessible</u>.  The parties agree that the Producing Party is not required to search for ESI that is not reasonably accessible.

7. <u>Non-Waiver of Protected Information</u>.  Nothing herein shall be deemed to waive or limit any applicable privilege or work product or other protection, or to affect the ability of a Party to seek relief for the disclosure of information protected by privilege or work product protection, regardless of the steps taken to prevent disclosure.  If a Party produces information that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that information will not constitute a waiver of any applicable privileges or other protection, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter, and the Party receiving the privileged or protected information may not argue that the Producing Party failed to take reasonable steps to prevent production of the privileged or protected materials.  In such circumstances, the Producing Party must promptly notify in writing the other Parties to this action of the production and the basis for the privilege or other protection, and request in writing the return or confirmed destruction of the produced privileged or protected information.

Upon such notification, the Parties shall treat the information as privileged or protected unless and until the Parties agree otherwise or the Court determines the information is not privileged or protected. Within ten (10) business days of receiving such notification, all Receiving Parties shall (a) return the information to the Producing Party; or (b) confirm in writing to the Producing Party the destruction of all such information, including all later created excerpts, summaries, compilations, and other documents or records that include, communicate or reveal the information claimed to be privileged or protected.

Should any Receiving Party disagree that the information is privileged or protected, the Receiving Party shall be required to, in accordance with the Court's rules, challenge such designation if an agreement cannot be reached after a good faith consultation with the Producing Party.

**B.    General Document Production Procedures.**

1.    <u>Production Media</u>.  The Producing Party may produce ESI (i) via email; (ii) via secure, password-protected File Transfer Protocol, or (iii) by such other media as the Parties may agree upon.

2.    <u>Production Format.</u>   To the extent possible, the Parties are to produce ESI in a PDF format with the text of the ESI readable (OCR) and the pages bates-stamped. Nothing herein shall preclude a party from producing the ESI in another reasonable format different from the foregoing. To the extent the ESI is produced in a format different than what is set forth in the first sentence of this section, should the Requesting Party need the requested ESI in another format, the parties agree to confer in good faith on the issue. Should the Parties not be able to reach a resolution after a good faith consultation, the Parties may apply to the Court for a ruling.

3. <u>De-Duplication</u>.   Where practicable, the Producing Party shall endeavor to de-duplicate documents within and across its productions.  If there is any handwriting or other alteration of a document, it shall not be considered a duplicate under this provision.

4. <u>Redactions</u>. If the Producing Party is redacting information from a page, the Producing Party shall electronically "burn" the word "Redacted" onto the page at or reasonably near to the location of the redaction(s).  An electronic copy of the original, unredacted data shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such data.

5. <u>Databases and Other Structured Data</u>:  The Parties understand and acknowledge that certain categories of ESI are structurally complex and do not lend themselves to production as native format or other traditional formats. To the extent a response to discovery requires production of discoverable electronic information contained in such a database, the Parties shall negotiate appropriate parameters for querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file (for example, Excel).

6. <u>Cooperation</u>.  The Parties shall, as necessary, meet and confer to exchange information regarding issues associated with any production of ESI.  The Parties shall meet and confer to resolve any procedures or disputes that arise under this Protocol prior to filing any motion with or seeking the intervention of the Court.  If a Party objects to any actions taken by another Party, the objecting Party shall state the specific objection in a letter or e-mail to counsel for the opposing Party or Parties.  Any practice or procedure set forth herein may be varied by written agreement of the Parties.  This Protocol may also be amended by written agreement between the parties as the circumstances may require.

7. <u>Notices</u>.  All notices, request and demands to or upon any of the Parties under this Protocol shall be in writing, and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when (i) for delivery by mail or courier, when delivered, or three business days after being deposited in the mail, postage prepaid, whichever is soonest; or (ii) for delivery by facsimile or e-mail, when received, addressed to counsel for the respective Parties.

8. <u>Objections to Admissibility Preserved</u>.  Nothing in this Protocol shall be construed to affect in any way the rights of any Party to object to the admissibility of any materials into evidence for any purposes in this action.

9. <u>Agreement Upon Execution</u>.  The Parties agree to be bound by the terms of this Protocol as of the date counsel for all Parties execute this Protocol.

| | |
|---|---|
| */s/ Paul A. Pagano*<br>Steven J. Moser, Esq.<br>Paul A. Pagano, Esq.<br>Moser Law Firm P.C.<br>5 East Main Street<br>Huntington, NY 11743<br>(516) 671-1150<br>smoser@moseremploymentlaw.<br>*Attorneys for Plaintiffs* | */s/ Kenneth W. DiGia*<br>Kenneth W. DiGia<br>Jeffrey H. Ruzal<br>EPSTEIN BECKER & GREEN, P.C.<br>875 Third Avenue<br>New York, NY 10022<br>(212) 351-4500<br><br>*Attorneys for Defendant Unisys* |
| */s/ Kristofor T. Henning*<br>Kristofor Henning<br>Adam Saravay<br>Ilana Levin<br>McCARTER & ENGLISH, LLP<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ  07101-0652<br>(973) 622-4444<br>*Attorneys for Defendants HP Inc. and Hewlett-Packard Enterprise Company* | |

Firm:51239324v2