**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TONY CACCAVALE, ANTHONY MANGELLI, and DOUGLAS SORBIE, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>HEWLETT-PACKARD COMPANY A/K/A HP INC., HEWLETT PACKARD ENTERPRISE COMPANY and UNISYS CORPORATION,<br><br>        Defendants. | Civil Action No.: 20-CV-00974 (GRB)(AKT) |

# DEFENDANTS' JOINT MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTIONS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

                                                      **McCARTER & ENGLISH, LLP**
                                                      Four Gateway Center
                                                      100 Mulberry Street
                                                      Newark, NJ  07101-0652
                                                      (973) 622-4444
                                                      Attorneys for Defendants HP Inc. and
                                                      Hewlett Packard Enterprise Company


                                                      **EPSTEIN BECKER & GREEN, P.C.**
                                                      875 Third Avenue
                                                      New York, NY 10022
                                                      (212) 351-4500
                                                      Attorneys for Defendant Unisys Corporation

August 5, 2020.

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

SUMMARY OF COUNT I OF AMENDED COMPLAINT ...................................................... 2

ARGUMENT .............................................................................................................................. 2

    I.    THE PLAIN LANGUAGE OF NYLL § 198 AUTHORIZES EMPLOYEES TO BRING A CLAIM ONLY FOR UNDERPAID WAGES, NOT LATE PAID WAGES .................................................. 2

    II.    THE WEIGHT OF AUTHORITY SUPPORTS DEFENDANTS' INTERPRETATION OF NYLL § 198(1-a) ............................................................ 7

CONCLUSION ........................................................................................................................ 14

ME1 33872029v.8

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

Agerbrink v. Model Serv. LLC,
 No. 14-cv-7841 (JPO), 2015 WL 3750674 (S.D.N.Y. June 6, 2015) ...................................... 10

Arciello v. Cnty. of Nassau,
 No. 2:16-cv-3974 (ADS) (SIL), 2019 WL 4575145 (E.D.N.Y. Sept. 20, 2019) ....................... 8

Awan v. Durrani,
 No. 14-cv-4562 (SIL), 2015 WL 4000139 (E.D.N.Y. July 1, 2015) ....................................... 11

Belizaire v. RAV Investigative and Sec. Servs. Ltd.,
 61 F. Supp. 3d 336 (S.D.N.Y. 2014) ........................................................................................ 8

Bostock v. Clayton Cnty., Ga.,
 -- U.S. --, 140 S. Ct. 1731 (2020) ............................................................................. 3, 6, 7, 9, 11

Chuk on Chan v. Good Chows Inc.,
 No. 16-cv-2794 (RJS) (SN), 2017 WL 6550689 (S.D.N.Y. Dec. 21, 2017) ........................... 11

Coley v. Vannguard Urban Improvement Ass'n,
 No. 12-cv-5564 (PKC) (RER), 2018 WL 1513628 (E.D.N.Y. Mar. 29, 2018) ........................ 8

Dep't of Revenue of Or. v. ACF Indus., Inc.,
 510 U.S. 332 (1994) .................................................................................................................. 5

DiBella v. Hopkins,
 403 F.3d 102 (2d Cir. 2005) .................................................................................................... 13

EEOC v. Vamco Sheet Metals, Inc.,
 No. 13 Civ. 6088 (JPO), 2014 WL 2619812 (S.D.N.Y. June 5, 2014) ..................................... 9

Hill v. City of New York,
 136 F. Supp. 3d 304 (E.D.N.Y. 2015) ..................................................................................... 11

Hussain v. Pakistan Int'l Airlines Corp.,
 No. 11-cv-932 (ERK) (VVP), 2012 WL 5289541 (E.D.N.Y. Oct. 23, 2012) ....................... 6, 8

Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,
 739 F.3d 45 (2d Cir. 2013) ...................................................................................................... 13

Phila. Indem. Ins. Co. v. Indian Harbor Ins. Co.,
 434 F. Supp. 3d 4 (E.D.N.Y. 2020) ......................................................................................... 13

Scott v. Whole Foods Market Group, Inc.,
  No. 18-cv-0086 (SJF) (AKT), 2019 WL 1559424 (E.D.N.Y. Apr. 9, 2019) ............8, 9, 11, 13

State v. Dep't of Justice,
  951 F.3d 84 (2d Cir. 2020)......................................................................................................4

U.S. v. Shellef,
  756 F. Supp. 2d 280 (E.D.N.Y. 2011), aff'd, 718 F.3d 94 (2d Cir. 2013)................................7

U.S. v. WB/Stellar IP Owner LLC,
  800 F. Supp. 2d 496 (S.D.N.Y. 2011) ...................................................................................14

U.S. v. Worldwide Indus. Enters., Inc.,
  220 F. Supp. 3d 335 ............................................................................................................2, 9

**STATE CASES**

IKEA U.S. Inc. v. Industrial Board of Appeals,
  660 N.Y.S.2d 585 (2d Dep't 1997)........................................................................................12

Konkur v Utica Acad. of Sci. Charter Sch.,
  181 A.D.3d 1271 (4th Dep't 2020).........................................................................................11

Maraia v. Orange Reg'l Med. Ctr.,
  882 N.Y.S.2d 287 (2d Dep't 2009)...........................................................................................9

N. Mar. I. v. Canadian Imperial Bank of Commerce,
  21 N.Y.3d 55 (2013) ....................................................................................................3, 9, 12

N. Marion Sch. Dist. No. 15 v. Acstar Ins. Co.,
  205 Or. App. 484 (2006)..........................................................................................................6

Phillips v. Max Finkelstein, Inc.,
  115 N.Y.S.3d 866 (Suffolk Co. Ct. 2019) ...................................................................7, 12, 13

Sheehy v. Big Flats Cmty. Day, Inc.,
  541 N.E.2d 18 (N.Y. 1989)....................................................................................................10

Vega v. CM and Associates Construction Management, LLC,
  175 A.D.3d 1144 (1st Dep't 2019) .......................................................................8, 11, 12, 13

Yaniveth R. ex rel. Ramona S. v. LTD Realty Co.,
  27 N.Y.3d 186 (2016) .............................................................................................................4

**STATE STATUTES**

Mass. Gen. Laws Ann. Chapter 149, §§ 148, 150 ...............................................................................6

New York Labor Law § 162 ...............................................................................................................11

New York Labor Law § 191 ...............................................................1, 2, 6, 8, 9, 10, 11, 12, 13

New York Labor Law § 191(1)(a)(i) ...................................................................................................8

New York Labor Law § 198 .......................................................................................................passim

New York Labor Law § 218(1) .....................................................................................10, 12, 13

**PRELIMINARY STATEMENT**

New York Labor Law ("NYLL") § 191 provides that a "manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned." Plaintiffs do not allege that any Defendant paid them less than the amount of wages they were owed. Instead, Plaintiffs allege that they are/were "manual worker[s]" employed by Defendants who were paid all the wages they were owed, but on a bi-weekly basis. In Count I of their First Amended Complaint ("FAC"), Plaintiffs allege that because they are/were paid on a bi-weekly schedule, they are entitled to recover under NYLL § 198 liquidated damages in the amount of each paycheck they received during a six year period as well as attorney's fees and other relief.

Defendants' letters to the Court outlining their proposed motions to dismiss (ECF Nos. 27 & 29) argued that NYLL §§ 191 and 198 do not provide a claim for late paid – as opposed to underpaid – wages. At the July 15, 2020 pre-motion conference, the Court requested further briefing limited to that issue. Defendants submit this joint brief pursuant to the Court's direction.[1]

The plain language of NYLL § 198(1-a) precludes Plaintiffs' claim for late – but fully – paid wages. Section 198(1-a) permits a claim to recover an "underpayment" of wages. To "under" pay wages is to pay an amount less than that which is required. It is not to pay wages late. Put another way – the phrase "less than" does not mean "later than" and, as a result, the Court should dismiss Count I of the FAC.[2]

---

[1] Since the issue raised is identical for all Defendants, Unisys, HP Inc. ("HPI") and Hewlett Packard Enterprise Company ("HPE") make this joint submission as a convenience to the Court, rather than having two separate submissions addressing the same issue. Defendants reserve their respective rights to take independent positions in all other aspects of the litigation.

[2] Defendant HPE also seeks dismissal of Count II for the reasons set forth in its pre-motion letter to the Court (ECF No. 27). In accordance with the Court's direction to limit the parties'

## SUMMARY OF COUNT I OF AMENDED COMPLAINT

Plaintiffs allege that they are/were "manual workers" employed by each Defendant at one time or another. FAC (ECF No. 11) ¶¶ 82, 85. Plaintiffs do not allege that any Defendant failed to pay them the full amount of wages they were owed. Instead, Plaintiffs allege that Defendants paid them on a bi-weekly, instead of weekly, basis. Id. ¶¶ 30, 43, 56, 86–87. As a result, Plaintiffs do not seek as damages any difference between the amount of wages they were paid and the amount they claim they were owed. Instead, Plaintiffs seek "liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest." Id. ¶ 89.

## ARGUMENT

**I.    THE PLAIN LANGUAGE OF NYLL § 198 AUTHORIZES EMPLOYEES TO BRING A CLAIM ONLY FOR UNDERPAID WAGES, *NOT* LATE PAID WAGES.**

In Count I, Plaintiffs seek liquidated damages for allegedly late paid wages, purportedly pursuant to NYLL §§ 191 and 198. NYLL § 191 ("Frequency of payments"), however, does not provide for any remedy or civil action; thus, for Plaintiffs to be allowed to bring their claim, it (or a remedy) necessarily must be authorized by NYLL § 198 ("Costs, remedies"). A review of the plain language of NYLL § 198(1-a), however, proves just the opposite—no such claim or remedy exists.

"When interpreting a statute, a court should always turn first to one, cardinal canon before all others[:] . . . courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." U.S. v. Worldwide Indus. Enters., Inc., 220 F. Supp. 3d 335, 338 (E.D.N.Y. 2016) (internal quotation marks and citations omitted);

---

supplemental briefing to Count I, this brief addresses Defendants' arguments for dismissal of that claim. In addition, as discussed with the Court during the parties' July 15 conference, Count II is not asserted against Unisys, and the claims of Plaintiffs Caccavale and Mangelli were voluntarily dismissed as against Unisys.

ME1 33872029v.8

see also Bostock v. Clayton Cnty., Ga., -- U.S. --, 140 S. Ct. 1731, 1738 (2020) ("This Court normally interprets a statute in accord with the ordinary public meaning of its terms at the time of its enactment. After all, only the words on the page constitute the law . . . ."); N. Mar. I. v. Canadian Imperial Bank of Commerce, 21 N.Y.3d 55, 60 (2013) (explaining that "our starting point is the language itself, giving effect to the plain meaning thereof") (internal quotation marks and citation omitted). Here, the unambiguous text of NYLL § 198 (1-a) authorizes employees to bring claims for liquidated damages pertaining only to the "underpayment" of wages, *not* to the alleged late payment of wages.

The first two sentences of NYLL § 198(1-a) address the Department of Labor Commissioner's authority to bring an enforcement action against employers:

> On behalf of any employee paid less than the wage to which he or she is entitled under the provisions of this article, the commissioner may bring any legal action necessary, including administrative action, to collect such claim and as part of such legal action, in addition to any other remedies and penalties otherwise available under this article, the commissioner shall assess against the employer the full amount of any such underpayment, and an additional amount as liquidated damages, unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law. Liquidated damages shall be calculated by the commissioner as no more than one hundred percent of the total amount of wages found to be due, except such liquidated damages may be up to three hundred percent of the total amount of the wages found to be due for a willful violation of section one hundred ninety-four of this article.

NYLL § 198(1-a). The third sentence authorizes civil lawsuits by employees or the Commissioner:

> In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its

3

> underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due, except such liquidated damages may be up to three hundred percent of the total amount of the wages found to be due for a willful violation of section one hundred ninety-four of this article.

Id.

As its plain text demonstrates, NYLL § 198(1-a) permits an employee to sue "upon a wage claim" to recover "the full amount of any *underpayment*." NYLL § 198(1-a) (emphasis added). The term "underpayment" is not defined in NYLL § 198(1-a). But, given the commonly understood meaning of the prefix "under," it is not surprising that the Merriam-Webster dictionary definition of "underpay" is "to pay less than what is normal or required." https://www.merriam-webster.com/dictionary/underpay (last visited August 5, 2020); see also State v. Dep't of Justice, 951 F.3d 84, 106 (2d Cir. 2020) (words in a statute that are not "statutorily defined" are "properly construed according to [their] contemporary dictionary definition"); Yaniveth R. ex rel. Ramona S. v. LTD Realty Co., 27 N.Y.3d 186, 192 (2016) ("In the absence of a statutory definition, we construe words of ordinary import with their usual and commonly understood meaning, and in that connection have regarded dictionary definitions as useful guideposts in determining the meaning of a word or phrase.") (internal quotation marks and citation omitted). Plaintiffs do not allege that they were paid "less than what [was] . . . required." Therefore, they do not seek to recover an "underpayment." Stated differently, the "ordinary public meaning" of "underpayment" compares the *amount* of payment received against the required *amount*. It says nothing about the *timeliness* of any such payment.

That "underpayment" pertains to amount, and not timeliness, is further supported by the plain text of NYLL § 198(1-a) in other ways. For example, the first sentence of NYLL § 198(1-a) provides that the Commissioner shall, in any legal action brought by the Commissioner "[o]n

4

behalf of any employee paid less than the wage to which he or she entitled," "assess against the employer the full amount of any *such* underpayment." NYLL § 198(1-a) (emphasis added). The New York Legislature's use of the term "such" to modify "underpayment" is a clear reference to the phrase "paid less than the wage to which he or she is entitled" appearing earlier in the same sentence. Thus, the Legislature's use of the term "such" demonstrates that "underpayment" and "paid less than the wage to which he or she is entitled" have the same meaning. As a result, "underpayment" cannot mean "late paid." See Dep't of Revenue of Or. v. ACF Indus., Inc., 510 U.S. 332, 342 (1994) (referring to the "normal rule of statutory construction" that "identical words used in different parts of the same act are intended to have the same meaning") (internal quotation marks and citation omitted).

The same conclusion flows from a close reading of the third sentence of NYLL § 198(1-a). That sentence provides, in part, that "unless the employer proves a good faith basis to believe that its *underpayment of wages* was in compliance with the law," a prevailing employee can recover "an additional amount as liquidated damages equal to one hundred percent of the total amount of *the wages found to be due* . . . ." NYLL § 198(1-a) (emphasis added). That language confirms that the phrases "underpayment of wages" and "the wages found to be due" have the same meaning. Again, then, "underpayment" must mean a payment of wages that is "less than . . . required" – not merely a late payment of the required amount.

Likewise, the reference to a "wage claim" in the beginning of the third sentence of NYLL § 198(1-a) confirms this reading. A "wage claim" must be one that seeks to recover an "underpayment" and, as explained above, by reference to the first sentence in NYLL § 198(1-a), an "underpayment" means an employee was "paid less than the wage to which or she is entitled." Accordingly, the "wage claim" referenced in the third sentence of NYLL § 198(1-a) is one that seeks the difference between the "the wage to which [an employee] is entitled" and the amount

5

that he/she received. That is not Plaintiffs' claim here—they do not allege any difference between the amount of wages they were paid and the amount of wages they were owed. In other words, Plaintiffs do not seek a remedy for an "underpayment" pursuant to NYLL § 198(1-a).

Put simply, application of the "plain and settled" meaning of "underpayment" demonstrates that it does not encompass late—but fully paid—wages.[3] "Less than" does not mean "later than." See Bostock, 140 S. Ct. at 1743 ("At bottom, these cases involve no more than the straightforward application of legal terms with plain and settled meanings.").[4] In the Supreme Court's words, "when the meaning of the statute's terms is plain," a court's "job is at an end." Bostock, 140 S. Ct. at 1749. Because the New York Legislature chose to permit a claim under NYLL § 198(1-a) only for an "underpayment," not a late payment, Defendants respectfully submit that this Court should enforce the plain language enacted by the New York

---

[3] Importantly, since the issue regarding the availability of liquidated damages for untimely payments has surfaced in the courts, the New York Legislature has amended NYLL § 198 to provide additional remedies for violations of other provisions of the NYLL, but has *not* added a private right of action for enforcement of claimed violations of NYLL § 191. For example, in February 2015, the Governor of New York signed into law a series of amendments to the NYLL. See S.5885-B/A.8106-C (June 17, 2014). That bill was enacted three years after the Hussain court ruled against plaintiffs seeking a private right of action under NYLL § 198 for an alleged violation of NYLL § 191. See Hussain v. Pakistan Int'l Airlines Corp., No. 11-cv-932 (ERK) (VVP), 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012) ("The NYLL contains no provision for private recovery for violations of its provisions regarding frequency of payment . . . ."). If the Legislature were inclined to create the right of action and/or remedy Plaintiffs seek here, it could have done so at that time.

[4] Courts construing similarly worded wage payment laws from other states likewise have concluded that unpaid or underpaid wages are not the same as late paid wages. For example, in McGrath v. City of Somerville, the court addressed the Massachusetts Wage Act, which requires employers to pay wages within six or seven days of employees earning them, and provides treble damages as liquidated damages for "lost wages" in violation of the Act. 419 F. Supp. 3d 233, 262 (D. Mass. 2019) (citing Mass. Gen. Laws Ann. Ch. 149, §§ 148, 150). The court rejected the plaintiffs' claim that they were entitled to liquidated damages, noting that "wages paid late, but in full, are not 'lost wages' within the meaning of [§ 150]." Id. (internal quotation marks and citation omitted). Rather, "[b]ecause the [defendant] ultimately paid plaintiffs, although late, they have not suffered any 'lost wages' and cannot recover treble damages under the Wage Act." Id. at 263. See also N. Marion Sch. Dist. No. 15 v. Acstar Ins. Co., 205 Or. App. 484, 494–95 (2006) (addressing Oregon's prevailing wage law, which required that "workers be paid 'not less than the prevailing rate of wage'" and permitted liquidated damages in amount "equal to said unpaid wages" for violation of that provision, and finding that delay in payment did not violate prevailing wage rate and did not warrant liquidated damages (quoting ORS 279.350 and 279.356)).

6

Legislature. See Bostock, 140 S. Ct. at 1739 (explaining that Congress "could have" written statute differently in several ways, "[b]ut none of this is the law we have"); see id. at 1738 ("If judges could add to, remodel, update, or detract from old statutory terms inspired only by extratextual sources and our own imaginations, we would risk amending statutes outside the legislative process reserved for the people's representatives. And we would deny the people the right to continue relying on the original meaning of the law they have counted on to settle their rights and obligations.") (citation omitted); Cf. U.S. v. Shellef, 756 F. Supp. 2d 280, 295 (E.D.N.Y. 2011), aff'd, 718 F.3d 94 (2d Cir. 2013) ("[C]ourts should not add or modify language to statutes where, as here, it is clear from other provisions within the same statute that Congress knew how to include such language if it so wished.").[5]

## II. THE WEIGHT OF AUTHORITY SUPPORTS DEFENDANTS' INTERPRETATION OF NYLL § 198(1-a).

Neither the Second Circuit nor the New York Court of Appeals has decided whether NYLL § 198 permits an employee to bring a claim for liquidated damages pertaining to late— but fully—paid wages. Therefore, there is no binding authority governing the Court's decision in this case. But, the weight of authority and the better-reasoned view support Defendants.

Consistent with its plain language analyzed above, many New York federal and state courts have found that NYLL § 198(1-a) does not permit a claim for late paid wages. For example, in Phillips v. Max Finkelstein, Inc., 115 N.Y.S.3d 866 (N.Y. Co. Ct. 2019), the plaintiff, a manual worker who was paid bi-weekly rather than weekly, claimed liquidated damages pursuant to § 198. Focusing on the term "underpayment" in § 198(1-a), the court concluded that "actual payment of wages in full albeit on a bi-weekly basis where the law requires payment on a

---

[5] To that end, if one were to read NYLL § 198(1-a) to replace "underpayment" with "late payment," it would become illogical for any number of reasons. That is only further proof of what its plain language already reveals – i.e., it does not authorize a claim for fully—but late— paid wages.

7

weekly basis does not constitute an 'underpayment' that would trigger an employee's right to commence a lawsuit to recover the damages set forth in [§ 198]." Id. at 868–69. Similarly, the court in Hunter v. Planned Building Services, Inc. interpreted § 198(1-a) to provide only for "recovery of *nonpayment* of wages," but not "a private right of action for violation of NYLL § 191(1)(a)(i) where the plaintiff has not alleged unpaid wages exclusive of liquidated damages . . . ." No. 715053/2017, 2018 WL 3392476, at *1–3 (N.Y. Sup. Ct. June 20, 2018) (emphasis added); see also, e.g., Arciello v. Cnty. of Nassau, No. 2:16-cv-3974 (ADS) (SIL), 2019 WL 4575145, at *8–9 (E.D.N.Y. Sept. 20, 2019) (dismissing claim for late wages under § 191 and § 198); Coley v. Vannguard Urban Improvement Ass'n, No. 12-cv-5564 (PKC) (RER), 2018 WL 1513628, at *13 (E.D.N.Y. Mar. 29, 2018) ("Under the [Fair Labor Standards Act], Plaintiffs are entitled to liquidated damages . . . for [] untimely payments. The NYLL does not appear to provide a similar remedy.") (internal quotation marks and citations omitted); Belizaire v. RAV Investigative and Sec. Servs. Ltd., 61 F. Supp. 3d 336, 360 n.22 (S.D.N.Y. 2014) (§ 198's liquidated damages provision "is geared to afford relief for unpaid wages, not for late-paid wages"); Hussain, 2012 WL 5289541, at *3 (§ 198 provides liquidated damages for "underpayment of wages" but not for "private recovery" for "technical violations" of pay frequency requirements).

In contrast, Plaintiffs rely on Scott v. Whole Foods Market Group, Inc., No. 18-cv-0086 (SJF) (AKT), 2019 WL 1559424 (E.D.N.Y. Apr. 9, 2019) and Vega v. CM and Associates Construction Management, LLC, 175 A.D.3d 1144 (1st Dep't 2019) to argue that they are entitled to bring a claim for allegedly late paid wages; however, the Court should not follow either decision because both contradict the plain language of NYLL § 198(1-a). Defendants address each decision in turn.

As an initial matter, Scott makes no attempt to explain how a late payment of wages could constitute an "underpayment" to trigger the remedies authorized by NYLL § 198(1-a). See generally Scott, 2019 WL 1559424. This failure to analyze the plain language of the statute is reason alone to reject Scott. See, e.g., Bostock, 140 S. Ct. at 1738; Worldwide Indus. Enters., 220 F. Supp. 3d at 338; Canadian Imperial Bank, 21 N.Y.3d at 60.

Recognizing that the text of NYLL §§ 191 and 198 contain no support for its view, the court in Scott went on to hold that "[e]ven if §191 does not expressly authorize a private action," then in the alternative, "one may be implied" because it is consistent with the legislative scheme of the NYLL. Scott, 2019 WL 1559424 at *3 (internal quotation marks and citation omitted). A review of the NYLL shows, however, that implying a private right of action to pursue liquidated damages for an alleged late payment of wages would *not* be consistent with the legislative scheme of the NYLL designed by the New York Legislature.

To determine whether a private right of action is "'fairly implied' in [a] statute and its legislative history, New York courts consider '(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether the creation of such a right would be consistent with the legislative scheme.'" EEOC v. Vamco Sheet Metals, Inc., No. 13 Civ. 6088(JPO), 2014 WL 2619812, at *7 (S.D.N.Y. June 5, 2014) (quoting Maraia v. Orange Reg'l Med. Ctr., 882 N.Y.S.2d 287, 289–90 (2d Dep't 2009)). Of these three factors, courts interpreting New York law have recognized that:

> The third factor is generally the most critical. Carrier, 667 N.E.2d at 329 [citations omitted]. This is because the Legislature has both the right and the authority to select the methods to be used in effectuating its goals, as well as to choose the goals themselves. Thus, regardless of its consistency with the basic legislative goal, a private right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the

9

> Legislature or with some other aspect of the over-all statutory scheme. Sheehy v. Big Flats Cmty. Day, Inc., 541 N.E.2d 18, 21 (N.Y. 1989). Accordingly, ***New York courts have declined to recognize a private right of action in instances where the Legislature specifically considered and expressly provided for enforcement mechanisms in the statute itself.*** Cruz, 2 N.E.3d at 226 (internal quotation marks and brackets omitted).

Agerbrink v. Model Serv. LLC, No. 14-cv-7841 (JPO), 2015 WL 3750674, at *3 n.5 (S.D.N.Y. June 6, 2015) (internal quotation marks omitted) (emphasis added).

Here, the New York Legislature did "specifically consider[] and expressly provide[] for enforcement mechanisms" for violations of NYLL § 191—namely, it enacted NYLL § 218(1), which provides in relevant part:

> If the commissioner determines that an employer has violated a provision of article six (payment of wages)⁶ [or other employment-related laws], the commissioner shall issue to the employer an order directing compliance therewith . . . . Where the violation is for a reason other than the employer's failure to pay wages, benefits or wage supplements found to be due, the order shall direct payment to the commissioner of a civil penalty in an amount not to exceed one thousand dollars for a first violation, two thousand dollars for a second violation or three thousand dollars for a third or subsequent violation. . . .

See also Hunter, 2018 WL 3392476, at *2 (rejecting private right of action theory and noting that civil penalties are available against employers through Commission of Labor). In other words, the New York Legislature decided that the Commissioner "shall direct payment" of civil penalties by employers who violate NYLL § 191, and chose ***not*** to authorize employees to privately seek liquidated damages under NYLL § 198(1-a) for the same conduct. That is the Legislature's decision to make, and there is no basis for this Court to upend it.⁷ Ultimately, the

---

⁶ Article Six of the New York Labor Law includes §§ 191 and 198.

⁷ Notably, this is not the only place in the New York Labor Law where the Legislature chose to create enforcement mechanisms to be pursued by the State instead of private remedies to be pursued by aggrieved employees. See, e.g., Awan v. Durrani, No. 14-cv-4562 (SIL), 2015 WL 4000139, at *9 n.12 (E.D.N.Y. July 1, 2015) ("[N]o private statutory right of action exists to enforce [NYLL § 162]"); see also Hill v. City of New York, 136 F. Supp. 3d 304, 351 (E.D.N.Y.

10

Scott court's concern that the absence of a "private right of action under § 191 redressable under § 198" would "leave[] an aggrieved employee with no recourse" against violations of § 191, Scott, 2019 WL 1559424 at *2 & *4, was neither correct as a matter of law nor a sound basis for implying a private right of action. See, e.g., Bostock, 140 S. Ct. at 1745 (beliefs about what "the law was meant to do, or should do" do not "allow [the court] to ignore the law as it is"); id. at 1737 ("When the express terms of a statute give us one answer and extratextual considerations suggest another, it's no contest.").

Turning to Vega, while that court recognized that settled statutory interpretation principles required it to remain faithful to the "usual and commonly understood meaning" of the text of NYLL § 198(1-a)—and, in fact, quoted the Merriam-Webster definition of "underpay"—its holding ignored that definition and the plain meaning of "underpayment" by treating the phrases "less than" and "later than" as having the same meaning. Vega, 175 A.D.3d at 1145. In doing so, Vega "read into the statute that which was specifically omitted by the legislature," Canadian Imperial Bank of Commerce, 21 N.Y.3d at 62, and, therefore, this Court should not follow it. See, e.g., Phillips, 115 N.Y.S.3d at 869 (declining to follow Vega).

The decision in Phillips is particularly elucidating on this point. In that case, the court declined to follow Vega based on its analysis of a Second Department decision: IKEA U.S. Inc. v. Industrial Board of Appeals, 660 N.Y.S.2d 585 (2d Dep't 1997). In IKEA, the Commissioner of Labor brought an administrative action against IKEA on behalf of its employees for failure to

---

2015) (same) (citations omitted); Chuk on Chan v. Good Chows Inc., No. 16-cv-2794 (RJS) (SN), 2017 WL 6550689, at *2 (S.D.N.Y. Dec. 21, 2017) (noting that "the NYLL provides only the Commissioner of Labor, not employees themselves, with a cause of action to enforce" § 195's requirement of annual wage statements when those were required prior to February 2015) (collecting cases); Konkur v Utica Acad. of Sci. Charter Sch., 181 A.D.3d 1271, 1272 (4th Dep't 2020) ("[T]he legislature did not intend to create a private right of action for violations of Labor Law § 198-b [the "kick-back" of wages prohibition], inasmuch as the legislature specifically considered and expressly provided for enforcement mechanisms in the statute itself") (internal quotation marks and citations omitted).

11

pay manual workers every week. The Commissioner of Labor found that IKEA had violated NYLL § 191; however, the Commissioner assessed only a fine against IKEA (i.e., the civil penalties directed by NYLL § 218(1)), ***not*** liquidated damages pursuant to NYLL § 198(1-a). The Commissioner of Labor in IKEA had made "no finding that the wages paid bi-weekly was an 'underpayment'" under NYLL § 198(1-a), and thus "[l]iquidated damages were not assessed." Phillips, 115 N.Y.S.3d at 867–68. On appeal, the Second Department upheld the Commissioner of Labor's determination. See id.

Accordingly, the defendants in Phillips argued that the Second Department in IKEA had "at least implicitly ruled that such remedies [pursuant to NYLL § 198(1-a)] are not available where the employer has paid all wages in full, albeit on a bi-weekly basis rather than once per week as statutorily required." Id. at 868. The Phillips court agreed, emphasizing that NYLL § 198's language is not permissive, but rather mandatory: "The Commissioner or the Court as the case may be 'shall' require the employer to pay the full amount of the underpayment plus other remedies as set forth in the statute." Id. Thus, the Phillips court reasoned, "the fact that no such finding was made [i.e. "that the failure to timely pay wages in the IKEA case was an underpayment"] is clear, which leads to the inescapable conclusion that neither the Commissioner nor the court determined that an underpayment under the facts presented had occurred." Id. at 869.

In other words, and as illustrated by Phillips, the fact that the expert agency tasked with enforcing NYLL §§ 191 and 198 does not believe that the remedy sought here by Plaintiffs exists further demonstrates that it does not, regardless of the holding in Vega.[8]

---

[8] Vega also held, like Scott, that "even if [NYLL § 198] does not expressly authorize a private action for violation of the requirements of [NYLL § 191], a remedy may be implied . . . ." Vega, 175 A.D.3d at 1146. The Vega court reasoned this holding based in part on its conclusion that an implied right "would also be consistent with the legislative scheme, as section 198 explicitly provides that individuals may bring suit against an employer for violations of the labor laws,

12

Lastly, and contrary to Plaintiffs' suggestion otherwise, Vega is not binding authority on this Court. See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 739 F.3d 45, 48 (2d Cir. 2013) (federal courts are "not strictly bound by state intermediate appellate courts") (internal quotation marks and citations omitted); see also DiBella v. Hopkins, 403 F.3d 102, 112 (2d Cir. 2005) (same); Phila. Indem. Ins. Co. v. Indian Harbor Ins. Co., 434 F. Supp. 3d 4, 10 (E.D.N.Y. 2020) ("Decisions of a state's intermediate and lower courts are not binding on the federal courts."). Instead, federal courts can "look to" the decisions of the intermediate appellate courts "*unless* convinced by other persuasive data that the highest court of the state would decide otherwise." Licci, 739 F.3d at 48 (internal quotation marks and citation omitted) (emphasis added); DiBella, 403 F.3d at 112.[9] Here, not only are there contrasting decisions from the First and Second Department on this issue, but the "other persuasive data" this Court must consider is the plain language of NYLL § 198(1-a) itself. See U.S. v. WB/Stellar IP Owner LLC, 800 F. Supp. 2d 496, 510–13 (S.D.N.Y. 2011) (predicting that the New York Court of Appeals would interpret statute in way that fulfilled "plain language of the statute" and declining to follow lower state court opinion that "ignore[d]" that plain language).[10]

---

even if the Commissioner chooses not to do so." Id. (citation omitted). While the Vega court was correct that NYLL § 198 permits employees to pursue private actions for underpaid (i.e. unpaid) wages, it completely disregarded another part of the legislative scheme—specifically, NYLL § 218(1)—which already provides the remedy for a violation of NYLL § 191. For all of the reasons discussed above, an implied right of action for employees to pursue liquidated damages for late paid wages would *not* be consistent with the scheme enacted by the New York Legislature.

[9] In Licci, for instance, the Second Circuit did not hesitate to disregard several First Department decisions because they involved a "mistaken application" and incorrect interpretation of the law as set forth by the New York Court of Appeals. Licci, 739 F.3d at 48–51.

[10] During the pre-motion conference, Plaintiffs referred to Bynog v. Cipriani Grp., Inc., 1 N.Y.3d 193 (2003). The plaintiffs in that case alleged violations of §§ 191 and 196-d. Id. at 196–97. The trial court dismissed the claims, finding the plaintiffs were independent contractors rather than employees, and the Appellate Division reversed that decision and reinstated the claims. Id. at 197–98. The Court of Appeals determined the plaintiffs were independent contractors and dismissed the claims. Id. at 196. Nowhere did the Appellate Division or the Court of Appeals analyze § 198(1-a) in any way that has any bearing on this case.

13

## **CONCLUSION**

The Court should dismiss Plaintiffs' First Amended Complaint against all Defendants.

Respectfully submitted,

McCARTER & ENGLISH, LLP
Attorneys for Defendants HP Inc. and HPE


By: */s/Adam N. Saravay*_____


EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendant Unisys Corporation


By: */s/Jeffrey H. Ruzal*_____