Case Name: Caccavale et. al. v. Hewlett-Packard Company et. al.   Case Number: 20   CV - 00974   (GRB)(AKT)

## CONFIDENTIALITY ORDER

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a) The following documents and information may be designated as "confidential," provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it:

(i) Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

(ii) Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

(iii) Medical and Legal Records, including medical files and reports.

(iv) Non-public criminal history.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D N.Y
★ OCT 28 2020 ★
LONG ISLAND OFFICE

(b) If any party believes a document or information not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

(c) An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page or by other appropriate designation to the extent stamping each page is not feasible, e.g., native production of an Excel spreadsheet.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses.

At the time of a deposition or within 20 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript that contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts shall be treated as confidential for this 20-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential

portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the court reporter.

(d) Documents designated "confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Each person who is permitted to see confidential documents, who is not a party or an attorney for a party, shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation. Nothing herein shall prohibit a party from using its own confidential discovery material for any purpose.

(e) Review of the confidential documents and information by those permitted to see such documents under this Order shall not waive the confidentiality of the documents or objections to production.

(f) The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

(g) If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(h) If a party wishes to file a document with the Court that has been marked confidential, and the confidential information is not integral to the party's submission, the party can redact the confidential information and file the balance of the document with the Court (e.g. after redacting a social security number a party can file the balance of the document assuming it is not considered confidential by the producing party or it is deemed not confidential by the Court). If a party wishes to file a document with the Court that has been marked confidential, and the confidential information is integral to the party's submission, the party can file said document in redacted form and provide an unredacted copy to the Court in accordance with the pertinent Judge's rules/directions. The parties agree to confer in good faith prior to any such filing to discuss the scope of the proposed redactions.

(i) Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties, destroyed by the recipients, or retained by counsel for the parties consistent with the law/ethical obligations, which permits them to retain, without limitation, (a) documents, things, copies and samples to the extent they include or reflect receiving attorney's work product, and (b) pleadings or other papers filed with the Court or served in the course of the litigation, the depositions, the deposition exhibits, expert reports and supporting documents, and the trial record.

(j) If a party seeks discovery from a non-party to this action, including by subpoena, that party shall simultaneously provide the non-party a copy of this Order, and the non-party may invoke the terms of this Order with respect to any confidential information provided to the parties.

(k) Any person who has designated information as confidential may remove such designation by notifying all counsel for the parties of its desire to do so.

(l) This order may be modified, superseded, or terminated by order of this Court.

(m) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

| /s/ Paul A. Pagano<br>Steven J. Moser, Esq.<br>Paul A. Pagano, Esq.<br>Moser Law Firm P.C.<br>5 East Main Street<br>Huntington, NY 11743<br>(516) 671-1150<br>smoser@moseremploymentlaw.<br>*Attorneys for Plaintiffs* | /s/ Kenneth W. DiGia<br>Kenneth W. DiGia<br>Jeffrey H. Ruzal<br>EPSTEIN BECKER & GREEN, P.C.<br>875 Third Avenue<br>New York, NY 10022<br>(212) 351-4500<br><br>*Attorneys for Defendant Unisys* |
|---|---|
| /s/ Kristofor Henning<br>Kristofor Henning<br>Adam Saravay<br>Ilana Levin<br>McCARTER & ENGLISH, LLP<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07101-0652<br>(973) 622-4444<br>*Attorneys for Defendants HP Inc. and Hewlett-Packard Enterprise Company* | |

ME1 34516871v.5              3

SO ORDERED:

Dated: Central Islip, New York
     October 28, 2020     *AK Tomlinson*
                                     A. KATHLEEN TOMLINSON
                                     United States Magistrate Judge

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled: Caccavale et. al. v. Hewlett-Packard Company et. al have been designated as confidential. I have been informed that any such documents or Information labeled "confidential" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____     DATED: _____
[Signature]