| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **CIVIL CONFERENCE** |
| **EASTERN DISTRICT OF NEW YORK** | **MINUTE ORDER** |

BEFORE:   A. KATHLEEN TOMLINSON         DATE:   <u>7-10-2020</u>
          U.S. MAGISTRATE JUDGE          TIME:   <u>2:00 p.m. (19 mins)</u>

*Caccavale et al v. Hewlett-Packard Company, et al.*
**CV 20-974 (GRB) (AKT)**

TYPE OF CONFERENCE:         **INITIAL CONFERENCE** by telephone

APPEARANCES:   Plaintiffs:   Steven John Moser
                             Paul Pagano - to file new NOA under new firm (Moser firm)

               Defendants:   Jeffrey Howard Ruzal    (Unisys Corporation)
                             Kenneth Welch DiGia

                             Adam Neil Saravay
                             Ilana Sarah Levin
                             Christopher Henning – to file Pro Hac Vice motion.
                                 (Hewlett-Packard Co., Hewlett Packard Enterprise Co.)

FTR through teleconference line:   2:01-2:20

SCHEDULING:

   The parties are directed to contact Chambers to set up a further conference within three days of Judge Brown's decision on Defendants' anticipated motions to dismiss if the motions are denied in whole or in part.

THE FOLLOWING RULINGS WERE MADE:

1. Counsel for the parties in this putative NYLL class action met for a Rule 26(f) conference and I am adopting a portion of the discovery plan submitted by them with several modifications

2. Initial Disclosures pursuant to Rule 26(a) have been served by the plaintiffs.  Unisys and the HP defendants will serve their Initial Disclosures later this afternoon.

3. The parties have met and conferred and have defined the parameters of the electronically stored information ("ESI") which may be relevant in this case.  I am now directing counsel to have a further meet-and-confer to reach an agreement on the method by which electronically stored information ("ESI") shall be ***produced*** in this case. The Court expects that discussion to include issues such as the custodians who should be included, what search terms are to be utilized if necessary, etc.   Under Rule 26, the requesting party has the right to demand the manner in which the production takes place.  For example, if the requesting party wishes to have the materials produced in the traditional manner in hardcopy, that is fine.   If the requesting party wants the material produced on a disc in some type of searchable software format (e.g., .tiff, .pst, .pdf, native format, etc.), that is fine as well.  However the parties are directed to reduce their agreement to a writing, with specific details

as to the manner of production for all parties. Counsel are to file their letter agreement, executed by all counsel, on ECF <u>no later than August 31, 2020</u> advising me of what agreement/ procedure has been put in place, and the specific details of such agreement.

4. In light of the Defendants' anticipated motions to dismiss, the Court is limiting discovery. The deadline for the parties to serve document requests is August 14, 2020. Responses to those document requests are to be served by September 28, 2020. No class discovery is permitted at this juncture. All other discovery is held in abeyance pending the outcome of the motions to dismiss.

5. The deadline to make a formal motion under the Federal Rules to add parties or amend the pleadings is also held in abeyance pending the outcome of the motion to dismiss.

6. In accordance with Local Rule 37.3, the parties are obligated to meet and confer in good and faith to resolve any outstanding discovery disputes. If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing an appropriate letter motion as expeditiously as possible. <u>Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so. Failure to comply with the certification requirement will result in the motion being returned to the moving party</u>. Counsel are hereby on notice that unless they advise the Court that they have had an actual conversation with each other in an attempt to resolve the discovery dispute at issue, the motion papers will be returned to them until such time as they can certify that they have had such a working conversation (<u>**not**</u> merely an exchange of e-mails or letters).

   If an attorney has objections to opposing counsel's response to a document demand or interrogatory and/or is seeking to compel responses to a specific document demand or interrogatory, counsel, after complying with Local Civil Rule 37.3, must also comply with Local Civil Rule 37.1 which directs how this information is to be presented to the Court. <u>Discovery motions brought under Rule 37.1 are exempt from the three-page limitation on discovery motions so that the movant can comply with Rule 37.1.</u>

7. Under existing Second Circuit case law, any amendments or modifications to this Order must be approved in advance by the Court. Therefore, the parties are not free to grant each other extensions of any deadline set forth in this Order. Nor is any party free to ignore a deadline and not bring that information to the attention of the Court in a timely manner. **<u>All requests for extensions or modifications of any deadlines stated in these Orders must be made by letter motion to the Court at least 48 hours in advance of the expiration of the deadline, unless otherwise directed by the Court</u>.** The parties are directed to my Individual Practice Rules for further information.

SO ORDERED.

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge