

**Kristofor T. Henning**
Partner
T. 215-979-3846
F. 215-988-4314
khenning@mccarter.com

McCarter & English, LLP
1600 Market Street
Suite 3900
Philadelphia, PA 19103-7501
www.mccarter.com

December 23, 2020

VIA ECF

The Honorable Gary R. Brown
100 Federal Plaza, Courtroom 840
Central Islip, NY 11722-9014

Re:  **Caccavale, et al. v. Hewlett-Packard Company n/k/a HP Inc., et al.**
     **Civil Action No.: 20-cv-00974(GRB)(AKT)**

Dear Judge Brown:

On behalf of HP Inc. f/k/a Hewlett-Packard Company ("HPI") and Hewlett Packard Enterprise Company ("HPE"), I am writing to (i) outline a motion to dismiss Plaintiffs' Second Amended Complaint ("SAC") and (ii) request a pre-motion conference.

### A.  Background

HPI, HPE, and Unisys Corporation (collectively, "Defendants") previously moved to dismiss Plaintiffs' First Amended Complaint ("FAC") following a pre-motion conference on July 15 [Dkt. No. 35]. That joint motion was fully briefed and filed on September 11 [Dkt. Nos. 40-45]. On September 14, Your Honor referred this matter to mediation and denied Defendants' motion without prejudice to renewal following mediation, if necessary. Mediation was held on November 11 and was unsuccessful.

Following mediation, Plaintiffs filed the SAC on December 17, 2020 [Dkt. No. 55]. As to HPI and HPE, the primary substantive change between the FAC and the SAC is the addition of a fourth named plaintiff, Mr. Billups. The causes of action against HPI and HPE, although renumbered, remain substantively the same: Counts I and II of the SAC allege that HPI and HPE, respectively, violated New York Labor Law ("NYLL") § 191 by paying Plaintiffs' wages on a bi-weekly, instead of weekly, basis, and Count V alleges that HPE violated NYLL § 195 by failing to furnish Plaintiffs with wage notices at hiring. As HPI and HPE previously explained in their pre-motion letter regarding the FAC and in Defendants' briefing in support of their joint motion to dismiss, none of these counts states a plausible claim for relief [Dkt. Nos. 27, 41, 45]. Accordingly, HPI and HPE seek to renew their motion to dismiss, now as to the SAC.[1]

### B.  Counts I and II Fail To State A Claim

Even assuming for current purposes only that Plaintiffs have sufficiently alleged that they were manual workers for purposes of NYLL § 191, Counts I and II nevertheless

---

[1] While HPI and HPE have not located any arbitration agreement(s) executed by the named Plaintiffs in this matter (and, therefore, no motion to compel arbitration is possible at this stage), the putative classes would include many persons bound by arbitration agreements with HPI and/or HPE. HPI and HPE do not waive any of their rights under such agreements.

ME1 35215853v.3

fail to state a plausible claim for relief. Specifically, NYLL § 198(1-a) does not expressly provide Plaintiffs a cause of action to pursue liquidated damages for fully paid, but allegedly late, wages.  The plain language of, and legislative intent underlying, the New York Labor Law make clear that no such cause of action exists. To that end, numerous courts have held that § 198(1-a) provides a claim for unpaid or underpaid wages only, but not late paid wages.  See, e.g., Arciello v. Cty. of Nassau, 2019 WL 4575145, at *8-9 (E.D.N.Y. Sept. 20, 2019); Belizaire v. RAV Investigative and Sec. Servs. Ltd., 61 F. Supp. 3d 336, 360 n.22 (S.D.N.Y. 2014); Hunter v. Planned Bldg. Servs., Inc., 2018 WL 3392476, at *1-3 (N.Y. Sup. Ct. June 20, 2018).

Further, a cause of action should not be implied by this Court, as such result would disturb the statutory framework.  Namely, the New York Legislature already created an enforcement mechanism in NYLL § 218, which authorizes the Commissioner of the Department of Labor to seek penalties for violations of § 191 that are tailored to the particular circumstances of each employer and each violation.

HPI and HPE acknowledge that the (non-binding) caselaw is not uniform on this issue. See Vega v. CM and Assocs. Constr. Mgmt., LLC, 175 A.D.3d 1144 (1st Dep't 2019); Scott v. Whole Foods Market Grp., Inc., 2019 WL 1559424 (E.D.N.Y. Apr. 9, 2019). The better-reasoned view, however, supports HPI and HPE.  As one court rejecting Vega noted, "actual payment of wages in full albeit on a bi-weekly basis where the law requires payment on a weekly basis does not constitute an 'underpayment' that would trigger an employee's right to commence a lawsuit" pursuant to § 198(1-a). Phillips v. Max Finkelstein, Inc., 115 N.Y.S.3d. 866, 869 (N.Y. Co. Ct. 2019). Moreover, this reading of § 198(1-a) is consistent with the broader legislative scheme of the Labor Laws, and with the interpretation of the Commissioner of Labor and the State's Industrial Board of Appeals, the expert administrative entities tasked with enforcing the Labor Laws.  Finally, a contrary result could illogically permit employees who were regularly paid their full wages—a portion of which were just one week "late" under the statute—to recover a windfall in the form of double those wages.[2]

Respectfully submitted,
*/s/ Kristofor Henning*
Kristofor Henning

---

[2] In their initial request for a pre-motion conference, HPI and HPE outlined the legal and factual deficiencies in Plaintiffs' § 195 claim as well [Dkt. No. 27].  At the pre-motion conference, Your Honor permitted HPI and HPE to move to dismiss the FAC, but the Court indicated its preference to receive formal briefing only as to the § 191 claim.  HPI and HPE are mindful of this preference and, although they intend to move to dismiss the SAC in its entirety, they brief only the § 191 claims here and, if given the opportunity, are prepared to do the same in formal briefing.