

**Paul A. Pagano**
Tel: 917.589.1479
paul.pagano@moserlawfirm.com

January 4, 2021

**VIA ECF**
Hon. Gary R. Brown, U.S.D.J.
100 Federal Plaza, Courtroom 840
Central Islip, NY 11722-9014

Re:   *Caccavale, et. al. v. Hewlett-Packard Company a/k/a HP Inc. et. al.*
        Docket No: 20-cv-00974(GRB)(AKT)

Dear Judge Brown:

     This firm represents Plaintiffs in the above referenced matter.  This letter is written in opposition to Defendants Hewlett-Packard Company a/k/a HP Inc. and Hewlett Packard Enterprise Company's ("Defendants") letter (DE 57) seeking leave to move to dismiss Plaintiffs' second amended complaint ("SAC")(DE 55).  New York Labor Law ("NYLL") § 191(1)(a) requires that manual workers be paid on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned.  During their employment with Defendants, Plaintiffs worked as Field Service Engineers, *to wit*, as manual workers, and were paid on a bi-weekly basis/later than seven calendar days after the end of the week in which wages were earned (DE 55, ¶ 19-67).  As such, Plaintiffs are entitled to liquidated damages pursuant to NYLL §198(1-a).  Defendants' letter incorrectly argues that NYLL §198(1-a) purportedly does not provide a private right of action for liquidated damages for "late" wages.[1]

### Decisional Framework

     While Defendants note that there is no binding authority on the issue at bar, they ignore the balance of the salient decisional framework.  Specifically, a District Court is required to apply the law as interpreted by the New York State Appellate Division unless it is *convinced* that the Court of Appeals would reach a different conclusion.  *Phila. Indem. Ins. Co. v. Indian Harbor Ins. Co.*, 434 F. Supp. 3d 4, 10 (E.D.N.Y. 2020); *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc.*, 344 F.3d 211, 221 (2d Cir. 2003).

### *Vega* Establishes That Plaintiffs' NYLL §191(1)(a) Claims Are Valid

     In *Vega v. CM & Assoc. Constr. Mgt., L.L.C.,* 175 A.D.3d 1144 (1st Dep't Sept. 10, 2019), the *only* Appellate Division case on point, the Court expressly held that there are *both* explicit and implicit private rights of action for violations of NYLL § 191(1)(a), the remedies for which, including liquidated damages, are provided by NYLL § 198(1-a).  *Vega*, 175 A.D.3d at 1146-1147.  Moreover, *Vega* expressly rejected the exact argument the Defendants herein raise

---

[1] To the extent Defendants are permitted to move to dismiss Plaintiffs' NYLL § 195(3) claim, Plaintiffs would oppose such motion as set forth in Plaintiffs' July 6, 2020 letter (DE 30).

stating, "Defendant's position that no private right of action exists is dependent on its erroneous assertion that the late payment of wages is not an underpayment of wages." *Vega*, 175 A.D.3d at 1146.

**There Is No Reason To Believe The Court of Appeals Would Deviate From *Vega***

The leading case in this District on the pertinent issues is *Scott v. Whole Foods Mkt. Grp., Inc.,* 2019 U.S. Dist. LEXIS 61726 (E.D.N.Y. Apr. 9, 2019), where, on facts virtually identical to those before this Court, the Court held that, at minimum, there is an implied private right of action for violation of NYLL § 191(1)(a) the remedies for which, including liquidated damages, are provided by NYLL § 198(1-a). *Id*. at *6-11. The *Scott* Court also expressly rejected the Defendants' argument concerning "late" versus unpaid wages. *Id*. at *13.

Other cases on both the state and federal level establish that Plaintiffs' NYLL § 191(1)(a) causes of action are valid. In *Rojas v. Hi-Tech Metals, Inc.*, 2019 N.Y. Misc. Lexis 5046, *7 (Queens County Sup. Ct. 2019), the Court, in light of *Vega*, denied defendant's motion to dismiss plaintiff's NYLL §§ 191(1)(a) and 198(1-a) claims. In *Quintanilla v. Kabco Pharmaceuticals Inc.*, decided in June 2020, the Hon. Pamela K. Chen, U.S.D.J. overturned her prior decision in *Coley v. Vannguard Urban Improvement Ass'n*, 2018 U.S. Dist. LEXIS 50787 (E.D.N.Y. Mar. 27, 2018), acknowledged an obligation to follow *Vega*, and refused to dismiss plaintiff's NYLL § 191(1)(a) claim. Exhibit A, p. 16-19. In November 2020, Magistrate Judge Steven Locke issued a report and recommendation to District Judge Joanna Seybert recommending that a defendant's motion seeking to dismiss a NYLL § 191(1)(a) claim on the grounds that there was no private right of action be denied. *Sorto v. Diversified Maint. Sys.*, 2020 U.S. Dist. LEXIS 216328, at *7 (E.D.N.Y. Nov. 15, 2020). Judge Locke relied on the holdings of *Vega* and *Scott* and expressly rejected *Arciello v. Cty. of Nassau*, 2019 U.S. Dist. LEXIS 161167 (E.D.N.Y. Sep. 20, 2019) and *Phillips v. Max Finkelstein, Inc.*, 115 N.Y.S.3d 866 (Suffolk Cnty. Ct. 2019), on which Defendants herein rely,[2] as the former was rendered prior to *Vega's* dissemination and as the Second Department case on which the latter relied did not address the existence of a private right of action. *Id*., at *3-7. On December 28, 2020, Judge Seybert adopted Judge Locke's report and recommendation in its in entirety, stating that she was persuaded by and obligated to follow *Vega*, that *Phillips* did not warrant a departure from *Vega*, and that she disagreed with *Arciello*. Exhibit B, p. 4-7.[3]

Finally, Defendants' argument that a cause of action should not be implied by this Court due to the existence of NYLL § 218 is refuted by the holdings of *Vega* and *Scott* as well as NYLL § 218(4) which provides that the civil penalty provided in NYLL § 218 shall be in addition to and imposed with other remedies.

Respectfully Submitted,
By: *Paul Pagano*

---

[2] *Belizaire v. Rav Investigative & Sec. Servs*. 61 F. Supp. 3d 336, 360 n.22 (S.D.N.Y. 2014) *and Hunter v. Planned Bldg. Servs., Inc.*, 2018 WL 3392476 (N.Y. Sup. Ct 2018) on which Defendants also rely were rendered pre-*Vega*.
[3] Also of note, in *Spiro v. The Commissioner of Labor* the State of New York Industrial Board of Appeals awarded liquidated damages pursuant to NYLL § 198 where there was a NYLL § 191(1)(a) violation. Exhibit C, p. 6.