

**MOSER LAW FIRM, PC**

**Paul A. Pagano**
Tel: 917.589.1479
paul.pagano@moserlawfirm.com

January 4, 2021

**VIA ECF**
Hon. Gary R. Brown, U.S.D.J.
100 Federal Plaza, Courtroom 840
Central Islip, NY 11722-9014

Re:   *Caccavale, et. al. v. Hewlett-Packard Company a/k/a HP Inc. et. al.*
      Docket No: 20-cv-00974(GRB)(AKT)

Dear Judge Brown:

      This firm represents Plaintiffs in the above referenced matter.  This letter is written in opposition to Defendant Unisys Corporation's ("Defendant") letter (DE 58) seeking permission to move to dismiss Plaintiffs' second amended complaint ("SAC")(DE 55).[1]

      While the FLSA does not indicate specifically when overtime compensation is to be paid, courts have interpreted same to require prompt payment.  *Meadows v. Planet Aid*, 2011 U.S. Dist. LEXIS 172545, at *27 (E.D.N.Y. July 7, 2011).  Due to the FLSA's silence, courts within the Second Circuit have looked to the U.S. Department of Labor for guidance.  The U.S. Department of Labor has provided that: (1) the general rule is that overtime compensation earned in a particular workweek **must be paid on the regular pay day for the period in which such workweek ends**; (2) if [and only if] the correct amount of overtime compensation cannot be determined until some time after the regular pay period, the requirements of the FLSA will be satisfied if the employer pays the excess overtime compensation as soon after the regular pay period as is practicable; and (3) payment cannot be delayed for a period longer than is reasonably necessary for the employer to compute and arrange for payment of the amount due and may not be delayed beyond the next payday after such computation can be made.  *Id*. at * 28; 29 CFR 778.106.

      Here, Plaintiff Sorbie alleges, *inter alia*: (1) that he does not receive the overtime compensation he earns in a particular workweek on the regular payday for the period in which such workweek ends (DE 55, ¶ 68); (2) that Unisys has the ability to pay him overtime compensation on the regular payday for the period in which such workweek ends as he submits his overtime hours into an electronic system every Friday (DE 55, ¶ 69); (3) that he has been paid approximately 185 hours of overtime late (DE 55, ¶ 104); (4) the specific periods for which he was not timely paid his overtime wages (DE 55, ¶ 105); (5) that he is not paid his overtime

---

[1] The SAC contains two causes of action against Defendant (for violation of NYLL § 191(1)(a) and for violation of the FLSA due to the delayed payment of overtime wages).  Defendant's letter only addresses the FLSA claim and, as such, this opposition will only focus on the FLSA claim. That said, the NYLL § 191(1)(a) claim against Defendant should be upheld for all of the reasons the NYLL§ 191(1)(a) claims against the HP Defendants should be upheld as articulated in Plaintiffs' concurrently submitted letter (DE 60).

wages until, at minimum, approximately two weeks after the workweek in which they are earned (DE 55, ¶ 107); and several other pertinent allegations (DE 55, ¶ 139-146).

Against the weight of the foregoing, Defendant advances two arguments. First, Defendant asserts that Plaintiff Sorbie's FLSA claim fails to meet the *Twombly* standard and must be dismissed. Initially, Defendant argues that Plaintiff Sorbie's allegations are conclusory. To the contrary, as set forth above, Plaintiff Sorbie's complaint details the requirements of the FLSA as interpreted by the Courts, specifically how Defendant has violated those requirements, why Defendant should be able to pay overtime earlier than it does, the amount of overtime he has been paid late and the exact periods for which he was not timely paid his overtime. Further, contrary to Defendant's argument, there is no requirement that Plaintiff Sorbie explicitly plead that "Unisys delayed payment of the correct overtime compensation longer than reasonably necessary[.]" (DE. 58, p. 2). However, even if there were, Plaintiff Sorbie specifically pleads, *inter alia*, that Defendant failed to promptly pay him his overtime wages (DE 55, ¶ 142) and that he could have been paid promptly since he reported his time every Friday (DE 55, ¶ 69).

Second, Defendant matter-of-factly asserts that since Plaintiff Sorbie's overtime wages cannot be calculated until after the pay period in which they are worked and that said wages are paid in the next pay period after they are worked there is no FLSA violation. Such assertion presents *at least* two questions of fact. First, whether the overtime wages could be calculated earlier, and second, whether they could be paid earlier. These questions do not lend themselves to a resolution on a motion to dismiss. Indeed, the single case Defendant cites in support of its position, *Worley v. City of N.Y.*, 2020 U.S. Dist. LEXIS 26398, at *83-85 (S.D.N.Y. Feb. 12, 2020), concerns a motion for summary judgment and summary judgment was denied since defendant's compliance with the FLSA's prompt payment requirement was a question of fact.

Moreover, the paychecks Defendant provides in support of its letter actually help establish that it violated the FLSA's prompt payment requirement. The two paychecks show that while Plaintiff Sorbie earned overtime during the weeks of 3/22/20-3/28/20 and 3/29/20-4/4/20 he was not *paid* for the overtime earned for either of those weeks until 4/17/2020, nearly 3 weeks after the end of the week ending 3/28/20 and nearly 2 weeks after the end of the week ending 4/4/20. It is unreasonable for Defendant to delay the payment of earned overtime for nearly a month. Moreover, as set forth in the SAC, Plaintiff Sorbie submits the hours he works into an electronic system every Friday (DE 55, ¶ 69). As such, at a *bare minimum*, Plaintiff Sorbie's bi-weekly paycheck[2] should include his overtime wages for the first week of the given bi-weekly pay period. To put it more concretely, on March 27, 2020, Plaintiff Sorbie logged the time he worked for the week into Defendant's time system. Defendant articulates no reason why he was not paid for the overtime he earned that week in the paycheck he received on April 3, 2020.

In sum, all of the Defendants' requests to move to dismiss the SAC should be denied for the reasons sets forth herein and in DE 60. Moreover, we hope that such denial will result in a meaningful mediation.

Respectfully Submitted,

*Paul Pagano*

---

[2] Notably, Defendant paying Plaintiff Sorbie bi-weekly is in and of itself a violation of NYLL § 191(1)(a).