

| | |
|---|---|
| **Kristofor T. Henning**<br>Partner<br>T. 215-979-3846<br>F. 215-988-4314<br>khenning@mccarter.com | McCarter & English, LLP<br>1600 Market Street<br>Suite 3900<br>Philadelphia, PA 19103-7501<br>www.mccarter.com |

January 22, 2021

<u>VIA ECF</u>

The Honorable Gary R. Brown
100 Federal Plaza, Courtroom 840
Central Islip, NY 11722-9014

**Re:** <u>**Caccavale, et al. v. HP Inc., et al. (Case No. 20-cv-974)**</u>

Dear Judge Brown:

On January 12, the Court denied Defendants' motions to dismiss Plaintiffs' claims under NYLL §§ 191/198, concluding that § 198 permits a plaintiff to pursue liquidated damages for allegedly late paid wages, not merely for unpaid wages. Ex. A at 21-22. All Defendants write to (i) outline a motion to certify the Court's decision for appeal pursuant to 28 U.S.C. § 1292(b) and for a stay and (ii) request a conference.[1]

### A. All of the § 1292(b) Criteria are Met.

The Court has the discretion to certify its decision for appeal if it is "of the opinion that": (1) it "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal . . . may materially advance the ultimate termination of the litigation." § 1292(b). All three criteria are satisfied here. Indeed, the Court previously raised the possibility of an interlocutory appeal. Ex. B at 8 ("[T]his is the kind of issue that would govern largely what happened in this case [and] might be . . . appropriate for an interlocutory appeal. Am I right about that, or no?").[2]

First, whether Plaintiffs have an express or implied right of action pursuant to § 198 to pursue liquidated damages for fully paid wages is a pure question of law. It is also "controlling" in that, if they do not, their claims under §§ 191/198 must be dismissed. Because Plaintiffs' §§ 191/198 claims are by far their primary claims, reversal of the Court's decision "would substantially alter the landscape of the" litigation. *Allstate Ins. Co. v. Elzanaty*, 2013 WL 2154759, at *9 (E.D.N.Y. May 16, 2013).[3]

Second, "there is substantial ground for difference of opinion" about the proper interpretation of § 198. There is no binding decision and there continues to be a split of authority after *Vega*. [Dkt. No. 57 at 2]; *see also, e.g., Arciello v. Cty. of Nassau*, 2019 WL 4575145, at *8-9 (E.D.N.Y. Sept. 20, 2019); *Phillips v. Max Finkelstein, Inc.*, 115 N.Y.S.3d 866, 869 (N.Y. Co. Ct. 2019). One of the recent decisions on which

---

[1] The undersigned represents HP, Inc. and HPE. Unisys also joins in this letter.
[2] *Id.* at 23 ("[I]f . . . the 1292 factors are there, we can have that discussion once we've had a chance to look at it.").
[3] *See also New York v. Gutierrez*, 623 F. Supp. 2d 301, 316 (E.D.N.Y. 2009); *Vidal v. Nielsen*, 2018 WL 10127043, at *27 (E.D.N.Y. Apr. 30, 2018).

January 22, 2021<br>Page 2

Plaintiffs rely (*Quintanilla*) followed *Vega*, but referred to its analysis of § 198 as "tortured." [Dkt. No. 60-1 at 17]; Ex. B at 22 (Court indicating no "clear answer").

Third, "an immediate appeal . . . may materially advance the ultimate termination of the litigation." Plaintiffs' §§ 191/198 claims are their primary claims—measured both by the amount of alleged damages and the scope of related discovery. Ex. B at 8; *id.* at 21-22 (Court referring to issue as "[gorilla] in the room" and "the big thing"); *id.* at 26 ("big issue"). Therefore, a reversal of the Court's decision would significantly narrow the scope and expense of the putative class action component of this litigation. *Allstate*, 2013 WL 2154759, at *12; *New York*, 623 F. Supp. 2d 301, 317-18;[4] Ex. B at 23 (Court raising possibility of discussion about § 1292 appeal "once we've had a chance to look at it. Rather than proceed on class action discovery and so forth"). A binding decision "will also aid in the litigation and resolution of other similar cases" pending in this District. *Allstate*, 2013 WL 2154759, at *12-13.

### B. The Court Should Stay this Action.

Defendants also request that the Court stay this action in its entirety pending appeal since, on balance, the factors favor a stay. Absent a stay, Defendants will face significant burden and expense litigating Plaintiffs' §§ 191/198 claims—including discovery of putative classes of hundreds of current and former employees, motion practice (including on class certification), and a trial—all of which will be wasted if the appeal is successful. Conversely, there will be no prejudice to Plaintiffs, who do not allege that Defendants failed to pay them any wages owed, but rather seek only a statutory penalty in the form of liquidated damages. Further, if Plaintiffs ultimately prevail, prejudgment interest will compensate them for any delay. *See, e.g., Flo & Eddie Inc. v. Sirius XM Radio Inc.*, No. 13 Civ. 5784(CM), 2015 WL 585641, at *4 (S.D.N.Y. Feb. 10, 2015) (granting stay and noting that opposing party "loses not a dime's worth of potential damages by holding up until the legal issue is resolved"). It would be inefficient to continue litigating Plaintiffs' secondary claims, including because of overlapping discovery. *See id.* ("[J]udicial economy strongly favors staying the proceedings pending resolution of the legal question at the core of this action.").[5]

Respectfully submitted,
*/s/ Kristofor Henning*
Kristofor Henning

---

[4] It is not necessary that reversal of the Court's decision end the entire litigation. *Allstate*, 2013 WL 2154759, at *10-13; *New York*, 623 F. Supp. 2d 301, 317-18.

[5] Unisys will agree to toll the running of the statute of limitations for any FLSA putative collective action members who choose to opt-in to this action from the date any stay begins until ten business days after a ruling denying Defendants' request for appeal or a ruling on the underlying appeal.