

MOSER LAW FIRM, P.C.

Steven J. Moser, Esq.
631-824-0200                                                    steven.moser@moserlawfirm.com

January 28, 2021

Hon. Gary R. Brown, USDJ
United States District Court, EDNY
100 Federal Plaza
Central Islip, NY  11722

Re:     *Caccavale, et al. v. HP Inc., et al.,* 20-cv-974 (GRB)(AKT)

Dear Judge Brown:

This firm represents Plaintiffs in the above referenced matter.  This letter is written in opposition to Defendants' joint letter (DE 65) seeking permission to move to have this Court certify its January 12, 2021 decision for appeal and for a stay.

**Standard.** Whether to grant leave to file an interlocutory appeal is left to the discretion of the district court. *See Swint v. Chambers Cty. Commn*, 514 U.S. 35, 36, 115 S. Ct. 1203, 131 L. Ed. 2d 60 (1995). A district court may only grant certification under § 1292(b) when it finds that the matter: (1) "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "that an immediate appeal would materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). However, "District court judges have broad discretion to deny certification even where the statutory criteria are met." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370-71 (S.D.N.Y. 2008).  Finally, "[i]nterlocutory appeals are strongly disfavored in federal practice." *In re Ambac Fin. Group, Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010). Indeed, leave to appeal is warranted only when the movant demonstrates the existence of "exceptional circumstances" sufficient to overcome the "general aversion to piecemeal litigation" and to "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Flor v. BOT Fin. Corp. (In re Flor)*, 79 F.3d 281, 284 (2d Cir. 1996).

**No Controlling Question of Law.**  The most important of the factors in determining whether a question of law is controlling is whether reversal would terminate the action. *Analect LLC v. Fifth Third Bancorp*, 2009 U.S. Dist. LEXIS 73590, *12 (E.D.N.Y. Aug. 19, 2009).  It would not as Plaintiffs' NYLL 195(1) claims and Plaintiff Sorbie and the Late Paid Overtime Collective's FLSA claims would still proceed.  (DE 55), at 18-20

**No Substantial Difference of Opinion.** There is no "substantial ground for difference of opinion" here. In fact, the district courts that have addressed the identical issue presented here have reached the same conclusion that this Court did – namely, that "late" payment of wages is a violation of NYLL 191 for which there is a private right of action and the remedies for same, including liquidated damages, are provided by NYLL 198.  Post *Vega*, every district court that has addressed the issue has found in favor of a private right of action under NYLL § 191. *Sorto v. Diversified Maint. Sys.*, 2020 U.S. Dist. LEXIS 216328, at *7 (E.D.N.Y. Nov. 15, 2020)(Locke, M.J.) *report and recommendation adopted by* 20-cv1302 (Dec. 28, 2020)(DE 30)(Seybert, J.); *Quintanilla v. Kabco Pharmaceuticals Inc.*, 19-CV-06752 (June 30, 2020)(DE 27)(Chen, J.); *Sarit v. Westside Tomato, Inc.,* No. 18-CV-11524, 2020 U.S. Dist. LEXIS 67074,



at *15 (S.D.N.Y. Apr. 16, 2020)(Abrams, J.)(denying motion to dismiss claims for delayed wages under § 191); *Perez v. Comhar Grp. LLC,* No. 19-CV-0964, 2020 U.S. Dist. LEXIS 41771, at *18 (E.D.N.Y. Mar. 6, 2020)(Orenstein, M.J.)("Courts in this district have found that there is an implied right of action for a violation of NYLL § 191(1) utilizing the damages provision at NYLL § 198.") *report and recommendation adopted by* No. 19-CV-964, 2020 U.S. Dist. LEXIS 49986, at *1 (E.D.N.Y. Mar. 23, 2020)(Block, J.); *Duverny v. Hercules Med. P.C.,* No. 18cv07652, 2020 U.S. Dist. LEXIS 37547, at *13 (S.D.N.Y. Mar. 3, 2020)(Cote, J.)(citing *Vega* for the proposition that "[t]he remedies available through § 198(1-a) apply to employees bringing claims under § 191.").  The cases Defendants cite in support of their argument, *Arciello* and *Phillips*, are inapposite as set forth in DE 60.

**Immediate appeal will delay, not advance, ultimate termination.** "The requirement that an immediate appeal must materially advance the termination of the litigation is strictly construed. *United States v. Prevezon Holdings Ltd.,* No. 13-cv-06326 (TPG), 2016 U.S. Dist. LEXIS 5620, at *9 (S.D.N.Y. Jan. 15, 2016)(citing *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.,* 964 F.2d 85, 88 (2d Cir. 1992)). In determining whether an appeal will unnecessarily delay the ultimate termination, the District Court is permitted to assess the likelihood of success on appeal. *United States v. Prevezon Holdings Ltd.,* No. 13-cv-06326 (TPG), 2016 U.S. Dist. LEXIS 5620, at *11-12 (S.D.N.Y. Jan. 15, 2016)("Assessing the movant's arguments and their likelihood of success. . .is left to the district court's judgment."). Here, not only would certification result in a delay of the trial, but certification is unlikely to advance proceedings considering the controlling decision in *Vega* and the growing mountain of precedent post-*Vega f*inding in favor of a private right of action.  Also, as set forth above, Plaintiff(s) have advanced claims for violation of NYLL 195(1) and the FLSA.  The appeal will not resolve these claims, and therefore not advance an ultimate decision. *Bishop v. Best Buy, Co.,* 2011 U.S. Dist. LEXIS 102179, at *48 (S.D.N.Y. Sep. 8, 2011)( "[I]f other claims 'will continue regardless of the disposition of this issue, certification would not materially advance the termination of this litigation.'")(citing *In re Barrick Gold Sec. Litig.,* 2015 U.S. Dist. LEXIS 71136, at *10 (S.D.N.Y. June 2, 2015)).[1]

**Even if leave to file an interlocutory appeal is granted, a stay is not appropriate and will needlessly delay resolution.** "The four factors to be considered in issuing a stay pending appeal are well known: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether the public interest lies." *In re World Trade Ctr. Disaster Site Litig.,* 503 F.3d 167, 170 (2d Cir. 2007). "The party seeking the stay bears the burden of showing entitlement to the stay." *In re Vincent Andrews Mgmt. Corp.,* 414 B.R. 1, 4 (D. Conn. 2009). Here, Defendants cannot meet their burden as (1) they are unlikely to succeed on the merits of the appeal considering *Vega* and the post-*Vega* decisions; (2) there is no showing of irreparable injury and (3) there are no public interest concerns justifying the stay.  Therefore, the application for a stay should be denied.

---

[1] Defendants' letter sets forth excerpts from the Court to suggest that the Court previously believed certification is appropriate.  DE 65.  Notably, each excerpt is from a July 2020 conference at which time no FLSA claim had been pled and which was prior to numerous decisions from the Eastern District upholding *Vega.*  Most recently, the Court denied Defendants' motions to dismiss Plaintiffs' NYLL 191 claims without the necessity of further briefing.

Moser Law Firm, P.C.

_____
Page 3 of 3

Very truly yours,

*Steven John Moser*

Steven John Moser