**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TONY CACCAVALE, ANTHONY MANGELLI, DOUGLAS SORBIE, and JAMES BILLUPS, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs-Counterclaim-Defendants,<br><br>    -against-<br><br>HEWLETT-PACKARD COMPANY A/K/A HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and UNISYS CORPORATION,<br><br>        Defendants and, for Hewlett Packard Enterprise Company – Counterclaim Plaintiff. | Civil Action No. 20-CV-00974 (GRB)(AKT)<br><br>**HEWLETT PACKARD ENTERPRISE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT** |

Hewlett Packard Enterprise Company ("HPE" or "Defendant"), by its attorneys McCarter & English, LLP, answers Plaintiffs' Second Amended Class and Collective Action Complaint (the "Complaint") and asserts affirmative defenses and counterclaims as follows:

<u>**ANSWER**</u>

1.      Denied.

2.      Denied.  The allegations in Paragraph 2 do not pertain to Defendant and, therefore, are denied.

3.      Denied.

4.      Denied.  The allegations in Paragraph 4 do not pertain to Defendant and, therefore, are denied.

5.      The allegations in Paragraph 5 are conclusions of law to which no response is required.  Defendant does not dispute subject matter jurisdiction in this Court.

6.      The allegations in Paragraph 6 are conclusions of law to which no response is required.  Defendant does not dispute venue in this Court.

7.      Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 7 and, therefore, those allegations are denied.

8.      Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 8 and, therefore, those allegations are denied.

9.      Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 9 and, therefore, those allegations are denied.

10.     Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 10 and, therefore, those allegations are denied.

11.     Denied.  The allegations in Paragraph 11 do not pertain to Defendant and, therefore, are denied.

12.     Admitted in part, denied in part.  HPE admits only that it is incorporated in Delaware.  HPE denies the remaining allegations in this paragraph.

13.     Denied.  The allegations in Paragraph 13 do not pertain to Defendant and, therefore, are denied.

14. Denied. The allegations in Paragraph 14 do not pertain to Defendant and, therefore, are denied.

15. Denied.

16. Denied. The allegations in Paragraph 16 do not pertain to Defendant and, therefore, are denied.

17. Denied.

18. Denied.

19. Denied. The allegations in Paragraph 19 do not pertain to Defendant and, therefore, are denied.

20. Denied. The allegations in Paragraph 20 do not pertain to Defendant and, therefore, are denied.

21. Denied. The allegations in Paragraph 21 do not pertain to Defendant and, therefore, are denied.

22. Denied. The allegations in Paragraph 22 do not pertain to Defendant and, therefore, are denied.

23. Denied. The allegations in Paragraph 23 do not pertain to Defendant and, therefore, are denied.

24. Denied. The allegations in Paragraph 24 do not pertain to Defendant and, therefore, are denied.

25. Denied. The allegations in Paragraph 25 do not pertain to Defendant and, therefore, are denied.

26. Denied. The allegations in Paragraph 26 do not pertain to Defendant and, therefore, are denied.

27.     Denied.    The allegations in Paragraph 27 do not pertain to Defendant and, therefore, are denied.

28.     Denied.    The allegations in Paragraph 28 do not pertain to Defendant and, therefore, are denied.

29.     Denied.    The allegations in Paragraph 29 do not pertain to Defendant and, therefore, are denied.

30.     Denied.    The allegations in Paragraph 30 do not pertain to Defendant and, therefore, are denied.

31.     Denied.    The allegations in Paragraph 31 do not pertain to Defendant and, therefore, are denied.

32.     Denied.    The allegations in Paragraph 32 do not pertain to Defendant and, therefore, are denied.

33.     Denied.    The allegations in Paragraph 33 do not pertain to Defendant and, therefore, are denied.

34.     Denied.    The allegations in Paragraph 34 do not pertain to Defendant and, therefore, are denied.

35.     Denied.    The allegations in Paragraph 35 do not pertain to Defendant and, therefore, are denied.

36.     Denied.    The allegations in Paragraph 36 do not pertain to Defendant and, therefore, are denied.

37.     Admitted in part, denied in part.  HPE admits only that on November 1, 2015, HP Inc., formerly known as Hewlett-Packard Company, spun-off Hewlett Packard Enterprise Company pursuant to a separation agreement (the "Separation"), and since the Separation, HP

Inc. and HPE have operated as independent, publicly-traded companies. HPE denies the remaining allegation in this paragraph.

38.    Denied.

39.    Admitted.

40.    Denied.

41.    Admitted.

42.    Denied.

43.    Admitted.

44.    Denied.

45.    Admitted.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.    The allegations in Paragraph 52 do not pertain to Defendant and, therefore, are denied.

53.    Denied.    The allegations in Paragraph 53 do not pertain to Defendant and, therefore, are denied.

54.    Denied.    The allegations in Paragraph 54 do not pertain to Defendant and, therefore, are denied.

55.     Denied.    The allegations in Paragraph 55 do not pertain to Defendant and, therefore, are denied.

56.     Denied.    The allegations in Paragraph 56 do not pertain to Defendant and, therefore, are denied.

57.     Denied.    The allegations in Paragraph 57 do not pertain to Defendant and, therefore, are denied.

58.     Denied.    The allegations in Paragraph 58 do not pertain to Defendant and, therefore, are denied.

59.     Denied.    The allegations in Paragraph 59 do not pertain to Defendant and, therefore, are denied.

60.     Denied.    The allegations in Paragraph 60 do not pertain to Defendant and, therefore, are denied.

61.     Denied.    The allegations in Paragraph 61 do not pertain to Defendant and, therefore, are denied.

62.     Denied.    The allegations in Paragraph 62 do not pertain to Defendant and, therefore, are denied.

63.     Denied.    The allegations in Paragraph 63 do not pertain to Defendant and, therefore, are denied.

64.     Denied.    The allegations in Paragraph 64 do not pertain to Defendant and, therefore, are denied.

65.     Denied.    The allegations in Paragraph 65 do not pertain to Defendant and, therefore, are denied.

66.     Denied.    The allegations in Paragraph 66 do not pertain to Defendant and, therefore, are denied.

67.     Denied.    The allegations in Paragraph 67 do not pertain to Defendant and, therefore, are denied.

68.     Denied.    The allegations in Paragraph 68 do not pertain to Defendant and, therefore, are denied.

69.     Denied.    The allegations in Paragraph 69 do not pertain to Defendant and, therefore, are denied.

70.     Denied.    The allegations in Paragraph 70 do not pertain to Defendant and, therefore, are denied.

71.     Admitted.

72.     Denied.    The allegations in Paragraph 72 do not pertain to Defendant and, therefore, are denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.    The allegations in Paragraph 82 do not pertain to Defendant and, therefore, are denied.

83.     Denied.    The allegations in Paragraph 83 do not pertain to Defendant and, therefore, are denied.

84.     Denied.

85.     Admitted in part, denied in part.    Defendant admits only that Plaintiffs seek certification of the putative classes described in Paragraph 85.    Defendant denies that certification of any class is appropriate.

86.     Admitted.

87.     Denied.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 87 and, therefore, those allegations are denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 92 and, therefore, those allegations are denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97. Denied.

98. Denied.

99. Denied. The allegations in Paragraph 99 do not pertain to Defendant and, therefore, are denied.

100. Denied. The allegations in Paragraph 100 do not pertain to Defendant and, therefore, are denied.

101. Denied. The allegations in Paragraph 101 do not pertain to Defendant and, therefore, are denied.

102. Denied. The allegations in Paragraph 102 do not pertain to Defendant and, therefore, are denied.

103. Denied. The allegations in Paragraph 103 do not pertain to Defendant and, therefore, are denied.

104. Denied. The allegations in Paragraph 104 do not pertain to Defendant and, therefore, are denied.

105. Denied. The allegations in Paragraph 105 do not pertain to Defendant and, therefore, are denied.

106. Denied. The allegations in Paragraph 106 do not pertain to Defendant and, therefore, are denied.

107. Denied. The allegations in Paragraph 107 do not pertain to Defendant and, therefore, are denied.

108. Denied. The allegations in Paragraph 108 do not pertain to Defendant and, therefore, are denied.

109.     Denied.   The allegations in Paragraph 109 do not pertain to Defendant and, therefore, are denied.

110.     Denied.   The allegations in Paragraph 110 do not pertain to Defendant and, therefore, are denied.

111.     Denied.   The allegations in Paragraph 111 do not pertain to Defendant and, therefore, are denied.

112.     Denied.   The allegations in Paragraph 112 do not pertain to Defendant and, therefore, are denied.

113.     Defendant incorporates its responses to Paragraphs 1-112 by reference as if fully set forth herein.

114.     Denied.   The allegations in Paragraph 114 do not pertain to Defendant and, therefore, are denied.

115.     Denied.   The allegations in Paragraph 115 do not pertain to Defendant and, therefore, are denied.

116.     Denied.   The allegations in Paragraph 116 do not pertain to Defendant and, therefore, are denied.

117.     Denied.   The allegations in Paragraph 117 do not pertain to Defendant and, therefore, are denied.

118.     Denied.   The allegations in Paragraph 118 do not pertain to Defendant and, therefore, are denied.

119.     Denied.   The allegations in Paragraph 119 do not pertain to Defendant and, therefore, are denied.

120.     Denied.     The allegations in Paragraph 120 do not pertain to Defendant and, therefore, are denied.

121.     Defendant incorporates its responses to Paragraphs 1-120 by reference as if fully set forth herein.

122.     Denied.

123.     Denied.

124.     Denied.

125.     Denied.

126.     Denied.

127.     Denied.

128.     Denied.

129.     Defendant incorporates its responses to Paragraphs 1-128 by reference as if fully set forth herein.

130.     Denied.     The allegations in Paragraph 130 do not pertain to Defendant and, therefore, are denied.

131.     Denied.     The allegations in Paragraph 131 do not pertain to Defendant and, therefore, are denied.

132.     Denied.     The allegations in Paragraph 132 do not pertain to Defendant and, therefore, are denied.

133.     Denied.     The allegations in Paragraph 133 do not pertain to Defendant and, therefore, are denied.

134.     Denied.     The allegations in Paragraph 134 do not pertain to Defendant and, therefore, are denied.

135. Denied. The allegations in Paragraph 135 do not pertain to Defendant and, therefore, are denied.

136. Denied. The allegations in Paragraph 136 do not pertain to Defendant and, therefore, are denied.

137. Denied. The allegations in Paragraph 137 do not pertain to Defendant and, therefore, are denied.

138. Defendant incorporates its responses to Paragraphs 1-137 by reference as if fully set forth herein.

139. Denied. The allegations in Paragraph 139 do not pertain to Defendant and, therefore, are denied.

140. Denied. The allegations in Paragraph 140 do not pertain to Defendant and, therefore, are denied.

141. Denied. The allegations in Paragraph 141 do not pertain to Defendant and, therefore, are denied.

142. Denied. The allegations in Paragraph 142 do not pertain to Defendant and, therefore, are denied.

143. Denied. The allegations in Paragraph 143 do not pertain to Defendant and, therefore, are denied.

144. Denied. The allegations in Paragraph 144 do not pertain to Defendant and, therefore, are denied.

145. Denied. The allegations in Paragraph 145 do not pertain to Defendant and, therefore, are denied.

146.     Denied.   The allegations in Paragraph 146 do not pertain to Defendant and, therefore, are denied.

147.     Defendant incorporates its responses to Paragraphs 1-146 by reference as if fully set forth herein.

148.     Denied.  Paragraph 148 states legal conclusions to which no response is required. To the extent a response is required, denied to the extent inconsistent with New York Labor Law ("NYLL") § 195(1).

149.     Denied.  Paragraph 149 states legal conclusions to which no response is required. To the extent a response is required, denied to the extent inconsistent with NYLL § 195(1).

150.     Denied.  Paragraph 150 states legal conclusions to which no response is required. To the extent a response is required, denied to the extent inconsistent with NYLL § 195(1).

151.     Denied.  Paragraph 151 states legal conclusions to which no response is required. To the extent a response is required, denied to the extent inconsistent with NYLL § 195(1).

152.     Denied.

153.     Denied.

Defendant denies that Plaintiffs and any putative class members are entitled to any relief, including without limitation that for which Plaintiffs have prayed.

Defendant denies that Plaintiffs and any putative class members are entitled to a jury trial on any issues for which the law does not provide a jury trial.

All allegations not specifically admitted are denied.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof for any matter/issue not imposed by law on it, Defendant asserts the following affirmative defenses to Plaintiffs' claims asserted against it:

1.     The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.     Plaintiffs' claims against Defendant are barred in whole or in part by the applicable statute(s) of limitations.

3.     During their employment with Defendant, Plaintiffs were not "manual workers" within the meaning of the NYLL.

4.     Plaintiffs' claims against Defendant are barred in whole or in part by the doctrine of laches.

5.     Plaintiffs' claims against Defendant are barred in whole or in part by the doctrine of waiver.

6.     Plaintiffs' claims against Defendant are barred in whole or in part by the doctrine of estoppel.

7.     Plaintiffs' claims against Defendant are barred in whole or in part by the doctrine of consent.

8.     Defendant acted in good faith and without malice, willfulness, or evil intent.

9.     Defendant paid Plaintiffs  in full and in a timely manner the compensation owed for all hours worked.

10.     Plaintiffs fail to state a claim under NYLL § 191 or NYLL § 198 because NYLL § 198 does not permit a claim for liquidated damages relating to wages that were allegedly paid late but in full.

11.     Plaintiffs fail to state a claim under NYLL § 191 or NYLL § 198 because Plaintiffs  were not "manual workers" within the meaning of NYLL § 190(4).

12.    Defendant provided Plaintiffs  with any wage notices required by law, and/or with the information required to be included in any such wage notice, in a timely manner.  As such, Plaintiffs were on actual and constructive notice of the information required to be included in any such wage notice.

13.    Plaintiffs are not entitled to damages due to an alleged failure to provide wage notices under NYLL § 195 because they were not "hired" by Defendant after the date on which the NYLL's Wage Theft Prevention Act went into effect within the meaning of the relevant law.

14.    To the extent there is a judicial determination over Defendant's objection that Plaintiffs were "hired" by Defendant on November 1, 2015 – as Plaintiffs allege – then any recovery for Plaintiffs should be offset by the value of the additional benefits/compensation Plaintiffs received from Defendant that were based on their hire dates as reflected in Defendant's personnel records, which are much earlier than November 1, 2015.

15.    To the extent there is a judicial determination over Defendant's objection that Plaintiffs were "hired" by Defendant on November 1, 2015 – as Plaintiffs allege – then Defendant is entitled to recoup from Plaintiffs the value of the additional benefits/compensation Plaintiffs received from Defendant that were based on their hire dates as reflected in Defendant's personnel records, which are much earlier than November 1, 2015.

16.    To the extent Defendant failed to comply with statutory notice requirements, which is expressly denied and not admitted, Plaintiffs are not entitled to any damages because, among other reasons, Defendant made complete and timely payment of all wages due.

17.    To the extent Defendant failed to comply with statutory notice requirements, which is expressly denied and not admitted, Plaintiffs are not entitled to any damages because,

among other reasons, Defendant reasonably believed in good faith that it was not required to provide such notices.

18.     Plaintiffs cannot establish or maintain a class action because they do not satisfy all of the requirements of Rule 23 of the Federal Rules of Civil Procedure, including without limitation because many putative class members signed releases and/or arbitration agreements that preclude their participation in any putative class Plaintiffs seek to represent.

In addition to the defenses stated above, Defendant reserves the right to assert any and all additional legal and/or equitable defenses that may become apparent during the course of discovery and/or trial.

## COUNTERCLAIM

Defendant-Counterclaimant Hewlett Packard Enterprise Company ("HPE" or "Defendant") hereby counterclaims against Plaintiffs-Counterclaim-Defendants Tony Caccavale, Anthony Mangelli, Douglas Sorbie, and James Billups (collectively, "Plaintiffs") as follows:

### Jurisdiction and Venue

1.     The Court has subject matter jurisdiction over Defendant's counterclaim under 28 U.S.C. § 1367(a) because it is so related to Plaintiffs' claims that it forms part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

### Parties

3.     HPE is a foreign company incorporated in Delaware with a principal place of business in Houston, Texas.

4.     Upon information and belief, Plaintiff Caccavale is an individual who resides in the State of New York.

5.     Upon information and belief, Plaintiff Mangelli is an individual who resides in the State of New York.

6.     Upon information and belief, Plaintiff Sorbie is an individual who resides in the State of New York.

7.     Upon information and belief, Plaintiff Billups is an individual who resides in the State of New York.

**Facts**

8.     Plaintiffs were employed by Hewlett-Packard Company.

9.     On October 6, 2014, Hewlett-Packard Company announced its intent to separate into two independent, publicly-traded companies:  HPE and HP Inc.

10.     On November 1, 2015, HP Inc., formerly known as Hewlett-Packard Company, spun-off HPE pursuant to a separation agreement (the "Separation").

11.     On or about June 26, 2015, each one of the Plaintiffs received a notice (the "Notice") explaining that, in preparation for the Separation, HPE and HPI would begin to operate in the United States as two different companies as of August 1, 2015.

12.     The Notice confirmed for each Plaintiff that his employment would be with HPE.

13.     The Notice stated that, while a manager would communicate any changes to role, responsibilities, or job level resulting from the organizational design and selection process, it was not expected that the Separation would have any impact on benefits or other terms and conditions of employment.

14.     For example, the Notice explained that any accrued but unused PTO/vacation balance would be rolled over to HPE.

15.     Plaintiffs' employment transferred from Hewlett-Packard Company to HPE.

16.     Following the transfer of Plaintiffs' employment from Hewlett-Packard Company to HPE, Plaintiffs' respective hire dates (collectively, the "Hire Dates") for purposes of compensation/benefits were the same in HPE's personnel records as they had been in Hewlett-Packard Company's personnel records prior to the Separation.  Specifically:

     a.   Plaintiff Tony Caccavale's Hire Date was September 23, 1985;

     b.   Plaintiff Anthony Mangelli's Hire Date was February 11, 1980;

     c.   Plaintiff Douglas Sorbie's Hire Date was January 14, 2002; and

     d.   Plaintiff James Billups's Hire Date was August 6, 2001.

17.     Plaintiffs' employment with HPE terminated on July 24, 2018.

18.     During their employment with HPE, Plaintiffs received certain compensation and benefits from HPE that were based on their respective Hire Dates.

19.     Because HPE provided Plaintiffs with certain compensation and benefits that were based on their respective Hire Dates, Plaintiffs received more compensation and benefits from HPE than they would have if HPE had instead based such compensation and benefits on an alleged hiring date of November 1, 2015.

20.     By way of example only:  (1) Plaintiffs vested in the HPE matching contributions to their HPE 401(k) Plan accounts before their employment with HPE ended because HPE based that benefit on Plaintiffs' respective Hire Dates.  Such vesting would not have occurred if HPE had instead used the alleged November 1, 2015 hiring date; (2) as of November 1, 2015 and beyond, Plaintiffs had accrued hours of PTO/vacation that were based on their respective Hire

Dates and, therefore, the amounts of those hours available to Plaintiffs were higher than they would have been if HPE had treated Plaintiffs as having been hired on November 1, 2015.

21.     In addition, HPE would have required any employees hired on November 1, 2015 to execute arbitration agreements as a condition of their employment.  Such arbitration agreements require disputes like those raised in Plaintiffs' Complaint to be arbitrated on an individual basis, only.  Thus, if Plaintiffs had actually been "hired" by HPE on November 1, 2015, they would have been required to execute such arbitration agreements as a condition of their employment.  As a result, should the Court or a jury determine at Plaintiffs' request, and over HPE's objection, that Plaintiffs were "hired" on November 1, 2015, HPE will file a motion to compel arbitration of Plaintiffs' claims asserted in the Complaint.

## Count One – Unjust Enrichment

22.     Defendant repeats and realleges Paragraphs 1 through 21 hereof, as if fully set forth herein.

23.     Plaintiffs benefitted by HPE providing them with certain compensation and benefits that were based on their respective Hire Dates.

24.     Plaintiffs consciously and knowingly accepted from HPE such compensation and benefits that were based on their respective Hire Dates.

25.     HPE provided Plaintiffs such compensation and benefits that were based on their respective Hire Dates at HPE's expense.

26.     In their Complaint, Plaintiffs allege, for purposes of their claim against HPE under NYLL § 195(1), that they were "hired" by HPE not on their respective Hire Dates, but rather on November 1, 2015.

27.     HPE denies Plaintiffs' allegation. Plaintiffs were not "hired" by HPE – within the meaning of NYLL § 195(1) or otherwise – on November 1, 2015.

28.     HPE would not have provided to Plaintiffs certain compensation and benefits that were based on Plaintiffs' respective Hire Dates if, in fact, Plaintiffs had been hired on November 1, 2015.

29.     If, however, the Court or a jury determines that Plaintiffs were "hired" by HPE on November 1, 2015, then Plaintiffs were unjustly enriched at the expense of HPE.

30.     In that case, Plaintiffs would have been unjustly enriched by an amount equal to the value of the compensation and benefits HPE provided to them – and that they consciously and knowingly accepted – that were based on their respective Hire Dates, which they would not have received if HPE had instead provided them with compensation and benefits that were based on the alleged November 1, 2015 hiring date.

31.     If the Court or a jury determines that Plaintiffs were "hired" by HPE on November 1, 2015, it would be against equity and good conscience to permit Plaintiffs to retain the additional compensation and benefits that HPE provided to them, at HPE's expense, that were based on Plaintiffs' respective Hire Dates.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss the Complaint in its entirety with prejudice, that it enter judgment in Defendant's favor against Plaintiffs on all claims in the Complaint, that – if the Court or a jury determines that Plaintiffs were "hired" by HPE on November 1, 2015 – it compel Plaintiffs to pursue the claims in the Complaint in individual arbitration or, in the alternative, award Defendant damages on its Counterclaim in an amount to be determined at trial plus interest, and that Defendant be awarded its reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Defendant requests a trial by jury only if there will be a trial on any of Plaintiffs' claims over Defendant's objection.

Dated:  February 22, 2021

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07101-0652
(973) 622-4444
Attorneys for Defendants HP Inc. and
Hewlett-Packard Enterprise Company

By: */s/ Kristofor Henning*
Kristofor Henning (*admitted pro hac vice*)
Adam N. Saravay
Ilana Levin