EPSTEIN BECKER & GREEN, P.C.
875 Third Avenue
New York, New York  10022
(212) 351-4500
Attorneys for Defendant Unisys Corporation


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                     :

TONY CACCAVALE, ANTHONY MANGELLI,    :
DOUGLAS SORBIE, and JAMES BILLUPS,     :    1:20-cv-00974 (GRB)(AKT)
individually and on behalf of all others similarly  :
situated,                                :    **DEFENDANT UNISYS**
                                        :    **CORPORATION'S ANSWER TO**
                Plaintiffs,          :    **SECOND AMENDED CLASS AND**
                                        :    **COLLECTIVE ACTION**
               v.                 :    **COMPLAINT**
                                        :

HEWLETT-PACKARD COMPANY A/K/A HP    :
INC., HEWLETT PACKARD ENTERPRISE     :
COMPANY and UNISYS CORPORATION,     :
                                        :
               Defendants.         :
                                        :
-------------------------------------------------------------- X

       Defendant Unisys Corporation ("Defendant" or "Unisys"), by and through its attorneys,

answers the Second Amended Class and Collective Action Complaint ("Complaint") of Plaintiffs

as follows, based on the information currently available to it.  Unisys reserves the right to amend

its responses to the allegations in the Complaint, and to assert additional defenses, based on

information that may be discovered during the course of its investigation into this matter and

discovery in this action.

**AS TO PRELIMINARY STATEMENT**

       1.     The allegations in paragraph 1 of the Complaint are not a pleading

requiring a response as they contain Plaintiffs' description of the New York Labor Law (NYLL)

action they seek to pursue individually. To the extent a response is required, Defendant denies

the allegations in that paragraph insofar as they relate to conduct allegedly engaged in by Defendant or that it engaged in any conduct giving rise to a claim for relief.

2.      The allegations in Paragraph 2 of the Complaint are not a pleading requiring a response as they contain Plaintiff Sorbie's description of the Fair Labor Standards Act (FLSA) claim he seeks to pursue individually. To the extent a response is required, Defendant denies the allegations in that paragraph or that it engaged in any conduct giving rise to a claim for relief.

3.      The allegations in paragraph 3 of the Complaint are not a pleading requiring a response as they contain the Plaintiffs' description of the NYLL action they seek to pursue on behalf of "themselves and all similarly situated manual workers." To the extent a response is required, Defendant denies the allegations in that paragraph insofar as they relate to conduct allegedly engaged in by Defendant, that the putative class is properly defined as "manual workers," that putative class members are "similarly situated" to the named Plaintiffs, or that it engaged in any conduct giving rise to a claim for relief.

4.      The allegations in paragraph 4 of the Complaint are not a pleading requiring a response as they contain Plaintiff Sorbie's description of the FLSA action he seeks to pursue on behalf of "himself and other similarly situated individuals." To the extent a response is required, Defendant denies the allegations in that paragraph, that Plaintiff Sorbie and the alleged "similarly situated" putative members of the collective were not timely paid overtime wages, that the putative collective action members are similarly situated to Plaintiff Sorbie, or that it engaged in any conduct giving rise to a claim for relief.

Firm:52235468v4

## AS TO JURISDICTION AND VENUE

5.      Defendant makes no response to the allegations in paragraph 5 of the Complaint as they call for a conclusion of law and therefore no response is required. To the extent a response is required, Defendant denies the allegations in that paragraph insofar as they relate to conduct allegedly engaged in by Defendant or that it engaged in any conduct giving rise to a claim for relief.

6.      Defendant makes no response to the allegations in paragraph 6 of the Complaint as they call for a conclusion of law and therefore no response is required. To the extent a response is required, Defendant denies the allegations in that paragraph insofar as they relate to conduct allegedly engaged in by Defendant or that it engaged in any conduct giving rise to a claim for relief.

## AS TO THE PARTIES

7.      Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 7 of the Complaint.

8.      Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 8 of the Complaint.

9.      Upon information and belief, Defendant admits the allegations in paragraph 9 of the Complaint.

10.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 10 of the Complaint.

11.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 11 of the Complaint.

Firm:52235468v4

12.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 12 of the Complaint.

13.     Defendant admits the allegations in paragraph 13 of the Complaint.

14.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 14 of the Complaint.

15.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 15 of the Complaint.

16.     Defendant admits the allegations in paragraph 16 of the Complaint, except lacks knowledge or information sufficient to ascertain the truth of that portion of paragraph 16 that refers to the undefined term "inter alia."

17.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 17 of the Complaint, except denies that Plaintiffs and the members of the classes and collective, as defined in the Complaint, were employees of Defendant within the meaning of the NYLL and FLSA "[a]t all times."

18.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 18 of the Complaint, except denies that it was the employer of the Plaintiffs and the members of the classes and collective, as defined in the Complaint, within the meaning of the NYLL and FLSA "[a]t all times."

## AS TO STATEMENT OF FACTS

19.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 19 of the Complaint.

20.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 20 of the Complaint.

Firm:52235468v4

21.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 21 of the Complaint.

22.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 22 of the Complaint.

23.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 23 of the Complaint.

24.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 24 of the Complaint.

25.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 25 of the Complaint.

26.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 26 of the Complaint.

27.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 27 of the Complaint.

28.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 28 of the Complaint.

29.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 29 of the Complaint.

30.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 30 of the Complaint.

31.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 31 of the Complaint.

Firm:52235468v4

32.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 32 of the Complaint.

33.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 33 of the Complaint.

34.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 34 of the Complaint.

35.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 35 of the Complaint.

36.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 36 of the Complaint.

37.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 37 of the Complaint.

38.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 38 of the Complaint.

39.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 39 of the Complaint.

40.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 40 of the Complaint.

41.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 41 of the Complaint.

42.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 42 of the Complaint.

Firm:52235468v4

43. Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 43 of the Complaint.

44. Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 44 of the Complaint.

45. Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 45 of the Complaint.

46. Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 46 of the Complaint.

47. Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 47 of the Complaint.

48. Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 48 of the Complaint.

49. Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 49 of the Complaint.

50. Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 50 of the Complaint.

51. Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 51 of the Complaint.

52. Defendant admits the allegations in paragraph 52 of the Complaint.

53. Defendant admits the allegations in paragraph 53 of the Complaint.

54. Defendant admits the allegations in paragraph 54 of the Complaint, except denies that Caccavale's employment with Defendant ended on February 28, 2019. Further

answering, Defendant avers that Caccavale's employment with Defendant ended on March 14, 2019.

55.     Defendant admits the allegations in paragraph 55 of the Complaint.

56.     Defendant admits the allegations in paragraph 56 of the Complaint, except denies that Mangelli's employment with Defendant ended on February 28, 2019. Further answering, Defendant avers that Mangelli's employment with Defendant ended on March 14, 2019.

57.     Defendant admits the allegations in paragraph 57 of the Complaint.

58.     Defendant admits the allegations in paragraph 58 of the Complaint.

59.     Defendant admits the allegations in paragraph 59 of the Complaint.

60.     Defendant admits the allegations in paragraph 60 of the Complaint, except denies that Billups's employment with Defendant ended on February 28, 2019. Further answering, Defendant avers that Billups's employment with Defendant ended on March 14, 2019.

61.     Defendant denies the allegations in paragraph 61 of the Complaint, except admits that Plaintiffs were employed as Field Service Engineers and assigned tasks in a region that included New York.

62.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 62 of the Complaint.

63.     Defendant denies the allegations in paragraph 63 of the Complaint.

64.     Defendant denies the allegations in paragraph 64 of the Complaint.

65.     Defendant denies the allegations in paragraph 65 of the Complaint.

Firm:52235468v4

66.     Defendant admits the allegations in paragraph 66 of the Complaint. Further answering, Defendant avers that Plaintiffs were always paid on a current bi-weekly basis, such that all regular wages were paid within seven calendar days after the end of the week in which such wages were earned. Defendant lacks knowledge or information sufficient to ascertain the truth of that portion of paragraph 66 that refers to the undefined term "inter alia."

67.     Defendant admits in part and denies in part the allegations in paragraph 67 of the Complaint. Further answering, Defendant avers that Plaintiffs were always paid overtime wages on a bi-weekly basis and that such overtime wages were always paid as soon after the pay period in which such overtime was earned as is practicable. Defendant denies the remaining allegations in paragraph 67 to the extent not specifically admitted herein. Defendant lacks knowledge or information sufficient to ascertain the truth of that portion of paragraph 67 that refers to the undefined term "inter alia."

68.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 68 of the Complaint.

69.     Defendant denies the allegations in paragraph 69 of the Complaint.

70.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 70 of the Complaint.

71.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 71 of the Complaint.

72.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 72 of the Complaint.

73.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 73 of the Complaint.

## AS TO CLASS ACTION ALLEGATIONS

74.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 74 of the Complaint.

75.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 75 of the Complaint.

76.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 76 of the Complaint.

77.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 77 of the Complaint.

78.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 78 of the Complaint.

79.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 79 of the Complaint.

80.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 80 of the Complaint.

81.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 81 of the Complaint.

82.     Defendant admits the allegations in paragraph 82 of the Complaint. Further answering, Defendant avers that Field Service Engineers employed by Defendant in the State of New York were always paid on a current bi-weekly basis, such that all regular wages were paid within seven calendar days after the end of the week in which such wages were earned. Defendant lacks knowledge or information sufficient to ascertain the truth of that portion of paragraph 82 that refers to the undefined term "inter alia."

Firm:52235468v4

83. Defendant admits in part and denies in part the allegations in paragraph 83 of the Complaint. Further answering, Defendant avers that Field Service Engineers employed by Defendant in the State of New York were always paid overtime wages on a bi-weekly basis and that such overtime wages were always paid as soon after the pay period in which such overtime was earned as is practicable. Defendant denies the remaining allegations in paragraph 83 to the extent not specifically admitted herein. Defendant lacks knowledge or information sufficient to ascertain the truth of that portion of paragraph 83 that refers to the undefined term "inter alia."

84. Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 84 of the Complaint.

85. The allegations in paragraph 85 of the Complaint are not a pleading requiring a response as they contain the Plaintiffs' description of the NYLL action they seek to pursue on behalf of "themselves and the following [specified] classes" as described in that paragraph. To the extent a response is required, Defendant denies the allegations in that paragraph insofar as they relate to conduct engaged in by Defendant or that it engaged in any conduct giving rise to a claim for relief.

86. Defendant makes no response to the allegations in paragraph 86 of the Complaint as they call for a conclusion of law and therefore no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 86 of the Complaint.

87. Defendant makes no response to the allegations in paragraph 87 of the Complaint as they call for a conclusion of law and therefore no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 87 of the Complaint.

Firm:52235468v4

88. Defendant makes no response to the allegations in paragraph 88 of the Complaint as they call for a conclusion of law and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 88 of the Complaint, except lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 88 of the Complaint pertaining to conduct by HP and/or HPE or the HP Class, the HPE Class, and the Notice Class, all as defined in the Complaint, and as to whether "[t]he precise number of members of the Classes is known to Defendants."

89. Defendant makes no response to the allegations in paragraph 89 of the Complaint as they call for a conclusion of law and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 89 of the Complaint, except lacks knowledge or information sufficient to ascertain the truth of the allegations pertaining to conduct by HP and/or HPE or the HP Class, the HPE Class, and the Notice Class, all as defined in the Complaint.

90. Defendant makes no response to the allegations in paragraph 90 of the Complaint as they call for a conclusion of law and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 90 of the Complaint, except lacks knowledge or information sufficient to ascertain the truth of the allegations pertaining to conduct by HP and/or HPE or the HP Class, the HPE Class, and the Notice Class, all as defined in the Complaint.

91. Defendant makes no response to the allegations in paragraph 91 of the Complaint as they call for a conclusion of law and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 91 of the Complaint, except lacks knowledge or information sufficient to ascertain the truth of the allegations

Firm:52235468v4

pertaining to conduct by HP and/or HPE or the HP Class, the HPE Class, and the Notice Class, all as defined in the Complaint, and pertaining to what Plaintiffs "understand" and "recognize."

92. Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 92 of the Complaint.

93. Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 93 of the Complaint.

94. Defendant makes no response to the allegations in paragraph 94 of the Complaint as they call for a conclusion of law and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 94 of the Complaint, except lacks knowledge or information sufficient to ascertain the truth of the allegations pertaining to conduct by HP and/or HPE or the HP Class, the HPE Class, and the Notice Class, all as defined in the Complaint.

95. Defendant makes no response to the allegations in paragraph 95 of the Complaint as they call for a conclusion of law and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 95 of the Complaint, except lacks knowledge or information sufficient to ascertain the truth of the allegations pertaining to conduct by HP and/or HPE or the HP Class, the HPE Class, and the Notice Class, all as defined in the Complaint.

96. Defendant makes no response to the allegations in paragraph 96 of the Complaint as they call for a conclusion of law and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 96 of the Complaint, except lacks knowledge or information sufficient to ascertain the truth of the allegations

Firm:52235468v4

pertaining to conduct by HP and/or HPE or the HP Class, the HPE Class, and the Notice Class, all as defined in the Complaint.

97.     Defendant denies the allegations in paragraph 97 of the Complaint, except lacks knowledge or information sufficient to ascertain the truth of the allegations pertaining to conduct by HP and/or HPE, as defined in the Complaint.

98.     Defendant denies the allegations in paragraph 98 of the Complaint, except lacks knowledge or information sufficient to ascertain the truth of the allegations pertaining to conduct by HP and HPE, as defined in the Complaint.

## AS TO COLLECTIVE ACTION ALLEGATIONS

99.     The allegations in paragraphs 99 and 99(a) of the Complaint are not a pleading requiring a response as they contain Plaintiff Sorbie's description of the FLSA collective action he seeks to pursue on behalf of himself and "similarly situated individuals" as described in that paragraph. To the extent a response is required, Defendant denies the allegations in that paragraph or that it engaged in any conduct giving rise to a claim for relief.

100.     Defendant makes no response to the allegations in paragraph 100 of the Complaint as they call for a conclusion of law and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 100 of the Complaint, except admits that Sorbie's consent form is attached as Exhibit A to the Complaint, the terms of which speak for itself.

101.     Defendant denies the allegations in paragraph 101 of the Complaint.

102.     Defendant denies the allegations in paragraph 102 of the Complaint.

103.     Defendant denies the allegations in paragraph 103 of the Complaint.

104.     Defendant denies the allegations in paragraph 104 of the Complaint.

Firm:52235468v4

105.     Defendant denies the allegations in paragraph 105 of the Complaint.

106.     Defendant denies the allegations in paragraph 106 of the Complaint, except admits that as dictated by business needs, it requires that overtime hours be worked on certain occasions.

107.     Defendant admits in part and denies in part the allegations in paragraph 107 of the Complaint. Further answering, Defendant avers that Plaintiff Sorbie and members of the putative collective action were always paid overtime wages on a bi-weekly basis and that such overtime wages were always paid as soon after the pay period in which such overtime was earned as is practicable. Defendant denies the remaining allegations in paragraph 107 to the extent not specifically admitted herein. Defendant lacks knowledge or information sufficient to ascertain the truth of that portion of paragraph 107 that refers to the undefined term "inter alia."

108.     Defendant denies the allegations in paragraph 108 of the Complaint.

109.     Defendant denies the allegations in paragraph 109 of the Complaint.

110.     Defendant denies the allegations in paragraph 110 of the Complaint.

111.     Defendant denies the allegations in paragraph 111 of the Complaint.

112.     Defendant denies the allegations in paragraph 112 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION

113.     Defendant incorporates its responses to paragraphs 1 through 112 of the Complaint as if fully set forth herein.

114.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 114 of the Complaint.

115.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 115 of the Complaint.

116.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 116 of the Complaint.

117.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 117 of the Complaint.

118.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 118 of the Complaint.

119.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 119 of the Complaint.

120.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 120 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION

121.     Defendant incorporates its responses to paragraphs 1 through 120 of the Complaint as if fully set forth herein.

122.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 122 of the Complaint.

123.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 123 of the Complaint.

124.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 124 of the Complaint.

125.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 125 of the Complaint.

126.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 126 of the Complaint.

Firm:52235468v4

127.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 127 of the Complaint.

128.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 128 of the Complaint.

### AS TO THE THIRD CAUSE OF ACTION

129.     Defendant incorporates its responses to paragraphs 1 through 128 of the Complaint as if fully set forth herein.

130.     Defendant admits the allegations in paragraph 130 of the Complaint.

131.     Defendant denies the allegations in paragraph 131 of the Complaint.

132.     Defendant denies the allegations in paragraph 132 of the Complaint.

133.     Defendant denies the allegations in paragraph 133 of the Complaint.

134.     Defendant admits the allegations in paragraph 134 of the Complaint. Further answering, Defendant avers that Plaintiffs and members of the putative Unisys Class were always paid on a current bi-weekly basis, such that all regular wages were paid within seven calendar days after the end of the week in which the wages were earned. Defendant lacks knowledge or information sufficient to ascertain the truth of that portion of paragraph 134 that refers to the undefined term "inter alia."

135.     Defendant admits in part and denies in part the allegations in paragraph 135 of the Complaint. Further answering, Defendant avers that Plaintiffs and members of the putative Unisys Class were always paid overtime wages on a bi-weekly basis and that such overtime wages were always paid as soon after the pay period in which such overtime was earned as is practicable. Defendant denies the remaining allegations in paragraph 135 to the

extent not specifically admitted herein. Defendant lacks knowledge or information sufficient to ascertain the truth of that portion of paragraph 135 that refers to the undefined term "inter alia."

136.    Defendant denies the allegations in paragraph 136 of the Complaint.

137.    Defendant denies the allegations in paragraph 137 of the Complaint.

**AS TO THE FOURTH CAUSE OF ACTION**

138.    Defendant incorporates its responses to paragraphs 1 through 137 of the Complaint as if fully set forth herein.

139.    Defendant denies the allegations in paragraph 139 of the Complaint.

140.    Defendant denies the allegations in paragraph 140 of the Complaint, except admits that Unisys did/does in excess of $500,000 in sales/business per year during the relevant period and that members of the putative collective action regularly work outside of New York and work with parts that are shipped from outside of New York.

141.    Defendant denies the allegations in paragraph 141 of the Complaint.

142.    Defendant denies the allegations in paragraph 142 of the Complaint.

143.    Defendant denies the allegations in paragraph 143 of the Complaint.

144.    Defendant denies the allegations in paragraph 144 of the Complaint.

145.    Defendant denies the allegations in paragraph 145 of the Complaint.

146.    Defendant denies the allegations in paragraph 146 of the Complaint.

**AS TO THE FIFTH CAUSE OF ACTION**

147.    Defendant incorporates its responses to paragraphs 1 through 146 of the Complaint as if fully set forth herein.

148.    Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 148 of the Complaint.

Firm:52235468v4

149.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 149 of the Complaint.

150.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 150 of the Complaint.

151.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 151 of the Complaint.

152.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 152 of the Complaint.

153.     Defendant lacks knowledge or information sufficient to ascertain the truth of the allegations in paragraph 153 of the Complaint.

## AS TO THE PRAYER FOR RELIEF

154.     Defendant denies that Plaintiffs are entitled to any relief in this matter, including the relief sought in subdivisions (a) through (n) of the WHEREFORE clause of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

As and for its affirmative and other defenses, Defendant states as follows:[1]

## FIRST DEFENSE

Plaintiffs Caccavale, Mangelli, and Billups have released all claims against Defendant and as such have been dismissed from this action and thus are barred from asserting any claims against Unisys.

---

[1] In light of the releases signed by, and corresponding dismissals of, Caccavale, Mangelli, and Billups, the only causes of action asserted by the named Plaintiffs against Unisys are asserted by Plaintiff Sorbie. Thus, Plaintiff, referring to Sorbie, is used in the various Affirmative and Other Defenses. If necessary, use of the word Plaintiff will be deemed to refer to all the named Plaintiffs.

Firm:52235468v4

## SECOND DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or consent.

## FIFTH DEFENSE

Upon information and belief, Plaintiff, in the exercise of reasonable diligence, could have mitigated any alleged monetary damage to himself, and instead failed to exercise reasonable diligence and failed to mitigate such alleged monetary damages, and therefore Plaintiff's claims are barred or any recovery must be reduced by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

## SIXTH DEFENSE

Plaintiff is precluded from recovering any amounts since he has been paid all sums legally due under Article 6 of the NYLL, and its implementing regulations.

## SEVENTH DEFENSE

Plaintiff's claim fails as no private right of action exists for a violation of NYLL § 191 and § 198 where all wages were actually paid.

## EIGHTH DEFENSE

Plaintiff's claim fails because he is not entitled to relief pursuant to NYLL §§ 191 and 198, because, among other reasons, he (a) was not a "manual worker" within the meaning of

20

NYLL § 191 during any time period relevant to this lawsuit, and/or (b) is a bona-fide professional employee who earns in excess of $900 per week.

## NINTH DEFENSE

Plaintiff's claim to recover any regular wages under NYLL § 191 and § 198 fails because he was always paid within seven calendar days after the end of the week in which such wages were earned.

## TENTH DEFENSE

To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the NYLL, Plaintiff's claims are barred in whole or in part by the provisions of NYLL § 198.

## ELEVENTH DEFENSE

Defendant asserts a lack of willfulness or intent to violate the NYLL as a defense to any claim by Plaintiff for liquidated damages to the extent it acted in good faith to comply with the NYLL and with reasonable grounds to believe that its actions did not violate the NYLL.

## TWELFTH DEFENSE

Plaintiff is precluded from recovering any amounts since he has been paid all sums legally due under the FLSA, and its implementing regulations.

## THIRTEENTH DEFENSE

Plaintiff's claim for recovery related to any allegedly late paid overtime under the FLSA fails because Unisys always paid such wages as soon after the pay period in which such overtime was worked as is practicable.

Firm:52235468v4

## FOURTEENTH DEFENSE

The FLSA does not provide for a remedy for the claim alleged by Plaintiff in the Complaint.

## FIFTEENTH DEFENSE

Defendant has acted in good faith conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, and/or administrative practices or enforcement policies of said Administrator and, accordingly, the action is barred under the Portal-to-Portal Act, 29 U. S. C. § 259.

## SIXTEENTH DEFENSE

The Complaint is barred in whole or in part because Plaintiff cannot demonstrate that he is entitled to recover liquidated damages. Defendant has at all times compensated Plaintiff in compliance with the law in good faith and with reasonable grounds for believing Plaintiff's compensation was in compliance with the FLSA.

## SEVENTEENTH DEFENSE

Plaintiff cannot establish a causal connection between any damages as alleged and any improper conduct by Defendant and Defendant denies that Plaintiff has suffered any loss, damage or injury of any kind or character.

## EIGHTEENTH DEFENSE

Plaintiff's alleged damages were not caused by any unlawful policy, custom, practice and/or procedure promulgated and/or permitted by Defendant.

Firm:52235468v4

## NINETEENTH DEFENSE

The actions of Unisys were justified under the circumstances, and Unisys acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

## TWENTIETH DEFENSE

At all times relevant to this action defendant acted lawfully and in good faith and in a nonreckless manner and, although it denies the allegations of unlawful conduct as set forth in the Complaint, had reasonable grounds for believing that the acts or omissions alleged in the Complaint were not violative of any law.

## TWENTY-FIRST DEFENSE

The Complaint fails to allege facts sufficient to allow the recovery of liquidated damages or any damages.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex.*

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of payment.

## TWENTY-FOURTH DEFENSE

Plaintiff cannot establish or satisfy the requirements for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

## TWENTY-FIFTH DEFENSE

Plaintiff is not an adequate representative of the alleged putative class members for purposes of satisfying Rule 23.

Firm:52235468v4

## TWENTY-SIXTH DEFENSE

This case is not appropriate for class certification under Rule 23 because Plaintiff's claims are not common or typical of the claims of the alleged putative class.

## TWENTY-SEVENTH DEFENSE

This case is not appropriate for class certification under Rule 23 because the facts and law common to the case are insignificant compared to the individual facts and issues particular to Plaintiffs and the alleged putative class members.

## TWENTY-EIGHTH DEFENSE

This case is not appropriate for class certification under Rule 23 because Plaintiff cannot demonstrate that the class is so numerous that joinder of all putative members is impracticable.

## TWENTY-NINTH DEFENSE

This action cannot be maintained as a collective action because it fails to meet the requirements of 29 U.S.C. § 216(b) and applicable case law.

## THIRTIETH DEFENSE

Plaintiff cannot bring this action in a representative capacity because he is not similarly situated to other workers, or to the collective of persons, whom he purports to represent in this action.

## THIRTY-FIRST DEFENSE

Collective action and/or class action treatment is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and the claims of the putative collective and class action members.

Firm:52235468v4

## THIRTY-SECOND DEFENSE

This action cannot be maintained as a Rule 23 class action or a collective action under the FLSA because Plaintiff's allegations require individualized inquiry. Such individual analyses predominate over common questions which defeat the utility and legality of a purported collective action or class action.

## THIRTY-THIRD DEFENSE

Putative class and collective action members' claims are barred to the extent they signed valid releases of claims asserted in this action.

## THIRTY-FOURTH DEFENSE

Defendant opposes collective and class action certification and disputes the propriety of collective or class treatment of this action. If the Court certifies a collective or class action in this case over Defendant's objections, then Defendant asserts the applicable denials and affirmative and other defenses set forth herein against each and every member of the certified class and collective action.

## RESERVATION OF RIGHTS

In addition to the affirmative and other defenses stated above, Defendant reserves its right to assert any and all additional legal and/or equitable defenses that may become apparent during the course of discovery and/or trial.

Firm:52235468v4

**WHEREFORE**, Defendant denies each and every allegation of Plaintiffs' Complaint, except as expressly admitted or qualified above. Judgment should be entered on Plaintiffs' Complaint in favor of Defendant and Plaintiffs' Complaint should be dismissed with prejudice and Plaintiffs should be required to pay the costs of suit, as well as attorneys' fees, incurred by Defendant in defending against Plaintiffs' claims and such other relief as the Court may deem just and proper.

New York, New York
February 22, 2021

EPSTEIN BECKER & GREEN, P.C.
*Attorneys for Defendant*
*Unisys Corporation*

By: _____/s/ Kenneth W. DiGia_____
Kenneth W. DiGia
Jeffrey H. Ruzal
Matthew S. Aibel
875 Third Avenue
New York, New York  10022
(212) 351-4500

26