

**Paul A. Pagano**
Tel: 917.589.1479
paul.pagano@moserlawfirm.com

March 11, 2021

VIA ECF
Hon. Gary R. Brown, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 840
Central Islip, NY 11722-9014

Re:   *Caccavale, et. al. v. Hewlett-Packard Company a/k/a HP Inc. et. al.*
        Docket No: 20-cv-00974(GRB)(AKT)

Dear Judge Brown:

      This firm represents Plaintiffs in connection with the above referenced matter. I am writing, in accordance with Rule II(f) of Your Honor's Individual Practice Rules, to outline a motion seeking to dismiss Defendant Hewlett Packard Enterprise Company's ("HPE") counterclaim as well as to request a pre-motion conference.

      On February 22, 2021, HPE filed its answer and counterclaim. Docket Entry 72. HPE's counterclaim for unjust enrichment alleges as follows: On November 1, 2015, HP Inc. spun-off HPE pursuant to a separation agreement. Docket Entry 72, ¶ 10. On June 26, 2015, Plaintiffs received a notice advising that HPI and HPE would begin to operate as two different companies on August 1, 2015. Docket Entry 72, ¶ 11. After the Plaintiffs' transfer of employment to HPE, HPE retained Plaintiffs' hiring dates that were in HPI's records. Docket Entry 72, ¶ 16. HPE provided Plaintiffs with certain compensation based on said hiring dates that it would not have provided (including 401(k) matching and PTO/vacation time) had HPE hired Plaintiffs in 2015. Docket Entry 72, ¶ 19,20. Finally, HPE alleges that *if* HPE had hired Plaintiffs in 2015 Plaintiffs <u>*would have*</u> been required to execute arbitration agreements and that HPE will file a motion to compel arbitration based on said theoretical agreements. Docket Entry 72, ¶ 21.

      To summarize, decision makers at HPI and/or HPE decided to spin off HPE into a separate company. HPE then made the unilateral determination to maintain the hiring dates that Plaintiffs had in HPI's records and to compensate Plaintiffs accordingly. In December 2020, Plaintiffs filed their second amended complaint alleging that HPE was required to provide Plaintiffs with a hiring notice. Docket Entry 55, ¶ 147-153. Now, HPE alleges that if the Plaintiffs prevail on their hiring notice claims under NYLL § 195(1), HPE is entitled to recoup compensation it paid to Plaintiffs based on the hiring dates HPE unilaterally determined and applied. HPE then further seeks to enforce an arbitration agreement that it concedes does not exist.

**No unjust enrichment.** It is well settled that the elements of an unjust enrichment claim are: (1) defendant was enriched; (2) at plaintiff's expense; and (3) it is against equity and good conscience for defendant to retain what the plaintiff seeks to recover. *Geltzer v. Lawrence Woodmere Acad. (In re Michel)*, 572 B.R. 463, 478 (Bankr. E.D.N.Y. 2017). Further, the remedy of unjust enrichment "is available if one man has obtained money from another, through the medium of oppression, imposition, extortion, or deceit, or by the commission of a trespass." *Bernstein v. Citibank,* N.A., 2008 U.S. Dist. LEXIS 142610, at *13 (S.D.N.Y. Dec. 1, 2008); *Paramount Film Distrib. Corp. v. State*, 30 N.Y.2d 415, 421 (1972). HPE has not alleged any of the foregoing. Indeed, Plaintiffs are not alleged to have committed any malfeasance. Thus, there can be no unjust enrichment claim. *MCM Prods. USA v. Botton*, 2016 U.S. Dist. LEXIS 127426, at *20-21 (S.D.N.Y. Sep. 16, 2016)(dismissing unjust enrichment counterclaim on motion to dismiss where there were no allegations of tortious or fraudulent conduct). Instead, what is alleged is that HPE made the unilateral decision to compensate Plaintiffs in accordance with the pre-existing hiring dates in HPI's system. Even assuming *arguendo* that HPE was wrong in doing so, no cause of action for unjust enrichment exists under such circumstances. *Bernstein* at *14 citing *Dragon Inv. Co. II LLC v. Shanahan*, 49 A.D.3d 403, 405 (1st Dep't 2008)(claim for unjust enrichment does not lie to relieve a party of the consequences of its own failure to exercise caution with respect to a business transaction). Moreover, there has not been, nor could there be, any allegation that HPE did not receive a benefit in connection with the compensation it provided. Plaintiffs capably performed their duties for HPE. Finally, unjust enrich claims sounding in tort are subject to a 3 year statute of limitations. *Linkable Networks, Inc. v. Mastercard Inc.*, 2019 N.Y. Misc. LEXIS 8737, *6 (N.Y. County Sup. Ct. 2019). Thus, even assuming, without conceding, *both* that HPE's counterclaim relates back to the date of the filing of the original complaint and that each time Plaintiffs received allegedly unwarranted compensation a new cause of action accrued, to the extent HPE's counterclaim is based on pre-February 21, 2017 actions it is time barred.

**No arbitration agreement.** HPE asserts that if it had hired Plaintiffs in 2015 Plaintiffs would have been required to sign an arbitration agreement and that if there is a determination that Plaintiffs were hired on November 1, 2015, HPE will file a motion to compel arbitration. Docket Entry 72, ¶ 21. Despite a diligent search, Plaintiffs have been unable to uncover any authority that supports HPE's position that it can compel arbitration based on a non-existent arbitration agreement. Indeed, the contrary is true. *See e.g. Lewis v. N.J. Sports Prods.*, 2003 U.S. Dist. LEXIS 3483, at *8 (S.D.N.Y. Mar. 10, 2003)

**Request for Costs.** HPE's counterclaim acknowledges that is conditional. More particularly, HPE claims that if there is a determination that HPE hired Plaintiffs in 2015 entitling Plaintiffs to hiring notices then HPE should be entitled to recoup any compensation Plaintiffs received as a result of HPE's unilateral determination to compensate Plaintiffs in accordance with the hiring dates in HPI's records. Docket Entry 72, ¶ 22-31. Given the circumstances and weighing the cost benefit analysis of pursuing Plaintiffs' claims, Plaintiffs offered to withdraw their NYLL §195(1) claim if HPE would withdraw its counterclaim and agree to certain related considerations regarding another request for an interlocutory appeal. HPE has rejected the offer. Given the foregoing, Plaintiffs believe that the costs of their anticipated motion should be awarded pursuant to, *inter alia*, FRCP Rule 11.

Respectfully Submitted,
Moser Law Firm, P.C.

*Paul Pagano*
By: Paul A. Pagano