**FILED**
**CLERK**

11:33 am, Mar 23, 2021

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tony Caccavale, et al., | Docket #CV-20-974 (GRB)(AKT) |
| Plaintiffs, | |
| vs. | United States Courthouse<br>Central Islip, New York<br>March 5, 2021 |
| Hewlett-Packard Company, et al., | 3:26 p.m. |
| Defendants. | |

TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
BEFORE THE HONORABLE A. KATHLEEN TOMLINSON
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For The Plaintiffs:        Steven J. Moser, Esq.
                           Moser Law Firm, PC
                           5 E. Main St.
                           Huntington, NY 11743

                           Paul A. Pagano, Esq.
                           Moser Law Firm, PC
                           5 E. Main St.
                           Huntington, NY 11743

For The Defendants:        Jeffrey H. Ruzal, Esq.
                           Epstein Becker & Green, PC
 (Unisys Corporation)      875 Third Ave.
                           New York, NY 10022

                           Kenneth W. DiGia, Esq.
                           Epstein Becker & Green, PC
                           875 Third Ave.
                           New York, NY 10022

2

|  |  |
|---|---|
| (HP, Inc. & Hewlett Packard Enterprise, Co.) | Kristofor T. Henning, Esq.<br>McCarter & English<br>1600 Market St.-Ste. 3900<br>Philadelphia, PA 19103 |
|  | Ilana S. Levin, Esq.<br>McCarter & English<br>100 Mulberry St.<br>Newark, NJ 07102 |
| Audio Operator: |  |
| Transcribing Firm: | Writer's Cramp, Inc.<br>1027 Betty Lane<br>Ewing, NJ 08628<br>609-588-8043 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

```
 1              THE CLERK:  Now calling civil case 20-974,
 2   Caccavale, et al., vs. Hewlett-Packard Company et al.
 3   Counsel, can you please state your appearances for the record?
 4              MR. MOSER:  Steven J. Moser for the Plaintiffs.
 5   Good morning, Your Honor.
 6              THE COURT:  Good morning.
 7              MR. PAGANO:  Also Paul Pagano for the Plaintiffs.
 8   Good morning, Your Honor.
 9              THE COURT:  Good morning.
10              MR. RUZAL:  Good morning, Your Honor.  Jeff Ruzal of
11   Epstein, Becker & Green for Defendant Unisys.
12              THE COURT:  Good morning.
13              MR. DIGIA:  Kenneth DiGia, also of Epstein, Becker &
14   Green for Unisys.  Good morning.
15              THE COURT:  Good morning.
16              MR. HENNING:  And, good morning, Your Honor.  Kris
17   Henning from McCarter & English for Defendants HP, Inc. And
18   Hewlett Packard Enterprise Company.
19              MS. LEVIN:  And this is Ilana Levis, also of
20   McCarter & English --
21              THE COURT:  Go ahead.
22              MS. LEVIN:  -- for Defendants HP, Inc. And Hewlett
23   Packard Enterprise Company.  Good morning.
24              THE COURT:  Good morning.  All right.  Well, now
25   that the dust is settled somewhat, we're geared this morning
```

1  to get the rest of a discovery schedule in place.  So if
2  you'll recall that I previously limited discovery to just
3  document exchanges, because of the status of the case at that
4  time, and the pending motions at the time.  I did not permit
5  the service of interrogatory, so I'm guessing that you
6  certainly want to serve interrogatories and that's fine.  I
7  would like to know, based on the amended complaint, whether
8  there is a need at this juncture to serve anymore document
9  requests as well.
10        Let me start with the Defendants on that issue, and then
11 I'll come -- work my way back up to Plaintiff's counsel.
12             MR. HENNING:  Your Honor, this is Kris Henning from
13 McCarter & English.
14             THE COURT:  Why don't -- yeah, I was -- okay.  Go
15 ahead.
16             MR. HENNING:  I'm happy to take a first stab at it.
17 Kris Henning for Defendants HP, Inc. and Hewlett Packard
18 Enterprise Company.
19        Your Honor, you are right that in the past discovery had
20 been limited to document requests.  And even more so, my
21 recollection is document requests that were relevant to the
22 main Plaintiff's individual claims --
23             THE COURT:  Yes.
24             MR. HENNING:  -- this is a putative class case.  And
25 so we have some more document requests that we'd like to serve

1    on the Plaintiffs that would be geared more towards the Rule
2    23 requirements.  I expect the same would be true coming back
3    at us, but of course, I don't want to speak for the folks on
4    the Plaintiff's side.
5            THE COURT:  That's probably a smart assumption, but
6    we're going to find out.  So let me ask counsel for Unisys,
7    what's your position on this?
8            MR. DIGIA:  This is Kenneth DiGia, Your Honor.  And
9    our position would be the same.  We also have the issue of we
10   anticipate that Plaintiffs will be moving for conditional
11   collective action certification, but --
12           THE COURT:  Right.
13           MR. DIGIA:  -- our position would be the same as
14   articulated just by Mr. Henning.
15           THE COURT:  Thank you.  All right, Mr. Moser.
16           MR. MOSER:  Yes.  The Defendants are both correct.
17   We would --
18           THE COURT:  Okay.
19           MR. MOSER:  We will be serving -- because the
20   initial document requests were limited only to the named
21   Plaintiffs, we don't have any class discovery at this point.
22   So we would be interested in obtaining class-wide discovery.
23   And we anticipate moving fairly quickly for conditional
24   certification of the FLSA claims against Unisys.  So --
25           THE COURT:  All right.  Well, then here's what we're

6

1  going to do, because I want to get things moving here.  Today
2  is the 5th.  I'm going to give you until the 19th of March to
3  serve any additional discovery demands that you intend to
4  serve documents and interrogatories.  The response deadline on
5  those is April 26th.  I will give you a brief period after
6  those things are served -- the responses are served, to work
7  out any objections that you have with each other concerning
8  those responses.  But I am going to set a deadline by which
9  any disputes that are outstanding have to be brought to my
10 attention so that these things are not lingering.
11      And since you're going to be serving your responses by
12 April 26th, let me just look at the calendar for a second.
13 I'm going to give you until May 7th to work out your issues.
14 And to the extent you haven't resolved the issues at that
15 point, you can file a Rule 37.1 motion, but the deadline to do
16 that is going to be May 17th.
17      Now, you'll see an insert and the orders from today about
18 presenting a dispute to the Court.  There's a proper fashion
19 to do that when it relates specifically to a particular
20 response to particular document requests or interrogatories.
21 I expect you to file that format.  Essentially, it's -- you
22 have to first of all state verbatim the request that was made.
23 Underneath of that, state verbatim the response that you
24 received.  And then underneath of that, your particularized
25 objection or response as to why you believe you're entitled to

1   the information that you perceive the other side to be
2   withholding.  And that's where you should include any case law
3   support, if you have it.  And keep in mind, these have to be
4   particularized to the response that was given.
5        Please, if you submit one of these, do not give me a
6   separate general section on the law.  I don't want any
7   sections on the facts in the case.  I will be prepared for all
8   of those things, I promise you, when I review the motion.
9   Don't waste your time on those.  Go directly to the requests
10  and the responses, if you would, please.
11       If I don't get them in that format, you're going to put
12  me in the position of returning them to you, and I don't want
13  to be in that situation.  I'm sure you don't either.  All
14  right?  But the last day you can file is 37-1 motion is May
15  17th.  This is the one and only spot where I exempt people
16  from the page -- sorry, three-page limitation on letter
17  motions.  And the reason I do, though, is probably self-
18  evident at this point.  By the time you get two of these
19  requests down in the format I've just given you, you're going
20  to be at the three-page limitation.
21       Having said that, however, this is not an invitation as
22  I've had other attorneys take it.  They send me a 60-page
23  document with all of the, forgive me, petty little squabbles
24  over certain items of discovery.  So I expect you to work them
25  out.  I will tell you, if I get something along the lines of a

1    60-page motion, you're going to wind up sitting with my law
2    clerk or someone else I appoint to go through the disputes
3    with you, until every single one of them is resolved.  And I
4    certainly hope that won't be necessary.  I expect more here.
5         Now, I know you have already amended.  Once you receive
6    the responses to the discovery demand, if you still think one
7    of you, or all of you, or some of you think that you need to
8    amend the complaint again or the answers, then I don't want
9    anybody engaging in motion practice until you talk to me.  So
10   if that's the case, I want you to call chambers and set up a
11   phone conference, and we'll talk through what the nature of
12   the amendment is.  If I think I need briefing on it, I will
13   give you that opportunity.  If I think we can resolve it on
14   the phone, we'll resolve it on the phone.
15        All right?  But I don't want that discussion to linger.
16   In fact, I'm going to give you a deadline by which you've got
17   to address this, if you need to address it at all.  May 26th.
18   That's a month after the responses are due.  All right.  Mr.
19   Moser, can you give me some sense of when you think you might
20   be filing your motion for collective action certification?
21            MR. MOSER:  I anticipate filing that motion before
22   April 15th.
23            THE COURT:  Okay.  All right.  Thank you.  I would
24   like to hear from each of you at this point what depositions
25   you're anticipating need to be taken in the case.  So let me

```
 1   start with Plaintiff's counsel.  Whose depositions do you plan
 2   to take?
 3             MR. MOSER:  Well, we would -- rather than
 4   identifying specific individuals, we will be preparing
 5   30(b)(6) notices.  We have not yet conferred with opposing
 6   counsel as to which individuals --
 7             THE COURT:  That's fine.
 8             MR. MOSER:  -- would be most suitable.
 9             THE COURT:  That's fine.  And I didn't expect
10   anybody to come with this on the tip of their tongues today
11   either.  I was really just trying to get an idea for
12   scheduling purposes what we're looking at here.  All right?
13   So that's fine.  Anybody else besides the 30(b)(6) reps?
14             MR. MOSER:  I don't believe so at this point in
15   time.
16             THE COURT:  All right.  Mr. Ruzal or Mr. DiGia, what
17   about Unisys?  What deps do you think you need to take.
18             MR. DIGIA:  We -- of course, the named Plaintiff,
19   Mr. Sorbie, and other individuals, we'll have to see the
20   outcome of the collective action, motion, other individuals
21   who might opt in, and other potential class members.  But
22   right now, certainly Mr. Sorby and these other individuals who
23   we will identify further as discovery proceeds.
24             THE COURT:  That's fine.  All right.  Yes, and
25   you're right.  And depending on the outcome of motion
```

```
 1   practice, obviously, your right to depose any opt-ins or class
 2   members is certainly preserved.  So, Mr. Henning, how about
 3   you?
 4             MR. HENNING:  Your Honor, for us, it's all four
 5   Plaintiffs -- all four named Plaintiffs and any people who are
 6   identified in interrogatories from the Plaintiffs as otherwise
 7   having information about the case, the manual worker issue
 8   that seems to be heart of, at least the primary claim of the
 9   case.  That's what we see at the moment, Your Honor.  So --
10   and right now, probably a handful or so.
11             THE COURT:  All right.  Thank you.  Just bear with
12   me for one minute.  All right.  I'm giving you until September
13   30th to finish with these 30(b)(6) depositions and the named
14   Plaintiff depositions.  We'll, if we need to, with respect to
15   any opt-ins, I will deal with that as a separate issue, but I
16   at least want these primary depositions completed.  I mean,
17   that's four months.  That should be ample time for you to get
18   this done.  Okay?
19        I am going to -- I'm going to want to speak with you
20   again, but I'm going to hold off on scheduling the next
21   conference until I get the motion papers for the collective
22   action certification, so that's a meaningful conference when
23   it takes place.  All right?
24        Any other issues?  Again, we're clearly not finished, but
25   that's as far as I want to go with scheduling for today's
```

1    purposes.  Is there anything about discovery going forward
2    right now, today that you want to bring up that we haven't
3    touched on yet?  And let me give everyone an opportunity to
4    speak to that.  Mr. Moser?
5           MR. MOSER:  Yes, Your Honor.  As you are aware,
6    different magistrates handle class-based discovery
7    differently.  Some just have vague -- want the initial
8    document request and interrogatories to be targeted only
9    towards the Rule 23 requirements, and then have some type of
10   bifurcated discovery where after we move for class
11   certification, we're entitled to further discovery.  I don't -
12   - I just wanted clarification as to whether discovery is
13   bifurcated or whether we should engage in full blown class and
14   merits based discovery, and that's what the Court envisioned.
15          THE COURT:  Well, I have done it both ways,
16   depending on what the parties have requested here.  One of the
17   concerns I have is really a two-edged sword.  One is I don't
18   like putting counsel in the position of doing a whole search,
19   and then turning around and having to do an additional search
20   after a decision is made on the collective.  On the other
21   hand, if the collective is not approved or the class isn't
22   approved, then people spent money that they didn't necessarily
23   have to expend at this point.  Have you folks talked to each
24   other at all as to how -- I mean, whether or not you can agree
25   to how you want to proceed here?

```
 1              ALL:  No, we have not.
 2              THE COURT:  Okay.  All right.  Well, let me at least
 3    hear from the Defendants what their preference is.
 4              MR. HENNING:  Your Honor, this is Kris Henning for
 5    HP Inc. and Hewlett Packard Enterprise Company.  We'd
 6    certainly be guided by the Court, but given the Supreme
 7    Court's directive in Dukes and these other class cert cases,
 8    and I should say the FLSA issue is not ours.  So I will leave
 9    the Epstein Becker firm --
10              THE COURT:  Right.
11              MR. HENNING:  -- to talk about that.  But the Rule
12    23 stuff, you know, we know now that there is an intermingling
13    of merits and class certification discovery.  So we're
14    inclined, subject to seeing the burden, to try to get as much
15    as we can done, you know, in one process.
16              THE COURT:  Right.
17              MR. HENNING:  And so we're happy to talk with Mr.
18    Pagano and Mr. Moser about that.  If the burden of sort of
19    what they're envisioning for everything, it's not that much
20    difference than the burden that we'd all expect for just the
21    Rule 23 requirements, then, you know, I think we could
22    probably work that out and avoid a second bite of the apple
23    down the road.  So happy to talk to them about that, but you
24    know, we recognize that those things overlap more clearly now
25    and that --
```

```
 1                THE COURT:  Yes.
 2                MR. HENNING:  -- you know, as long as the burden is
 3    not enormously different, we'd probably -- we'd prefer to do
 4    this one time.
 5                THE COURT:  All right.  And Mr. Ruzal and Mr. DiGia,
 6    how about Unisys's position?
 7                MR. DIGIA:  Our position would be similar, you know,
 8    as to what Mr. Henning just articulated, and happy to have a
 9    discussion with Mr. Moser and Mr. Pagano.  I guess it gets a
10    little bit more complicated with the FLSA collective action
11    motion being made, and perhaps we should have a more fulsome
12    discussion, we the parties, about it once we see where we're
13    going to end up with that motion.
14                THE COURT:  That's fine.  And I urge you, and I'm
15    going to direct you actually at this point to talk to each
16    other, and to get this resolved.  And this particular issue,
17    as to the scope of discovery at this point, I really want
18    resolved within the next -- well, really you need to resolve
19    it in the next two weeks, because if you're going to serve
20    demands, obviously they're going to reflect what position the
21    parties have agreed upon, hopefully that they have agreed
22    upon.  If you can't agree, then you're going to have to get
23    back to me, and I'll make a determination.
24           But keeping in mind there's the threshold for collective
25    action certification, obviously is not a high one.  We'll see
```

1    where this goes.  But I do want you to all confer and see if
2    you can come to an agreement on the scope of what you're doing
3    here.  All right?  As I said, if not, then you'll come back to
4    me.  That is not going to in any way delay, however, that
5    March 19th and April 26th set of deadlines that I gave you.
6    Okay?  If you can't agree, you'll go with a more conservative
7    approach until you get a decision from me.  All right?  Is
8    there anything else you want to address today?
9              MR. MOSER:  No, Your Honor.
10             MR. HENNING:  Your Honor, just one small thing from
11   me.  Sorry for the interruption.  Just one small thing from
12   me.  This is Kris Henning again.  March 19, our deadline to
13   serve additional discovery requests, interrogatories, and
14   document requests, may we include Rule 36 requests for
15   admissions as well?
16             THE COURT:  Yes.
17             MR. HENNING:  That's all.  Thank you.
18             THE COURT:  That is a discovery device.  It's a
19   discovery device.  If the -- if your counterparts are not
20   happy with that, and you really should be talking to each
21   other about that.  If they oppose that, then somebody needs to
22   get in touch with me and I'll make a ruling.  Okay?
23             MR. HENNING:  Fair enough.
24             THE COURT:  Anything else?
25             MR. DIGIA:  Your Honor, this is Ken DiGia from --

```
 1    just from Unisys.  One quick question.  Mr. Moser indicated he
 2    would -- Plaintiffs would be making their collective action
 3    motion before April 15th.  I don't think we've talked about a
 4    schedule --
 5              THE COURT:  Right.
 6              MR. DIGIA:  -- for Defendant's opposition and
 7    Plaintiff's reply.  Is that something the parties should talk
 8    among themselves about?
 9              THE COURT:  I usually let the parties work that out
10    themselves.  However, everybody is on the phone today.  If you
11    want to resolve this today, I have no problem with that.  And
12    I do require these motions to be made formally under the
13    Federal Rules and not by letter motion.  So do you want to
14    discuss it now, or do you want to talk to each other?
15              MR. MOSER:  We can probably work it out, Ken.
16              THE COURT:  That's fine.
17              MR. DIGIA:  Okay.  Okay.  And if not, I guess we'll
18    return to Your Honor.
19              THE COURT:  Absolutely.  All right.  Anything else?
20    Did I miss anybody?
21              MR. HENNING:  Just one clarification, Your Honor,
22    would you want the parties to submit the proposed briefing
23    schedule so the Court is aware of it?
24              THE COURT:  Yeah.  What I typically do is ask you
25    folks to agree, and if you can't, you'll let me know.  But if
```

```
 1   you agree, just send me a letter that says, "This is what
 2   we've agreed to.  It's fine."  I'll so order it at that point,
 3   but I don't expect any issues, as long as there's an
 4   agreement.  Okay?
 5             MR HENNING:  Very good.
 6             THE COURT:  Going once.  Going twice.  Anything
 7   else?  All right.
 8             MR. MOSER:  Nothing more from the Plaintiffs, Your
 9   Honor.
10             THE COURT:  All right.  Very well.  All right.  I'll
11   get this into an order.  We'll get it posted up on ECF, and
12   you'll proceed from there.  And as I said, I'll give you a
13   date for the next conference once I see what's going on with
14   motion practice here.  Okay?
15             MR. MOSER:  Very good.
16             MR. DIGIA:  Thank you, Your Honor.
17             THE COURT:  Good luck moving forward, and thank you
18   for your cooperation.  It's always refreshing for the Court to
19   see people agreeing to things and moving things forward.  So
20   I'm grateful for that.  Meanwhile, listen, please, stay safe
21   and stay healthy, and have a good rest of the day.  Thank you
22   all.
23             ALL:  Thank you, Your Honor.
24             THE COURT:  Bye now.
25        (Court adjourned)
```

```
                                                                17
 1                           CERTIFICATION
 2    I certify that the foregoing is a correct transcript from the
 3    electronic sound recording of the proceedings in the above-
 4    entitled matter.
 5
 6
 7    Lewis Parham                              3/23/21
 8
 9    _____           _____
10    Signature of Transcriber                    Date
```