

**Kristofor T. Henning**
Partner
T. 215-979-3846
F. 215-988-4314
khenning@mccarter.com

McCarter & English, LLP
1600 Market Street
Suite 3900
Philadelphia, PA 19103-7501
www.mccarter.com

March 23, 2021

VIA ECF

The Honorable Gary R. Brown
100 Federal Plaza, Courtroom 840
Central Islip, NY 11722-9014

**Re: <u>Caccavale, et al. v. HP Inc., et al. (Case No. 20-cv-974)</u>**

Dear Judge Brown:

HPE writes to respond to Plaintiffs' request to file a motion to dismiss HPE's counterclaim for unjust enrichment.

### A. <u>HPE Has Adequately Pled Facts Demonstrating Unjust Enrichment.</u>

In support of their NYLL § 195(a) claim, Plaintiffs currently allege they were hired by HPE in November 2015. SAC ¶¶ 38, 40, 42, 44. HPE denies that allegation. As Plaintiffs previously acknowledged, they were hired by Hewlett-Packard Co. ("HP") before 2015 and their employment moved to HPE when HP separated into two companies, HPE and HP Inc. Compl. ¶¶ 29, 31. The premise of HPE's counterclaim is simple: If Plaintiffs convince a factfinder, over HPE's objection, that they were hired by HPE on November 1, 2015, then equity requires that Plaintiffs accept that date of hire for *all* purposes, not merely the litigation purpose Plaintiffs seek. As HPE alleged in its counterclaim, HPE provided—and Plaintiffs "consciously and knowingly accepted"—benefits/compensation based on their HP Co. hiring dates. ECF Dkt. 72 at ¶¶ 23–24. It would be inequitable for Plaintiffs to retain those benefits based on one hiring date if they convince a factfinder, over HPE's objection, that their "true" hiring date was much later. Those allegations state a viable claim for unjust enrichment. *See E.J. Brooks Co. v. Cambridge Sec. Seals*, 105 N.E.3d 301, 312 (N.Y. 2018) (unjust enrichment requires one party's enrichment at other party's expense where "it is against equity and good conscience" to retain such benefit).

Plaintiffs suggest that unjust enrichment requires "tortious or fraudulent conduct" or some type of "malfeasance." But, the New York Court of Appeals has described "typical" unjust enrichment claims as "those in which the defendant, ***though guilty of no wrongdoing***, has received money to which he or she is not entitled." *E.J. Brooks Co.*, 105 N.E.3d 301 at 312 (emphasis added). One of Plaintiffs' own cases explains that an unjust enrichment claim "depends upon broad considerations of equity and justice," and one of multiple factors that a court may consider is "whether the defendant's conduct was tortious or fraudulent." *Paramount Film Distrib. Corp. v. State*, 285 N.E.2d 695, 698 (1972). None of Plaintiffs' cases reject an unjust enrichment claim against a party that proposes one factual position for litigation but who has knowingly received benefits based on the existence of a contrary fact.

Plaintiffs argue that HPE chose on its own to provide them with benefits /compensation based on pre-November 1, 2015 hiring dates. But Plaintiffs ignore HPE's allegation that they "consciously and knowingly accepted" those benefits

/compensation based on hiring dates that are different from the one they assert now for litigation purposes.

Next, Plaintiffs contend that HPE received a benefit when Plaintiffs performed their job duties, so Plaintiffs were not unjustly enriched. This again misstates HPE's claim, which is simply that Plaintiffs unduly gained from the ***additional*** benefits /compensation they received, which were based solely on earlier hiring dates.

Plaintiffs also assert a 3-year statute of limitations for unjust enrichment "sounding in tort," but HPE's claim is not based on tortious conduct. Courts have applied a 6-year statute of limitations to unjust enrichment claims like HPE's claim here. *See, e.g.*, *Tech. Opportunity Grp., Ltd. V. BCN Telecom, Inc.*, 2019 WL 4688628, at *12 (S.D.N.Y. Sept. 25, 2019) (collecting cases). Plaintiffs also cite no authority for their assumption that the limitations period began to run at the time they received compensation. In fact, "a claim for unjust enrichment accrues only when the enrichment actually becomes unlawful." *Campione v. Campione*, 942 F. Supp. 2d 279, 284 (E.D.N.Y. 2013). Here, that is only if and when Plaintiffs convince a factfinder, over HPE's objection, that their hiring dates should be November 1, 2015.

### B. **Plaintiffs' Arbitration Arguments Are Premature.**

Plaintiffs do not dispute that HPE required, as a condition of employment, arbitration agreements of employees actually hired on November 1, 2015.[1] They complain instead that HPE should not be able to compel their claims to arbitration. Plaintiffs' arguments are premature. HPE has not filed a motion to compel arbitration (but reserves its rights to do so).

### C. **Plaintiffs' Request For Costs Is Baseless.**

Plaintiffs seek the costs of their anticipated motion to dismiss because HPE rejected their offer to withdraw their § 195 claim in exchange for HPE withdrawing its counterclaim and agreeing to forgo any future attempt at an early appeal of the §§ 191/198 legal issues implicated in this case. Rule 11 is violated "only when it is patently clear that a claim has absolutely no chance of success." *Sarracco v. Ocwen Loan Servicing, LLC*, 220 F. Supp. 3d 346, 361 (E.D.N.Y. 2016) (citing *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986)). That is not the case here. HPE's counterclaim is supported by the facts (as alleged by Plaintiffs) and the law. Rule 11 does not apply when one party rejects another's offer to dismiss a claim only on the condition that it agree to restrictions entirely unrelated to that claim.[2]

---

[1] Likewise, Plaintiffs do not dispute that they were notified in or about June 2015 that their employment with HPE would continue on the same terms and conditions (e.g., no arbitration agreement).

[2] Additionally, Rule 11 requires a motion for sanctions to be (1) made separately from any other motion and (2) served but not filed or presented to the Court unless the opposing party does not withdraw or correct the claim within 21 days. Plaintiffs did not comply with either procedural requirement.

Respectfully submitted,
*/s/ Kristofor Henning*
Kristofor Henning