UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONY CACCAVALE, ANTHONY MANGELLI, DOUGLAS SORBIE, and JAMES BILLUPS, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>- against -<br><br>HEWLETT-PACKARD COMPANY A/K/A HP INC., HEWLETT PACKARD ENTERPRISE COMPANY, and UNISYS CORPORATION,<br><br>            Defendants. | Case No. 20-cv-00974 (GRB)(AKT)<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING CONDITONAL CERTIFICATION, ISSUANCE OF COLLECTIVE ACTION NOTICE AND DISCLOSURE OF CONTACT INFORMATION** |

  Counsel for the Plaintiff Douglas Sorbie ("Sorbie") and Defendant Unisys Corporation ("Unisys" or "Defendant")(together the "Parties"), hereby stipulate and agree as follows:

  WHEREAS, Plaintiffs commenced this action on February 21, 2020 to recover damages for alleged violations of New York Labor Law § 191(1)(a)(i) and § 195(1)(*See* ECF No. 1); and

  WHEREAS, Plaintiffs filed a Second Amended Class and Collective Action Complaint on December 17, 2020 ("Second Amended Complaint", ECF No. 55) asserting claims on behalf of Douglas Sorbie ("Sorbie") under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"); and

  WHEREAS, Plaintiff Sorbie alleges he was employed by Defendant Unisys as a Field Service Engineer, and seeks to represent a collective comprised of "similarly situated" individuals who worked or have worked in New York as Field Service Engineers of Defendant Unisys from December 17, 2017 to present (the "FLSA Collective"); and,

  WHEREAS, instead of expending resources litigating Plaintiff's anticipated motion for conditional certification of a collective action and dissemination of notice pursuant to 29 U.S.C. § 216(b), the Parties, without prejudice to Defendant Unisys' right to challenge the conditional

1

collective action at a later date, or any individual's participation therein, have negotiated the terms of a proposed notice to be sent to members of the putative collective (the "Notice"), and the process for disseminating the Notice; and

WHEREAS, the parties have reached agreement on the scope, form and manner of distribution of the Notice in this matter, subject to the Court's approval;

NOW THEREFORE, it is hereby stipulated and agreed as follows:

1. The Parties consent to conditional certification of this matter as a collective action under § 216(b) solely for purposes of dissemination of the Notice.

2. Defendant Unisys' consent is made without prejudice, and shall not affect its right to move the Court to decertify the conditionally-certified collective, to challenge any individual's participation in the collective, or otherwise defend itself in this lawsuit to the fullest extent that it so chooses in its sole discretion.

3. Defendant Unisys does not waive its right to assert any and all available defenses, including but not limited to the defense that it is not liable for all or part of any alleged damages pursuant to the FLSA or that Plaintiff Sorbie (or anyone else) fails to state a claim under the FLSA.

4. Within twenty (20) business days after the Court has "So Ordered" this Stipulation, Defendant Unisys shall provide to Plaintiff's counsel the names and last known mailing addresses of all individuals who are putative members of the FLSA Collective as described above (the "Collective List"). This information will be treated as confidential pursuant to the parties' Confidentiality Order [DE 51] and will be used only for the purposes of sending the Notice described herein, which is annexed hereto as Exhibit 1, and "Consent to Join", which is annexed hereto as Exhibit 2.

5. Within ten (10) business days after Plaintiff's Counsel's receipt of the Collective List, Plaintiff's counsel shall mail the Notice and "Consent to Join" to each individual on the Collective List.

6. If any Notice to any member of the FLSA Collective is returned as undeliverable, and there is no forwarding address, Plaintiff's counsel will notify counsel for Unisys, and Unisys shall furnish, within five (5) business days of such notice, the individual's date of birth and social security number. Plaintiff's counsel will use skip tracing to obtain the individual's current address and promptly re-mail the Notice and Consent to Join to such individual. The social security number and date of birth will remain confidential pursuant to the parties' Confidentiality Order [DE 51] and will only be used for the purposes of locating the putative collective member.

7. Plaintiff's counsel shall promptly re-mail Notice to any member of the FLSA Collective whose Notice is returned as undeliverable, and where there is a forwarding address.

8. The individuals identified in the Collective List shall have 60 calendar days from the date on which the Notice is mailed (the "Opt-in Period") to mail, fax, or email the "Consent to Join" form to Plaintiff's Counsel. In the case of mailing, the "Consent to Join" must be fully and legibly completed, signed, and postmarked during the Opt-In Period in order to be considered timely and valid.

9. Notwithstanding the time limits set forth above individuals whose initial Notice is returned as undeliverable and for whom a Notice is re-mailed shall have 30 additional calendar days from the date on which a second Notice is mailed to return the "Consent to Join" form to Plaintiff's counsel.

10. Within five (5) business days of receipt of each "Consent to Join" form, Plaintiff's counsel shall electronically file such form via the Court's electronic case filing system ("ECF") on the docket in this matter.

11. Within (5) business days after the close of the opt-in period, Plaintiff's counsel shall file a letter with the Court via ECF containing the following information: (1) the date of original mailing and the number of notices mailed; (2) the number of Notices returned as undeliverable; (3) the number of Notices re-mailed and dates of re-mailing; (4) the number of re-mailed Notices returned as undeliverable; and, (5) an opt-in list containing, for each individual who returned an opt-in form, (a) the opt-in Plaintiff's name, (b) date of original mailing, (c) date of re-mailing (if applicable), (d) date on which the opt-in period ended for said individual, (e) date on which the opt-in form was mailed, emailed or faxed by the opt-in Plaintiff to Plaintiff's counsel, (f) date on which the consent was filed via ECF, and (g) the Docket Number containing the individual's consent form.

12. Only individuals who have submitted a timely, legible and completed "Consent to Join" form shall be eligible to join the FLSA Collective, unless Defendant consents to the inclusion in the FLSA Collective of any individuals whose "Consent to Join" forms are deficient or untimely.

Dated: 5/7/2021

MOSER LAW FIRM, P.C.
*Attorneys for Plaintiffs*

By: Steven John Moser
5 E. Main Street
Huntington, New York 11743
516-671-1150
smoser@moseremploymentlaw.com

Dated: 5/10/2021

EPSTEIN BECKER & GREEN, P.C.
*Attorneys for Defendant Unisys Corporation*

By: Kenneth W. DiGia
875 Third Avenue
New York, New York 10022
(212) 351-4500
KDigia@ebglaw.com

SO ORDERED:

_____
A. KATHLEEN TOMLINSON, USMJ