

Attorneys at Law

Kenneth DiGia
t 212.351.4610
f 212.878.8600
KDigia@ebglaw.com

July 9, 2021

Honorable A. Kathleen Tomlinson
U.S. District Court, Eastern District of New York
100 Federal Plaza
Courtroom 910
Central Islip, NY 11722-9014

Re: Caccavale et al. v. Hewlett-Packard Company, et al., Case No.: 20-cv-00974 (GRB)(AKT)

Dear Judge Tomlinson:

Defendant Unisys Corporation ("Unisys") submits this letter pursuant to Local Civil Rule 37.3(c) and the Court's direction during the parties' March 5, 2021 conference and the Court's March 23, 2021 Order memorializing that conference. (ECF No. 77.) Unisys seeks Court intervention on two discovery issues not resolved by various meet and confers between counsel. Such conferences were held by telephone on the following dates: May 27, June 3, and June 17, 2021.

First, Unisys propounded document requests and interrogatories on the putative class members (the "Class Discovery Requests").[1] Plaintiff did not respond to any specific request, but instead objected overall to producing any class-wide discovery.

Second, Unisys propounded various document requests on Plaintiff Sorbie ("Plaintiff" or "Sorbie") asking him to produce documents supporting the class and collective allegations in the complaint. In response, Sorbie referred Unisys to non-responsive documents he previously produced that pertain only to himself.

As explained below, Plaintiff's objections to class-wide discovery and responses to certain of Unisys's document requests are improper.

---

[1] Specifically, Unisys propounded discovery on the "Unisys Class," as defined in paragraph 85(c) of the complaint, and the "Late Paid Overtime Collective," as defined in paragraph 99(a) of the complaint. The term "Class Members" used herein refers collectively to the proposed members of both these classes.

Epstein Becker & Green, P.C.  |  875 Third Avenue  |  New York, NY 10022  |  t  212.351.4500  |  f  212.878.8600  | ebglaw.com

Firm:53479868v1

## I.       Class-Wide Discovery

### A. Class Discovery Requests.

On March 19, 2021, Unisys served the Class Discovery Requests on the Class Members. The document requests are attached as Exhibit A, and the interrogatories are attached as Exhibit B. Since, however, Plaintiff did not respond or otherwise object to any specific request, but rather submitted a letter objecting across the board to any such class discovery at this time, we have not set forth each specific request below but rather respectfully refer the Court to Exhibits A and B which contain the requests at issue.

### B. Responses to the Class Discovery Requests.

By letter dated May 13, 2021, Plaintiff objected to producing any "discovery from absent class members" and the "putative collective action members." Attached hereto as Exhibit C is Plaintiff's May 13 letter. The following are the pertinent sections of that letter:

> **Discovery from absent class members is inappropriate.** To the extent that Unisys seeks discovery from absent class members, we respectfully object. "Discovery of absent class members is rarely permitted due to the facts that absent class members are not 'parties' to the action, and that to permit extensive discovery would defeat the purpose of class actions, which is to prevent massive joinder of small claims." *Stinson v. City of N.Y.*, No. 10 Civ. 4228 (RWS), 2015 U.S. Dist. LEXIS 166618, at *3-4 (S.D.N.Y. Dec. 11, 2015) (internal quotations and citations omitted). Furthermore, "Defendants bear the burden of justifying discovery from absent class members," *Indergit v. Rite Aid Corp.*, No. 08 Civ. 9361 (JPO) (HBP), 2015 U.S. Dist. LEXIS 160355, at *3 (S.D.N.Y. Nov. 30, 2015). "Such discovery may be permitted in extraordinary circumstances, where the defendant demonstrates 'that the information sought is not available from the representative parties, that it is requested in good faith, and that the request is not burdensome.'" *Stinson*, 2015 U.S. Dist. LEXIS 166618, at *4 (quoting *Redmond v. Moody's Inv. Serv.* (WK), No. 92 Civ. 9161 (WK), 1995 U.S. Dist. LEXIS 6277, at *2-3 (S.D.N.Y. May 10, 1995) (collecting cases)). In this case, there has been no showing that any of these factors are present and therefore discovery from absent class members is inappropriate.
>
> **On behalf of the putative collective action members, we hereby object to the Class RFPs and Class Interrogatories.** "[C]ollective actions under the FLSA should be governed by the same standards as govern discovery in [Fed.R.Civ.P. 23] class actions and should be limited to only class wide and class based discovery' because '[t]o permit individualized discovery . . . would undermine the purpose and utility of both class and collective actions.'" *Forauer v. Vt. Country Store, Inc.*, No. 5:12-cv-276, 2014 U.S. Dist. LEXIS 79234, at *2 (D. Vt. June 11, 2014) (quoting *Smith v. Lowe's Home Ctrs.*, 236 F.R.D. 354, 357 (S.D. Ohio 2006)); *see also Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 188, 192 (S.D.N.Y. 2014). Accordingly

"particularly when the opt-in plaintiffs are numerous" courts have "permit[ted] discovery only from 'a statistically significant representative sampling' of plaintiffs." *Strauch v. Comput. Scis. Corp.*, No. 14 CV 956 JBA, 2015 U.S. Dist. LEXIS 516, 2015 WL 540911, at *1 (D. Conn. Feb. 10, 2015) (quoting *Forauer*, 2014 U.S. Dist. LEXIS 79234, at *3; *see also Lloyd v. J.P. Morgan Chase & Co.*, No. 12 Civ. 2197 (LTS) (HBP), 2015 U.S. Dist. LEXIS 35161, at *11 (S.D.N.Y. Mar. 20, 2015).

We acknowledge that some courts have permitted individualized discovery where the collective is small and the discovery is related to the question of whether the individual plaintiffs are similarly situated within the meaning of the FLSA. *Strauch v. Comput. Scis*. Corp., No. 3:14 CV 956 (JBA), 2015 U.S. Dist. LEXIS 516, 2015 WL 540911, at *1-2 (D. Conn. Jan. 6, 2015). However, responding to the Class RFPs and Class Interrogatories on behalf of the collective action members presents several challenges, including, but not limited to, the following: First, the scope of the collective is unknown, and we cannot determine whether individualized discovery is appropriate at all, or whether discovery from a statistically significant sampling might be appropriate. Second, no putative collective action member has filed a consent and thereby become a party plaintiff. Rules 33 and 34 only permit the service of discovery requests "on any other party." Therefore, to the extent that Unisys seeks discovery from collective action members the requests are premature. Third, if the discovery requests are deemed served when the consent is filed (which they should not be as they were never served on a party), the response date for each collective action member would be different based upon their opt-in date, presenting a logistical nightmare for coordinating responses. Fourth, discovery is only permitted from collective action members on the issue of whether they are similarly situated to the named plaintiffs. *See Strauch*, 2015 U.S. Dist. LEXIS 516. These discovery requests are overbroad to the extent that they seek discovery regarding issues other than whether the collective action members are in fact similarly situated to the named plaintiffs with respect to their FLSA claims.

**C. Argument.**

    **1. Unisys is entitled to discovery from all opt-in plaintiffs because they are putative party-plaintiffs.**

Unisys recognizes that the scope of the Late Paid Overtime Collective will not be solidified until the close of the notice period. However, to the extent that Plaintiff is objecting to producing any discovery for the Late Paid Overtime Collective, this Court should deny his attempts to shirk the opt-ins' discovery obligations.

"When an individual voluntarily chooses to participate in [a] lawsuit, he takes on the obligation to provide discovery about his claim." *Morangelli v. Chemed Corp.*, No. 10 CIV 00876, 2011 WL 7475, at *1–2 (E.D.N.Y. Jan. 1, 2011) (ordering opt-in FLSA plaintiffs who previously

failed to appear for deposition to do so within three weeks or else "have their claims dismissed with prejudice"); *accord Chavez v. WIS Holdings Corp.*, No. 07-CV-1932 L (NLS), 2013 WL 2181214, at *2 (S.D. Cal. May 20, 2013) ("This Court is of the opinion that a party who has chosen to opt-in to a collective action has an obligation to participate in the litigation, if necessary.").

Accordingly, numerous courts have authorized discovery from all opt-in plaintiffs. *See, e.g., Lloyd v. J.P. Morgan Chase & Co.*, Nos. 11 Civ. 9305 (LTS)(HBP), 12 Civ. 2197 (LTS)(HBP), 2015 WL 1283681, at * 4 (S.D.N.Y. Mar. 20, 2015) (rejecting plaintiffs' request for representative sampling and allowing defendants to serve written discovery upon the 100 opt-in plaintiffs who had not signed arbitration agreements); *Krueger v. New York Tel. Co.*, 163 F.R.D. 446, 449 (S.D.N.Y. 1995) (162 ADEA opt-ins had "freely chosen to participate" in the lawsuit and had "relevant information with respect to the claims and defenses" that was subject to discovery); *Rosen v. Reckitt & Colman Inc.*, No. 91 Civ 1675 (LLM), 1994 WL 652534, at *2-4 (S.D.N.Y. Nov. 17, 1994) (permitting depositions of all 49 opt-ins).[2]

Moreover, the Class Discovery Requests seek information that is relevant and necessary for Unisys to defend itself and seek de-certification.[3] Indeed, many of the document requests merely seek information concerning specific collective action allegations in the operative complaint. (*See, e.g.*, Ex. A, Requests 33–38, 40–42.) The other requests likewise concern relevant issues, such as potential damages. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 35–37 (2013).

Obtaining evidence from the eventual opt-ins in this case is critical for Unisys to defend itself at trial and eventually move for decertification. *See Forauer v. VT County Store, Inc.*, No. 5:12-cv-276, 2014 WL 2612044, at *3 (D. Vt. June 11, 2014) ("'numerous' courts have held that it is 'essential for a defendant to take individualized discovery of the opt-in plaintiffs to determine if they are similarly situated' within the meaning of [the] FLSA.") (citations omitted).

Plaintiff Sorbie has also propounded discovery requests seeking information and documents concerning the Class Members. For example, he has asked for wage statements, ticketing data, and other voluminous data for all Class Members. Thus, Sorbie is attempting to preclude Unisys from conducting class-wide discovery while engaging in such discovery himself. This Court should reject his attempts to unilaterally impose such asymmetrical discovery. *See Goodman v. Burlington Coat Factory Warehouse Corp.*, 292 F.R.D. 230, 233 (D.N.J. 2013) ("Plaintiffs can hardly be heard to complain about the cost, burden and difficulties associated with

---

[2] *See also White v. 14051 Manchester, Inc.*, No. 4:12-CV-469 JAR, 2013 WL 1867113, at *3 (E.D. Mo. May 2, 2013) (allowing individualized discovery of all 50 opt-in plaintiffs); *Ingersoll v. Royal & Sunalliance USA, Inc.*, No. C05-1774-MAT, 2006 WL 2091097, at *2-3 (W.D. Wash. July 25, 2006) (allowing written discovery as to all opt-in plaintiffs); *Coldiron v. Pizza Hut, Inc.*, No. CV03-05865TJHMCX, 2004 WL 2601180, at *2 (C.D. Cal., Oct. 25, 2004) (permitting discovery of all opt-in plaintiffs); *Kaas v. Pratt & Whitney*, No. 89-8343-PAINE, 1991 WL 158943, at *5 (S.D. Fla. Mar. 18, 1991) (ordering all opt-in plaintiffs in ADEA collective action to respond to individualized interrogatories and requests for production).

[3] Unisys notes that Plaintiff did <u>not</u> object on relevancy grounds. *See* Exhibit C.

defendants' discovery when they chose to pursue an extensive class. Plaintiffs knew 'what they were in for' when they filed the case.").

Accordingly, and while Unisys acknowledges that it is not yet known who will be joining the Late Paid Overtime Collective, Unisys reserves the right to compel any eventual opt-in to respond to the Class Discovery Requests after the notice period closes and after an appropriate meet and confer with Plaintiff's counsel.

> **2. Unisys is entitled to discovery from the putative members of the Unisys Class because discovery is not sought for any improper purpose, is narrowly tailored to subjects which are plainly relevant, and does not impose an undue burden.**

Recognizing that "a defendant should not be 'unfairly prejudiced by being unable to develop its case,'" courts have allowed discovery of absent members of a Rule 23 class where, as here: (1) the discovery is not sought for any improper purposes; (2) it is narrowly tailored to subjects which are plainly relevant; and (3) it does not impose an undue burden. *See Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 70-71 (S.D.N.Y. 2020) (quoting 3 William B. Rubenstein, *Newberg on Class Actions* § 9:11 (5th ed. 2015)); *Redmond v. Moody's Inv. Serv.*, No. 92 CIV. 9161 (WK), 1995 WL 276150, at *2 (S.D.N.Y. May 10, 1995) (allowing document requests and interrogatories of absent class members).[4] All three factors are met here.

*First*, the Class Discovery Requests are in no way intended to harass or annoy the putative members of the Unisys Class. Rather, they are intended to enable Unisys to defend itself.

*Second*, the Class Discovery Requests are narrowly tailored to subjects which are plainly relevant and information that Unisys needs to defend itself. As explained above, the discovery requests seek documents and information concerning specific allegations made in the operative complaint or other germane information, such as damages. (*See, e.g.*, Ex. A, Requests 21–32.)

Unisys plans to show, *inter alia*, that the putative members of the Unisys Class are not "manual workers" under N.Y. Lab. Law § 191(a)(1), and that despite their similar job titles, they are not similarly situated because they performed different tasks, at different locations, for different customers, and fixed different types of software and hardware computer issues (among other individualized issues). Without obtaining admissions and information from the individual members of the Unisys Class, Unisys will be hindered in making this showing, especially since the members of the Unisys Class largely worked off site and have a self-evident incentive to exaggerate their time spent performing "physical" labor. *Cf. Verkuilen v. MediaBank, LLC*, 646

---

[4] *See also Dellums v. Powell*, 566 F.2d 167, 187 (D.C. Cir. 1977) ("[T]he overwhelming majority of courts which have considered the scope of discovery against absentees have concluded that such discovery is available, at least when the information requested is relevant to the decision of common questions, when the interrogatories or document requests are tendered in good faith and are not unduly burdensome, and when the information is not available from the representative parties.") (citations omitted).

F.3d 979, 981 (7th Cir. 2011) (Posner, J.) (recognizing that employees who work offsite may be "tempted" to fabricate hours worked).

Indeed, it is foreseeable that if this case enters the certification or summary judgment stage, the putative members of the Unisys Class will file a number of self-serving declarations containing conclusory statements that they performed the same "physical" tasks as each other. Without sufficient discovery from them, it will be virtually impossible to refute such inevitable "evidence."

*Third*, the Class Discovery Requests do not impose an undue burden. They merely ask the putative members of the Unisys Class to provide documents or information within their possession, custody, or control supporting the class allegations in the operative complaint and/or their claims in this matter. Complying with these requests will require little more than the putative members of the Unisys Class to turn over documents to counsel.

As discussed above, Plaintiff Sorbie has also propounded discovery requests seeking information and documents concerning the Class Members. For example, he has asked for wage statements, ticketing data, and other voluminous data for all Class Members. Thus, Sorbie is attempting to preclude Unisys from conducting class-wide discovery while engaging in such discovery himself. This Court should reject his attempts to unilaterally impose such asymmetrical discovery. *See Goodman*, 292 F.R.D. at 233 ("Plaintiffs can hardly be heard to complain about the cost, burden and difficulties associated with defendants' discovery when they chose to pursue an extensive class. Plaintiffs knew 'what they were in for' when they filed the case.").

Accordingly, and while Unisys acknowledges that some members of the class are not yet known to Sorbie, Unisys reserves the right to compel members of the Unisys Class to respond to the Class Discovery Requests after the opt-in notice period closes and after an appropriate meet and confer with Plaintiff's counsel.[5]

## II. Document Requests to Sorbie

**A. Document Requests to Sorbie.**

On March 19, 2021, Unisys propounded a Second Set of Document Requests on Sorbie. Sorbie's responses thereto are attached as Exhibit D. As relevant here, Unisys asked Sorbie to produce the following information germane to his class allegations:

1. All documents concerning the allegation in Paragraph 81 of the Complaint alleging "All Field Service Engineers employed by Defendant Unisys in the State of New York were/are paid, *inter alia*, their overtime wages on a bi-weekly basis and moreover their

---

[5] It should be noted that there are 211 individuals in the Unisys Class, which includes 156 individuals for whom Plaintiff has been provided names and last known mailing addresses pursuant to the parties' Stipulation and Order Regarding Conditional Certification of Collective Action Notice and Disclosure of Contact Information.

> overtime wages were/are not paid until, at minimum, approximately two weeks after the workweek in which they were/are earned."

2. All documents concerning the allegation in Paragraph 89 of the Complaint alleging "Common questions of law and fact exist as to the Classes that predominate over any questions only affecting members of the Class individually[.]"

3. All documents concerning the allegation in Paragraph 90 of the Complaint alleging "The Plaintiff(s)' claims are typical of the claims of the Classes they seek to represent."

4. All documents concerning the allegation in Paragraph 94 of the Complaint alleging "Although the relative damages suffered by the individual members of the classes are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution to this litigation."

5. All documents concerning the allegation in Paragraph 95 of the Complaint alleging "This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) as the questions of law and fact common to the members of the Classes predominate over any other questions affecting only individual members, and as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

6. All documents concerning your allegation in Paragraph 103 of the Complaint alleging you and the Late Paid Overtime Collective "worked/work substantial overtime hours[.]"

7. All documents concerning your allegation in Paragraph 103 of the Complaint alleging you and the Late Paid Overtime Collective "were not/are not compensated in a timely fashion."

8. All documents concerning your allegation in Paragraph 104 of the Complaint alleging you "[have] been paid approximately 185 hours of overtime late."

9. All documents concerning your allegation in Paragraph 106 of the Complaint alleging "Defendant Unisys is aware that Plaintiffs and the Late Paid Overtime Collective worked/work overtime and despite that knowledge did not/does not pay them in a timely fashion."

10. All documents concerning your allegation in Paragraph 107 of the Complaint alleging "Plaintiffs and the members of the Late Paid Overtime Collective . . . were/are not paid [overtime wages] until, at minimum, approximately two weeks after the workweek in which they were/are earned."

11. All documents concerning your allegation in Paragraph 109 of the Complaint alleging "Defendant Unisys' unlawful conduct is widespread, repetitious, and consistent affecting Plaintiffs and the Late Paid Overtime Collective."

12. All documents concerning your allegation in Paragraph 110 of the Complaint alleging "Defendant Unisys' conduct was and is willful and in bad faith and has caused significant damage to Plaintiffs and the Late Paid Overtime Collective."

13. All documents concerning your allegation in Paragraph 112 of the Complaint alleging "[t]here are numerous similarly situated current and former employees of Defendant Unisys who have been denied timely compensation in violation of the FLSA[.]"

14. All documents concerning your allegation in Paragraph 136 of the Complaint alleging "Defendant Unisys willfully failed to pay Plaintiffs and the members of the Unisys Class as frequently as required by NYLL § 191."

15. All documents concerning your allegation in Paragraph 142 of the Complaint alleging "Defendant Unisys has engaged in a widespread pattern and practice of failing to promptly pay Plaintiffs and the Late Paid Overtime Collective their overtime wages."

16. All documents concerning your allegation in Paragraph 143 of the Complaint alleging you "and the members of the Late Paid Overtime Collective did not/do not get paid the compensation they earned/earn in a particular workweek on the regular payday for the period in which such workweek ends."

17. All documents concerning your allegation in Paragraph 144 of the Complaint alleging "Defendant Unisys's unlawful conduct has been willful and intentional."

**B. Sorbie's Responses.**

Sorbie's response to *each* of these requests was the same: "Defendant Unisys is referred to Plaintiff's previous document production as well as Plaintiffs_2227-Plaintiffs_2264." The specifically identified documents are Sorbie's wage statements, and the other documents to which he refers pertain only to himself.

**C. Argument.**

Sorbie's responses to the above-recited document requests are improper. *First*, merely referring to Sorbie's "previous document production" runs afoul of the requirement that the responding party must *specifically* identify responsive documents to a request. *See Lindner v. Int'l Bus. Machines Corp.*, No. 06 CIV. 4751 RJSDFE, 2007 WL 3196147, at *2 (S.D.N.Y. Oct. 26, 2007) (producing party "must specify which documents are being produced in response to which Document Request").

*Second*, the documents that Sorbie does specify—i.e., his wage statements—are not responsive to the requests listed above, and therefore should not have been "referred" to in his response. *See LBBW Luxemburg S.A. v. Wells Fargo Sec. LLC*, No. 12-CV-7311 JPOKNF, 2016 WL 1660498, at *8 (S.D.N.Y. Mar. 29, 2016) (agreeing that "non-responsive documents should not have been produced"). Sorbie cannot hide from the fact that he lacks documentary evidence supporting his class allegations by citing to non-responsive documents. If he does not have responsive documents, he should concede that in his responses.

As such, Sorbie should be compelled to respond to the document requests identified above by *only* identifying responsive document(s), if any, that he has in his possession, custody or control.

Respectfully,

*/s/ Kenneth DiGia*

Kenneth DiGia

cc: All counsel of record (via ECF)