

Kristofor T. Henning
Partner
T. 215-979-3846
F. 215-988-4314
khenning@mccarter.com

McCarter & English, LLP
1600 Market Street
Suite 3900
Philadelphia, PA 19103-7501
www.mccarter.com

July 9, 2021

VIA ECF

The Honorable A. Kathleen Tomlinson
100 Federal Plaza
Central Islip, NY 117222

**Re: Caccavale, et al. v. HP Inc., et al. (Case No. 20-cv-974)**

Dear Judge Tomlinson:

Pursuant to Your Honor's March 5, 2021 scheduling order, Fed. R. Civ. P. 37(a)(1), and Local Civil Rule 37.1, Defendants Hewlett Packard Enterprise Company ("HPE") and HP Inc. ("HPI") move for an order compelling Plaintiffs to supplement their responses to HPE's and HPI's Second Request for Production of Documents dated March 19, 2021.

HPE and HPI each served the following request: **"2. Any retention agreements between You and Your counsel concerning this Action."**

Plaintiffs responded to both HPE's and HPI's requests on May 14, 2021 as follows: **"Response: Plaintiffs object on the grounds of attorney client privilege."**

HPE and HPI have conferred in good faith with Plaintiffs to attempt to obtain documents responsive to Request No. 2 without Court action, including by letter dated May 25, 2021 and telephone conversations between counsel on May 26, 2021 and June 16, 2021, but Plaintiffs have continued to object to producing any retention agreements.

HPE and HPI are entitled to production of any retention agreements between Plaintiffs and their counsel for several reasons.

First, the sole objection raised by Plaintiffs in response to Request No. 2 has been rejected by the Second Circuit. That Court has made clear that, "in the absence of special circumstances," fee arrangements between clients and their counsel do not fall within the attorney-client privilege. *Vingelli v. United States*, 992 F.2d 449, 452 (2d Cir. 1993) (citing *In re Grand Jury Subpoena Served Upon Doe*, 781 F.2d 238, 247 (2d Cir.) (en banc), *cert. denied*, 475 U.S. 1108 (1986)); *In re Shargel*, 742 F.2d 61, 62 (2d Cir. 1984).

Moreover, Plaintiffs' assertion of attorney-client privilege is undermined by their own litigation conduct in this case: The notice that Plaintiffs proposed to send to putative members of the FLSA collective they seek to represent against Unisys – which notice the Court has approved – advises the putative members that "[a] copy of the contingency fee agreement executed by the named Plaintiff may be obtained upon

request from Plaintiff's counsel identified above." ECF Dkt. Nos. 81-2 & 83. The disclosure of the agreement to putative collective members, including those who are not and may not become clients of Plaintiffs' counsel, necessarily means this agreement is not privileged.[1]

Plaintiffs did not raise a relevance objection in their response to Request No. 2. In any event, the retention agreement between Plaintiffs and their counsel is relevant to this putative class action, specifically, to determining the adequacy of class representation as required by Fed. R. Civ. P. 23(a)(4). The adequacy requirement involves consideration of "whether a plaintiff's interests are antagonistic" to other class members, a "key element" of which is "the relationship between the class representative and class counsel." *In re IMAX Sec. Litig.*, 272 F.R.D. 138, 155-57 (S.D.N.Y. 2010). A retention agreement, in turn, is relevant evidence of this relationship. *Id.* (engagement letter raised issue of inadequacy and appearance of impropriety sufficient to deny class certification); *see also Berrios v. Sprint Corp.*, 1998 WL 1749828, at *2 (E.D.N.Y. Sept. 11, 1998) (plaintiff originally failed adequacy requirement because of "improper fee arrangement" with counsel, as evidenced by retainer agreement).

In light of the foregoing, HPE and HPI respectfully request that the Court compel Plaintiffs to produce any retention agreements between them and their counsel because such agreements are relevant to this putative class action and not privileged.

Thank you for your consideration.


Respectfully submitted,
*/s/ Kristofor T. Henning*
Kristofor T. Henning

cc: All Counsel of Record (VIA ECF)

---

[1] Alternatively, if the Court concludes that the retention agreement is privileged, HPE and HPI request that the Court require Plaintiffs to provide a log identifying the putative collective members who access the agreement.