**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
TONY CACCAVALE, ANTHONY MANGELLI,
DOUGLAS SORBIE, and JAMES BILLUPS,
*individually and on behalf of all others similarly situated*,

                                      Plaintiffs,

- against -

HEWLETT-PACKARD COMPANY *a/k/a* HP INC.,
HEWLETT PACKARD ENTERPRISE COMPANY
and UNISYS CORPORATION,

                                       Defendants.
----------------------------------------------------------------X

**ORDER**

CV 20-974 (GRB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

On July 9, 2021, four motions to compel were filed in this case, one by the HP Defendants, one by Unisys, and two by the Plaintiffs. *See* DE 85; DE 86; DE 87; DE 88. For the reasons that follow, the motions by the HP Defendants and Plaintiffs at DE 85, DE 87, and DE 88 are REJECTED.

Pursuant to Local Rule 37.1,

> Upon any motion or application involving discovery or disclosure requests or responses under Fed. R. Civ. P. 37, the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed. The motion or application shall also set forth the grounds upon which the moving party is entitled to prevail as to each request or response. Local Civil Rule 5.1 also applies to the motion or application.

Local Rule 37.1; *see* Local Rule 5.1. To comply with these Rules, the movant must first list verbatim the document request or interrogatory which was served on the opposing party, followed directly underneath by the opposing party's verbatim response to the particular request, followed immediately by the specific objection(s) counsel is raising and the basis for the

objections (*i.e.*, why the response is objectionable, deficient, non-responsive, etc.). Any case law in support of counsel's specific objection is to be noted with that objection and not placed in a separate section of the motion.

Further, counsel should not waste time reciting the history of the case before getting to the specific discovery demand(s) at issue. Likewise, counsel are ***not*** to attach copies of the discovery responses from any party. Compliance with Rule 37.1 is critical in ensuring that the Court does not waste judicial resources by having to constantly flip-flop between documents in order to locate the specific interrogatory or discovery request at issue, the opposing party's answer, the nature of each party's arguments and the relevant case law cited in support of each party's position.

As to Plaintiffs' motions, the Court has no intention of plowing through a combined 83 pages of motion papers – not including exhibits – with respect to an excessive and unnecessary number of disputes. Upon a cursory review, the Court notes that Plaintiffs' motions contain unnecessary background and unrelated information as well as cumulative citations. The Court expects a more appropriate submission from reasonable counsel who should have been able to narrow down the issues presented here, especially after having been granted two extensions of time to file motions pursuant to Rule 37.1. *See* DE 82; June 11, 2021 Electronic Order. The goal of Rule 37.1 is to streamline discovery disputes and Plaintiffs' motions are the complete opposite.[1]

---

[1] The Court also notes that Unisys objected to several of Plaintiffs' discovery requests on the grounds that the request was "not reasonably calculated to lead to the discovery of admissible evidence." *See, e.g.*, DE 87 at 6, 12. Plaintiffs also made this same error in their objections to Unisys's discovery requests. *See, e.g.*, DE 85-4 at 2. The "reasonably calculated to lead to the discovery of admissible evidence" language was removed from the Federal Rules ***in 2015***. The applicable standard is whether the discovery is "relevant to any party's claim or defense and proportional to the needs of the case." *See* Fed. R. Civ. P. 37(b)(1).

In light of the multiple issues which remain outstanding, the Court finds that the parties did not spend enough time fulfilling their obligations pursuant to Local Rule 37.3, which provides: "Prior to seeking judicial resolution of a discovery or non-dispositive pretrial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with Fed. R. Civ. P. 37(a)(1)." Local Civil Rule 37.3(a). If Plaintiffs' counsel intends to file any re-file a new Rule 37.1 motion, the disputes are to be carefully pared down from the versions submitted here and must further contain a Rule 37.3 certification that counsel have met and conferred in good faith, describe the specific details of the meet-and-confer, and further explain why the meet- and-confer was not successful.

As to Unisys' motion -- which does not comply with Rule 37.1 -- the Court notes that this lack of compliance stems, in part, from the Plaintiffs' failure to specifically respond to each of Unisys' demands. Unisys served "Class Discovery Requests" upon Plaintiffs which are attached as Exhibit A [DE 85-1] and Exhibit B [DE 85-2] to its motion. Instead of lodging objections to each particular document request or interrogatory, Plaintiffs sent Unisys a letter setting forth wholesale objections to class and collective action discovery in general. *See* DE 85-3. Unisys also served a set of document requests upon Plaintiff Douglas Sorbie and Plaintiffs' counsel responded to Requests Nos. 1 through 17 by referring Unisys to "Plaintiff's previous document production as well as Plaintiffs__2227-Plaintiffs__2264." *See* DE 85-4. According to Unisys, the identified documents are Sorbie's wage statements, and the other documents to which he refers pertain only to himself." *See* DE 85 at 8. Although information specific to Sorbie is called for by some of these requests, it is clear upon a cursory review of the document requests

that the information requested goes beyond that. As such, the deficiencies in Plaintiffs' responses to Unisys' demands are manifest and these responses require amendment.

The Court also cautions counsel for Unisys that it expects the list of demands at issue to be significantly pared down should court intervention be requested after the parties continue to meet and confer in good faith. Any new motion pursuant to Rule 37.1 by Unisys is also directed to contain a Rule 37.3 certification which addresses the areas Plaintiffs have been directed to address.

Lastly, the Court is in receipt of a letter motion dated July 12, 2021 in which all parties request extensions of time to respond to the motions to compel from July 14, 2021 to July 19, 2021. *See* DE 89. In light of the Court's rejection of the motions by Unisys and Plaintiffs, those requests are moot. The only motion which remains pending at this juncture is the one submitted by the HP Defendants. *See* DE 86. As to this motion, the Court does not understand why Plaintiffs' counsel requires an additional five (5) days to respond since only a single discovery request regarding the production of a retainer agreement between Plaintiffs and Plaintiffs' counsel is at issue. Accordingly, Plaintiffs' request for an extension of time is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
　　　July 13, 2021　　　　　　　　　　　　　　　/s/ A. Kathleen Tomlinson
　　　　　　　　　　　　　　　　　　　　　　　　A. KATHLEEN TOMLINSON
　　　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge