**Steven J. Moser**
Tel: 516-671-1150
steven.moser@moserlawfirm.com

MOSER LAW FIRM, PC

July 14, 2021

**VIA ECF**

Hon. A. Kathleen Tomlinson, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 117222

      Re:    *Caccavale v. Hewlett-Packard Company a/k/a HP Inc., et al.*
               2:20-cv-00974-GRB-AKT (E.D.N.Y.)

Dear Judge Tomlinson:

      This office represents Plaintiffs Tony Caccavale ("Caccavale"), Anthony Mangelli ("Mangelli"), Douglas Sorbie ("Sorbie"), and James Billups ("Billups")(collectively "Plaintiffs") in the above referenced class and collective action. This letter is submitted in opposition to Defendants Hewlett-Packard Company a/k/a HP Inc.'s ("HPI") and Hewlett Packard Enterprise Company's ("HPE")(together the "HP Defendants") July 9, 2021 motion to compel. (ECF No. 86).

      As an initial matter, please accept our apologies for submitting the voluminous motions to compel against Unisys Corporation and the HP Defendants (ECF Nos. 87 and 88). We participated in meet and confers with counsel for Unisys as follows:

- May 27, 2021 - approx. 1 hour
- June 3, 2021 - 1 hour
- June 17, 2021 - .5 hour
- July 1, 2021
- July 13, 2021

We participated in meet and confers with counsel for the HP Defendants as follows:

- May 26, 2021 - 1 hour
- June 13, 2021 - .5 hour
- June 16, 2021 - .5 hour
- July 8, 2021 – approx. 1 hour

There have also been numerous impromptu calls between counsel for the parties as well as email exchanges in an attempt to resolve discovery issues. Nevertheless, we will continue to work with the Defendants in order to limit the need for court intervention.

The HP Defendants' motion raises a single issue: the production of retainer agreements between Plaintiffs and their counsel. Plaintiffs have informed the HP Defendants that the retainer agreements are protected by attorney-client privilege and otherwise irrelevant to the instant litigation.

As an initial matter, the retainer agreements executed by the Plaintiffs are not standard form agreements, but rather contain legal advice, confidential communications, and understandings between Plaintiffs and counsel.[1] Under such circumstances, courts have found that retainer agreements are protected by attorney-client privilege. Indeed, *Vingelli v. United States*, 992 F.2d 449, 452 (2d Cir. 1993), cited by the HP Defendants, acknowledges that most circuits "have found special circumstances warranting a privilege when the disclosure of the information would be tantamount to revealing a confidential communication."[2] Moreover, the Eastern District has declined to compel retainer agreements where privilege concerns are implicated. *See e.g. Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 70-71 (E.D.N.Y. 2008)(Pollack, M.J.)(in which the Court reviewed a retainer agreement *in camera* based upon claims of privilege and refused to furnish same to the defendants as irrelevant).

HP Defendants argue, in sum and substance, that the fact that putative FLSA opt-ins will have access to the retainer agreement destroys the privilege. This position is fundamentally flawed because the privilege broadly protects from disclosure all "communications made for the purpose of obtaining legal advice" (*McGrath v. Nassau Cty. Health Care Corp.*, 204 F.R.D. 240, 243 (E.D.N.Y. 2001), and all communications between putative opt-ins and counsel for the purpose of furnishing legal advice or obtaining representation are covered by said privilege. The stipulation permits putative opt-ins to obtain a copy of the retainer agreement for the purpose of hiring the firm as counsel. The stipulation does *not* provide for the disclosure of the retainer agreement to the Defendants, or any individual who is not a potential or actual client of the firm.

Moreover, the retainer agreements are irrelevant to the litigation.[3] Even if the retainer agreements were not otherwise privileged, "the party seeking disclosure must make a showing of the requested information's relevance to its claims or defenses[.]" *Fort Worth Emples. Ret. Fund v. J.P. Morgan Chase & Co.*, 2013 U.S. Dist. LEXIS 65056, at *7 (S.D.N.Y. May 7, 2013). The HP Defendants, in the broadest possible terms, argue that the retainer agreements are relevant to an inquiry of adequacy under FRCP 23(a)(4). They then cite to two cases in which there was an improper relationship between the class representative and class counsel. *See In re IMAX Sec. Litig.*, 272 F.R.D. 138, 157 (S.D.N.Y. 2010)(lead Plaintiff testified that he was a

---

[1] Plaintiffs are happy to submit the retainer agreements in question to the Court for an *in camera* review.
[2] Also, of note, the two cases Plaintiffs cite, *Vingelli* and *In re Sharge*l, 742 F.2d 61 (2d Cir. 1984), concern criminal matters and wholly factually inapposite to the case at bar.
[3] Notably, each response to a demand for retainer agreements was subject to a general objection on relevance grounds.

friend and neighbor of class counsel for 20-25 years, and actually managed class counsels' money),and *Berrios v. Sprint Corp.*, 1998 U.S. Dist. LEXIS 22833, at *7 (E.D.N.Y. Sep. 10, 1998)(the original retainer was flawed because it favored the class representative, but class certification was nevertheless granted because the class representative and class counsel had entered into a superseding retainer agreement).  Here, there is no improper relationship between counsel and Plaintiffs and the HP Defendants are fishing in the hopes of finding one.  *Fort Worth Emples. Ret. Fund v. J.P. Morgan Chase & Co.*, 2013 U.S. Dist. LEXIS 65056, at *8 (S.D.N.Y. May 7, 2013)("fee agreement is irrelevant to class certification when there [is] no basis for defendants' speculation regarding conflicts of interest").  Plaintiffs' counsel is litigating this case on a contingency fee basis.  Such a system aligns the interests of counsel and Plaintiffs and permits people access to the judicial system that might not otherwise be able to afford it.

For the foregoing reasons, we request that the HP Defendants' Motion to Compel be denied.  We thank the Court for its consideration.

Respectfully submitted,

*Steven J. Moser*

Steven J. Moser

cc: All Counsel of Record (VIA ECF)