

**Paul A. Pagano**
Tel: 917.589.1479
paul.pagano@moserlawfirm.com

October 5, 2021

**VIA ECF**
The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 117222

      Re:    *Caccavale v. Hewlett-Packard Company a/k/a HP Inc., et al.*
               2:20-cv-00974-GRB-AKT (E.D.N.Y.)

Dear Judge Tomlinson:

      This firm represents Plaintiffs in the above referenced matter. By this letter, Plaintiffs seek an expedited deposition of Unisys with regard to the Collective List for this matter.

## **BACKGROUND**

      On May 28, 2021, Your Honor so-ordered a stipulation for conditional certification and Court-authorized notice (ECF No. 83, the "Order") under which the Court directed Unisys to provide Plaintiffs' counsel with the names and last known mailing addresses of all individuals who work or have worked in New York as Field Service Engineers from December 17, 2017 to present (the "Collective List") within 20 days. Order, p. 1, ¶ 4 and p. 2, numbered ¶ 4.

      On June 28, 2021, Unisys provided a Collective List containing 172 names. On July 12, 2021, Plaintiffs' counsel mailed the Court approved notice to the collective.

      On August 13, 2021, Unisys informed Plaintiffs' counsel that an individual (Ricardo Fernandez) had been "inadvertently omitted" from the Collective List. On September 10, 2021, the opt-in period closed. Towards the end of the opt-in period, Plaintiffs became aware of two other individuals, Mr. Daniel Johnson and Mr. Wilfredo Martinez,[1] who should have been included on the Collective List, but were not. After the close of the opt-in period, during the meet and confer process, Unisys advised that, not including Mr. Martinez,[2] there were at least 4 other individuals who had been inadvertently omitted from the Collective List.

      Plaintiffs' counsel requested an explanation as to why the Collective List is incomplete. Unisys explained:

---

[1] Mr. Johnson's and Mr. Martinez's declarations are concurrently submitted herewith.
[2] Despite being confronted with evidence to the contrary, Unisys still takes the position that Mr. Johnson does not belong on the Collective List.

<u>With Regard to Mr. Ricardo Fernandez</u>. He was "terminated in October 2017 which resulted in his exclusion from the list given the opt in period starting December 17, 2017. [Unisys] then *realized*, however, that he was rehired in March 2020 and therefore should have been included[.]" (emphasis supplied).

<u>With regard to Mr. Martinez and Mr. Johnson</u>. Counsel for Unisys stated that they have "not spoken [personally] to either person regarding this action and therefore cannot comment on their assertions about working in New York. [On] June 28, 2021 their Unisys *work locations* were New Jersey. Mr. Johnson's *work location* continues to be New Jersey. After [the Collective List] was provided, Mr. Martinez's *work location* changed to New York in July 2021." (emphasis supplied).

The response regarding Mr. Martinez and Mr. Johnson suggested that Unisys prepared the Collective List based upon what it described as a "work location" regardless of whether the individual actually performed work in the state of New York. We therefore requested an explanation as to how the Collective List was prepared. Unisys explained:

[T]he Collective Contact List was derived from the Census Data List produced by Unisys. Individuals were included on the Collective Contact List based on his/her hire date and last date worked as reflected on the Census Data List as compared to the relevant date for the FLSA claim, i.e., December 17, 2017 forward. The following parameters were used to create the Census Data List: (i) dates of employment; (ii) individuals within the Service Delivery Technician job family, regardless of particular job title; and (iii) individuals employed in New York based on their Unisys assigned work location.

## **GOOD FAITH EFFORT TO RESOLVE – 37.3 CERTIFICATION**

In light of the importance of an accurate Collective List and the fact that the methodology used by Unisys to generate the Collective List did not result in the identification of all collective action members as required by the Order, we participated in a telephonic meet and confer with counsel for Unisys on October 1, 2021 during which we requested a deposition of Unisys with regard to the Collective List. On October 4, 2021, Unisys refused for four reasons: (1) "A deposition will provide no additional information as to the method used to prepare the Collective Contact List and Plaintiff has set forth no information that he would seek to obtain through such a deposition"; (2) "[S]uch a deposition would clearly infringe on information encompassed within the attorney client privilege and/or work product doctrine"; (3) "[P]laintiff has not indicated the capacity in which it would seek to depose such a person, e.g., as part of a 30(b)(6) deposition or otherwise"; and (4) since Unisys agreed to provide Plaintiffs with the names and last known mailing addresses of five additional individuals, a deposition was unnecessary.

Plaintiffs respectfully respond as follows: (1) The explanation furnished by Unisys provides virtually no factual detail or clarity as to how the Collective List was prepared or whether the methodology used actually identifies all individuals who fall within the definition of the collective; (2) Plaintiffs do not intend on deposing Unisys with regard to confidential attorney-client communications. Unisys has not identified the individual who prepared the Collective List. However, an attorney who participates in putting together a class list in response

to a court order assumes the duty, on behalf of the client, to comply with the order and is not shielded by privilege. *See Hart v. Blanchette*, No. 13-CV-6458CJS, 2019 U.S. Dist. LEXIS 55061, at *89, 110-111 (W.D.N.Y. Mar. 29, 2019); (3) Plaintiffs seek to depose (a) the individual who compiled the Collective List and identified members of the collective as required by the Order and (b) an individual prepared to testify broadly with regard to the factual issues as they concern the scope of the collective and how members of the collective class can be identified; and (4) Unisys' offer to supplement the Collective List after the end of the opt-in period does not resolve numerous issues such as why the Collective List was inadequate to begin with, whether the "amended list" is accurate and complete, how to address the delay associated with the failure to properly identify collective members, and what to do about individuals like Mr. Johnson who Unisys refuses to acknowledge as part of the collective.

## **CONCLUSION**

Unisys has acknowledged that there were at least six collective action members who were omitted from the Collective List required by the Order. If Mr. Johnson and Mr. Martinez had never come into contact with Plaintiffs' counsel, the inadequacy of the Collective List beyond the omission of Mr. Fernandez may have gone completely undetected. A deposition is necessary to determine precisely how Unisys compiled the Collective List, why the methodology used excluded members of the collective, and how an accurate list can be compiled. Plaintiffs should also be permitted to explore whether Unisys was "reasonably diligent and energetic in attempting to accomplish what was ordered." *E.I. Dupont De Nemours & Co. v. Schnur & Cohan, Inc.*, 1986 U.S. Dist. LEXIS 17901, at *5 (S.D.N.Y. Nov. 10, 1986).

We therefore respectfully request that the Court direct Unisys to produce for a deposition, within one week of this Court's order: (a) the individual who compiled the "Collective List" and identified members of the collective as required by the Order and; (b) an individual prepared to testify as to the factual issues as they relate to the scope of the collective and how members of the collective can be identified.

We make this motion for expedited discovery because: (1) all putative collective members who may be proper parties to this litigation have not yet been identified; (2) the statute of limitations continues to run absent court intervention; and (3) this Court has inherent authority to assure compliance with the Order. After the deposition we will be in a better position to inform the Court and take appropriate steps as the Court determines necessary to effectuate the broad remedial purposes of the FLSA.

Respectfully submitted,

*Paul Pagano*

Paul A. Pagano

cc: All Counsel of Record (VIA ECF)