

**Kristofor T. Henning**
Partner
T. 215-979-3846
F. 215-988-4314
khenning@mccarter.com

McCarter & English, LLP
1600 Market Street
Suite 3900
Philadelphia, PA 19103-7501
www.mccarter.com

October 8, 2021

VIA ECF

The Honorable A. Kathleen Tomlinson
100 Federal Plaza
Central Islip, NY 11722

**Re: Caccavale, et al. v. HP Inc., et al. (Case No. 20-cv-974)**

Dear Judge Tomlinson:

Defendants Hewlett Packard Enterprise Company ("HPE") and Hewlett-Packard Company n/k/a HP Inc. ("HPI") hereby oppose Plaintiffs' motion to compel. ECF 130.

Plaintiffs seek weekly pay totals to support their claim that earnings from the first week of each bi-weekly pay period were paid late for purposes of New York Labor Law § 191(1)(a)(i). ECF 43 at 3 n. 2. To that end, they seek to determine which earnings were attributable to the first week of each pay period.

To process payroll during the relevant period, HPE used Oracle's PeopleSoft through September 30, 2017, and then used SAP Global View. HPI used PeopleSoft through October 31, 2015.[1] HPE produced a report from Global View that contains weekly pay totals and, when Plaintiffs complained it was "not useful," HPE explained to Plaintiffs in detail how to identify in the report the weekly totals that they seek. Plaintiffs have conceded to the Court that the report "may be sufficient for" the period it covers. ECF 88 at 29. Plaintiffs do not seek for their consultant to discuss this period with HPE/HPI.

HPE/HPI have also produced reports containing PeopleSoft data, but those reports do not contain weekly totals. When PeopleSoft was used to process payroll, it received timekeeping data from another system called Tempus Carta. HPE/HPI have also produced reports containing Tempus Carta data. Tempus Carta maintained daily time data, but only fed such data into PeopleSoft on a bi-weekly basis (not daily or weekly), so that PeopleSoft could run bi-weekly payroll. Put simply, HPE/HPI do not have an objection to producing reports with weekly pay totals (as evidenced by HPE's production of such reports from Global View), but they cannot do so for the PeopleSoft period.[2]

---

[1] HPI has objected to discovery for the post-November 1, 2015 period. This was one of Plaintiffs' complaints in their July 9, 2021 motion to compel (ECF 88). The Court rejected that motion (ECF 90) and, to date, Plaintiffs have not re-raised that complaint with the Court.

[2] On March 19, 2021, Plaintiffs served classwide document requests with a request that "[s]canned images be produced in text-searchable .pdf format" and "electronically stored information contained in databases be produced in .csv, .xls or another format supported by Microsoft Excel." On May 17, 2021, the deadline for all parties to serve responses, HPE/HPI

While HPE/HPI are unable to produce a report with weekly totals for the PeopleSoft period (as HPE has for the Global View period), Plaintiffs can calculate such totals. HPE/HPI have explained to Plaintiffs in detail, including by walking through specific examples, how to calculate the weekly totals they seek by synthesizing the reports of PeopleSoft data (which contain bi-weekly payroll data) with the Tempus Carta reports (containing daily time data).

On August 31, 2021, Plaintiffs emailed HPE/HPI with instructions from their consultant on how to generate a report from PeopleSoft, purportedly to show weekly totals. HPE followed those instructions and generated a report but, as Plaintiffs were advised on or before September 17, that report did not contain weekly totals. HPI likewise followed those instructions but was unable to generate a report at all because the instructions did not work in its current payroll database.[3] Plaintiffs then began requesting a discussion between their consultant and HPE/HPI employees by which their consultant would ask HPE/HPI employees unidentified questions about the PeopleSoft period.

The Court should reject Plaintiffs' request, which is not supported by any legal authority,[4] for several reasons, including:

First, Plaintiffs have not offered, nor could they, any explanation for how their consultant can instruct HPE/HPI to generate reports with weekly totals for the PeopleSoft period, since no weekly pay data existed in PeopleSoft for that period. Similarly, Plaintiffs have not indicated that their consultant even believes he knows how to arrive at reports with weekly totals, or identified the information (if any) their consultant believes he needs from HPE/HPI in order to give further instructions.

Second, Plaintiffs served Rule 30(b)(6) deposition notices on August 23, 2021, which included, among many others, the topic of payroll databases. On October 4, 2021, HPE/HPI advised Plaintiffs that they would make a witness(es) available to testify about, among other topics, whether reports comparable to those produced from the

---

produced, among many other documents, payroll reports in Excel format. Accordingly, Plaintiffs' complaint that "On May 17, 2021, HP furnished, *prior to any discussion about the form of production*, 9 Excel spreadsheets…" is baffling. ECF 130 at 1 (emphasis added).

[3] Plaintiffs were unhappy with this response and began incorrectly claiming that September 17 was "the first time" they learned HPE/HPI no longer used PeopleSoft – even though on July 9 *Plaintiffs acknowledged to the Court that they had this information*. ECF 88 at 28.

[4] The *Fung-Schwartz* case Plaintiffs cite is irrelevant. The issue there was how best for one party to deliver (*i.e.*, "export, extract or download") to the other party billing data that it undisputedly had in its possession. HPI and HPE do not have the weekly totals Plaintiffs seek via PeopleSoft – and, as explained herein, have offered a 30(b)(6) deposition(s) for them to confirm as much. Likewise, the Sedona Principles do not obligate a party to produce information it does not have.

PeopleSoft period can be generated to display weekly totals. Thus, no discussion between Plaintiffs' consultant and HPE/HPI employees – *i.e.*, a pre-deposition "dry run" for Plaintiffs – is necessary or proper.

Third, Plaintiffs already have the payroll and time reports from the PeopleSoft period, from which they can calculate the weekly totals they seek. Although HPE served many of those reports on May 17, 2021, and have told Plaintiffs the calculations could be made from synthesizing the payroll reports with the time reports, Plaintiffs apparently never attempted to do so. Four months later, on September 22, Plaintiffs asked for an explanation. On September 24, during a meet and confer between counsel, HPE/HPI explained in detail, using specific examples, how Plaintiffs could make those calculations. Plaintiffs' objection to doing the math is that it is "time consuming" and individualized for each putative class member. For a putative class action that Plaintiffs claim to be worth millions of dollars, however, Plaintiffs' counsel must have expected for their work to be "time consuming."[5]

Fourth, Plaintiffs claim that when they finally started reviewing these reports and attempting the calculations, the data was incomplete and/or inaccurate. HPE and HPI produced the data they had in their possession, and addressed Plaintiffs' questions about incomplete and "inaccurate" information by providing responses and/or offering a Rule 30(b)(6) deposition on the issue(s). For current purposes, Plaintiffs offer no explanation for how their consultant can instruct HPE/HPI to generate reports that would be satisfactory to Plaintiffs, if some of the underlying data is missing[6] or – in their opinion – "inaccurate."

Accordingly, HPI and HPE respectfully request that the Court deny Plaintiffs' motion to compel.

Respectfully submitted,
*/s/ Kristofor T. Henning*
Kristofor T. Henning

cc: All counsel of record (via ECF)

---

[5] Regardless, Plaintiffs' time estimate is overblown because the PeopleSoft period is not a "five-year period." For HPI, it is a 20-month period. For HPE, it is a 3.5-year period.

[6] Plaintiffs were advised (within 4 business days of posing the question) that Tempus Carta data is unavailable for HPI between July/August 2015 and October 31, 2015. This only undermines Plaintiffs' motion: If the absence of such data for this period means Plaintiffs cannot do the math HPE/HPI explained to arrive at weekly totals, then it necessarily means that no weekly totals can be obtained through any discussion between Plaintiffs' consultant and HPI/HPE employees for that period.