

**Paul A. Pagano**
Tel: 917.589.1479
paul.pagano@moserlawfirm.com

October 12, 2021

**VIA ECF**

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
100 Federal Plaza
Central Islip, NY 117222

      Re:    *Caccavale v. Hewlett-Packard Company a/k/a HP Inc., et al.*
              2:20-cv-00974-GRB-AKT (E.D.N.Y.)

Dear Judge Tomlinson:

This firm represents Plaintiffs in the above referenced matter. Plaintiffs file this letter motion to compel discovery from Defendants Hewlett-Packard Company a/k/a HP Inc. ("HPI"), Hewlett Packard Enterprise Company ("HPE")(together "HP") and Unisys Corporation ("Unisys").

## I. DISCOVERY FROM HP AFTER NOVEMBER 1, 2015

Prior to November 1, 2015, as pertinent to this litigation, HP consisted of a single entity, Hewlett-Packard Company. Thereafter, Hewlett-Packard Company was renamed HP Inc. and a related entity, Hewlett Packard Enterprise Company, was formed.

Plaintiffs have brought "this action on behalf of themselves and all similarly situated manual workers who furnished labor to Defendants [Hewlett-Packard Company a/k/a HP Inc. and Hewlett Packard Enterprise Company]…, who were not timely paid, *inter alia*, regular and overtime wages under NYLL § 191(1)(a)[.]" ECF No. 55, second amended complaint ("SAC"), p. 1-2, ¶ 3.

Notwithstanding the foregoing, and several related allegations in the SAC,[1] HP takes the position that since the named Plaintiffs were transferred from Hewlett-Packard Company to Hewlett Packard Enterprise Company and did not remain with HP Inc., the SAC does not contain allegations pertaining to HPI post November 1, 2015 and therefore HP does not have to provide any documents or interrogatory responses pertaining to same. According to HP, an enterprise that transfers employees between separate related entities is insulated from discovery (and therefore liability) regarding any violations at the entity that the employee was transferred from after the date of transfer. Therefore, since HP transferred the Plaintiffs from HPI to HPE on or about November 1, 2015, neither Plaintiffs nor the Court should ask whether HPI continued to

---

[1] D.E. 55, p. 9, 15, 16, ¶ 80, 83, 117, 118, 119.

violate the law after that date.  Furthermore, class members employed by HPI after November 1, 2015 cannot be considered for the purposes of numerosity.  Considering that these entities are related and HP's contention that Plaintiffs were merely transferred from one company to another, we believe that HPI should not be insulated from discovery after the date of transfer.

## II.  VERIFICATION TO INTERROGATORY RESPONSES

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  FRCP 33(b)(3).  Unisys has refused to furnish a verification because it has either objected to or "answered" each interrogatory by specifying business records pursuant to Rule 33(d).  The plain language of Rule 33 does not provide an exception to the verification requirement.  Indeed, a party could potentially avoid the verification requirements entirely by simply directing the requesting party to a specific document.  For example, a simple request for the number of class members could be "answered" by specifying payroll records, but since the "answer" is not verified, there has been no representation under oath that the payroll records contain all class members.

## III.  DISCOVERY SEEKING CLASS CONTACT INFORMATION[2]:

### A.     CLASS LIST DOCUMENT REQUEST

**Request 1.** `Produce a computer readable data file containing the following information for all [class members] employed during the Relevant Time Period: name, address, telephone number, job title(s), location of employment, and dates of employment.`[3]

**HPI RESPONSE TO RFP 1:** `Defendant objects to the Request to the extent it seeks identifying and/or contact information of putative class members as premature because no class has been certified. See, e.g., Beaton v. Verizon N.Y., Inc., 2020 WL 6449235, at *2-3 (E.D.N.Y. Nov. 3, 2020) (denying as premature motion to compel identifying and contact information about putative class members and noting "a plaintiff is not automatically entitled to this information"); Duffy v. Ill. Tool Works Inc., 2018 WL 1335357, at *6 (E.D.N.Y. Mar. 15,2018) (denying motion seeking unredacted contact information of putative class members and noting putative class members are not fact witnesses to plaintiff's claims); Jenkins v. TJX Cos., Inc., 2011 WL 1563677 (E.D.N.Y. Apr. 25, 2011) (denying motion to compel contact information of putative class members as premature); Charles v. Nationwide Mut.Ins. Co., 2010 WL 7132173, at *8 (E.D.N.Y. May 27, 2010) ("follow[ing] the prevailing view in this district" and denying motion to compel contact information of putative class members as premature); Dziennik v.`

---
[2] Pursuant to Local Rule 37.1, Plaintiffs' Discovery Requests and Defendants' responses thereto are in courier font.

[3] Due to length of Defendants' objections, Plaintiffs' argument begins at page 8.

2

*Sealift, Inc.*, 2006 WL 1455464, at *2 (E.D.N.Y. May 23, 2006) (denying motion to compel unredacted employment contracts for putative class members where plaintiffs "already have sufficient information to identify the number of putative class members for class certification purposes"). Defendant will not produce identifying and/or contact information for putative class members. Plaintiffs' counsel has previously stated such information is necessary because the HPI Employees are fact witnesses. Plainly, not every HPI Employee is a fact witness to the claims of Plaintiffs Caccavale, Mangelli, Sorbie, or Billups. Moreover, to the extent any HPI Employee is a fact witness to the claims of Plaintiffs Caccavale, Mangelli, Sorbie, or Billups, the identity of such HPI Employee is known to Plaintiffs Caccavale, Mangelli, Sorbie, or Billups. Defendant further objects to the Request as vague and ambiguous as to the term "location of employment." Defendant further objects to this Request to the extent it seeks information regarding any employment of HPE Employees at locations outside of New York. Defendant further objects to this Request to the extent it purports to be limited to seeking information during the Relevant Time Period but actually seeks information that may be outside the Relevant Time Period. Defendant further objects to this Request to the extent it seeks information from the time period of November 1, 2015 until the present. Defendant further objects to this Request as it applies to the time period of February 21, 2014 until October 31, 2015 as overly broad, as unduly burdensome, and as seeking confidential information of non-party employees/former employees. Subject to and without waiving the foregoing objections, Defendant will produce for each of the HPI Employees data sufficient to show their (i) date of hire, (ii) date of separation from employment, (iii) job title(s) held for all or some portion of the time period of February 21, 2014 until October 31, 2015, to the extent it is one of the job titles listed in the definition of "HPI Employees," and the dates on which such job title(s) were held, and (iv) work address during the time period of February 21, 2014 until October 31, 2015.

**HPE RESPONSE TO RFP 1:** Defendant objects to the Request to the extent it seeks identifying and/or contact information of putative class members as premature because no class has been certified. See, e.g., *Beaton v. Verizon N.Y., Inc.*, 2020 WL 6449235, at *2-3 (E.D.N.Y.Nov. 3, 2020) (denying as premature motion to compel identifying and contact information about putative class members and noting "a plaintiff is not automatically entitled to this information"); *Duffy v. Ill. Tool Works Inc.*, 2018 WL 1335357, at *6 (E.D.N.Y. Mar. 15, 2018) (denying motion seeking unredacted contact information of putative class members and noting putative class members are not

fact witnesses to plaintiff's claims); *Jenkins v. TJX Cos., Inc.*, 2011 WL 1563677 (E.D.N.Y. Apr. 25, 2011) (denying motion to compel contact information of putative class members as premature); *Charles v. Nationwide Mut. Ins. Co.*, 2010 WL 7132173, at *8 (E.D.N.Y. May 27, 2010) ("follow[ing] the prevailing view in this district" and denying motion to compel contact information of putative class members as premature); *Dziennik v. Sealift, Inc.*, 2006 WL 1455464, at *2 (E.D.N.Y. May 23, 2006) (denying motion to compel unredacted employment contracts for putative class members where plaintiffs "already have sufficient information to identify the number of putative class members for class certification purposes"). Defendant will not produce identifying and/or contact information for putative class members. Plaintiffs' counsel has previously stated such information is necessary because the HPE Employees are fact witnesses. Plainly, not every HPE Employee is a fact witness to the claims of Plaintiffs Caccavale, Mangelli, Sorbie, or Billups. Moreover, to the extent any HPE Employee is a fact witness to the claims of Plaintiffs Caccavale, Mangelli, Sorbie, or Billups, the identity of such HPE Employee is known to Plaintiffs Caccavale, Mangelli, Sorbie, or Billups. Defendant further objects to the Request as overly broad, as unduly burdensome, and as seeking confidential information of non-party employees/former employees. Defendant further objects to the Request as vague and ambiguous as to the term "location of employment." Defendant further objects to this Request to the extent it purports to be limited to seeking information during the Relevant Time Period but actually seeks information that may be outside the Relevant Time Period. Defendant further objects to this Request to the extent it seeks information regarding any employment of HPE Employees at locations outside of New York. Subject to and without waiving the foregoing objections, Defendant will produce for each of the HPE Employees documents sufficient to show their job title(s), location of employment, and dates of employment during the Relevant Time Period.

**UNISYS RESP. TO RFP 1**: Defendant objects to Request No. 1 on the ground that it seeks irrelevant information insofar as it prematurely seeks the names, addresses, and telephone numbers of all Unisys Employees, as that term has been defined by the Requests. See *Charles v. Nationwide Mut. Ins. Co.*, No. 09 CV 94 ARR, 2010 WL 7132173, at *7 (E.D.N.Y. May 27, 2010) (declining to compel production of contact information of the putative class members as plaintiff failed to show relevance to certification issues); accord *Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003). Indeed, "[c]ourts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to

4

identify potential new clients, rather than to establish the appropriateness of certification." *Dziennik v. Sealift, Inc.*, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006) (citations omitted). Plaintiffs have failed to articulate a basis upon which this discovery is necessary to move for certification. Defendant also objects to this Request on the grounds that the definition of Unisys Employees in the Requests is vague because it does not define the term "employed in New York." Defendant further objects to this Request on the ground that it seeks information pertaining to Billups, Caccavale, and Mangelli who, as described above, have been dismissed from this action or to other employees who have signed a Release of claims with Unisys. Unisys does not provide information for such individuals in response to any of the Requests. Defendant further objects to this Request on the ground that it seeks information for individuals who remained employed by Unisys but who were on a leave of absence and therefore performed no work for Unisys during the Relevant Time Period. Unisys does not provide information for such individuals in response to any of the Requests. Subject to and without waiving its objections, Defendant produces a computer readable data excel file containing job title(s), location of employment, and dates of employment for Unisys Employees as of April 16, 2021. This document has been marked as Unisys-0194.

**Request 2.** **To the extent any [class member] employed during the Relevant Time Period has not been identified by the electronic data produced in response to the foregoing document request, please produce any and all documents providing that information in hard copy.**

**HPI RESPONSE TO RFP 2**: Defendant incorporates by reference its objections and response to Request No. 1.

**HPE RESOPNSE TO RFP 2:** Defendant incorporates by reference its objections and response to Request No. 1.

**UNISYS RESP. TO RFP 2**: *See* Response to Request No. 1

### B. CLASS LIST INTERROGATORY

**Interrogatory No. 9: Identify each [class member] employed during the Relevant Time Period by name, address, telephone number, job title(s), location of employment, and dates of employment.**

**HPI RESPONSE TO INTERROGATORY NO. 9:** Defendant objects to this Interrogatory and all its sub-parts as beyond the 25 permitted under Rule 33. Defendant further objects to this Interrogatory

5

5 E. MAIN ST., HUNTINGTON, NY 11743
WWW.MOSEREMPLOYMENTLAW.COM

seeking identifying and/or contact information of putative class members as premature because no class has been certified. See, e.g., *Beaton v. Verizon N.Y., Inc.*, 2020 WL 6449235, at *2-3 (E.D.N.Y. Nov. 3, 2020) denying as premature motion to compel identifying and contact information about putative class members and noting "a plaintiff is not automatically entitled to this information"); *Duffy v. Ill. Tool Works Inc.*, 2018 WL 1335357, at *6 (E.D.N.Y. Mar. 15, 2018) (denying motion seeking unredacted contact information of putative class members and noting putative class members are not fact witnesses to plaintiff's claims); *Jenkins v. TJX Cos., Inc.*, 2011 WL 1563677 (E.D.N.Y. Apr. 25, 2011) (denying motion to compel contact information of putative class members as premature); *Charles v. Nationwide Mut. Ins. Co.*, 2010 WL 7132173, at *8 (E.D.N.Y. May 27, 2010) ("follow[ing] the prevailing view in this district" and denying motion to compel contact information of putative class members as premature*); Dziennik v. Sealift, Inc.*, 2006 WL 1455464, at *2 (E.D.N.Y. May 23, 2006) (denying motion to compel unredacted employment contracts for putative class members where plaintiffs "already have sufficient information to identify the number of putative class members for class certification purposes"). Defendant will not provide identifying and/or contact information for putative class members. Plaintiffs' counsel has previously stated such information is necessary because the HPI Employees are fact witnesses. Plainly, not every HPI Employee is a fact witness to the claims of Plaintiffs Caccavale, Mangelli, Sorbie, or Billups. Moreover, to the extent any HPI Employee is a fact witness to the claims of Plaintiffs Caccavale, Mangelli, Sorbie, or Billups, the identity of such HPI Employee is known to Plaintiffs Caccavale, Mangelli, Sorbie, or Billups. Defendant further objects to this Interrogatory to the extent it seeks information regarding any employment of HPI Employees at locations outside of New York. Defendant further objects to this Interrogatory to the extent it purports to be limited to seeking information during the Relevant Time Period but actually seeks information that may be outside the Relevant Time Period. Defendant further objects to this Interrogatory to the extent it seeks information from the time period of November 1, 2015 until the present. Defendant further objects to this Interrogatory as it applies to the time period of February 21, 2014 until October 31, 2015 as overly broad, as unduly burdensome, and as seeking confidential information of non-party employees/former employees. Defendant further objects to this Interrogatory as vague and ambiguous as to the term "location of employment." As to the HPI Employees' job title(s), work location, and dates of employment, Defendant further objects to this Interrogatory as duplicative and because the answers may be determined by examining documents produced by Defendant, and the

5 E. MAIN ST., HUNTINGTON, NY 11743
WWW.MOSEREMPLOYMENTLAW.COM

burden of deriving the answers will be substantially the same for Plaintiffs as it will be for Defendant. Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to the document bates-stamped HPI-0000794, which includes, for each HPI Employee, (i) date of hire; (ii) job title(s) held for all or some portion of the time period of February 21, 2014 until October 31, 2015, to the extent it is one of the job titles listed in the definition of "HPI Employees," and the dates on which such job title(s) were held; (iii) work address during the time period of February 21, 2014 until October 31, 2015; and (iv) date of separation from employment.

**HPE RESPONSE TO INTERROGATORY NO. 9:** Defendant objects to this Interrogatory and all its sub-parts as beyond the 25 permitted under Rule 33. Defendant further objects to this Interrogatory seeking identifying and/or contact information of putative class members as premature because no class has been certified. See, e.g., *Beaton v. Verizon N.Y., Inc.*, 2020 WL 6449235, at *2–3 (E.D.N.Y. Nov. 3, 2020) (denying as premature motion to compel identifying and contact information about putative class members and noting "a plaintiff is not automatically entitled to this information"); *Duffy v. Ill. Tool Works Inc.*, 2018 WL 1335357, at *6 (E.D.N.Y. Mar. 15, 2018) (denying motion seeking unredacted contact information of putative class members and noting putative class members are not fact witnesses to plaintiff's claims); *Jenkins v. TJX Cos., Inc.*, 2011 WL 1563677 (E.D.N.Y. Apr. 25, 2011) (denying motion to compel contact information of putative class members as premature); *Charles v. Nationwide Mut. Ins. Co.*, 2010 WL 7132173, at *8 (E.D.N.Y. May 27, 2010) ("follow[ing] the prevailing view in this district" and denying motion to compel contact information of putative class members as premature); *Dziennik v. Sealift, Inc.*, 2006 WL 1455464, at *2 (E.D.N.Y. May 23, 2006) (denying motion to compel unredacted employment contracts for putative class members where plaintiffs "already have sufficient information to identify the number of putative class members for class certification purposes"). Defendant will not provide identifying and/or contact information for putative class members. Plaintiffs' counsel has previously stated such information is necessary because the HPE Employees are fact witnesses. Plainly, not every HPE Employee is a fact witness to the claims of Plaintiffs Caccavale, Mangelli, Sorbie, or Billups. Moreover, to the extent any HPE Employee is a fact witness to the claims of Plaintiffs Caccavale, Mangelli, Sorbie, or Billups, the identity of such HPE Employee is known to Plaintiffs Caccavale, Mangelli, Sorbie, or Billups. Defendant further objects to this Interrogatory as overly broad, as unduly burdensome, and as seeking confidential

information of non-party employees/former employees. Defendant further objects to this Interrogatory as vague and ambiguous as to the term "location of employment." Defendant further objects to this Interrogatory to the extent it purports to be limited to seeking information during the Relevant Time Period but actually seeks information that may be outside the Relevant Time Period. Defendant further objects to this Interrogatory to the extent it seeks information regarding any employment of HPE Employees at locations outside of New York. As to the HPE Employees' job title(s), work location, and dates of employment, Defendant further objects to this Interrogatory as duplicative and because the answers may be determined by examining documents produced by Defendant, and the burden of deriving the answers will be substantially the same for Plaintiffs as it will be for Defendant. Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to the documents bates-stamped HPE-0001647-2781.

**UNISYS RESPONSE TO INTERROGATORY NO. 9:** Defendant objects to this interrogatory as it is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that the information being sought is not relevant to Plaintiff Sorbie's FLSA claim. Notwithstanding said objections and without waiving same, Defendant refers Plaintiff to (1) Defendant's document production in response to Document Request Nos. 1 and 7 of Plaintiffs' Interrogatories and Requests For Production of Documents to Defendant Unisys Corporation; and (2) the contact list to be produced by Unisys pursuant to Plaintiff Sorbie and Unisys' May 7, 2021 Stipulation and [Proposed] Order Regarding Conditional Certification, Issuance of Collective Action Notice and Disclosure of Contact Information.

### C. CLASS CONTACT INFORMATION: WHY THE PLAINTIFFS SHOULD PREVAIL AND WHY THE RESPONSES ARE INADEQUATE

Defendants should respond without objection to Plaintiffs' Requests for Production 1 and 2 and Interrogatory 9 seeking complete and accurate class and contact information. Indeed, a recent case in the Eastern District supports exactly that. In *Thompson v. Glob. Contact Servs., LLC*, No. 20-CV-651-MKB-SJB, 2021 U.S. Dist. LEXIS 57589, at *2-5 (E.D.N.Y. Feb. 16, 2021) the Court noted that "[c]ases following *Wal-Mart* 'emphasize the importance of adjudicating a class motion only after class-related discovery is complete, discovery that often overlaps substantially with the merits'" and that, "[t]o the extent the records [plaintiff] seeks relate to putative class members—among other things, names, contact information, hours and pay information—they all bear on class certification, [may be] sought, and must be produced."

**In March 2021, the parties agreed *not* to bifurcate discovery.**[4] Now the Defendants are refusing to furnish names and contact information that are relevant to Plaintiffs' motion for class certification prior to class certification. Consistent with the agreement not to bifurcate discovery, the Court has not set separate tracks for individual and class based discovery.

**The Information is Relevant to Class Certification.** Here, the Plaintiffs are required to show that Plaintiffs and class members are "manual workers" under NYLL 191 and thereby entitled to their wages weekly and within 7 days after the end of the workweek in which such wages were earned. Section 190(4) of the New York State Labor Law only defines a "manual worker" as "a mechanic, workingman or laborer." In some cases, the NYS DOL has categorically declared that certain job titles are classified as "manual workers."[5] In other instances, the NYS DOL has found that the term "manual worker" "includes employees who spend more than 25 percent of their working time performing physical labor."[6] Furthermore, if the Court finds that whether the Plaintiffs were manual workers is purely a question of statutory interpretation, the agency's interpretation is not entitled to deference. *See Matter of Buffalo Council of Supervisors & Adm'rs, Local #10 v. Cash*, 2019 NY Slip Op 05895, ¶ 2, 174 A.D.3d 1462, 1465, 106 N.Y.S.3d 484, 487 (App. Div. 4th Dept.)**.**

Defendants deny that the Plaintiffs or those similarly situated are "manual workers" and have made it clear that they will vigorously contest class certification. Also, Unisys has explicitly stated that contact with the class members is critical in determining the propriety of class certification:

> Unisys plans to show, *inter alia*, that the putative members of the Unisys Class are not 'manual workers' under N.Y. Lab. Law § 191(a)(1), and that despite their similar job titles, they are not similarly situated because they performed different tasks, at different locations, for different customers, and fixed different types of software and hardware computer issues (among other individualized issues). <u>Without obtaining [. . .] information from the individual members of the Unisys Class,</u> Unisys will be hindered in [. . .] showing [that the class members are not manual workers and are not similarly situated], especially since the members of the Unisys Class largely worked off site and have a self-evident incentive to exaggerate their time spent performing 'physical' labor.[7]

**Defendants benefit by unequal access to the class.**[8] Since it is Plaintiffs' burden to establish

---

[4] Counsel for HP acknowledged at a March 5, 2021 conference that because "there is an intermingling of merits and class certification discovery", the parties should "get as much as we can done…in one process" (See ECF No. 75, 12:11-15), and that with regard to class discovery, "as long as the burden is not enormously different [. . .] we'd prefer to do this one time." (ECF No. 75, 13:2-4). Unisys agreed with this position (ECF No. 75, 13:7-13). The Court directed that if the parties could not reach an agreement as to the bifurcation of discovery, they should report back to the Court in short order. (ECF No. 75, 13:14-23). On March 10, 2021, the parties agreed not to bifurcate discovery.

[5] See NYS DOL Opinion Letter RO-08-0139 ("Cooks and wait staff, as you may well know, are classified as "manual workers").

[6] See NYS DOL Opinion Letter RO-09-0066.

[7] See Letter Motion for Discovery by Unisys dated July 9, 2021 (ECF No. 85), at 5 (emphasis supplied).

[8] Unisys has provided a collective list, but under the terms of the agreement between the parties, Plaintiffs' counsel is prohibited from using the list for any purpose other than effectuating collective

the Rule 23 requirements, the Defendants benefit from Plaintiffs' lack of access to the classes. Plaintiffs should be granted access to the classes to determine whether the Rule 23 requirements are met. *Khalilpour v. CELLCO P'ship,* No. 09 Civ. 2712, 2010 U.S. Dist. LEXIS 43885 at *7 (N.D. Cal. Apr. 1, 2010) ("With the names, addresses and telephone numbers of the putative class members, Plaintiff can contact these individuals to ascertain whether common questions of law exist, and evaluate the typicality of claims between the Plaintiff and other claimants."); *Babbitt v. Albertson's, Inc.*, No. C-92-1883 SBA (PJH), 1992 U.S. Dist. LEXIS 19091, at *17 (N.D. Cal. Nov. 30, 1992)("Defendant has access to this information, and plaintiff should have the same access. Furthermore, the information could lead to the discovery of admissible evidence relevant to the class certification issue."). Defendants may say that they will not submit any declarations in opposition to the motions for class certification from class members. This doesn't help the Plaintiffs in meeting their burden of proof or excuse class counsel from its obligation to investigate and inform the Court whether the Plaintiffs and class members are in fact "similarly situated." *See Youngblood v. Family Dollar Stores, Inc.*, 2011 U.S. Dist. LEXIS 52821, at *8 (S.D.N.Y. Jan. 5, 2011)("In this case, Plaintiffs clearly will not be able to prove the similarity in class members' 'actual duties' without contacting members of the putative class.").[9]

**The states wherein the Plaintiffs and putative class members worked on a daily basis along with the wages earned in each state are important to determine coverage under NYLL § 191 and the resulting damages.** As the NYLL is silent about its extraterritorial application, courts in this Circuit have held that it does not apply to work performed outside of New York State. *Rosales v. Low Bid, Inc.*, No. 17-CV-3183 (ADS)(SIL), 2018 U.S. Dist. LEXIS 112128, at *19 (E.D.N.Y. July 3, 2018)(compiling cases). To date, the Defendants have not furnished the requested information concerning daily work locations and wages earned in each state.

**Defendants' Objections are Without Merit and the Responses Inadequate.** In addition to the forgoing, Plaintiffs raise the following regarding Defendants' objections: (1) the cases cited by Defendants are inapplicable or otherwise distinguishable. *Jenkins, Charles, and Dziennik* were all decided pre *Wal-Mart* and all of Defendants' cited cases turn on facts not present here such as the failure to offer an explanation as to why the identification of class members was important and/or a failure to utilize other discovery devices.[10])[11]; (2) using a myriad of definitional objections to avoid production of documents is inconsistent with local rule 26.4(b) which states that "[d]iscovery requests shall be read reasonably" and as the terms "location of employment" (referring to where a given employee performed work on a given day) and "employed in New York" (referring to performing work in New York) are self-evident; (3) all information sought is

---

action notice. Plaintiffs' counsel is prohibited from using the list to contact class members to test the validity of the defense raised by Unisys – namely, that the job duties varied to such an extent that commonality cannot be established.

[9] In this case, Plaintiffs believe that any information obtained from the class will be used to supplement class-wide proof, not substitute for it.

[10] *See Jenkins v. TJX Cos.*, 2011 U.S. Dist. LEXIS 44372, *6-7 (E.D.N.Y. Apr. 25, 2011); *Charles v. Nationwide Mut. Ins. Co.*, 2010 U.S. Dist. LEXIS 143487, *22-23 (E.D.N.Y. May 27, 2010); *Dziennik v. Sealift, Inc.*, 2006 U.S. Dist. LEXIS 33011, *6-7 (E.D.N.Y. May 23, 2006); *Beaton v. Verizon N.Y., Inc.*, 2020 U.S. Dist. LEXIS 205013, *7-9 (E.D.N.Y. Nov. 2, 2020); *Duffy v. Ill. Tool Works Inc*, 2018 U.S. Dist. LEXIS 42859, *17-18 (E.D.N.Y. Mar. 15, 2018.

[11] *Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694 (M.D. Ala. 2003), cited by Unisys, is an old case out of Alabama devoid of any meaningful factual detail and has no bearing on the instant litigation.

for the relevant time period; (4) the class members are all fact witnesses and are in position to testify about work performed and the timing of payment; (5) to the extent information sought is confidential that does not mean it is not discoverable and there is a confidentiality agreement in place; (6) Defendants have not demonstrated, by affidavit or other evidence, how the requests are overly broad or unduly burdensome; (7) the requests do not seek information pertaining to people who did not perform work during the relevant time period; (8) disclosure pertaining to those who signed releases is necessary as said releases are potentially invalid as to the FLSA; (9) Plaintiffs' interrogatories do not exceed the permitted number; (10) the documents Defendants have produced are insufficient to obtain the necessary answers; (11) the burden of deriving answers is substantially higher for Plaintiffs who do not have access to the same programs and data as Defendants; and (12) Plaintiffs' counsel will not use the contact information for an improper purpose, such as solicitation.[12]

## IV. DISCOVERY OF WORKERS' COMPENSATION INFORMATION

### A. WORKERS' COMPENSATION DOCUMENT REQUEST

**Request 5.** `Documents concerning the worker's compensation classifications of the [Plaintiffs and the Classes] during the Relevant Time Period.`

**HPI RESPONSE TO RFP 5:** `Defendant objects to this Request as seeking irrelevant information not proportional to the needs of this case. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request to the extent it seeks information from the time period of November 1, 2015 until the present. Subject to and without waiving the foregoing objections, the workers' compensation codes assigned by HPI to the titles listed in the definition of HPI Employees are as follows:`

| JOB TITLE | WORKERS' COMPENSATION CODE |
|---|---|
| Field Technical Spt Rep I | USA-5191[13] |
| Field Technical Spt Rep II | USA-5191 |
| Field Technical Spt Rep III | USA-5191 |
| Field Technical Spt Rep IV | USA-5191 |

---

[12] Defendants have suggested that Plaintiffs' counsels' website, which contains information and an invitation to submit contact information, is indicative of an improper purpose. The website is constitutionally protected speech. (*See Shapero v. Kentucky Bar Ass'n*, 486 U.S. 466, 472, 108 S. Ct. 1916, 100 L. Ed. 2d 475 (1988)) and Defendants have not pointed to any information on the website that they believe is improper, nor have they requested that the information be modified or removed. Therefore, it is improper to raise any of these issues with the Court.

[13] Plaintiffs' note: According to the National Council on Compensation Insurance (NCCI), which prepares the US Workers' Compensation classifications, US-5191,"contemplates the installation, inspection, adjustment or repair of all types of office machines such as, but not limited to, calculators, computers and computer-related equipment (modems, printers, etc.), copy machines, fax machines, microfilm equipment, postage machines and typewriters."

| Field Technical Spt Rep V | USA-5191 |
| VSB Technical Support Rep I | USA-8810[14] |
| VSB Technical Support Rep II | USA-8810 |
| VSB Technical Support Rep III | USA-8810 |

**HPE RESPONSE TO RFP 5:** Defendant objects to this Request as seeking irrelevant information not proportional to the needs of this case. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, the workers' compensation codes assigned by HPE to the titles listed in the definition of HPE Employees are as follows:

| JOB TITLE | WORKERS' COMPENSATION CODE |
|---|---|
| Field Technical Spt Rep I | USA-5191 |
| Field Technical Spt Rep II | USA-5191 |
| Field Technical Spt Rep III | USA-5191 |
| Field Technical Spt Rep IV | USA-5191 |
| Field Technical Spt Rep V | USA-5191 |
| VSB Technical Support Rep I | USA-8810 |
| VSB Technical Support Rep II | USA-8810 |
| VSB Technical Support Rep III | USA-8810 |

**UNISYS RESP. TO RFP 5:** Defendant objects to Request No. 5 on the grounds that it is burdensome, disproportionate to the needs of the case, and seeks irrelevant information. More specifically, the salient issues in this litigation concern frequency of pay and whether Plaintiff Sorbie and others similarly situated to him were "manual worker[s]" within the meaning of N.Y. Lab. Law § 191. Workers' Compensation classification codes are used to determine industry injury rates and premium costs. According to the New York State Insurance Fund, "Each business is assigned a governing code based on the company's line of business, not the various jobs within that company." See https://ww3.nysif.com/en/Employer/WCpolicyholder/AboutYourBill/WhatAffectsPremium (last visited, Apr. 12, 2021). As such, because such classifications have nothing to do with job duties or frequency pay, they are not "relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Defendant also objects to this Request on the grounds that the definition of Unisys Employees in the Requests

---

[14] Plaintiffs' note: Code 8810 applies to "clerical office employees whose duties include creation or maintenance of financial or other employer records, handling correspondence, computer composition, technical drafting, and telephone duties, including sales by phone."

is vague because it does not define the term "employed in New
York." Defendant further objects to this Request to the extent
it can be construed as requiring a search of certain
electronically stored information on the grounds that it does
not provide any reasonable proposal for a search such as time
frame, custodians, search terms, sources, etc. Defendant
further objects to this Request on the ground that it seeks
information pertaining to Billups, Caccavale, and Mangelli who,
as described above, have been dismissed from this action or to
other employees who have signed a Release of claims with Unisys.

### B. WORKERS' COMPENSATION INFORMATION: WHY THE PLAINTIFFS SHOULD PREVAIL AND WHY THE RESPONSES ARE INADEQUATE

Documents concerning the workers' compensation classification of the Plaintiffs and class members are highly relevant to (1) class certification, and (2) the merits of the Plaintiffs' claims that they were "manual workers." All of the Defendants' objections are without merit.

**Defendants are required by law to keep workers' compensation classification information.** The Defendants are required by law to "keep a true and accurate record of the number of […] employees, the classification of employees, [. . .] and the wages paid [. . .] for a period of four years…" *See* NY Workers' Comp. Law § 131 (entitled "Payroll records"). These records must be made available for inspection by the New York State Workers' Compensation Board. *Id.*

**The Defendants are also required by insurance carriers to furnish information concerning the classification of employees.** When applying for and renewing workers' compensation insurance, New York employers make representations to the carrier including: (1) job titles, (2) the duties of each job title, (3) the number of employees holding each title, and (4) the annual combined payroll for each title. Accurate reporting of worker classifications and payroll is essential. Knowing misclassification by an employer to a workers' compensation carrier is a Class E Felony. N.Y. Workers' Compensation Law § 114(2). Misclassification can cost the employer higher premiums.

**Unisys's reliance on guidance from the New York State Insurance Fund (NYSIF) is misplaced for two reasons.** First, the NYSIF is an insurance carrier. The Defendants are not insured by the NYSIF. Therefore, "guidance" from the NYSIF is inappropriate. Second, even if a particular employer is assigned a "governing code" after review of an insurance application, this does not relieve the employer of the duty to make accurate representations regarding the composition and duties of its workforce to the carrier. Indeed, <u>even the NYSIF requires employers to furnish (1) the type of work performed by employees, (2) the duties performed by such employees, (3) the number of employees performing each type of work, and (4) the annual payroll for each type of work.</u> Page 5 of the NYSIF Workers' Compensation Insurance Application form is annexed hereto as Exhibit. 1.

**Contrary to Defendants' assertions, documents concerning the workers' compensation classification of the Plaintiffs and the classes are relevant to both class certification and the merits of the case.** Whether Defendants classified class members together for workers'

13

compensation purposes goes to whether they are similarly situated with regard to their duties. The classification also goes to the merits of Plaintiffs' claim that they were "manual workers." The documents will contain payroll information which can be used to cross-reference and verify other payroll records furnished by the Defendants. Also, the records go to numerosity because the employer must keep records of the number of workers in each classification.

**The Defendants' disclosure of the workers' compensation classifications is a good start, but not enough.** HP improperly converts the document request to an "interrogatory", but does not verify the response. Unisys provided its pertinent workers' compensation classifications in an email. There is no legitimate basis for withholding the documents which concern the workers' compensation classifications of the class which we believe may include, but are not limited to: (1) applications for insurance and renewals thereof; (2) internal documents concerning the workers' compensation classifications of the classes; (3) records kept by the Defendants as required by NY Workers' Comp. Law § 131; (4) insurance policies; (5) communications between the Defendants and their carriers, and (6) records of audits.

**As to Defendants' objections:** (1) they fail to state which documents are purportedly covered by attorney-client privilege and/or work product doctrine; (2) they do not explain by affidavit or other evidence, how the request is burdensome or disproportionate to the needs of the case; (3) the definitional objection regarding the meaning of the term "employed in New York" is improper; (4) the document demand is not an improper request for electronically stored information; and (5) even if a person has signed a release his or her classification is still an indicator of commonality.

## V. INTERROGATORY CONCERNING GOOD FAITH DEFENSE

### A. INTERROGATORY TO UNISYS REGARDING NYLL § 191(1)(A)

```
Interrogatory No. 8:
State the date on which the Defendant became aware of the
requirement to pay manual workers weekly under NYLL § 191.

Response to Interrogatory No. 8

Defendant objects to Interrogatory No. 8 to the extent that it
seeks information in response to Plaintiff's improper legal
conclusion that: (1) Plaintiff Sorbie or the members of the
putative class are or were "manual workers" as defined by the
New York Labor Law ("NYLL"), or (2) Defendant was "required" to
pay such workers on a weekly basis pursuant to NYLL § 191.

Defendant further objects to this interrogatory as it seeks
information not reasonably calculated to lead to the discovery
of admissible evidence, and is not relevant to the claims in
this lawsuit.
```

**B.      WHY PLAINTIFFS SHOULD PREVAIL**

The interrogatory asks a very simple factual question: "When did Unisys become aware of the requirement to pay manual workers weekly under NYLL 191?"  The question is directly relevant to, Unisys' affirmative defenses of good faith.[15]   Integral to a determination of whether Defendant Unisys acted in good faith is if and when Unisys attempted to understand and comply with NYLL § 191(1)(a).  Therefore, Unisys' objections that the interrogatory seeks information pertaining to Plaintiffs' legal conclusions and seeks irrelevant and otherwise non-discoverable information are without merit.

**CONCLUSION**

Plaintiffs respectfully request that Defendants be directed to furnish amended responses and produce all responsive documents concerning Document Requests 1, 2, and 5 without objection.  Plaintiffs further request that the Defendants be directed to respond to interrogatory 9 without objection.  Plaintiffs also seek an order compelling discovery from HP for the period after November 1, 2015 and directing Unisys to provide a verification and respond to interrogatory 8 without objection.

Respectfully submitted,

*Paul Pagano*

Paul A. Pagano

cc: All Counsel of Record (VIA ECF)

---

[15] Unisys' tenth affirmative defense is "To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the NYLL, Plaintiff's claims are barred in whole or in part by the provisions of NYLL § 198[,]" and its eleventh affirmative defense is "Defendant asserts a lack of willfulness or intent to violate the NYLL as a defense to any claim by Plaintiff for liquidated damages to the extent it acted in good faith to comply with the NYLL and with reasonable grounds to believe that its actions did not violate the NYLL."

5 E. MAIN ST., HUNTINGTON, NY 11743
WWW.MOSEREMPLOYMENTLAW.COM