

**Paul A. Pagano**
Tel: 917-589-1479
paul.pagano@moserlawfirm.com

October 25, 2021

**VIA ECF**

U.S. Magistrate Judge James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 117222

      Re:    *Caccavale v. Hewlett-Packard Company a/k/a HP Inc., et al.*
                2:20-cv-00974-GRB-AKT (E.D.N.Y.)

Dear Judge Wicks:

      We are very sorry to hear of the recent passing of Magistrate Judge Tomlinson, a kind and wise jurist. We understand that the instant matter has been reassigned to Your Honor.

      We write to respectfully request: (1) an extension of Plaintiffs' time to seek intervention on any outstanding discovery issues until a date specified by the Court; (2) an extension of the deadline to complete named Plaintiffs'/Defendants' 30(b)(6) depositions until a date specified by the Court; and (3) that the Parties be directed to be prepared to argue all outstanding discovery motions on November 23, 2021, the date oral argument is scheduled for Plaintiffs' motion to compel an expedited deposition of Unisys regarding the collective list and Plaintiffs' motion to compel a good faith meet and confer between Plaintiffs, HP, and their ESI Consultants/Technical Employees (Docket Entries 129 and 130).

      To date, Plaintiffs have filed three motions: (1) on October 5, 2021, Plaintiffs filed a motion for an order compelling an expedited deposition of Unisys concerning the adequacy of the collective list (D.E. 129);[1] (2) also on October 5, 2021, Plaintiffs filed a motion for an order compelling the HP Defendants to participate in a good faith meet and confer regarding ESI (D.E. 130);[2] and (3) on October 12, 2021, Plaintiffs filed a motion to compel: (i) discovery from the HP Defendants regarding Hewlett-Packard Company a/k/a HP Inc.'s ("HPI") employees after November 1, 2015; (ii) Unisys to verify its interrogatory responses; (iii) class information; (iv) workers' compensation information; and (v) a response to an interrogatory posed to Defendant Unisys regarding the date on which it became aware of the requirement to pay manual workers weekly under NYLL § 191 (D.E. 134).[3]

      In addition, Plaintiffs anticipate that the following motions will be filed in short order:

---

[1] Opposed by Unisys on October 8, 2021 (D.E. 132).
[2] Opposed by HP on October 8, 2021 (D.E. 131).
[3] Opposed by all Defendants on October 15, 2021 (D.E. 135 & 136).

1. Defendants' motions for protective orders concerning their 30(b)(6) depositions; and
2. Plaintiffs' motion to compel payroll records and discovery responses for all individuals who performed work in New York.

## CURRENT OUTSTANDING ISSUES

By docket order dated September 27, 2021, Magistrate Judge Tomlinson set a "deadline of October 27, 2021 for the parties to seek intervention on any outstanding discovery disputes[,]" and advised that "[a]ny issues not raised by this date will be deemed waived." Unfortunately, until the aforesaid motions are decided it is impossible to determine the scope of the outstanding discovery disputes. Specifically:

1. <u>Unisys' discovery production is incomplete and the scope of the Unisys class and collective is unknown</u>. In responding to Plaintiffs' discovery requests, Unisys created, for purposes of this litigation, a "Census Data List." That list was put together by querying a database of employees for "(i) dates of employment; (ii) individuals within the Service Delivery Technician job family, regardless of particular job title; and (iii) individuals employed in New York based on their Unisys assigned work location."[4] Unisys then used the Census Data List as its guiding light with respect to its production, only providing documents for individuals on that list and only answering interrogatories regarding the individuals on that list. Unisys also used the Census Data List as the basis of its Collective List which Unisys has, on at least two occasions, conceded was incomplete as it was missing six individuals. In sum, both the Census Data List and Collective List are incomplete. Unless and until Plaintiffs are permitted to conduct a deposition of the individual who put together the Collective List (D.E. 129), Plaintiffs will not have an appreciation for how many class and collective members exist and were excluded from Unisys' discovery production.

2. <u>The HP Defendants' discovery production is incomplete and the scope of the HP classes is unknown</u>. As discussed in Plaintiffs' motion to compel a meet and confer with Plaintiffs' ESI consultant and his counterparts at the HP Defendants (D.E. 130), HP has declined to participate in the suggested meet and confer, and so the scope of ESI in the HP Defendants' possession, custody and control is as yet unknown. Moreover, as discussed therein and in Plaintiffs' forthcoming motion to compel payroll records, the HP Defendants' production of time and payroll records is incomplete and inaccurate. Further, as evidenced by Plaintiffs' October 12, 2021 motion to compel, the HP Defendants have refused to respond to interrogatories or produce responsive documents concerning HPI employees on or after November 1, 2021. The number of such employees is unknown and no documents have been produced for same. Yet still, this case is brought on behalf of classes consisting of "Field Service Engineers" employed in the State of New York, and alleges that the class members "work, or have worked, in the State of New York[.]" D.E. 55, p. 11, ¶ 90. However, counsel for HP advised for the first time on October 18, 2021, that HP does not consider individuals who performed some work in New York but more work outside of New York as being employed in the State of New York. Therefore, no discovery has been produced for such individuals and

---

[4] Quote from Unisys' counsel's September 30, 2021 email to the undersigned.

they have been excluded from the HP classes by the HP Defendants. The number of such individuals is unknown.

In sum, until the aforesaid motions are decided, deposition(s) and meet and confers are held, and additional documents produced, Plaintiffs will not know the true scope of the classes and collective or the HP Defendants' available ESI and will be unable to determine the scope of outstanding discovery. Therefore, Plaintiffs respectfully request an extension of Plaintiffs' time to seek intervention on any outstanding discovery issues.

### NAMED PLAINTIFFS'/DEFENDANTS' 30(B)(6) DEPOSITIONS

By order dated September 27, 2021, Magistrate Judge Tomlinson set a deadline of December 14, 2021 to complete depositions. In addition to the issues raised by Plaintiffs' previously filed motions (D.E. 129, 130, and 134), additional issues will be raised by Plaintiffs' anticipated motion to compel payroll records. Furthermore, the Defendants have objected to numerous 30(b)(6) topics and are poised to file motions for protective orders. The decisions on these motions will have a profound effect on the scope of the depositions and the relevant documents to be marked and used at the depositions. This will in turn likely affect the preparation of the witnesses for the depositions. Therefore, Plaintiffs' respectfully request an extension of the deadline to complete named Plaintiffs'/Defendants' 30(b)(6) depositions.[5]

### ORAL ARGUMENT

On October 22, 2021, Your Honor ordered that oral argument be held on Plaintiffs' motions to compel (D.E. 129 and 130) on November 23, 2021. In the interest of judicial economy and the fact that many issues in the motions overlap, Plaintiffs respectfully request that the parties be directed to argue all outstanding discovery motions on November 23, 2021.

In closing, the original deadline for seeking Court intervention on discovery disputes was May 17, 2021, while the original deadline for named Plaintiffs'/Defendants' 30(b)(6) depositions was September 30, 2021. There have been 3 prior requests for an extension of the deadline to seek Court intervention and 1 prior request for an extension of the deadline to conduct party depositions. The previous extensions were all granted. While Defendants have consented to Plaintiffs' request to adjourn the deadline for the named Plaintiffs'/Defendants' 30(b)(6) depositions, Defendants will not consent to an extension of the deadline to seek Court intervention as they believe all currently existing disputes between the parties should be before Your Honor at the same time by the October 27 deadline.

Plaintiffs thank the Court for its consideration of the foregoing.

Respectfully submitted,
*Paul Pagano*
Paul Pagano

---

[5] Judge Tomlinson's September 27, 2021 order provided that the deadlines to seek Court intervention and to complete named Plaintiffs'/Defendants' 30(b)(6) depositions would not be extended under any circumstances. Plaintiffs have done their best to comply with the Court's orders, engaging in approximately **_20_** meet and confers with Defendants. Notwithstanding their efforts, extensions of the deadlines are necessary for the reasons set forth.