

EPSTEIN
BECKER
GREEN

Attorneys at Law

Kenneth DiGia
t 212.351.4610
f 212.878.8600
KDigia@ebglaw.com

October 26, 2021

**VIA ECF**

Honorable James M. Wicks
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: *Caccavale, et al. v. Hewlett-Packard Company a/k/a HP Inc., et al.*
     Civil Action No.: 2:20-cv-00974 (GRB)(JMW)

Dear Judge Wicks:

   Unisys Corporation writes pursuant to the Court's Individual Rules of Practice and Local Rules 37.1 and 37.3 to request that a protective order be issued, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, precluding certain of Named Plaintiff Douglas Sorbie's Rule 30(b)(6) deposition topics in this wage-and-hour action in which the issues are simply, as Plaintiff puts it: "(1) whether the members of the class were paid weekly and within 7 days after the end of the workweek in which such wages were earned as required by NYLL 191, and (2) whether the class members were 'manual workers.'"[1] Unisys respectfully submits that the deposition notice Topics/subtopics discussed herein should be limited.[2]

---

[1] Unisys has followed the format outlined in Local Rule 37.1 and during the parties' March 5, 2021 conference, *i.e.*, Unisys has "set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed" and not attached the underlying papers pertaining to such requests. (Local Rule 37.1*; see also* Mar. 5, 2021 Tr. at 6-7; ECF Doc. 90 at 2.) Proceeding in this fashion results in approximately 20 pages devoted to the recitation of such sections and only approximately 16 pages devoted to a description of the dispute and legal argument (which includes a document listing Plaintiff provided in partial resolution of a dispute, which consumes over one full page) which addresses 13 separate Topics. Thus, Unisys respectfully requests that, as discussed during the parties' March 5 conference, and consistent with Plaintiff's previously filed motions to compel discovery which were not limited to three pages, the three-page limitation on such submissions do not apply. (*Id.* at 6-7; ECF Docs. 87, 134.)

[2] As set forth herein, pursuant to Local Rule 37.3(a) and Fed. R. Civ. P. 26(c)(1), Unisys certifies that it has conferred in good faith with counsel for Plaintiff in an effort to resolve the issues raised. The parties made significant progress and, through these efforts, resolved many of the issues, particularly when reviewed against the scope of the Topics/subtopics initially proffered. Certain issues, however, remain.

Plaintiff first served his Rule 30(b)(6) deposition notice on August 23 listing 8 Topics. On August 31, Unisys set forth its detailed objections to that Notice in a six-page letter and requested a "meet and confer" with counsel for Plaintiff.

Honorable James M. Wicks
October 26, 2021
Page 2


## I.      Topic 1

The factual bases for the admissions, denials, partial admissions, partial denials, statements of fact and statements of lack of knowledge or information sufficient to form a belief about the truth of an allegation contained in Unisys's Answer to Plaintiffs' Second Amended Complaint.

### A.      Unisys's September 13 Response

Topic 1 is vague, ambiguous, not reasonably particular, imprecise, burdensome, and harassing insofar as it seeks testimony from a witness regarding every single response to every single allegation in Plaintiff's Second Amended Complaint. Indeed, as drafted, this Topic seeks a witness to testify about its responses to the allegations in the SAC directed solely to the other defendants in this action.

As you are aware, the Complaint is 21 pages and contains 153 separately numbered paragraphs, many of which contain multiple factual assertions. Seeking testimony regarding every single allegation does not comply with the "reasonable particularity" requirement of Rule 30(b)(6), nor is it reasonably proportional to the needs in this case.  While the pleadings broadly set the parameters of discovery and relevance in any case, proposing topics such as "[t]he factual bases for [every response] . . . in Unisys's Answer to Plaintiffs' Second Amended Complaint" is simply too vague to comply with Rule 30(b)(6)'s requirement that the subject matter for examination be "described with reasonable particularity." *See, e.g., Kemp v. CSX Transportation*, No. 119-CV-612 DNH DJS, 2020 WL 8461515, at *1 (N.D.N.Y. Oct. 23, 2020) (declining to direct defense counsel to produce a witness concerning "'all facts, witnesses, and documents on which Defendant bases the denials found in its Answer to the Complaint'"); *In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (finding "Rule 30(b)(6) deposition notice requesting that Xerox produce a corporate witness to testify about facts supporting numerous paragraphs of Xerox's denials and affirmative defenses in its Answer and Counterclaims" to be improper; producing witnesses on such topics would be "overbroad, inefficient, and unreasonable"). Unisys

---

Plaintiff responded the same day stating that he would provide "further specificity with respect to some of the topics listed in the notices" by the end of the week and requested Defendant's availability to meet and confer the following week, *i.e.*, the week of September 6. On the evening of Friday, September 3, Plaintiff served a new notice with five new topics and greatly expanding the scope of the Topics previously served by adding a non-exclusive list of 91 topics which he termed "subtopics." Unisys offered to discuss the issues on the afternoon of Thursday, September 9.  On Monday, September 13, Unisys wrote to Plaintiff outlining its concerns with his September 3 deposition notice Topics/subtopics in a 13-page letter and offered to meet and confer regarding these issues.  The parties first discussed Plaintiff's September 3 deposition notice on Monday, September 20 in an effort to resolve these issues without Court intervention. That discussion lasted approximately 75 minutes and was attended by Paul Pagano, counsel for Plaintiff, and Kenneth DiGia and Jeffrey Ruzal, counsel for Unisys. The discussion resulted in the resolution of certain, but not all, of the issues raised by Unisys.  The parties' counsel (Pagano, Steven Moser, DiGia, and Ruzal) conferred again on October 1 for approximately 70 minutes.  They made progress and resolved additional issues. On October 13 and 14, counsel for the relevant parties exchanged detailed emails outlining the remaining issues and status of the Topics/subtopics. Counsel for the parties (Pagano, DiGia, and Francesco DeLuca, another attorney with DiGia and Ruzal's firm who is in the process of preparing a Motion for Admission *Pro Hac Vice*) spoke again on October 15 for approximately 105 minutes and made further progress on narrowing their areas of disagreement. Counsel (Pagano, Moser, DiGia, Ruzal, and DeLuca) spoke for a final time on October 21, for approximately 15 minutes. The unresolved issues are set forth herein.

Honorable James M. Wicks
October 26, 2021
Page 3

also objects to this Topic to the extent it seeks information/communications protected by the attorney-client privilege and/or work product doctrine.

In addition, certain of Unisys's responses, to be sure, are based on legal issues and interpretation of the applicable law. As such, they raise purely legal issues and therefore the attempt to discover such facts through a 30(b)(6) deposition is inappropriate.

It is not possible to reasonably prepare a witness to testify regarding each and every of the 153 responses in Unisys's Answer. Unisys will not produce a witness for this Topic.

###     B.     Current Status, Dispute, Legal Argument

Through the parties' efforts, they narrowed this Topic to the following: Unisys's responses to paragraphs 54, 56, 60, 61-69, 72, 74-80 (to the extent they pertain to Unisys), 82, 83, 88-98 (class action allegations to the extent they pertain to Unisys), 101-110, 131-136, 139, 140, 143, 144, and 145. Plaintiff further limited these allegations to Named Plaintiff Sorbie, as the three other Named Plaintiffs are not asserting claims against Unisys, and for those allegations concerning the duties performed by Unisys Employees: to those performed by Named Plaintiff Sorbie, the 33 individuals who opted into the Fair Labor Standards Act ("FLSA") collective, and the positions/job titles at issue as set forth for the Unisys Employees in the Census Data produced by Unisys.

*Dispute***:** Paragraphs 72, 74-80 and 131-136 (to the extent testimony is sought regarding specific individuals beyond Named Plaintiff Sorbie as opposed to the duties of the positions/job titles as set forth for the Unisys Employees in the Census Data produced by Unisys), 88-98, and 103.

Unisys should not be required to produce a witness on its responses to those allegations for the following reasons:

- Paragraph 72: As Unisys stated in its Answer, it lacks information and knowledge to admit or deny the allegations contained in Paragraph 72 of the Second Amended Complaint which relate to whether Unisys has been authorized by the New York Commissioner of Labor to pay manual workers less frequently than weekly pursuant to Labor Law ("NYLL") § 191.  NYLL § 191 went into effect in 1966, and information concerning any authorization Unisys may have received over 50 years ago (or in the intervening years) is not "reasonably available" to it.  *See* Fed. R. Civ. P. 30(b)(6) ("The persons designated must testify about information known or reasonably available to the organization."); *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 76 (D. Neb. 1995) (where company does not possess knowledge to prepare a corporate designate, "then its obligations under Rule 30(b)(6) obviously cease, since the rule requires testimony only as to 'matters known or reasonably available to the organization.'").

- Paragraphs 74-80 & 131-133: These allegations generally relate to the duties and responsibilities of other Field Service Engineers. Unisys has agreed to produce a witness on the duties performed by Named Plaintiff Sorbie and the relevant

Honorable James M. Wicks
October 26, 2021
Page 4

positions/job titles of the Unisys Employees in the Census Data produced by Unisys. Unisys cannot reasonably prepare a deponent to testify as to the duties of the 33 opt-in Plaintiffs over an approximately six-year period. This is not reasonably particular or proportional to the needs of the case. *See* Fed. R. Civ. P. 30(b)(6) ("In its notice . . . , a party . . . must describe with reasonable particularity the matters for examination."); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."); *see also, e.g.*, *Dealer Computer Servs., Inc. v. Curry*, No. 12 Civ. 3457, 2013 WL 499520, at *2 (S.D.N.Y. Feb. 7, 2013) ("Rule 30(b)(6) itself provides that the topics for a deposition must be described 'with reasonable particularity,'" and requiring a Rule 30(b)(6) witness to testify to "the identity, position, duties, job description and title of each officer, director, and employee … over a seven-year period" was over broad.).

Moreover, Paragraphs 80 and 133 assert legal conclusions as to whether the members of the putative NYLL class were "manual workers" within the meaning of NYLL § 191, which is not the proper subject of a Rule 30(b)(6) deposition. *See Mitchell v. Atkins*, No. 3:19-CV-5106, 2019 WL 6251044, at *1 (W.D. Wash. Nov. 22, 2019) ("Courts have also generally held that questions seeking legal opinions from lay persons deposed under Rule 30(b)(6) are improper." (collecting cases)); *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("[D]epositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories . . . ."). To the extent Plaintiff is seeking facts concerning what Plaintiff Sorbie did, as well as the duties for the positions/job titles pertaining to the Unisys Employees in the Census Data produced by Unisys, Unisys has agreed to produce a witness on those issues.

- Paragraphs 88-98: These allegations set forth legal conclusions as to the elements of Rule 23 pertaining to numerosity, commonality, typicality, adequacy of representation, superiority, etc. and damages. Such matters are outside the scope of a Rule 30(b)(6) deposition. *See Mitchell*, 2019 WL 6251044, at *2; *JPMorgan Chase Bank*, 209 F.R.D. at 362.

- Paragraph 103: Paragraph 103 seeks individualized information concerning each of the 33 members of the FLSA collective—specifically, whether, based on a review of Unisys's payroll records, it considers the overtime hours to be worked by any of them to be "substantial." It would be unreasonable to require Unisys to review such records for all 33 opt-in Plaintiffs to make such a determination. *See* Fed. R. Civ. P. 30(b)(6); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, *Dealer Computer Servs., Inc.*, 2013 WL 499520, at *2. This is particularly true where, as here, Unisys has produced payroll records that show the amount of overtime (if any) worked by each such person. Moreover, this testimony would not add anything since this case is not about unpaid overtime (or any other unpaid amounts) but rather whether any overtime worked was timely paid. In addition, Paragraph 103 improperly seeks testimony on a legal conclusion—namely, whether the members of the putative FLSA collective were "compensated in a timely

Honorable James M. Wicks
October 26, 2021
Page 5

fashion." *See Mitchell*, 2019 WL 6251044, at *2; *JPMorgan Chase Bank*, 209 F.R.D. at 362.

- Paragraphs 134-135: Unisys will produce a witness to testify on its responses to these paragraphs, except to the extent that both paragraphs use the phrase "*inter alia*." That phrase is vague and not reasonably particular, rendering it improper. *See* Fed. R. Civ. P. 30(b)(6); *see also, e.g., Winfield v. City of New York*, No. 15CV05236, 2018 WL 840085, at *5 (S.D.N.Y. Feb. 12, 2018) (Rule 30(b)(6) topics must "have discernible boundaries" and "should not be listed as 'including but not limited to'") (citations omitted); *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (denying motion to compel deposition as "insufficiently particularized" because language of "including but not limited to" turns this topic "into an overbroad notice, in contradiction to the 'reasonable particularity' required by Rule 30(b)(6)"), *aff'd on other grounds*, 98 F. App'x 51 (2d Cir. 2004).[3]

- Paragraph 136: This paragraph alleges that Unisys willfully failed to pay Plaintiff and the members of the Unisys Class as frequently as required by NYLL § 191. Unisys will provide a witness to testify as to its response to this Paragraph, except to the extent that the witness would be asked to make a legal determination as to whether Unisys's payment practices complied with NYLL § 191. *See Mitchell*, 2019 WL 6251044, at *2; *JPMorgan Chase Bank*, 209 F.R.D. at 362.

## II.     Topic 2

The factual basis of all affirmative defenses asserted by Unisys in its Answer to Plaintiffs' Second Amended Complaint.

### A.     Unisys's September 13 Response

Topic 2 is vague, ambiguous, not reasonably particular, and imprecise insofar as it seeks testimony from a witness regarding every single affirmative defense asserted by Unisys.

As you are aware, Unisys asserted 34 affirmative defenses. To seek testimony about every such defense is simply abusive, burdensome, not proportional to the needs in this case, and does not comply with "reasonable particularity" requirement of Rule 30(b)(6).  *See, e.g., Krasney v. Nationwide Mut. Ins. Co.*, No. 3:06 CV 1164 JBA, 2007 WL 4365677, at *4 (D. Conn. Dec. 11, 2007) (refusing to compel 30(b)(6) notice concerning "all defenses")*; see also In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. at 654.  In addition, many of Unisys's affirmative defenses are based on legal issues and interpretation of applicable law. As such, they raise purely legal issues and therefore the attempt to discover such facts through a 30(b)(6) deposition is inappropriate. *See United States v. Niagara Cnty., N.Y.*, No. 13-CV-503S SR, 2015 WL 6554713, at *4 (W.D.N.Y. Oct. 29, 2015) (denying motion to compel 30(b)(6) deposition concerning "affirmative defenses

---

[3] Unisys incorporates this argument in response to any Topic/subtopic that uses the phrase "*inter alia*" or similar phrases (such as "without limiting," "including," "including, but not limited to," and "including, without limitation").

Honorable James M. Wicks
October 26, 2021
Page 6

rais[ing] purely legal doctrines as defenses to the allegations in the complaint…"). Unisys also objects to this Topic to the extent it seeks information/communications protected by the attorney-client privilege and/or work product doctrine.

It is not possible to reasonably prepare a witness to testify regarding each and every one of Unisys's affirmative defenses. Unisys will not produce a witness for this Topic.

### B.       Current Status, Dispute, Legal Argument

Through the parties' efforts, they narrowed this Topic to the following Unisys affirmative defenses:  5, 8, 9, 10, 11, 13, 15, 16, 19, 20, 21, 23, 24-28, and 30.

***Dispute***: Affirmative defenses numbered 21, 24-28, and 30, which generally relate to legal conclusions concerning the availability of damages (No. 21), whether Named Plaintiff Sorbie meets the requirements of Rule 23 (Nos. 24-28), and whether Named Plaintiff Sorbie is similarly situated to the members of the purported FLSA collective (No. 30).[4]

***First***, "Rule 30(b)(6) depositions are intended to discover the facts, and it is improper to use a Rule 30(b)(6) deposition to ascertain how a party intends to marshal the facts and support its

---

[4] Specifically, the affirmative defenses at issue are as follows:

- No. 21: "The Complaint fails to allege facts sufficient to allow the recovery of liquidated damages or any damages." (ECF Doc. 73 at 23.)

- No. 24: "Plaintiff cannot establish or satisfy the requirements for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure, and therefore, the class certification allegations of the Complaint should be stricken and dismissed." (*Id.*)

- No. 25: "Plaintiff is not an adequate representative of the alleged putative class members for purposes of satisfying Rule 23." (*Id.*)

- No. 26: "The case is not appropriate for class certification under Rule 23 because Plaintiff's claims are not common or typical of the claims of the alleged putative class." (*Id.* at 24.)

- No. 27: "The case is not appropriate for class certification under Rule 23 because the facts and law common to the case are insignificant compared to the individual facts and issues particular to Plaintiffs and the alleged putative class members."  (*Id.*)

- No. 28: "The case is not appropriate for class certification under Rule 23 because Plaintiff cannot demonstrate that the class is so numerous that joinder of all putative members is impracticable." (*Id.*)

- No. 30: "Plaintiff cannot bring this action in a representative capacity because he is not similarly situated to other workers, or the collective of persons, whom he purports to represent in this action." (*Id.*)

And to the extent that any of these defenses pertain to (or implicate) individuals who signed releases, Unisys has provided Plaintiff with the relevant information. (ECF Doc. 136 at 5 n.6.)

legal theories." *Gov't Emps. Ins. Co. v. Lenex Servs., Inc.*, No. 16CV6030, 2018 WL 1368024, at *3 (E.D.N.Y. Mar. 16, 2018) (citations omitted). This is true even where, as here, a Rule 30(b)(6) topic is purportedly limited to the "factual bases" for an affirmative defense because asking a witness "to make a 'law-to-fact application' that is beyond the competence of most lay persons . . . by memory and on the spot' without the aid of counsel is improper." *Tradeshift, Inc. v. BuyerQuest, Inc.*, No. 20-CV-01294, 2021 WL 2222811, at *2 (N.D. Cal. June 2, 2021) (quoting *Howard v. HMK Holdings, LLC*, No. CV175701, 2018 WL 3642131, at *5 n.8 (C.D. Cal. June 11, 2018), *aff'd by* 988 F.3d 1185 (9th Cir. 2021)); *see also Neponset Landing Corp. v. Nw. Mut. Life Ins. Co.*, 279 F.R.D. 59, 61 (D. Mass. 2011) ("While asking a 30(b)(6) witness about facts is entirely appropriate, the lay witness should not be expected to testify as to how any such facts form the basis of a legal affirmative defense."). If Plaintiff seeks testimony on those facts, it could have easily identified them in the Rule 30(b)(6) notice without purporting to require a fact witness to apply law to fact. Moreover, the facts pertaining to these affirmative defenses will be elicited in response to other Topics/subtopics set forth in the deposition notice.[5]

**Second**, Topic 2 would necessarily require testimony concerning information protected from disclosure by the work-product doctrine. A corporation asserts affirmative defenses after its lawyer(s) investigates the facts, reviews documents, weeds through recollections of participants, and attempts to put together a coherent account of the salient facts of the case. Questions concerning the bases for Unisys's defenses would thus require disclosure of the work product of its attorneys and improperly elicit testimony as to legal conclusions and opinions regarding this suit. *See Niagara Cnty.*, 2015 WL 6554713, at *4; *Am. Nat'l Red Cross v. Travelers Indem. Co. of R.I.*, 896 F. Supp. 8, 14 (D.D.C. 1995) (holding that request for 30(b)(6) testimony on issue of party's defenses was improper due to intrusion into produced work product*); see also Fid. Mgmt. & Research Co. v. Actuate Corp.*, 275 F.R.D. 63, 63-64 (D. Mass. 2011) (discussing risk that a Rule 30(b)(6) deposition on "the *facts* which form the basis of the defendant's . . . asserted affirmative defenses" posed for attorney work product).

## III.   Topic 3

Facts concerning the issuance of any litigation hold, including the dates on which the litigation hold was issued, the documents to be preserved, and the distribution list of the litigation hold.

### A.   Unisys's September 13 Response

Topic 3 is likewise vague, ambiguous, and not reasonably particular and imprecise insofar as it seeks testimony from a witness regarding "[f]acts concerning the issuance of any litigation hold, including." As explained in our previous letter, use of terms such as "concerning" and "including" simply do not comply with the "reasonable particularity" requirement of Rule

---

[5] As wage-and-hour class-action litigators, Plaintiff's counsel is well aware of the facts relevant to whether damages (including punitive damages) are recoverable, whether the proposed Rule 23 class satisfies the elements of that rule, and whether Named Plaintiff Sorbie is similarly situated to the members of the putative FLSA collective. *See* Moser Law Firm, Areas of Practice, Class Actions, http://www.moseremploymentlaw.com/areasofpractice (last accessed Oct. 20, 2021).

Honorable James M. Wicks
October 26, 2021
Page 8

30(b)(6). It is impossible for Unisys to prepare a witness on this Topic as the use of such terms generates a limitless number of unspecified inquires.

Second, such testimony contravenes the attorney client privilege and work product doctrine by seeking testimony related to the documents to be preserved and the distribution list of the litigation hold. *See, e.g.*, *Pearlstein v. BlackBerry Ltd.*, No. 13CV07060 CMK HP, 2019 WL 1259382, at *19 (S.D.N.Y. Mar. 19, 2019) (denying motion to compel litigation hold notice); *Tracy v. NVR, Inc.*, No. 04-CV-6541L, 2012 WL 1067889, at *6 (W.D.N.Y. Mar. 26, 2012) (noting that litigation hold notices are generally protected from discovery, absent showing of spoliation); *Muro v. Target Corp.*, 250 F.R.D. 350, 360 (N.D. Ill. 2007), *aff'd on other grounds by* 580 F.3d 485 (7th Cir. 2009) (holding that litigation hold notices are "communications of legal advice from corporate counsel to corporate employees regarding document preservation" and thus, privileged).

Third, there is absolutely no basis for such a deposition and therefore this Topic is burdensome and harassing. Plaintiff has raised no issue with the fulsomeness of Unisys's response and he would be hard pressed to do so given that Unisys has produced, among other things, spreadsheets containing hundreds of thousands of lines of data across hundreds of columns. To the extent that Plaintiff is unhappy with Unisys's document production that is a function of the fact that Plaintiff has not reviewed that production and has instead asserted, without foundation, that, for example, Unisys has not produced spreadsheets showing on a workweek-by-workweek basis when hours were worked. Such an assertion is demonstrably incorrect, as we have previously informed you.[6]

Unisys will not produce a witness for this topic.

## B.    Current Status, Dispute, Legal Argument

The parties narrowed this Topic to: (1) when Unisys became aware of this action; (2) the timing, nature, and scope of efforts to preserve ESI; and (3) the timing, nature, and scope of efforts to preserve ESI in the possession, custody or control of third parties.

*Dispute*: Unisys will provide a witness to testify as to when it became aware of this action and the date of its litigation hold, but objects to the remainder of the Topic.

*First,* litigation hold notices themselves, as well as the list of names of the persons to whom such notices were sent, generally are considered privileged work product. *See, e.g., Tracy*, 2012 WL 1067889, at *3; *Neighborhood Assistance Corp. of Am., v. United States Dep't of Hous. & Urban Dev.*, 19 F. Supp. 3d 1, 22 (D.D.C. 2013) ("litigation hold letters are generally privileged"). A corporate representative therefore cannot be questioned about the formulation, substance, or distribution of such documents—the very topics Plaintiff seeks to explore—without impinging upon protected information.

---

[6] This is most readily borne out by the recent production by ADP which produced excel spreadsheets of data from, for example, the ProBusiness system that are virtually identical to the data Unisys produced from the ProBusiness system.

Honorable James M. Wicks
October 26, 2021
Page 9

*Second,* the person most qualified to serve as a corporate representative to answer questions on the litigation hold is likely to be an in-house attorney. As with any deposition of a company's attorney, most, if not all, of the responses to Plaintiff's questions will be subject to privilege and work-product objections. For example, Plaintiff seeks to examine Unisys about certain documents chosen to be preserved and certain recipients of the litigation hold, but a "description of potentially relevant information and selected distributees constitutes work product." *Pearlstein*, 2019 WL 1259382, at *19. The list of documents chosen for preservation results from the mental impressions, conclusions, opinions, and legal theories of in-house and/or outside counsel as to which documents *they* believe are potentially relevant (thus requiring preservation), and necessarily "includes parameters prepared by and conceived of entirely by [Unisys's] counsel." *Id.* The same is true with respect to the recipients of the litigation hold who are often included on the distribution list as part and parcel of the corporation's litigation strategy and defense efforts.

*Third,* there is no basis for challenging the adequacy of Unisys's preservation efforts or the fulsomeness of Unisys's ESI production to date. Absent a "'showing of bad faith or unlawful withholding of documents,'" *Alley v. MTD Prods., Inc.*, No. 3:17-CV-3, 2018 WL 4689112, at *2 (W.D. Pa. Sept. 28, 2018), *aff'd by* 811 F. App'x 772 (3d Cir. 2020) (quoting *Ford Motor Co. v. Edgewood Props., Inc.*, 257 F.R.D. 418, 428 (D.N.J. 2009)), "'[f]ederal courts will not compel a party to disclose its discovery process as a result of the opponent's mere suspicion that the party's process has not produced adequate documents,'" *id.* (quoting *Brand Energy & Infrastructure Servs. v. Irex Corp.*, No. 16-2499, 2018 WL 806341, at *6 (E.D. Pa. Feb. 9, 2018)). Because Plaintiff has not even suggested, let alone established, that Unisys failed to produce documents in bad faith or without justification, he cannot satisfy his burden to obtain "discovery on discovery." *See, e.g.*, *SEC v. Putnam*, No. 220CV00301, 2021 WL 3710129, at *3 (D. Utah Aug. 20, 2021) (quashing topics that sought information on party's "discovery procedures" as "irrelevant and burdensome" "discovery on discovery"); *Alley*, 2018 WL 4689112, at *2-3 (prohibiting deposition questioning on "topic regarding Defendants' systems for creating, storing, retrieving, and retaining documents" as "improper discovery on discovery").

## IV.   Topic 4

The job titles of all individuals employed by Unisys in the State of New York, and facts concerning the classification by Unisys of employees for the purposes of NYLL 191.

### A.   Unisys's September 13 Response

Topic 4 is vague, ambiguous, not reasonably particular, and imprecise. It is also incredibly overbroad and not proportional to the needs of this case. It seeks testimony regarding the job titles of "*all* individuals employed by Unisys in the State of New York" and "facts concerning the classification by Unisys of employees for the purposes of NYLL 191." It is not limited to the positions/job titles held by Unisys Employees but, instead, seeks testimony regarding every position in the State of New York ranging from hourly workers who performed jobs wholly

Honorable James M. Wicks
October 26, 2021
Page 10

dissimilar to the positions/job titles of the Unisys Employees, all the way to up Unisys high-level executives in New York.  Nor is there any temporal limitation on this Topic.

Second, the latter portion of the Topic—"facts concerning the classification by Unisys of employees for the purposes of NYLL 191"—is similarly imprecise and overbroad.  Broadly speaking, NYLL 191 covers five categories of employees: manual workers, railroad workers, commission salespersons, and clerical and other workers. None of these categories are relevant or applicable to the action here, except the manual worker category.  This Topic is not, however, limited to that category, but rather seeks testimony about every such category.

Third, it seeks testimony regarding an event that Plaintiff is aware did not occur and which is the ultimate legal issue in this case.  That is, Unisys did not classify the positions/job titles of the Unisys Employees as manual workers under NYLL 191 and disagrees with Plaintiff's assertion that the Unisys Employees are properly classified as such.   Therefore, it would be impossible to provide testimony related to "facts concerning [a] classification" that never occurred.

Notwithstanding said objections, and without waiving same, as previously stated, Defendant will make a witness(es) available to testify once on a mutually agreeable date(s) with respect to the duties, educational requirements, qualifications, skills, and physical requirements of the positions/job titles of the Unisys Employees listed in the Census Data produced at Unisys-00194, 00195, 0536, 0537, and 0549 ("Census Data").

B.      Current Status, Dispute, Legal Argument

Unisys has agreed to make a witness available to testify on the duties, educational requirements, qualifications, skills, and physical requirements of the positions/job titles of the Unisys Employees listed in the Census Data produced by Unisys. This encompasses the positions/job titles attributable to 256 unique individuals.

*Dispute*: Unisys submits, however, that beyond the above, Topic 4 is overbroad and unduly burdensome because it largely seeks irrelevant information for four reasons.

*First,* it seeks testimony regarding the job titles of "*all* individuals employed by Unisys in the State of New York" and "facts concerning the classification by Unisys of employees for the purposes of NYLL 191."  It is not limited in time, nor to the position held by Plaintiff, the 33 opt-in Plaintiffs, or the group Plaintiff seeks to represent, *i.e.*, Field Engineers in this action. Thus, Plaintiff seeks testimony regarding every position in the State of New York ranging from hourly workers who performed jobs wholly dissimilar to the positions/job titles at issue in this case, all the way to up Unisys high-level executives in New York.  Indeed, Plaintiff has asserted that classification decisions pertaining to any other positions/job titles, such as, for example, call center operators, are somehow relevant. They are not. *See Gov't Emps. Ins. Co*., 2018 WL 1368024, at *3 (granting protective order and striking 30(b)(6) topic because it sought "testimony on matters not at issue in this case"); *cf. also Kyles v. Health First, Inc.*, No. 609CV1248ORL, 2010 WL 11626712, at *5 (M.D. Fla. Sept. 27, 2010) (denying motion to compel response to interrogatory seeking, among other things, the "FLSA classification" for "'every employee'" in a particular division as "patently overbroad").  *Second,* there is no temporal limitation on this Topic.  Topic 4

Honorable James M. Wicks
October 26, 2021
Page 11

thus covers events which predate the relevant limitations periods and, as such, are wholly irrelevant to this litigation. *See Gov't Emps. Ins. Co.*, 2018 WL 1368024, at *3. **Third,** the latter portion of the Topic—"facts concerning the classification by Unisys of employees for the purposes of NYLL 191"—is similarly imprecise and overbroad.  NYLL 191 covers five categories of employees: manual workers, railroad workers, commission salespersons, and clerical and other workers. None of these categories is relevant or applicable to the action here, except the manual worker category. **Fourth,** Topic 4 seeks testimony regarding an event that Plaintiff is aware did not occur and which is the ultimate legal issue in this case.  That is, Unisys did not classify the positions/job titles of the Unisys Employees as manual workers under NYLL 191 and disagrees with Plaintiff's assertion that the Unisys Employees are properly classified as such.

## V.      Topic 5

Unisys's policies and practices for recording work performed by Unisys Employees in states other than New York and Unisys's policies and practices for withholding, reporting, and payment of payroll taxes for work performed by Unisys Employees in states other than New York.

### A.      Unisys's September 13 Response

Topic 5 is vague, ambiguous, not reasonably particular, and imprecise. It is also incredibly overbroad and not proportional to the needs of this case.  Indeed, there is no temporal limitation on this Topic.  Moreover, information relating to the "policies and practices for withholding, reporting, and payment of payroll taxes for work performed by Unisys Employees in states other than New York" is irrelevant.  What is relevant is where this work is performed which is covered by the first part of this Topic.

Notwithstanding said objections, and without waiving same, Defendant will make a witness(es) available to testify once on a mutually agreeable date(s) with respect to Unisys's policies and procedures for recording work performed in states other than New York for the positons/job titles of the Unisys Employees listed on the Census Data produced by Unisys during the Relevant Time Period.

### B.      Current Status, Dispute, Legal Argument

Unisys will produce a witness to testify with respect to Unisys's policies and procedures for recording work performed in states other than New York for the positons/job titles of the Unisys Employees listed on the Census Data produced by Unisys during the Relevant Time Period.[7]

---

[7] Plaintiff also resists Unisys's characterization of this Topic on the basis that, according to Plaintiff, the list of Unisys Employees does not include certain individuals.  Other than pertaining to Named Plaintiff Sorbie, Unisys has not stated in response to any Topic/subtopic that it would produce a witness to testify regarding the actual duties performed by a specific individual.  Rather, Unisys has stated that its witness(es) will testify regarding the duties and responsibilities of the positions/job titles listed for the Unisys Employees on the Census Data  produced by Unisys.  Thus, Plaintiff's assertion that he believes other individuals should be included does not impact the scope of this Topic (or the others) since it is keyed to position/job title and the individual(s) Plaintiff asserts are missing would have held the same positions/job titles as the 256 unique individuals already identified. In addition, this issue has been raised and is before the Court in connection with Plaintiff's motion to compel a deposition of a Unisys representative. (ECF

Honorable James M. Wicks
October 26, 2021
Page 12

*Dispute*: Unisys objects to producing a witness to testify regarding its policies and practices for withholding, reporting, and payment of payroll taxes for work performed by Unisys Employees in states other than New York.

Unisys does not object to testifying about Unisys's policies and procedures for recording work performed in states other than New York for the positons/job titles of the Unisys Employees listed on the Census Data produced by Unisys during the Relevant Time Period. Information beyond that, however, is irrelevant and not proportional to the needs of the case. Unisys has agreed to provide a witness as described above, and has produced certain documents reflecting this information. How that work was treated for tax purposes will not elicit any information relevant to Plaintiff's Rule 23 motion beyond what Unisys has already provided, and agreed to provide. Thus, Unisys should be protected from having to prepare and testify about information relevant to Topic 5 but falling outside of the limitations delineated above. *See Gov't Emps. Ins. Co.*, 2018 WL 1368024, at *3.

## VI.   Topic 6

Duties, experience, educational requirements, qualifications, skills, physical requirements, work environment and employment conditions of the Unisys Employees during the Relevant Time Period.

Without limiting topic (6):[8] the items to be covered include:[9]

1. The job duties required and performed by each of the Unisys Employees during the Relevant Time Period;

2. The clients for whom and locations in which the Unisys Employees performed such duties during the Relevant Time Period;

3. The educational requirements of the Unisys Employees during the Relevant Time Period;

4. The qualifications of the Unisys Employees during the Relevant Time Period;

5. The physical requirements for the Unisys Employees during the Relevant Time Period;

---

Doc. Nos. 129, 132.) Moreover, Plaintiff's contention that anyone who "worked" in New York, however fleeting or brief, should be included is contrary to the allegations in the Second Amended Complaint and the Court Authorized Notice of Lawsuit (ECF Doc. 132 at 3 & n.3), and Plaintiff's own description of this matter.  (*Id.*; *see also* section discussing Topic 8)

[8] From Plaintiff's Deposition Notice: "The listing of specific sub-topics is not meant, in any way, to limit the scope of the topics listed herein.  The doctrine of *expressio unius, exclusio alterius* does not apply, and the specific subtopics are meant for illustration purposes only."

[9] Plaintiff's Deposition Notice used bullet points to list the subtopics. For ease of reference, here (as well as elsewhere), Unisys has replaced those bullet points with numbers.

Honorable James M. Wicks
October 26, 2021
Page 13

6.   The skill requirements for the Unisys Employees during the Relevant Time Period;

7.   The job descriptions of the Unisys Employees during the Relevant Time Period;

8.   The employment conditions of the Unisys Employees during the Relevant Time Period including the work to be performed and the tools/equipment necessary to perform such work;

9.   The nature and the duration of the work performed by the Unisys Employees during the Relevant Time Period.

**A.       Unisys's September 13 Response**

This Topic simply repeats Topic 1 from Plaintiff's first 30(b)(6) deposition notice, but adds a number of non-exclusive list of subtopics.  The overarching Topic remains deficient for the reasons previously stated in Unisys's August 31 letter. Unisys incorporates all objections from that letter herein. Plaintiff's *non-exclusive* list of nine subtopics only exacerbates those deficiencies.[10]

Subtopics (1) through (9) are improper because they are over broad, unduly burdensome, and not proportional to the needs of the case and confirm that Plaintiff seeks testimony about the duties, experience, educational requirements, qualifications, skills, physical requirements, work environment, and employment conditions for each and every one of the more than 200 Unisys Employees. This is all the more inappropriate given that Plaintiff has resisted discovery for any Class Member, beyond those who have opted-in to the action. Moreover, this requires the corporate representative to be prepared to testify about, among other things, the duties *actually* performed by each Unisys Employee, as well as his or her specific experience and qualifications—all 251 of them.  Such a request is improper and it is impossible to prepare any individual to testify about these things for literally hundreds of individuals during a time frame spanning more than six years. *See* Fed. R. Civ. P. 26; *Dealer Computer Servs., Inc.*, 2013 WL 499520, at *2.

Subtopics (1) through (7) and (9) are inappropriate and harassing because they seek testimony on information that Unisys has already produced in this litigation. Unisys produced job descriptions that were in place during the Relevant Time Period for each positions/job titles listed in the definition of Unisys Employee that it has been able to locate. (Unisys-0187-0193, 0204-0236, 0237-0238, 1257.) Unisys also produced performance evaluations for Sorbie and ten of the Unisys Employees identified by Plaintiff. Finally, Unisys has produced ticketing data which contains the clients and locations for whom Unisys Employees performed duties and the nature and duration of work performed. (Unisys-530-535, 540-545.)

Subtopic (8) is inappropriate regarding the use of the terms "employment conditions" and "including."  As previously noted, this subtopic is vague, ambiguous, and not reasonably particular and imprecise insofar as these terms are concerned.

---

[10] As previously stated, use of terms such as "without limiting" is inappropriate. Unisys rejects such language and will interpret each listing of subtopics in each Topic as reflecting the complete universe of subtopics within that Topic.

Honorable James M. Wicks
October 26, 2021
Page 14

Notwithstanding said objections, and without waiving same, as previously stated, Defendant will make a witness(es) available to testify once on a mutually agreeable date(s) with respect to (i) the duties, educational requirements, qualifications, skills, and physical requirements of the positions/job titles of the Unisys Employees listed in the Census Data  produced by Unisys; and (ii) subtopics (1) through (7) and (9) as they relate to the positions/job titles of the Unisys Employees listed in the Census Data produced by Unisys.[11]

### B.      Current Status, Dispute, Legal Argument

The parties have agreed to limit this Topic/subtopics as follows: Unisys will produce a witness to testify (a) with respect to (i) the duties, educational requirements, qualifications, skills, and physical requirements of the positions/job titles of the Unisys Employees listed in the Census Data produced by Unisys; and (ii) subtopics (1) through (7) and (9) as they relate to the positions/job titles of the Unisys Employees listed in the Census Data produced by Unisys; and (b) regarding Sorbie's specific duties.[12]

*Dispute***:** Plaintiff also seeks a witness to testify regarding the specific duties of each of the 33 opt-in Plaintiffs.  Unisys submits that this is not a proper topic for a Rule 30(b)(6) deposition.

*First,* Unisys produced data concerning the information Plaintiff seeks. Specifically, Unisys produced (i) Census Data listing the positions/job titles held by the Unisys Employees during the Relevant Time Period, which includes these 33 opt-in Plaintiffs; (ii) job descriptions that were in place during the Relevant Time Period for each of the positions/job titles for the Unisys Employees that it has been able to locate and which likewise cover the positions held by these 33 opt-in Plaintiffs; and (iii) ticketing data (where available) which contains the clients serviced, and the nature and duration of work performed. Thus, this Topic seeks testimony regarding information Unisys has already produced and is "unreasonably cumulative or duplicative." *See* Fed. R. Civ. P. 26(b)(2)(C)(i.)

*Second,* Plaintiff is seeking testimony regarding each and every one of the 33 opt-in Plaintiffs. Defendant submits this is not appropriate for a 30(b)(6) deposition because it would require the corporate representative to be prepared to testify about, among other things, the duties *actually* performed by 33 separate individuals over the course of each of their employments, some of which may have lasted six or more years, and their individual work experience.  *See Dealer Computer Servs., Inc.*, 2013 WL 499520, at *2.

*Third,* to the extent some of these 33 are former employees (and at least eight are as of their respective opt-in dates) and that person's manager is likewise no longer with Unisys, it is not

---

[11] Plaintiff did not number the subtopics in this Topic or any other for that matter.  Thus, for purposes of this letter, Defendant assigns numbers to each of the subtopics within each Topic.

[12] To the extent Plaintiff is seeking to elicit what Sorbie did on a specific day, *e.g.*, August 15, 2019, Unisys does not agree to (and cannot) proffer a witness therefor.

Honorable James M. Wicks
October 26, 2021
Page 15

possible to reasonably prepare a witness therefor. *See* Fed. R. Civ. P. 30(b)(6); *Dravo Corp.*, 164 F.R.D. at 76.

*Fourth,* to the extent Plaintiff claims he needs this information to support his motion for class certification, that belies his assertion that the case is suitable for class treatment.

## VII.   Topic 7

Workers compensation information pertaining to the Unisys Employees during the Relevant Time Period including, but not limited, to their classifications, applications, audits, renewals.

Without limiting topic (7): the items to be covered include:

1. The workers' compensation codes covering each of the Unisys Employees; (including the Standard Industrial Classification Code and the North America Industry Classification Code);

2. How each workers' compensation code covering each of the Unisys Employees was determined by Unisys;

3. Applications for workers' compensation covering the Unisys Employees during the Relevant Time Period and the contents thereof;

4. Renewal applications for workers' compensation covering the Unisys Employees during the Relevant Time Period and the contents thereof.

### A.      Unisys's September 13 Response

Topic 7 continues to be vague, ambiguous, not reasonably particular, and imprecise due the phrase "[w]orkers compensation information." It is not possible to prepare a witness to testify regarding the undefined phrase "[w]orkers compensation information." It also continues to include the phrase "including, but not limited to" which, as previously stated, is improper and objectionable.

Second, this Topic is objectionable because it seeks "information pertaining to the Unisys Employees," and not to the particular positions/job titles those Employees held during the Relevant Time Period. Workers' compensation information relates to particular roles/job titles, not specific individual Unisys Employees. Thus, subtopic (2) makes no sense.

Third, this Topic is burdensome and harassing because Unisys has provided responses for every item on which testimony is sought, *i.e.*, "classifications, applications, audits, renewals." Plaintiff is simply unhappy with the response yet that does not provide the basis on which to conduct a Rule 30(b)(6) deposition.

On June 18, Unisys produced the workers' compensation classification code for the positions/job titles for the Unisys Employees as reflected on the Census Data during the Relevant

Honorable James M. Wicks
October 26, 2021
Page 16

Time Period. Unisys also informed Plaintiff during the parties' July 26 meet and confer session, that, after a diligent search, Unisys completed an application for workers' compensation insurance approximately 30 years ago, well outside the Relevant Time Frame. Certainly no description of the Field Engineer job from 30 years ago would provide any meaningful information as to what Field Engineers at Unisys do today assuming that application could even be located today. Unisys further informed Plaintiff that, during the Relevant Time Period, there have not been renewal applications, nor any communications between Unisys and its provider with respect to the workers' compensation classification of Field Engineers. On July 28, Unisys informed Plaintiff that there have been no workers' compensation audits concerning the classification of Field Engineers during the Relevant Time Period.

Not content with these responses, Plaintiff then served a Subpoena on Aon Risk Services Central, Inc. for a wide ranging array of workers' compensation documents, including the information listed in the four subtopics.

Despite Unisys's responses, and without even waiting for the response from Aon, Plaintiff now seeks the same information through a 30(b)(6) witness. This is not appropriate.

Fourth, Plaintiff included this Topic in his motion to compel filed on July 9. To date, Plaintiff has not refiled that motion. A Rule 30(b)(6) deposition is not a substitute for a proper motion to compel and to the extent he is interested in such information he should pursue that motion.

Plaintiff's list of subtopics suffers from the same deficiencies.

Subtopics (1) through (4) seek testimony regarding each Unisys Employee instead of the positions/job titles held by those Employees. Individual employees are not assigned specific workers' compensation codes.

Subtopics (1), (3), and (4) seek testimony regarding information that has already been produced by Unisys and is the subject of Plaintiff's subpoena to Aon. There is no point to a Rule 30(b)(6) deposition on these topics other than to burden and harass Unisys.

Notwithstanding said objections, and without waiving same, as previously stated, Defendant will make a witness(es) available to testify once on a mutually agreeable date(s) limited to the four subtopics pertaining to the positions/job titles held by Unisys Employees listed in the Census Data produced by Unisys.

**B.     Current Status, Dispute, Legal Argument**

The parties have agreed that the witness's testimony will be limited to the four subtopics listed above, even though Unisys's position is that workers' compensation is irrelevant for the reasons set forth in Unisys's Opposition to Plaintiff's Motion to Compel Discovery.  (ECF Doc. 136 at 7 n.10.)

Honorable James M. Wicks
October 26, 2021
Page 17

*Dispute*: Plaintiff also seeks a witness to testify regarding worker's compensation audits covering the Unisys Employees during the Relevant Time Period. Unisys submits that the witness should not be required to testify regarding this issue.

*First,* Plaintiff has already received this information through less burdensome means. As Unisys pointed out in its response to this Topic, on July 28, Unisys informed Plaintiff that there have been no Workers' Compensation audits concerning the classification of Field Engineers during the Relevant Time Period.[13] Thus, to the extent that Plaintiff seeks information concerning those types of audits, there is simply no information to provide. *Second,* this is the subject of Plaintiff's motion to compel. (ECF Docs. 135, 136.) It should not now also be a Rule 30(b)(6) deposition topic.

## VIII.   Topic 8

The number of Unisys Employees holding each job title set forth in the definition of Unisys Employees during the Relevant Time Period.

Without limiting topic (8): the items to be covered include:

1.  The number of Unisys Employees holding each job title set forth in the definition of Unisys Employees at various times during the Relevant Time Period.

### A.      Unisys's September 13 Response

Topic 8 seeks information that has already been produced and therefore Unisys objects to this Topic on the ground that it is burdensome and harassing.

Unisys produced excel spreadsheets for all 251 Unisys Employees listing the positions/job titles for each Unisys Employee.  Plaintiff can easily sort that spreadsheet (or count manually) to determine the number of Unisys Employees who held each position. In addition, in response to Plaintiff's Requests for Admissions, Unisys admitted that "during the Relevant Time Period the number of Unisys Employees was 40 or more." There is no point to a Rule 30(b)(6) deposition on this issue.

The Topic is also vague, ambiguous, and not reasonably particular and imprecise and therefore does not comply with the "reasonable particularity" requirement of Rule 30(b)(6). As you know, this lawsuit covers more than six years.  Yet Plaintiff states only that he seeks testimony "at various times during the Relevant Time Period." There is no specificity to this and, practically

---

[13] To the extent that Plaintiff seeks discovery concerning audits, he notified Unisys of his intent to serve Subpoenas on Indemnity Insurance Company of North America and on Aon Risk Services Central, Inc. seeking, among other things, documents concerning "any workers' compensation audits of Unisys during the Relevant time period." (ECF Doc. 136 at 6 & n.9.)  Those Subpoenas provide a "more convenient" way of obtaining this information than a Rule 30(b)(6) deposition. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Although Plaintiff's counsel has indicated that he does not expect the carrier to respond, he should pursue the appropriate avenue to compel a response from the carrier rather than pursue such information from Unisys on multiple fronts and, in particular, when Unisys has already provided the information sought.

Honorable James M. Wicks
October 26, 2021
Page 18

speaking, it requires that a witness be prepared to testify regarding any point in time between February 21, 2014 and the present.

Finally, this too was included in Plaintiff's motion to compel which has not been refiled. A Rule 30(b)(6) deposition is not a substitute for such a motion.

Notwithstanding said objections, and without waiving same, Defendant will make a witness(es) available to testify once on a mutually agreeable date(s) with respect to the number of Unisys Employees holding the positions/job titles of the Unisys Employees listed in the Census Data produced by Unisys as of December 31 of each of 2014, 2015, 2016, 2017, 2018, 2019, and 2020.

**B.      Current Status, Dispute, Legal Argument**

The parties have agreed that Unisys's witness will testify as to the number of Unisys Employees holding the positions/job titles of the Unisys Employees listed in the Census Data produced by Unisys as of December 31 of each of 2014, 2015, 2016, 2017, 2018, 2019, 2020 and year-to-date 2021 (a specific date).

*Dispute:* Plaintiff also seeks testimony regarding (a) why certain employees were not included on the Census Data initially, and (b) movement in and out of covered positions/job titles and Unisys-assigned work locations. Unisys submits that it should not be required to provide a witness on either (a) or (b).

*First*, as Unisys has explained, Unisys produced Census Data for individuals in covered positions employed in New York based on their Unisys-assigned work location being in New York. (ECF Doc. 132 at 1-2.) When Plaintiff suggested that the Census Data might be incomplete because it excluded five individuals whom Plaintiff believes ought to have been included, Unisys's counsel provided a fulsome explanation as to how the Census Data were compiled, supplemented its production to provide those individuals' names and mailing addresses, and is in the process of providing other information for them. (*Id.*; *see also* ECF Doc. 136 at 2 n.1 & ECF Doc. No. 132-1.) A deponent will say nothing more than what has already been explained. The Court should not require Unisys to prepare a witness to provide Plaintiff with information it has already produced. *See Club v. BNSF Ry. Co.*, No. C13-0967, 2016 WL 4528452, at *5 (W.D. Wash. Aug. 30, 2016) (striking Rule 30(b)(6) topic concerning plaintiff's search for documents responsive to defendant's discovery requests where plaintiff failed to produce a responsive document but "remedied its error immediately when [d]efendant brought it to [plaintiff's] attention").

*Second*, to the extent that Plaintiff seeks information concerning individuals who had a Unisys-assigned work location outside of New York, such information is irrelevant. As Unisys previously demonstrated, such individuals are not within Plaintiff's definition of the NYLL class or FLSA collective as set forth in the Second Amended Complaint, the Court Authorized Notice of Lawsuit, and Plaintiff's counsel's own description of this action (ECF Doc. 132 at 3 & n.3), Plaintiff's discovery demands which sought information pertaining to Unisys Employees and which defined such employees as "individuals employed in New York in one or more of the following job titles during the Relevant Time Period: Field Engineer 1; Field Engineer 2; Field

Honorable James M. Wicks
October 26, 2021
Page 19

Engineer 3; or Field Engineer 4;" and the deposition notice at issue here which likewise seeks information pertaining to "individuals employed by Unisys in New York in one or more of the following job titles . . ." Moreover, Plaintiff has not set forth any sensible way of identifying who performed work in New York to a sufficient degree to find that he or she was "employed in New York"—and any effort to do so would invariably involve employee-by-employee analyses, thereby undermining class certification.

  ***Third,*** this is the subject of Plaintiff's pending motion to compel a deposition of a Unisys employee. (ECF Doc. Nos. 129, 132.)

  ***Fourth,*** in an effort to resolve the second issue, Unisys will provide a chart for the 256 identified Unisys Employees showing movement in and out of a particular covered position and Unisys-assigned work location.  Such a chart (in addition to the testimony to be provided) ought to suffice to provide Plaintiff with the information he seeks.  *See Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14CV09371, 2017 WL 9400671, at *2 (S.D.N.Y. Apr. 27, 2017) ("A court should strike notice topics that would result in a witness merely testifying to information readily available through document production.").

  ***Finally,*** Plaintiff has not indicated the purpose for which he seeks this information and none exists. To the extent he is seeking these figures for numerosity purposes, Unisys has already provided the information requested in its Responses to Plaintiff's Requests for Admissions. Plaintiff requested that Unisys admit that "during the Relevant Time Period the number of Unisys Employees was 40 or more."  After interposing an objection, Unisys stated: "Defendant responds as follows: Admitted."

## IX. Topic 9

  Unisys' document production to date in this litigation including all reports that have been produced;

  Without limiting topic (9): the items to be covered include:

1. The nature and timing of Unisys's search for documents responsive to Plaintiffs' Requests for Production of documents, and whether responsive documents were withheld.

2. The documents Unisys has produced in this litigation to date;

3. The origin of the documents;

4. How the documents are stored;

5. How the documents are maintained;

6. With respect to the excel spreadsheets and/or other reports Unisys produced, the databases the underlying information is stored in, the data stored in such databases, who produced

Honorable James M. Wicks
October 26, 2021
Page 20

the reports, how the reports were generated, the decisions concerning what information was put into the reports versus what was excluded, the forms in which the data can be produced;

7. All steps taken to verify and validate the completeness and accuracy of the excel spreadsheets and/or reports produced by Unisys during this litigation;

8. Whether the data contained in the excel spreadsheets and/or other reports were made at or near the time of the occurrence of the events therein, or from information transmitted from a person with knowledge of those matters, and whether the information was made and kept in the course of regularly conducted activity as a regular practice of Unisys or those under its custody or control;

9. Unisys' business records practices;

10. The exact process by which the "Earning Statements" bates stamped "Unisys-0086-Unisys 143" (hereinafter "Earnings Statements") are generated;

11. The software program(s) used to generate the Earnings Statements, and the specific manner by which the software program(s) compile the information contained in the Earnings Statements;

12. The database sources of the information contained in the Earnings Statements;

13. Whether Unisys has the capability to produce the information contained in the Earnings Statements in a single Excel or CSV file;

14. The database applications, database engines, and database files used by Unisys during the relevant time period to process payroll information;

15. The reporting and exporting capabilities of ProBusiness Payroll System, including the databases used by the system and the information contained therein;

16. The reporting and exporting capabilities of the ADP Vantage HCM system, including the databases used by the system and the information contained therein.

### A.      Unisys's September 13 Response

Topic 9 continues to seek testimony on "Unisys' document production to date in this litigation including all reports that have been produced." This Topic is hopelessly vague, not reasonably particular, imprecise, ambiguous, and not proportional to the needs in this case. It is impossible to properly prepare a witness therefor. Plaintiff's non-exclusive listing of 16 separate topics does nothing to fix this and, in fact, only exacerbates the problems.

Subtopic (1)--the nature and timing of Unisys's search for documents--is objectionable because it is covered by Unisys's responses to Plaintiff's request for documents. Moreover, the former portion of this subtopic is clearly encompassed within the attorney client privilege and work product doctrine and, in any event, is wholly irrelevant.  Moreover, if Plaintiff had a concern

Honorable James M. Wicks
October 26, 2021
Page 21

regarding the timing of Unisys's production that way to address that was to raise the issue with the Magistrate Judge, not seek testimony from a 30(b)(6) witness.

Subtopic (2) simply restates the Topic and as explained previously is vague and imprecise. For example, what about those documents does Plaintiff seek testimony on; which specific documents in the more than 1,200 pages and hundreds of thousands of lines of data produced by Unisys is Plaintiff referring to? This subtopic simply does not meet the "reasonable particularity" requirement of Rule 30(b)(6).

Subtopics (3) through (5) regarding the origin of the documents produced, how they are stored and how they are maintained is equally deficient. These issues have no bearing on this case and there is absolutely no reason to prepare a witness on these topics, other than to harass Unisys. Again, over 1,200 pages of documents have been produced. Numerous excel spreadsheets containing almost hundreds of thousands of lines of data have been produced.  Which documents is Plaintiff referring to?  What is the difference in the subtopics regarding how the documents are stored versus how they are maintained?  How do these subtopics relate to any factual matters in this action? How do these subtopics inform whether Plaintiff was a manual worker or the timing of his pay? These subtopics, like the Topic, are hopelessly vague, overbroad, imprecise, and not reasonably particular as required by Rule 30(b)(6).

Subtopic (9) pertaining to "Unisys' business records practices" is likewise vague, overbroad, imprecise, and not reasonably particular as required by Rule 30(b)(6).  Nor is it limited to the records relevant to this action, but rather seeks testimony pertaining to all of Unisys's business records regardless of geography, time frame, or subject matter.  Finally, it is irrelevant to the issues raised in this matter.

Subtopic (13) is also objectionable. As you are aware, Unisys produced Excel spreadsheets for the entire Relevant Time Period from both the ProBusiness system and the Vantage system. This information was produced consistent with the parties' ESI Protocol in this matter. That Protocol provides that:

> Production Format. To the extent possible, the Parties are to produce ESI in a PDF format with the text of the ESI readable (OCR) and the pages bates-stamped. Nothing herein shall preclude a party from producing the ESI in another reasonable format different from the foregoing. To the extent the ESI is produced in a format different than what is set forth in the first sentence of this section, should the Requesting Party need the requested ESI in another format, the parties agree to confer in good faith on the issue. Should the Parties not be able to reach a resolution after a good faith consultation, the Parties may apply to the Court for a ruling.

Plaintiff has never requested that these Excel spreadsheets be produced in a different computer format. Moreover, this is nothing more than Plaintiff desiring to obtain the complete data Unisys has produced in a particular format, something not required under the applicable rules.  If

Honorable James M. Wicks
October 26, 2021
Page 22

Plaintiff would like the information in a specific format he should create such a spreadsheet with the information that has been produced. Thus, Unisys will not produce a witness for this subtopic.

Notwithstanding said objections, and without waiving same, Unisys will make a witness(es) available to testify once on a mutually agreeable date(s) regarding specific excel spreadsheets identified by Bates number produced by Unisys and to be agreed upon by counsel in advance of a deposition as encompassed within subtopics (6) through (8), (10) through (12), and (14) through (16) as they pertain to the positions/job titles of the Unisys Employees listed on the Census Data produced by Unisys.[14]

### B.  Current Status, Dispute, Legal Argument

The parties have agreed that Unisys's witness will provide non-privileged testimony regarding subtopics (6) through (8), (10) through (12), and (14) through (16) as they pertain to the positions/job titles of the Unisys Employees listed on the Census Data produced by Unisys and documents specified by Plaintiff and agreed upon by Unisys.

*Dispute:* (a) the documents specified by Plaintiff, which are listed below to which Unisys objects as they relate to all the subtopics, even those subtopics to which Unisys has agreed;[15] and (b) subtopics (1) through (5), (9), and (13) in connection with any documents ultimately specified.

1. Unisys 1, 3, 25-34, 36-46, 47-70, 71-81, 86-143-Important documents pertaining to Sorbie

2. Unisys 44, 47- Important time records pertaining to Sorbie

3. Unisys 71-Sorbie work ticket data which pertains to manual workers status and at least some indicia of where work performed

4. Unisys 72- Parts Data which is indicia of manual work

5. Unisys 185-186- Payroll Data

6. Unisys 187-193- Job descriptions which are directly relevant to many issues in the case including manual work and class certification

7. Unisys 194- Inaccurate class list missing at least Mr. Johnson.  Needs to be thoroughly vetted

8. Unisys 195- Payroll data

---

[14] Such testimony will be limited to non-privileged information and, therefore, testimony pertaining to, for example, "decisions concerning what information was put into the records versus what was excluded" will not be provided by the witness.

[15] This listing of documents is Plaintiff's.  Unisys recounts them without any admission or concession that Plaintiff's description or characterization of the documents is accurate.

Honorable James M. Wicks
October 26, 2021
Page 23

9. <u>Unisys 196-203</u>- Sets forth Unisys' payroll policies including OT and FLSA compliance which are pertinent to this litigation

10. <u>Unisys 204-236</u>- Has pertinent pay information and job descriptions for pertinent titles (Letter of Agreement Nos. 2, 6)

11. <u>Unisys 237-238</u>- Job description for Field Engineer 2 (Sorbie's Job title)

12. <u>Unisys 239-243-</u> Inaccurate collective list missing at least Mr. Johnson. Needs to be thoroughly vetted

13. <u>Unisys 244-</u> Excel version of 239-243 which deliberately had metadata wiped clean

14. <u>Unisys 245-509-</u> Contains exemplars of performance reviews for various job titles which goes to manual work and class certification

15. <u>Unisys 510-529-</u> Sorbie earnings statements

16. <u>Unisys 536-</u> Ascertain why certain employees did not have ADP process payroll and who did

17. <u>Unisys 537-</u> List incomplete and also ascertain why certain employees did not have ADP process payroll and who did

18. <u>Unisys 538-539-</u> Work ticket data which pertains to manual workers status and at least some indicia of where work was performed

19. <u>Unisys 546-548-</u> Job descriptions for pertinent job titles directly relevant to class certification

20. <u>Unisys 549-</u> Need to determine completeness and accuracy of list

21. <u>Unisys 550-551-</u> Payroll records that go directly to the heart of the issues in this case

22. <u>Unisys 1256, 1258, 1259-</u> Why employees were missing

23. <u>Unisys 1257-</u> job descriptions pertinent to manual worker issue and class certification

24. <u>Unisys 1260-1262-</u> vital payroll data that goes directly to the heart of the issues in this case

25. <u>Unisys 1263-1265-</u> Why employees were missing

26. <u>Unisys 1266-1268-</u> Vital payroll data that goes directly to the heart of the issues in this case

27. <u>Unisys 1269-</u> Inaccurate collective list

Firm:54363027v6

Honorable James M. Wicks
October 26, 2021
Page 24

28. <u>Unisys 1270-1281</u>- Ticketing data and parts data pertains to manual workers status and at least some indicia of where work is performed

29. <u>Unisys 1282-</u> List of codes which supports vital payroll records

30. <u>Unisys 1283</u>-Updated collective list

***First***, the nature and timing of Unisys's search for documents (subtopic (1)) is an objectionable area of inquiry because it is covered by Unisys's responses to Plaintiff's request for documents and is pointless "discovery on discovery." *See Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2017 WL 9440762, at *3 (E.D.N.C. Dec. 28, 2017) (striking deposition topic concerning a party's "responses to discovery" as impermissible "discovery on discovery"). Moreover, the former portion of this subtopic is encompassed within the attorney-client privilege and work-product doctrine and, in any event, is irrelevant. *See Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, No. 15-CV-3183, 2018 WL 9919939, at *10 (D. Minn. Jan. 23, 2018) (granting motion for protective order on topic concerning "the . . . collection and preservation of documents" because it "'trespass[ed] into areas of work product and attorney-client privilege.'") citation omitted)); *Ingersoll v. Farmland Foods, Inc.*, No. 10-6046, 2011 WL 1131129, at *6 (W.D. Mo. Mar. 28, 2011) (finding that deposition topic concerning the procedures a party used to search for documents was, among other things, "protected by privilege or work product doctrines"). Furthermore, if Plaintiff had a concern regarding the timing of Unisys's production, the way to address that was through the meet-and-confer process, and if that process failed to resolve Plaintiff's concerns, to raise them with the Magistrate Judge, not seek testimony from a 30(b)(6) witness. *See Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, No. 08-CV-5023, 2009 WL 3463912, at *2 (E.D.N.Y. Oct. 21, 2009) (rejecting Rule 30(b)(6) topic that sought testimony about defendant's "search for and collection of documents" because "[t]he information demanded by [plaintiff] ordinarily is the subject of good-faith discussions between counsel, rather than the testimony of 30(b)(6) witnesses," and defendant represented it had produced all responsive documents).

***Second***, unspecified questions about the thirty broad categories of documents identified by Plaintiff (subtopic (2)), which encompass hundreds of pages and hundreds of thousands of lines of payroll and ticketing data,[16] are inappropriate for a number of reasons. As a preliminary matter, subtopic 2, even as limited to these documents, is not reasonably particular because it does not identify the areas into which Plaintiff seeks to inquire as to these documents. *See* Fed. R. Civ. P. 30(b)(6). For example, Plaintiff generally provides no information as to what the topic of inquiry would be on any particular document and, as described by Plaintiff above, they run the gamut from personnel-related documents to the collective contact list produced by Unisys.[17] In addition, it is, again, impermissible "discovery on discovery" for which there is no basis. *See Eshelman*, 2017 WL 9440762, at *3. While Plaintiff has suggested that the Census Data might be incomplete

---

[16] By way of example, the ticketing data Unisys produced includes 549,966 lines and 378 columns of data. (Unisys-1270-Unisys-1275.)

[17] Without any further specification, Unisys can neither properly prepare a witness, nor make a determination as to whether the topic is a proper subject of inquiry.

Honorable James M. Wicks
October 26, 2021
Page 25

because it excluded individuals whom Plaintiff believes ought to have been included, Unisys has responded to and addressed those concerns. (ECF Doc. 132 at 1-2; ECF Doc. 136 at 2 n.1.) Moreover, as discussed above, this is not a proper topic of inquiry.

*Third*, the origin of the documents produced, how they are stored, and how they are maintained (subtopics (3)-(5)) are equally deficient. These issues have no bearing on this case, and there is no reason to prepare a witness on these topics, other than to harass Unisys. *See Eshelman*, 2017 WL 9440762, at *3. Again, the categories of documents at issue constitute hundreds of pages and hundreds of thousands of lines of data. Moreover, none of these subtopics inform the two issues in this case—whether Plaintiff is a manual worker and when was he paid.

*Fourth*, subtopic (9) pertaining to "Unisys' business records practices" is likewise vague, overbroad, imprecise, and not reasonably particular as required by Rule 30(b)(6) because it fails to specify what "practices" it concerns. To the extent that Plaintiff seeks information concerning certain documents to establish the hearsay exception for business records, Unisys has repeatedly invited Plaintiff to prepare a proposed Stipulation to that effect to no avail.[18]

*Fifth*, subtopic (13) is objectionable because Unisys produced Excel spreadsheets for the entire Relevant Time Period from two systems (ProBusiness and Vantage). This information was produced consistent with the parties' ESI Protocol in this matter. That Protocol provides that:

> Production Format. To the extent possible, the Parties are to produce ESI in a PDF format with the text of the ESI readable (OCR) and the pages bates-stamped. Nothing herein shall preclude a party from producing the ESI in another reasonable format different from the foregoing. To the extent the ESI is produced in a format different than what is set forth in the first sentence of this section, should the Requesting Party need the requested ESI in another format, the parties agree to confer in good faith on the issue. Should the Parties not be able to reach a resolution after a good faith consultation, the Parties may apply to the Court for a ruling.

(ECF Doc. 39 ¶ B(2).)

Plaintiff has never requested that these Excel spreadsheets be produced in a different computer format. Moreover, this is nothing more than Plaintiff desiring to obtain the complete data Unisys has produced in a particular format, something not required under the applicable rules. On the contrary, they expressly protect Unisys from having to produce ESI in "more than one form." *See* Fed. R. Civ. P. 34(b)(2)(E)(iii). If Plaintiff would like the information in a specific format, he should create such a spreadsheet with the information that has been produced.

---

[18] Plaintiff contends that he cannot agree to such a Stipulation because, in Plaintiff's view, certain individuals are missing from the Census Data. Plaintiff, however, has not suggested—and cannot suggest—that the data that has been provided are in any way inaccurate.

Honorable James M. Wicks
October 26, 2021
Page 26

**X.      Topic 10**

NYLL 191(1)(a) including, but not limited to, when Unisys became aware of same, and Unisys' efforts regarding compliance with same.

Without limiting topic (10): the items to be covered include:

1. When Unisys became aware of NYLL 191(1)(a) and the requirements of same;

2. The factual basis for Unisys's affirmative defense of good faith;

3. Facts concerning reliance upon the advice of counsel;

4. Facts concerning reliance upon opinion letters or other documents issued by the New York State Department of Labor;

5. Facts concerning reliance upon decisions issued by any State or Federal Court, laws, or regulations;

6. Any steps Unisys has taken to learn about NYLL 191(1)(a) and the requirements of the NYLL;

7. Any steps Unisys has taken to comply with the requirements of NYLL 191(1)(a) and the NYLL;

8. Why Unisys pays the Unisys Employees on a bi-weekly instead of weekly schedule;

9. Unisys' ability to pay the Unisys Employees their wages weekly instead of bi-weekly and any obstacles to same;

10. Facts concerning any purported good faith belief that Plaintiffs and those similarly situated were not manual workers.

**A.      Unisys's September 13 Response**

Topic 10 continues to be objectionable and inappropriate.

As you know, Plaintiff propounded an interrogatory on this Topic to Unisys to which Unisys objected. (*See* Unisys Corporation's Objections and Responses to Plaintiff's Interrogatories, Response to Interrogatory No. 8.) To date, Plaintiff has not properly presented this issue to Magistrate Judge Tomlinson, even though it was included in his July 9 motion to compel. A Rule 30(b)(6) deposition is not appropriate because Plaintiff does not like the response.

This Topic is also overbroad in that it is not limited to Unisys Employees or the Relevant Time Period, but rather seeks testimony about a statute in general. Moreover, testimony on this Topic is inappropriate as it is seeking a fact witness to testify about a statute which presents a question of law in this matter.

Honorable James M. Wicks
October 26, 2021
Page 27

In addition, this Topic seeks information pertaining to the ultimate issue in this case, *i.e.*, the applicability of NYLL 191 to the Unisys Employees and therefore does not seek factual information, but rather an interpretation of the law pertaining to underlying facts. As Plaintiff is aware, it is Unisys's positon that the statute does not apply to the Unisys Employees and therefore the Topic seeks testimony on an issue in dispute in this action.

This Topic also places an impossible burden on Unisys, and one which is disproportionate to the need for such information. Unisys has employed thousands of employees since the date the requirement under the NYLL to pay manual workers weekly became effective in approximately 1966, to locate a witness with knowledge on this Topic or to educate a witness to testify therefor is burdensome and harassing.

In addition, subtopics (3) through (5) seek testimony on issues/defenses that Unisys has not asserted in connection with Plaintiff's NYLL claim.

Thus, Unisys will not prepare a witness to testify regarding subtopics (1) and (6).

Notwithstanding said objections, and without waiving same, Unisys will make a witness(es) available to testify once on a mutually agreeable time with respect to (i) the timing of the payment of regular and overtime wages for the positions/job titles of the Unisys Employees listed on the Census Data produced by Unisys; and (ii) subtopics (2) and (7)-(10) as they relate to the timing of the payment of regular and overtime wages for the position/job titles of the Unisys Employees listed on the Census Data produced by Unisys.

**B.       Current Status, Dispute, Legal Argument**

Through their discussions, the parties have agreed to limit this Topic to (i) the timing of the payment of regular and overtime wages for the positions/job titles of the Unisys Employees listed on the Census Data produced by Unisys; and (ii) subtopics (2)-(5) and (7)-(10) as they relate to the timing of the payment of regular and overtime wages for the position/job titles of the Unisys Employees listed on the Census Data produced by Unisys.

*Dispute:* Subtopics (1) and (6) pertaining to when Unisys became aware of NYLL 191(1)(a) and the requirements of same, and any steps Unisys has taken to learn about NYLL 191(1)(a) and the requirements of the NYLL.

*First*, Plaintiff has not described "with reasonable particularity the matters for examination" because this topic is not limited by time or to putative class members. *See* Fed. R. Civ. P. 30(b)(6). *Second*, a request for a deposition about "NYLL 191(1)(a)" (i.e., a sub-section of a legal statute) necessarily and improperly seeks conclusions of law and Unisys's interpretation of NYLL 191(1)(a)'s reach, scope, and requirements, and Unisys's related compliance efforts (which necessarily would reflect Unisys's legal conclusions about the statute's requirements). *See Mitchell*, 2019 WL 6251044, at *2; *JPMorgan Chase Bank*, 209 F.R.D. at 362. *Third*, Plaintiff appears to focus on Unisys's good-faith defense, but, as explained above in connection with Topic No. 2, Unisys agreed to produce a witness to provide testimony about the factual bases for that

Honorable James M. Wicks
October 26, 2021
Page 28

defense. ***Fourth,*** Plaintiff has made this the subject of his pending motion to compel a discovery response by Unisys. (ECF Doc. Nos. 134, 136.)

## XI.    Topic 11

FLSA and its prompt payment requirement, including, but not limited to, when Unisys became aware of same, Unisys' efforts regarding compliance with same, and why Unisys pays certain compensation when it does including, but not limited to, overtime.

Without limiting topic (11): the items to be covered include:

1. When Unisys became aware of the prompt payment requirement of the FLSA;

2. The factual basis for Unisys's affirmative defense of good faith;

3. Facts concerning reliance upon the advice of counsel;

4. Facts concerning reliance upon opinion letters or other documents issued by the US Department of Labor;

5. Facts concerning reliance upon decisions issued by any State or Federal Court, regulations and laws;

6. All steps Unisys has taken to learn about the prompt payment requirement of the FLSA and the requirements of the FLSA;

7. Any steps Unisys has taken to comply with the prompt payment requirement of the FLSA and the FLSA;

8. Why Unisys pays the Unisys Employees their overtime in the paycheck after the Unisys Employees are paid their regular wages;

9. Unisys' ability to pay the Unisys Employees their overtime in the same paycheck as their regular wages and any obstacles to same;

10. Facts concerning any purported good faith belief that Plaintiffs and those similarly situated were not manual workers.

### A.    Unisys's September 13 Response

Topic 11 continues to be infirm and Unisys objects to providing a witness to testify on the Topic as described by Plaintiff.  The phrases "FLSA and its prompt payment requirement," and "certain compensation" is vague, ambiguous, and not reasonably particular.

It is also overbroad in that it can be read as seeking testimony about the entire Fair Labor Standards Act and types of compensation that are not at issue under the FLSA in this action through it use of the phrase "including, but not limited, to overtime."

Honorable James M. Wicks
October 26, 2021
Page 29

It also places an impossible burden on Unisys, and one which is disproportionate to the need for such information. Unisys has employed thousands of employees since the FLSA was enacted and to locate a witness with knowledge on this Topic or to educate a witness to testify therefor is burdensome and harassing.

In addition, it seeks information pertaining to a legal issue in this case, *i.e.*, whether there is a "prompt payment requirement" in the FLSA and, if so, what is that requirement. Thus, as phrased this Topic improperly seeks conclusions of/testimony about the law. As you aware, it is Unisys's position that the FLSA does not contain a prompt payment requirement as alleged here and therefore it is seeking testimony about a disputed legal issue in the case. Thus, Unisys will not provide a witness for subtopics (1) and (6).

Moreover, it seeks information pertaining to the status of Unisys Employees as Manual Workers, something that is not relevant to Plaintiff's claim under the FLSA. Unisys will not provide a witness to testify regarding subtopic (10).

Notwithstanding said objections, and without waiving same, Unisys will make a witness(es) available to testify once at a mutually agreeable date(s) with respect to (i) the timing of the payment of overtime wages in respect of the positions/job titles held by the Unisys Employees as reflected on the Census Data produced by Unisys; and (ii) subtopics (2) and (7) through (9) as they relate to the positions/job titles held by the Unisys Employees as reflected on the Census Data produced by Unisys.

### B.       Current Status, Dispute, Legal Argument

Through their discussions, the parties have agreed to limit this Topic to (i) the timing of the payment of overtime wages with respect to the positions/job titles held by the Unisys Employees as reflected on the Census Data produced by Unisys; and (ii) subtopics (2) through (5) and (7) through (9) as they relate to the positions/job titles held by the Unisys Employees as reflected on the Census Data produced by Unisys.

*Dispute:* Subtopics (1) and (6) pertaining to when Unisys became aware of the prompt payment requirement of the FLSA, and all steps Unisys has taken to learn about the prompt payment requirement of the FLSA and the requirements of the FLSA. (Subtopic 10 has been withdrawn so only the prior two subtopics remain in dispute.) These subtopics are deficient for largely the same reasons as subtopics (1) and (6) of Topic 10.

*First*, Plaintiff has again failed to describe "with reasonable particularity the matters for examination" because this topic is not limited by time or to collective members. *See* Fed. R. Civ. P. 30(b)(6). *Second*, a request for a deposition about the FLSA's supposed prompt-payment requirement necessarily and improperly seeks conclusions of law and Unisys's interpretation of the FLSA's scope and requirements, and Unisys's related compliance efforts (which necessarily would reflect Unisys's legal conclusions about the statute's requirements). *See Mitchell*, 2019 WL 6251044, at *2; *JPMorgan Chase Bank*, 209 F.R.D. at 362. Indeed, it is Unisys's position that there is no such requirement. *Third*, Plaintiff appears to focus on Unisys's good-faith defense, but, as explained above in connection with Topic No. 2, Unisys agreed to produce a witness to provide

Honorable James M. Wicks
October 26, 2021
Page 30

testimony about the factual bases for that defense. In addition, Unisys has agreed to produce a witness to testify regarding the timing of the payment of overtime wages.  This information, and the other information, will provide what Plaintiff is seeking.

**XII.   Topic 12**

Databases, programs, and/or software utilized for timekeeping during the Relevant Time Period including, but not limited to, the types of databases, programs and/or software, what records are kept, in what format, what instructions are given to employees regarding reporting time, and who records time.

Without limiting topic (12): the items to be covered include:

1. The databases, programs and/or software utilized for timekeeping during the Relevant Time Period;

2. The types of databases used for timekeeping during the Relevant Time Period;

3. The types of programs used for timekeeping during the Relevant Time Period;

4. The types of software used for timekeeping during the Relevant Time Period;

5. What time records are kept;

6. What format the time records are kept in;

7. What format the time records can be exported into: (i) excel; (ii) csv; (iii) pdf;

8. What instructions are given to employees regarding reporting time;

9. Who records time;

10. Time records Unisys has produced in this litigation;

11. The origin of the time records Unisys had produced in this litigation including the database produced from and the data contained in such database;

12. How the time records Unisys has produced in this litigation are stored;

13. How the time records Unisys had produced in this litigation are maintained;

14. Who produced the time records Unisys has produced in this litigation and how;

15. Decisions concerning what information was put into the time records versus what was excluded;

16. All steps taken to verify and validate the completeness and accuracy of the time records Unisys had produced in this litigation;

Honorable James M. Wicks
October 26, 2021
Page 31

    17. Unisys' business records practices.

### A.    Unisys's September 13 Response

Topic 12 continues to be objectionable because the term "timekeeping" is vague and not reasonably particular, as is the phrase "who records time." Defendant interprets those terms to mean the daily recording of hours worked by Unisys Employees, something that is not at issue in this case and therefore Unisys further objects to this Topic as seeking information that is irrelevant to this action. There is nothing in this case that implicates timekeeping or the process therefor and testimony on this Topic is completely irrelevant to this action. To the extent Plaintiff is seeking information as to the number of hours worked in a particular workweek, that information has been produced at Unisys-550, 551, 1260-1262, and 1266-1268.

Defendant further objects to this Topic as over broad because it is not limited to the Unisys Employees or to the relevant positions/job titles listed in the Census Data, but rather seeks testimony regarding "what instructions are given to employees regarding reporting time" in general. It is also impossible to prepare a witness to testify as to "instructions" because it does not define the format of such instructions and, as drafted, encompasses oral instructions.

Subtopic (8) is objectionable because it is imprecise as it does not define what those instructions pertain to, the recipient of those instructions, who gave the instructions, or the format of such instructions, etc.  Unisys will not provide a witness on subtopic (8).

Similarly, subtopic (9) is vague and imprecise.  There is no definition of the word "who" and it is not clear what Plaintiff is referring to. Is he referring to the Unisys Employees or someone internally in the payroll department.  Thus, Unisys will not produce a witness to testify regarding subtopic (9).

Decisions regarding what information was included in the time records as described in subtopic (15) seeks privileged information. To the extent it is seeking information entered by any of the 251 Unisys Employees, as discussed previously it is impossible to prepare a witness therefor given the scope of such an inquiry and the fact that it would require the witness to get inside the mind of each such individual.

Moreover, Plaintiff has raised no issue regarding the time records produced, nor was such an issue included in Plaintiff's motion to compel filed on July 9. To the extent Plaintiff has an issue, it should be raised with the Magistrate Judge, after an appropriate meet and confer, and not as part of a Rule 30(b)(6) deposition. Unisys will not produce a witness to testify regarding subtopics (15) and (16).

For the reasons discussed above regarding the other Topics/subtopics, Unisys will not produce a witness to testify regarding subtopic (17) pertaining to "Unisys' business records practices."

Notwithstanding said objections, and without waiving same, Unisys will produce a witness(es) to testify once on a mutually agreeable date(s) regarding specific excel spreadsheets

Honorable James M. Wicks
October 26, 2021
Page 32

identified by Bates number produced by Unisys and to be agreed upon by counsel in advance of a deposition regarding the positions/job titles for the Unisys Employees as reflected on the Census Data produced by Unisys relating to subtopics (1) through (7) and (10) through (14).

### B.    Current Status, Dispute, Legal Argument

The parties have limited this to the following subtopics as follows: Unisys will produce a witness to testify regarding the positions/job titles for the Unisys Employees as reflected on the Census Data produced by Unisys and documents specified by Plaintiff and agreed upon by Unisys relating to subtopics (1) through (7) and (10) through (14).

*Dispute:* (a) the documents specified by Plaintiff, which are listed in Topic 9, to which Unisys objects as they relate to all the subtopics, even those subtopics to which Unisys has agreed; and (b) subtopics (8), (9) and (15) through (17) in connection with any documents ultimately specified.

As a global issue, the subtopics in dispute broadly seek information concerning data maintained in a timekeeping system. Rule 30(b)(6)'s reasonable particularity requirement is "enforced more strictly in the context of depositions of data systems witnesses." *See Winfield*, 2018 WL 840085, at *7. As demonstrated below, Plaintiff cannot show that the remaining subtopics in dispute are sufficiently particularized and otherwise proper.

*First*, subtopic 8 is objectionable because it is imprecise as it does not define what those instructions pertain to, the recipient of those instructions, who gave the instructions, or the format of such instructions. Even if Unisys could determine the precise contours of subtopic 8, it would be deficient for the additional reason that, as written, it applies to all Unisys employees, regardless of their work location or position. *See Dealer Computer Servs., Inc.*, 2013 WL 499520, at *2.

*Second*, subtopic 9 is similarly vague and imprecise. There is no definition of the word "who," and it is not clear what Plaintiff is referring to: is he referring to the Unisys Employees or someone internally in the payroll department? Unisys should not be required to guess what Plaintiff means and bear the consequences associated with a failure to prepare properly for a Rule 30(b)(6) deposition.

*Third*, like subtopics 8 and 9, subtopic 15 is not reasonably particular: does Plaintiff want to know about information individual employees included in their time records? Or does he want to know what Unisys, through counsel, decided to include in the time records it produced in this litigation? If the former, Unisys has no practical way of determining and testifying on what countless individuals, regardless of position or location, included in their time records. If the latter, Plaintiff, again, improperly seeks (a) information protected by the work-product doctrine, *see Inline Packaging, LLC*, 2018 WL 9919939, at *10; *Ingersoll*, 2011 WL 1131129, at *6, (b) "discovery on discovery," *see Bombardier Recreational Prods., Inc. v. Arctic Cat, Inc.*, No. 12-CV-2706, 2014 WL 10714011, at *15 (D. Minn. Dec. 5, 2014) (denying motion to compel party to produce witness to testify on ESI collection efforts as "discovery on discovery"); *Winfield*, 2018 WL 840085, at *7 (finding topic concerning database's "reporting capabilities" was irrelevant).

Honorable James M. Wicks
October 26, 2021
Page 33

**Fourth**, along similar lines, subtopic 16 seeks information protected by the work-product doctrine, *see Inline Packaging, LLC*, 2018 WL 9919939, at *10; *Ingersoll*, 2011 WL 1131129, at *6, and "discovery on discovery," *see Bombardier Recreational Prods., Inc.*, 2014 WL 10714011, at *15. Moreover, Plaintiff has not raised an issue about the accuracy of the time records produced in this matter. While, as discussed above, Plaintiff has questioned why a certain individual was not included on the lists, that in no way calls into question the accuracy of what has been produced.

**Fifth**, as Unisys demonstrated above in connection with Topic 9, inquiring as to "business records practices" (subtopic 17) fails to satisfy Rule 30(b)(6).

**Finally**, to the extent that Topic 12 incorporates and refers to the document listing Plaintiff prepared for Topic 9, it fails to comply with the rules for the same reasons as discussed in connection that Topic – and for the additional reason that Plaintiff has not defined "timekeeping record."

## XIII.   Topic 13

Databases, programs, and/or software utilized for payroll during the Relevant Time Period including, but not limited to, the types of databases, programs and/or software, what records are kept, in what format, what instructions are given to employees regarding payroll, and who runs payroll.

Without limiting topic (13): the items to be covered include:

1. The databases, programs and/or software utilized for payroll during the Relevant Time Period;

2. The types of databases used for payroll during the Relevant Time Period;

3. The types of programs used for payroll during the Relevant Time Period;

4. The types of software used for payroll during the Relevant Time Period;

5. What payroll records are kept;

6. What format the payroll records are kept in;

7. What format the payroll records can be exported into: (i) excel; (ii) csv; (iii) pdf

8. What instructions are given to employees regarding payroll;

9. Who records payroll;

10. Payroll records Unisys has produced in this litigation;

11. The origin of the payroll records Unisys had produced in this litigation including the database produced from and the data contained in such database;

Honorable James M. Wicks
October 26, 2021
Page 34

12. How the payroll records Unisys has produced in this litigation are stored;

13. How the payroll records Unisys had produced in this litigation are maintained;

14. Who produced the payroll records Unisys has produced in this litigation and how;

15. Decisions concerning what information was put into the payroll records versus what was excluded;

16. All steps taken to verify and validate the completeness and accuracy of the payroll records Unisys had produced in this litigation;

17. Unisys' business records practices;

18. The exact process by which the "Earning Statements" bates stamped "Unisys-0086-Unisys 143" (hereinafter "Earnings Statements") are generated;

19. The software program(s) used to generate the Earnings Statements, and the specific manner by which the software program(s) compile the information contained in the Earnings Statements;

20. The database sources of the information contained in the Earnings Statements;

21. Whether Unisys has the capability to produce the information contained in the Earnings Statements in a single Excel or CSV file;

22. The database applications, database engines, and database files used by Unisys during the relevant time period to process payroll information;

23. The reporting and exporting capabilities of ProBusiness Payroll System, including the databases used by the system and the information contained therein;

24. The reporting and exporting capabilities of the ADP Vantage HCM system, including the databases used by the system and the information contained therein.

### A.      Unisys's September 13 Response

Topic 13 remains objectionable. It is over broad, and is not limited to the positions/job titles held by Unisys Employees, but rather seeks testimony regarding "what instructions are given to employees" in general.

In addition, Topic 13 is unclear and does not provide the requisite detail to allow Defendant to designate and prepare a witness to testify as to this Topic. For example, it repeatedly uses the term "payroll records" in certain of the subtopics, but does not define those "payroll records." Is Plaintiff referring to the Earnings Statements produced for Mr. Sorbie and the ten other Unisys Employees Plaintiff identified? Or is Plaintiff referring to the tens of thousands of rows of data contained in the Excel spreadsheets produced by Unisys? Thus, Unisys will not produce a witness

Honorable James M. Wicks
October 26, 2021
Page 35

to testify regarding the Topic, but will provide a witness on the subtopics as set forth below. In addition, the term "payroll records" will be interpreted by Unisys to refer to the "Earnings Statements" produced by Unisys in this matter for each subtopic which uses the term "payroll records."

Subtopics (7) and (21) seek information regarding the format into which such payroll records can be exported and whether Unisys has the ability to produce such information in a single Excel or CSV file. This is irrelevant, designed to harass Unisys, and not the appropriate topic for a Rule 30(b)(6) deponent.

As Plaintiff is aware, data was produced in highly detailed and voluminous Excel spreadsheets at Unisys-550, 551, 1260-1262, and 1266-1268. These spreadsheets cover the entire Relevant Period through the July 23, 2021 check date which covers the July 11, 2021 to July 24, 2021 pay period. This data reflects, among other things, the hours worked on a workweek by workweek basis. As discussed above, this data was produced consistent with the parties' ESI protocol.

Plaintiff has never requested that these Excel spreadsheets be produced in a different format. Moreover, this is nothing more than Plaintiff desiring to obtain the complete data Unisys has produced in a particular format, something not required under the applicable rules. If Plaintiff would like the information in a specific format he should create such a spreadsheet from the data produced himself. Unisys will not produce a witness on subtopics (7) and (21)

Subtopics (8) and (9) are infirm for the reasons discussed in connection with Topic 12 and therefore Unisys will not produce a witness on those subtopics.

Subtopic (10) is infirm because it uses the imprecise term "payroll records" as discussed above. Even interpreted as Earning Statements, this subtopic is still imprecise because Plaintiff does not in any way indicate what testimony he is seeking about such Earnings Statements that Unisys produced. Unisys will not produce a witness on subtopic (10).

Subtopics (15) through (17) are infirm for the reasons discussed in relation to other Topics/subtopics and therefore Unisys will not provide a witness to testify regarding that subtopic.

Notwithstanding said objections, and without waiving same, Unisys will produce a witness(es) to testify once on a mutually agreeable date(s) regarding specific excel spreadsheets identified by Bates number produced by Unisys and to be agreed upon by counsel in advance of a deposition on the following subtopics as they pertain to the positions/job titles held by Unisys Employees during the Relevant Time Period as reflected on the Census Data produced by Unisys and as qualified above: (1) through (6), (11) through (14), (18) through (20), and (22) and (24).

Honorable James M. Wicks
October 26, 2021
Page 36

### B.      Current Status, Dispute, Legal Argument

The parties have limited this to the following subtopics as follows: Unisys will produce a witness to testify regarding the positions/job titles for the Unisys Employees as reflected on the Census Data produced by Unisys and documents specified by Plaintiff and agreed upon by Unisys relating to subtopics (1) through (6), (11) through (14), (18) through (20), and (22) and (24).

*Dispute:* (a) the documents specified by Plaintiff, which are listed in Topic 9 to which Unisys objects as they relate to all the subtopics, even those subtopics to which Unisys has agreed; and (b) subtopics (7) through (10), (15) through (17), (21), and (23) in connection with any documents ultimately specified.

As noted above in connection with Topic 12, because the remaining subtopics concern information regarding a database, the Court must carefully scrutinize them to ensure compliance with Rule 30(b)(6)'s reasonable particularity requirement. *See Winfield*, 2018 WL 840085, at *7. Plaintiff cannot satisfy that standard.

*First*, subtopics 7, 21, and 23 are irrelevant, particularly because, as Unisys noted above, Unisys has produced documents pursuant to an ESI protocol.  *Second*, subtopics 8, 9, and 15 through 17 are objectionable for the same reasons that subtopics 8, 9, and 15 in Topic 12 are deficient. *Third*, subtopic 10 is imprecise because it fails to define the term "[p]ayroll records" or specify what Plaintiff seeks to discover about those records.  *Fourth*, to the extent that Topic 13 relies on or encompasses the document listing Plaintiff prepared in connection with Topic 9, it is objectionable for the reasons set forth in Unisys's argument regarding Topic 9.

### Conclusion

Whereas Rules 26 and 30(b)(6) contemplate particularized discovery into relevant issues, Plaintiff's Rule 30(b)(6) topics pursue irrelevant areas and largely seek inappropriate "discovery on discovery" without justification. The Court should enter an order prohibiting Plaintiff from inquiring into the issues outlined above to promote the purpose of the Federal Rules of Civil Procedure—that is, the "just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1.

Respectfully submitted,

*/s/ Kenneth W. DiGia*

Kenneth W. DiGia

KWD:kpa

cc:      All counsel of record
         (Via ECF)