

MOSER LAW FIRM, PC

**Paul A. Pagano**
Tel: 917.589.1479
paul.pagano@moserlawfirm.com

October 27, 2021

**VIA ECF**
U.S. Magistrate Judge James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 117222

> Re:    *Caccavale v. Hewlett-Packard Company a/k/a HP Inc., et al.*
>        2:20-cv-00974-GRB-AKT (E.D.N.Y.)

Dear Judge Wicks:

This firm represents Plaintiffs in the above referenced matter. Plaintiffs file this letter motion to compel discovery from Defendants Hewlett-Packard Company a/k/a HP Inc. ("HPI"), Hewlett Packard Enterprise Company ("HPE")(together "HP") and Unisys Corporation ("Unisys"). This motion is being filed in light of Magistrate Tomlinson's docket order dated September 27, 2021 requiring the parties to raise certain discovery disputes on or before October 27, 2021. By this letter motion, Plaintiffs seek an order compelling the production of complete and accurate payroll and time information in response to Plaintiffs' Interrogatories and Requests for Production of Documents dated March 19, 2021.[1] Plaintiffs also seek discovery of all class members who performed work for Defendants in the state of New York during the relevant time period.

## I.    PAYROLL RECORDS REQUESTS:

## A.    DOCUMENT REQUESTS SEEKING PAYROLL RECORDS

`Request No 7.`[2] `For each payment of wages to [HPI/HPE/Unisys Employees] during the Relevant Time Period, documents concerning the following: the date of payment of wages, the dates of work covered by that payment of wages; name of employee; title of employee; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours`

---

[1] Plaintiffs' instant motion follows the format set forth in Local Rule 37.1 and the process set forth during the parties' March 5, 2021 conference wherein the parties were instructed to set forth verbatim the pertinent requests and responses. To that end, Plaintiffs' Discovery Requests and Defendants' responses thereto are in courier font.

[2] Due to the length of the Defendants' objections and argument, Plaintiffs' position begins on page 11.

worked.

**HPI RESPONSE:** Defendant objects to this Request as overly broad and as unduly burdensome. Defendant further objects to the Request for identifying information as premature because no class has been certified and as seeking confidential information of non-party employees/former employees, and incorporates by references its objections and response to Request No. 1. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request to the extent it seeks information from the time period of November 1, 2015 until the present. Subject to and without waiving the foregoing objections, no such documents containing all of the enumerated information exist in Defendant's possession, custody or control. Nevertheless, for purposes of responding to this Request, Defendant has created and produced at HPI-0001788 a report listing, for each payment of wages to each of the HPI Employees during the time period of February 21, 2014 through October 31, 2015 (provided the HPI Employee was employed in a relevant job title in New York during that time), the following information: the date of payment of wages; the last date of work covered by that payment of wages; employee identification number; regular hours worked; regular earnings paid; overtime hours worked; overtime earnings paid; gross wages; total deductions; and net wages.

**HPE RESPONSE:** Defendant objects to this Request as overly broad and as unduly burdensome. Defendant further objects to the Request for identifying information as premature because no class has been certified and as seeking confidential information of non-party employees/former employees, and incorporates by references its objections and response to Request No. 1. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, no such documents containing all of the enumerated information exist in Defendant's possession, custody or control. Nevertheless, for purposes of responding to this Request, Defendant has created reports showing Defendant's payment of wages to each of the HPE Employees during the Relevant Time Period (provided the HPE Employee was employed in a relevant job title in New York during that time). Produced at HPE-0004485-4486 and HPE-0004489-4490 are reports showing such payment of wages corresponding to the time period of February 21, 2014 through September 30, 2017, which include (but are not limited to) the following information: last day of the pay period, employee identification number, gross wages, deductions,

2

and net wages. Produced at HPE-0004487-4488 are reports showing such payments of wages corresponding to the time period of October 1, 2017 through 2018, which include (but are not limited to) the following information: the date of payment of wages, employee identification number, gross wages, deductions, and net wages. Defendant further refers Plaintiffs to its objections and response to Request No. 28.

**Unisys Response:** Defendant objects to Request No. 7 on the grounds that it is overbroad, premature, and seeks irrelevant information insofar as it seeks payroll information concerning putative members of a class that has yet to be certified. See *Burnett v. Wahlburgers Franchising LLC*, No. 16-4602 (WFK) (CLP), 2017 WL 11504788, at *5 (E.D.N.Y. Dec. 6, 2017) (denying pre-certification payroll discovery as "premature"). Moreover, Plaintiff has failed to articulate a sufficient basis upon which this discovery is necessary to move for certification. See *Charles v. Nationwide Mut. Ins. Co.*, No. 09 CV 94 ARR, 2010 WL 7132173, at *3 (E.D.N.Y. May 27, 2010). Defendant further objects to this request on the basis that it seeks information that is irrelevant to the claims asserted in this action such as documents pertaining to gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked. Defendant objects to this Request on the grounds that it is burdensome and disproportionate to the needs of the case. For example, just to produce actual pay stubs for the approximately 211 putative class members reflected on the document produced in Response to Request No. 1, assuming 26 paystubs per year and each person employed for an average of three years, would result in the production of almost 16,500 pieces of paper. Defendant further objects to this Request to the extent it can be construed as requiring a search of certain electronically stored information on the grounds that it does not provide any reasonable proposal for a search such as time frame, custodians, search terms, sources, etc. Defendant also objects to this Request on the grounds that the definition of Unisys Employees in the Requests is vague because it does not define the term "employed in New York." Defendant also objects to this Request as duplicative and unnecessary to the extent it is asking Defendant to provide information that has already been addressed through paragraphs 66, 67, 68, 82, 83, 107, 108, 134, 135, and 143 in Plaintiff's Second Amended Class and Collective Action Complaint and Defendant's responses to those paragraphs in its Answer to Second Amended Class and Collective Action Complaint. Defendant also objects to this Request as duplicative and unnecessary to the extent it is asking Defendant to provide

5 E. MAIN ST., HUNTINGTON, NY 11743
WWW.MOSEREMPLOYMENTLAW.COM

information that is reflected in documents which have previously been produced by Unisys for Sorbie at, for example, bates numbers Unisys-0001, 0031, 0036, 0043, 0077-0081, 0086-0143. Defendant further objects to this Request on the ground that it seeks information pertaining to Billups, Caccavale, and Mangelli who, as described above, have been dismissed from this action or to other employees who have signed a Release of claims with Unisys. Subject to and without waiving its objections, Plaintiff is directed to the documents previously produced in this Action and those produced in Response to Request No. 1.

**Request No 13.** To the extent not already produced, for each payment of wages to the Named Plaintiffs during the Relevant Time Period, documents concerning the following: the date of payment of wages, the dates of work covered by that payment of wages; name of employee; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

**HPI and HPE RESPONSES:** Defendant objects to this Request as duplicative, as overly broad, and as unduly burdensome. Defendant further objects to this Request to the extent it seeks information from the time period of November 1, 2015 until the present because Plaintiffs Caccavale, Mangelli, Sorbie, and Billups were not employed by HP Co. or HP Inc. during that time period. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents previously produced by Hewlett Packard Enterprise Company as to Plaintiffs Caccavale, Mangelli, Sorbie, and Billups.

**UNISYS RESPONSE:** See Response to Request No. 7.

**Request No 27 to HPI, No. 28 HPE and No. 26 to Unisys:** [HPI/HPE/Unisys' Employees] payroll records for the Relevant Time Period including, but not limited to, time records.

**HPI Response:** Defendant objects to this Request to the extent it seeks information from the time period of November 1, 2015 until the present. Defendant further objects to this Request as it applies to the time period of February 21, 2014 until October 31, 2015 as overly broad, as unduly burdensome, and as seeking irrelevant information not proportional to the needs of this case. Defendant further objects to this Request as vague

as to the terms "payroll records" and "time records." Subject to and without waiving the foregoing objections, Defendant will produce documents reflecting available daily time card data for the HPI Employees during the time period of February 21, 2014 until October 31, 2015, provided the HPI Employees were employed in a relevant job title in New York during that time.

**HPE Response:** Defendant objects to this Request as overly broad, as unduly burdensome, and as seeking irrelevant information not proportional to the needs of this case. Defendant further objects to this Request as vague as to the terms "payroll records" and "time records." Subject to and without waiving the foregoing objections, for purposes of responding to this Request, Defendant has created and produced at HPE-0004482-4483 reports reflecting available daily time card data for the HPE Employees during the Relevant Time Period, provided the HPE Employees were employed in a relevant job title in New York during that time.

**Unisys Response:** Defendant objects to Request No. 26 on the grounds that it is overbroad, premature, and seeks irrelevant information insofar as it seeks information concerning putative members of a class that has yet to be certified. *See Burnett v. Wahlburgers Franchising LLC*, No. 16-4602 (WFK) (CLP), 2017 WL 11504788, at *5 (E.D.N.Y. Dec. 6, 2017) (denying pre-certification payroll discovery as "premature"). Defendant also objects to this Request on the grounds that the definition of Unisys Employees in the Requests is vague because it does not define the term "employed in New York." Defendant also objects to this Request on the grounds that it is vague in that it does not define the term "payroll records" and is duplicative of other Requests herein. Defendant further objects to the Request as seeking irrelevant information insofar as it seeks "time records." Specifically, the salient issues in this litigation concern frequency of pay and whether Plaintiff Sorbie and others similarly situated to him were "manual workers" within the meaning of N.Y. Lab. Law § 191. Time records and other "payroll records" are not probative of any of these issues. As such, they are not "relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Defendant also objects to this Requests on the grounds that it is burdensome for the reasons set forth in response to Request No. 7. Defendant further objects to this Request on the ground that it seeks information pertaining to Billups, Caccavale, and Mangelli who, as described above, have been dismissed from this action or to other employees who have signed a Release of claims with Unisys. Subject to and without waiving

its objections, Defendant directs Plaintiff to the document produced in response to Request No. 7.

**Request No. 27 to Unisys:** Wage statements/paystubs for Unisys Employees for the Relevant Time Period.

**Unisys Response:** Defendant objects to Request No. 27 on the grounds that it is overbroad, premature, and seeks irrelevant information insofar as it seeks information concerning putative members of a class that has yet to be certified. *See Burnett v. Wahlburgers Franchising LLC*, No. 16-4602 (WFK) (CLP), 2017 WL 11504788, at *5 (E.D.N.Y. Dec. 6, 2017) (denying pre-certification payroll discovery as "premature"). Defendant also objects to the Request as cumulative and duplicative of Request No. 26. Defendant further objects to this Request on the grounds that it is premature and beyond the permissible scope of discovery as Plaintiff has failed to articulate a sufficient basis upon which this discovery is necessary to move for certification. *See Charles v. Nationwide Mut. Ins. Co.*, No. 09 CV 94 ARR, 2010 WL 7132173, at *3 (E.D.N.Y. May 27, 2010). Defendant also objects to this Request on the grounds that the definition of Unisys Employees in the Requests is vague because it does not define the term "employed in New York." Defendant also objects to this Requests on the grounds that it is burdensome for the reasons set forth in response to Request No. 7. Defendant further objects to this Request on the ground that it seeks information pertaining to Billups, Caccavale, and Mangelli who, as described above, have been dismissed from this action or to other employees who have signed a Release of claims with Unisys. Subject to and without waiving its objections, Defendant directs Plaintiff to the document produced in response to Request No. 7.

## B. INTERROGATORIES CONCERNING PAYROLL INFORMATION

**Interrogatory No. 4 to HPI and HPE:** For each title set forth in the definition of [HPI/HPE Employees] for the Relevant Time Period list the dates of all paydays, and for each pay date, state the first day and the last day of the pay period covered by the payment of wages.

**HPI Response:** Defendant objects to this Interrogatory and all its sub-parts as beyond the 25 permitted under Rule 33. Defendant further objects to this Interrogatory as overly broad and unduly burdensome because, inter alia, it seeks information already known to Plaintiffs. Defendant further objects to this Interrogatory as vague and ambiguous as to the term "wages"

6

without specification as to any specific type of compensation. For purposes of responding to this Interrogatory, and without conceding that overtime wages are subject to the requirements of New York Labor Law § 191(1)(a)(i), Defendant interprets the term "wages" to mean regular wages and overtime wages. Defendant further objects to this Interrogatory to the extent it seeks information from the time period of November 1, 2015 until the present. Defendant further objects to this Interrogatory as it applies to the time period of February 21, 2014 until October 31, 2015 because the answers may be determined by examining documents produced by Defendant, and the burden of deriving the answers will be substantially the same for Plaintiffs as it will be for Defendant. Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to the document bates-stamped HPI-0001788.

**HPE Response:** Defendant objects to this Interrogatory and all its sub-parts as beyond the 25 permitted under Rule 33. Defendant further objects to this Interrogatory as overly broad and unduly burdensome because, inter alia, it seeks information already known to Plaintiffs. Defendant further objects to this Interrogatory as vague and ambiguous as to the term "wages" without specification as to any specific type of compensation. For purposes of responding to this Interrogatory, and without conceding that overtime wages are subject to the requirements of New York Labor Law § 191(1)(a)(i), Defendant interprets the term "wages" to mean regular wages and overtime wages. Defendant further objects to this Interrogatory because the answers may be determined by examining documents produced by Defendant, and the burden of deriving the answers will be substantially the same for Plaintiffs as it will be for Defendant. Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to the documents bates-stamped HPE-0001404-1576, HPE-0004482-4483, and HPE-0004485-4490.

**Interrogatory No. 6:** State the following information for each Named Plaintiff: (i) date of hire; (ii) job title(s) and dates on which such job title(s) were held; (iii) regular rate(s) of pay and the dates on which those rates were in effect; (iv) job duties/responsibilities; (v) all employment locations and the dates employed at each location; and (vi) Named Plaintiffs' date of separation from employment.

**HPI Response:** Defendant objects to this Interrogatory and all its sub-parts as beyond the 25 permitted under Rule 33. Defendant further objects to this Interrogatory as unduly burdensome to the extent that it seeks information within Plaintiffs' knowledge. Defendant further objects to this

Interrogatory as vague and ambiguous as to the terms "job duties/responsibilities" and "all employment locations." Defendant further objects to this Interrogatory because it seeks information during the time period of November 1, 2015 until the present. Defendant further objects to this Interrogatory as it applies to the time period of February 21, 2014 until October 31, 2015 because the answers may be determined by examining documents produced by Hewlett Packard Enterprise Company, and the burden of deriving the answers will be substantially the same for Plaintiffs as it will be for Defendant. Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to Hewlett Packard Enterprise Company's production of documents that are bates-stamped HPE-000272-294, HPE-000299-425, HPE-000514-666, HPE-000745-904, HPE-0001051-1286, and HPE-0001383-1576. Defendant further responds that Plaintiffs Caccavale, Mangelli, Sorbie, and/or Billups were engaged in different activities but, as indicated by the job descriptions previously produced by Hewlett Packard Enterprise Company at HPE-0000001-2, HPE-0000295-298, HPE-0000426-427, and HPE-0001579-1582, their job duties and responsibilities included (but were not limited to) using technical knowledge and skills to resolve customer questions and problems regarding software and hardware platforms.

**HPE Response:** Defendant objects to this Interrogatory and all its sub-parts as beyond the 25 permitted under Rule 33. Defendant further objects to this Interrogatory as unduly burdensome to the extent that it seeks information within Plaintiffs' knowledge. Defendant further objects to this Interrogatory as vague and ambiguous as to the terms "job duties/responsibilities" and "all employment locations." Defendant further objects to this Interrogatory to the extent it seeks information beyond the Relevant Time Period. Defendant further objects to this Interrogatory because the answers may be determined by examining documents produced by Defendant, and the burden of deriving the answers will be substantially the same for Plaintiffs as it will be for Defendant. Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to the documents bates-stamped HPE-0000272-294, HPE-0000299-425, HPE-0000514-666, HPE-0000745-904, HPE-0001051-1286, and HPE-0001383-1576. Defendant further responds that Plaintiffs Caccavale, Mangelli, Sorbie, and/or Billups were engaged in different activities but their job duties and responsibilities included (but were not limited to) using technical knowledge and skills to resolve customer questions and problems regarding software and hardware platforms.

**Unisys Response:** Defendant objects to Interrogatory No. 6 on the

8

grounds that it seeks information pertaining to Caccavale, Mangelli, and Billups who, as described above, have been dismissed from this action. Defendant further objects to this interrogatory as it is unduly burdensome insofar as Plaintiff already possesses certain of the information being requested herein. Defendant further objects to this interrogatory as it is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that the information being sought is not relevant to Plaintiff Sorbie's FLSA claim. Notwithstanding said objections and without waiving same, Defendant refers Plaintiff to Defendant's document production in response to Document Request Nos. 1, 7 and 11 of Plaintiffs' Interrogatories and Requests For Production of Documents to Defendant Unisys Corporation. In addition, Defendant refers Plaintiffs to a job description that was previously produced in response to Plaintiffs' First Request For Document Production, which can be found at Unisys-0070, and to Unisys's Objections and Responses to Plaintiffs' First Set of Requests for Admission to Defendant Unisys Corporation.

**Interrogatory No 7 to HPI, HPE, Unisys:** State the following information for each [HPI/HPE/Unisys Employee] during the Relevant Time Period (other than the Named Plaintiffs): (i) date of hire; (ii) job title(s) and dates on which such job title(s) were held; (iii) regular rate(s) of pay and the dates on which those rates were in effect; (iv) job duties/responsibilities; (v) all employment locations and the dates employed at each location; and (vi) Plaintiffs' date of separation from employment.

**HPI Response:** Defendant objects to this Interrogatory and all its sub-parts as beyond the 25 permitted under Rule 33. Defendant further objects to this Interrogatory as vague as to the terms "job duties/responsibilities," "all employment locations," and "Plaintiffs." Defendant further objects to this Interrogatory to the extent it seeks information regarding any employment of HPI Employees at locations outside of New York. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it purports to be limited to seeking information during the Relevant Time Period but actually seeks information that may be outside the Relevant Time Period. Defendant further objects to this Interrogatory to the extent it seeks information from the time period of November 1, 2015 until the present. Defendant further objects to this Interrogatory as it applies to the time period of February 21, 2014 until October 31, 2015 because the answers may be determined by examining

9

documents produced by Defendant, and the burden of deriving the answers will be substantially the same for Plaintiffs as it will be for Defendant. Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to the documents bates-stamped HPI-0000794 and HPI-0001788, which include, for each HPI Employee, (i) date of hire; (ii) job title(s) held for all or some portion of the time period of February 21, 2014 until October 31, 2015, to the extent it is one of the job titles listed in the definition of "HPI Employees," and the dates on which such job title(s) were held; (iii) pay data pertaining to February 21, 2014 through October 31, 2015 from which the regular rate of pay can be calculated; (iv) work address during the time period of February 21, 2014 until October 31, 2015; and (v) date of separation from employment. Defendant further responds that the HPI Employees were engaged in different activities but, as the job descriptions produced at HPI-0000784-793 indicate, their job duties and responsibilities included (but were not limited to) using technical knowledge and skills to resolve customer questions and problems regarding software and hardware platforms.

**HPE Response:** Defendant objects to this Interrogatory and all its sub-parts as beyond the 25 permitted under Rule 33. Defendant further objects to this Interrogatory as vague as to the terms "job duties/responsibilities," "all employment locations," and "Plaintiffs." Defendant further objects to this Interrogatory to the extent it purports to be limited to seeking information during the Relevant Time Period but actually seeks information that may be outside the Relevant Time Period. Defendant further objects to this Interrogatory to the extent it seeks information regarding any employment of HPE Employees at locations outside of New York. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory because the answers may be determined by examining documents produced by Defendant, and the burden of deriving the answers will be substantially the same for Plaintiffs as it will be for Defendant. Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to the documents bates-stamped HPE-0001647-2781, HPE-0004482-4483, and HPE-0004485-4490. Defendant further responds that the HPE Employees were engaged in different activities but their job duties and responsibilities included (but were not limited to) using technical knowledge and skills to resolve customer questions and problems regarding software and hardware platforms.

**Unisys Response:** Defendant objects to Interrogatory No. 7 as unduly burdensome insofar as Plaintiff already possess certain

of the information being requested herein. Defendant further objects to this interrogatory as it is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent that the information being sought is not relevant to Plaintiff Sorbie's FLSA claim. Defendant also objects to this interrogatory on the grounds that the definition of Unisys Employees in the interrogatories is vague because it does not define the term "employed in New York." Notwithstanding said objections and without waiving same, Defendant refers Plaintiff to Defendant's document production in response to Document Request Nos. 1, 7 and 11 of Plaintiffs' Interrogatories and Requests For Production of Documents to Defendant Unisys Corporation. In addition, Defendant refers Plaintiff to a job description that was previously produced in response to Plaintiffs' First Request For Document Production, which can be found at Unisys-0070. In addition, Defendant refers Plaintiffs to Plaintiff Sorbie's wage statements/pay stubs that were previously produced in response to Plaintiffs' First Request For Document Production, which can be found at Unisys-0077-0087 and Unisys-0086-0143, and to Unisys's Objections and Responses to Plaintiffs' First Set of Requests for Admission to Defendant Unisys Corporation.

## C. WHY THE PLAINTIFFS SHOULD PREVAIL AND WHY THE REPONSES ARE INADEQUATE

### 1. The Information and Documents Requested are Relevant to Plaintiffs' Claims.

The instant action concerns two types of claims that are asserted on both an individual and class/collective wide basis. The first is that HP and Unisys violated NYLL 191(1)(a) by failing to pay Plaintiffs and the class members weekly and within seven calendar days of the end of the workweek in which such wages were earned. In connection with such claim, Plaintiffs are entitled to liquidated damages in the amount of the delayed wages. Integral to both proving the merits (that wages were delayed) and damages (the amount of wages that were delayed) are records showing when wages were earned and when wages were paid. Additionally, the Defendants have taken the position that work performed outside of New York is not covered by NYLL 191(1)(a).[3] Therefore, Plaintiffs need records showing the timing and amount of wages earned in New York and other states.

---

[3] During the meet and confer process between Plaintiffs and the HP Defendants, in an attempt to avoid the 30(b)(6) deposition topic "[HPI/HPE's] policies and practices for recording work performed by [HPI/HPE] Employees in states other than New York and [HPI/HPE's] policies and practices for withholding, reporting, and payment of payroll taxes for work performed by [HPI/HPE] Employees in states other than New York[,]" the HP Defendants provided "HPI and HPE agree that they will not argue, for purposes of this litigation, that the NYLL does not apply to work performed by the putative class members, as defined in Plaintiffs' SAC, outside of New York during the relevant time period." Plaintiffs sought to solidify the proposal by asking the HP Defendants to enter into a written stipulation (to potentially be so-ordered) providing that for purposes of this litigation the work performed by the HPI

The second claim is that Unisys failed to pay Plaintiff Sorbie and the members of the collective their overtime wages in the same pay period as their regular wages in violation of the FLSA.  In connection with such claim, the Plaintiffs are entitled to liquidated damages in the amount of the delayed overtime. Integral to both proving the merits (that overtime was delayed) and damages (the amount of overtime wages delayed) are records showing when wages were earned and when wages were paid.

## 2.  **The Records Produced To Date**

**HP:**

Initially, the parties' ESI protocol which was so-ordered by the Court states that "[t]o the extent a response to discovery requires production of discoverable electronic information contained in [] a database, *the Parties shall negotiate appropriate parameters for querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file[].*" D.E. 39, p. 4, ¶ 5 (emphasis added).  The Protocol also requires the parties to "meet and confer to exchange information regarding issues associated with any production of ESI."  D.E. 39, p. 4, ¶ 6.  HP has declined Plaintiffs' request to meet and confer with the parties' respective technical employees and opposed Plaintiffs' motion for same.[4]

Further, though Plaintiffs' above discovery demands concern: (1) HPI Employees (those who worked for Hewlett-Packard Company a/k/a HP Inc.); and (2) HPE Employees (those who worked for Hewlett Packard Enterprise Company), for reasons known only to the HP Defendants their payroll/time record production is broken into essentially two other groups: (1) individuals who only worked for Hewlett-Packard Company;[5] and (2) individuals who worked for Hewlett-Packard Company and were transferred to HPE.  The HP Defendants' chosen production method represents yet another unnecessary obstacle to efficient discovery in this matter.

**First Group.** As to the first group (employees who worked for Hewlett-Packard Company and did not transfer to HPE), the HP Defendants have produced HPI 1788 (payroll data) and HPI 3410 (time data) both in excel format.  As set forth in Plaintiffs' motion to compel

---

and HPE Employees (the Plaintiffs and putative class members) is deemed to have occurred in New York for purposes of NYLL 191(1)(a). The HP Defendants refused to do so.

[4] In the HP Defendants' opposition to Plaintiffs' motion to compel a good faith meet and confer with Plaintiffs' ESI consultant the HP Defendants' counsel provides he was "baffled" by how Plaintiffs could raise the argument that the parties had not discussed the form of production prior to the production when Plaintiffs had set forth a general instruction that ESI be provided in Excel. The issue is not whether the data was produced in Excel format.  The issue is whether the ESI was produced in an Excel spreadsheet that is accurate, complete, and readily usable (e.g. has all required data and all in one sheet without having to needlessly cross-reference time and payroll records).

[5] As discussed in Plaintiffs' October 12, 2021 motion to compel, the HP Defendants have refused to produce discovery for HPI Employees post October 31, 2015, in effect taking the position that an individual who worked with Plaintiff(s) at Hewlett-Packard Company was a class member until November 1, 2015 when Plaintiffs were transferred to HPE and the individual stayed behind at HP Inc. (the renamed Hewlett-Packard Company).  HP's position is curious given that the individual who stayed behind remained in the same title/position, doing the same work, and being paid in the same improper manner.

a good faith meet and confer with Plaintiffs' ESI consultant,[6] HP suggests that, for every single Plaintiff and class member, Plaintiffs manually compare the data for each week in the time file to the data for each week in the payroll file for each element of compensation (e.g. regular time, overtime, etc.)  For the 99 individuals in the first group, based upon HP's "2 minute" estimate to undertake the analysis for each individual for each week, it would take approximately 290 hours[7] to perform the necessary calculations.

Notwithstanding the undue burden HP's suggestion would impose, such an undertaking would be futile because of the following issues brought to HP's attention on September 28, 2021: (1) HPI 1788 contains only regular and overtime earnings;[8] (2) 34% of the records in the pay data don't have corresponding information in the time data; (3) with respect to the time data, approximately 6% of the entries total more than 40 hours of regular time in a week; and (4) approximately 8% of the entries of the total hours in the time data do not match the total hours in the payroll data.

In response, the HP Defendants stated for the first time, after months of meeting and conferring that, "the data in the HPI Tempus Carta report ends around July/August 2015 because our clients did not have *access* to data beyond that time period." (Emphasis supplied).  HP does not state that the ESI does not *exist*; only that HP does not have *access* to said data.

**Second Group.**  As to the second group (employees including named Plaintiffs who worked for Hewlett-Packard Company and were transferred to Hewlett Packard Enterprise Company), the HP Defendants' payroll/time record production is scattered, incomplete, and inaccurate.

Initially, for the pertinent period of time HPI and HPE utilized PeopleSoft (February 2014 to September 30, 2017), the HP Defendants produced, *inter alia*, HPE 4483 (time data) and HPE 4485, 4486, 4489, 4490, 4821 (top level payroll summaries) all in excel format.  As with the first group, the HP Defendants propose a manual week-by-week analysis for each class member between the time data and the payroll data.  Based upon HP's "2 minute" estimate, it would take approximately 476 hours to perform this calculation for 76 group members over about 3 ½ years.[9]  In total, the manual comparison methodology the HP Defendants propose would take over *750 hours* (and it does not even account for, among others, all of the HPI Employees from November 1, 2015 on for whom the HP Defendants have refused to produce payroll records).

---

[6] D.E. 130.

[7] Calculated by multiplying the number of workweeks (88) by the number of individuals in the group (99) by two (2) minutes.  The result is 17,424 minutes, or 290 hours.

[8] HPI 1788 only contains data regarding regular and overtime pay (as opposed to any shift differential, standby pay, etc.) notwithstanding that Plaintiffs' demands seek all payroll records (e.g. Request No. 27 to HPI, No. 28 to HPE, and No. 26 to Unisys).

[9] Calculated by multiplying the number of workweeks (188) by the number of individuals in the group (76) by two (2) minutes.  The result is 28,576 minutes, 476 hours

Notwithstanding the additional undue burden HP's suggestion would impose, such an undertaking would be futile because of the following issues brought to HP's attention on September 28, 2021: (1) there is no indication as to when the payments are made in either the time or payroll data and as such it is impossible to determine the time between when wages were earned and when they were paid for the purposes of NYLL 191(1)(a); and (2) there is no indication of the hours worked in the pay data and therefore there is no way to cross-check the hours in the time data against the pay data.  As to the first issue, counsel for HP has stated that the top-level payroll summaries "provide the last day of the pay period (a Saturday) and from there one can easily calculate the payday (the following Friday)." The failure to furnish a payment date is concerning because both the NYLL and the FLSA require the employer to record the date of payment of wages.  Plaintiffs have pointed out to HP that "without the provision of pay dates, which [] HP [] obviously ha[s], Plaintiffs are left to guess that for every bi-weekly pay period that ends on a Saturday [that] the following Friday is the payday." Moreover, Plaintiffs pointed out to HP that "several pay periods [] end on days other than a Saturday[.]"  For those workweeks there is no way of knowing if the payday is the Friday in question, the following Friday, or something else entirely.  The issue is substantial because, in the absence of data for each payment of, *inter alia*, regular wages and overtime, covering when a given wage component (e.g. regular or overtime pay) is earned and when the corresponding check is cut it is impossible to determine if wages were paid within 7 calendar days of the end of the workweek in which they were earned.  As to the second issue, the absence of hourly data in the top-level payroll summaries makes it extremely difficult to attempt to determine the employees' regular or overtime rates of pay.  Specifically, assuming the corresponding time data is available and accurate (which is unlikely), Plaintiffs would need to analyze each employees' weekly time data (controlling for PTO and potentially other unknown variables), arrive at a given number of hours for each wage component for each week, and then divide those hours into the gross wages in the top-level payroll summaries.

HP's response to Plaintiffs' suggestion that the parties work together with their respective ESI consultants in order to determine the nature of HP's ESI and how it can be best extracted, verified, and produced is that "[f]or a putative class action that Plaintiffs claim to be worth millions of dollars [] Plaintiffs' counsel must have expected for their work to be 'time consuming.'"  D.E. 131, p. 3.

For the period of time HPE used GlobalView, HPE produced, *inter alia*, HPE 4482 (time records), HPE 4487 and HPE 4488 (payroll records consisting of top level summaries) and HPE 4504 (different payroll records not consisting of top level summaries) all in excel format.  As an initial matter, to the extent HPE 4504 is intended to supersede the other time/payroll records for this period, there is no indication as to why (named Plaintiffs aside) some class members are in some documents but not in others when they seemingly should be.  Further, HPE 4504 has numerous negative entries for, *inter alia*, regular and overtime hours.  To the extent the HP Defendants intend on having Plaintiffs compare the time records against the top-level payroll summaries, such comparison would suffer from many of the issues discussed above.  Additionally, for HPE 4482 there are many instances of negative hours, more than 19 hours worked in a day and more than 24 hours worked in a day.

**Where work was performed.**   None of the Excel spreadsheets (or other documents for that matter) furnished by HP show where work was performed on a daily basis or the wages attributable to work performed in New York and other states.  HP has referred the Plaintiffs to ticketing data, which is similar to work orders, and shows the jobs performed for the HP customers by the Plaintiffs.  However, HP concedes that the ticketing data does not show the amount of wages earned in each state nor does it even necessarily accurately reflect the states in which work was performed.

Both the New York Labor Law and the FLSA require employers to keep *weekly* payroll data.[10]   We believe that HP, a publicly traded technology giant, has kept weekly records as required by the NYLL and FLSA, and is uniquely capable of producing ESI in a straightforward manner which shows, *inter alia*, when wages were earned versus when wages were paid on a weekly basis as well as the amount of wages earned from work performed in New York.  Said belief is supported by Plaintiffs' ESI consultant who, based on even the limited information the HP Defendants have provided regarding their ESI, believes that weekly payroll records could be produced.[11]

On October 26, 2021 at 5:02 p.m., *to wit*, the evening before this motion was due, the HP Defendants' counsel sent the undersigned an email regarding some of Plaintiffs' outstanding questions regarding the HP Defendants' records.  The email promised to get back to Plaintiffs with respect to certain questions, acknowledged that in reviewing a document (which was sent to Plaintiffs on July 21, 2021, HPE 4504) in response to one of Plaintiffs' questions that said document contained entries reflecting negative regular and overtime hours, and proffered explanations to other questions which, even if true, would take time to verify.  The HP Defendants' email underscores both the need for a meet and confer with Plaintiffs' ESI consultant and his counterpart(s) at the HP Defendants as well as the fact that the HP Defendants' production was and continues to be incomplete and inaccurate.

**Unisys:**

As to Unisys, its production is incomplete.  In responding to Plaintiffs' discovery requests, Unisys created, for purposes of this litigation, a "Census Data List". That list was put together by querying a database of employees for "(i) dates of employment; (ii) individuals within the Service Delivery Technician job family, regardless of particular job title; and (iii) *individuals employed in New York based on their Unisys assigned work location*."[12]  Unisys then

---

[10] NYLL 195(4)(requiring employers to "establish, maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records [] for each week worked…"); 29 CFR 516.2 (requiring employers to "maintain and preserve payroll [] records" by "workweek.")

[11] As detailed in Plaintiffs' motion to compel a meet and confer with Plaintiffs' ESI consultant, Plaintiffs' ESI consultant provided the HP Defendants with instructions on how to obtain the necessary data.  D.E. 130, p. 2.  Same did not work because, among other things, HPI was saving its data on SQL, as opposed to PeopleSoft (a fact that HP did not disclose prior to the drafting and submission of the instructions).  After HP reported back to Plaintiffs regarding its attempt to follow the instructions, it refused to have a meet and confer with Plaintiffs' ESI consultant to remedy any issues, instead demanding that Plaintiffs' ESI consultant attempt to revise the instructions without the benefit of necessary conversations with HP's technical employees.

[12] September 30, 2021 email from Unisys' counsel (emphasis added).

used the Census Data List as its guiding light with respect to its production, only providing documents for individuals on that list and only answering interrogatories regarding the individuals on that list. Unisys also used the Census Data List as the basis of its Collective List.

Towards the end of the opt-in period, Plaintiffs discovered two individuals, Mr. Johnson and Mr. Martinez, both of whom were employed in New York during the relevant time period in pertinent job titles and who therefore should have been included in the collective. When confronted with this issue, Unisys acknowledged that Mr. Martinez should have been on the Collective List (along with four others), but refused to acknowledge that Mr. Johnson should be on the Collective List and refused to agree to a deposition of the individual who compiled the Collective List.  Unisys has claimed that in-house counsel prepared the Collective List and therefore has asserted that the manner in which it complied with the conditional certification stipulation, which called for the creation of the Collective List and which was so-ordered by Magistrate Judge Tomlinson on May 28, 2021, is protected by the attorney client privilege. However, Unisys wiped the Collective List of all metadata before furnishing it and has not responded to Plaintiffs' request for the original Collective List with the metadata intact.

In light of Unisys' failure to produce an accurate Collective List or provide specific details about how it compiled the Collective List, Plaintiffs moved to compel a deposition[13] and in doing so submitted a sworn declaration from Mr. Johnson that he worked in New York during the relevant time period in a relevant title and thus should have been part of the collective (and the Unisys class). To date, Unisys has never refuted that Mr. Johnson worked in New York during the relevant time period or that he worked in a covered title during the relevant time period and has provided no meaningful explanation to Plaintiffs or the Court as to why he was not included on the Collective List.  Instead, Unisys claims that its own determination of the employees' "assigned work location" determines whether an individual is a class and collective member.  Plaintiffs are hopeful that a deposition of the individual who compiled the Collective List will shed some light on how the Census Data List and Collective List were compiled and how all putative class and collective action members can be ascertained.

That said, prophylactically, Plaintiffs herein move to compel Unisys to amend all of its discovery responses and produce responsive documents for Mr. Johnson, the six individuals who were omitted from the Collective List (inclusive of Mr. Fernandez, another individual Unisys omitted from the Collective List), and all others who should have been on the Census Data List but were not.  Notably, as to the six individuals, Unisys has not amended its responses or

---

[13] In opposition to the motion to compel a deposition Unisys stated to the Court that Plaintiffs had not served a deposition notice (which was inaccurate) and that the parties had not met and conferred on the topics for examination (to the contrary one of the topics the parties had discussed at length concerned Unisys' production which included the Collective List and the parties had extensive communications regarding the inaccuracy of the list and a deposition regarding same).  D.E. 132, p. 1.  Additionally, in Unisys' opposition to Plaintiffs' October 12, 2021 motion to compel, Unisys suggested to the Court that the parties had stipulated to the types of contact information that would be produced and that such agreement didn't include phone numbers.  D.E. 136, p. 5.  Unisys neglected to mention that the stipulation in question was the conditional certification stipulation only dealing with the notice being sent to the collective and in no way, shape, or form represented a waiver of Plaintiffs' rights to phone numbers. Unisys has also suggested that Plaintiffs opposed class wide discovery. Unisys however neglected to mention that Plaintiffs have made several offers to attempt to provide discovery on behalf of all class members if Plaintiffs were provided with meaningful contact information which Unisys has declined to provide.

provided additional/supplemental documents (outside of updated collective lists) despite the fact that, on *August 13*, Unisys conceded that Mr. Fernandez should have on the Collective List and that, on *September 30*, Unisys identified four other individuals (in addition to Mr. Martinez) who had been improperly excluded from the Collective List.  Furthermore, since Unisys has continued the practices and policies which are the subject of the complaint since the lawsuit was commenced, Unisys will need to produce ongoing records until the time of trial or until it changes its payroll policies.

Further, Unisys has produced earnings statements for Plaintiff Douglas Sorbie such as the one attached hereto as Exhibit 1 (bates-stamped Unisys-0519).  These paystubs show: (1) the beginning and end date of a given bi-weekly pay period (12/13/20 and 12/26/20); (2) the pay date (12/24/20); and (3) the amount of each wage component and when each wage component was earned ($92.78 for overtime hours for 11/29/20-12/05/20).  From this information we can tell (1) whether Unisys paid Plaintiff Sorbie's wages earned during the workweek ending December 5, 2020 within seven calendar days of the end of that workweek as required by NYLL 191(1)(a) (In fact, the overtime wages were not paid until December 24, 2020, 19 days after the end of the workweek in which such wages were earned); and (2) whether Unisys paid Plaintiff Sorbie's overtime wages in the same pay period as his regular pay as required by the FLSA (In fact, the overtime wages earned during the week ending December 5, 2020 were not paid in the same paycheck as the regular wages for that same pay period. Instead, they were paid in the following pay period).

Unisys has taken the position that the production of earnings statements on a class wide basis would be unduly burdensome as there would be almost "16,500 pieces of paper" to produce.  However, Unisys has never given any specific information on how much time and expense would be associated with producing the earnings statements on a class-wide basis.  Indeed, Plaintiffs' technical consultant has indicated that the earnings statements are simply PDFs which were generated by a software program which collected the data from a database and put the data into a particular format.  Therefore, producing earnings statements on a class-wide basis should not be unduly burdensome.  Furthermore, Unisys has offered no explanation as to why the information could not be extracted into a single Excel spreadsheet as opposed to being extracted into 16,500 PDF files.  Indeed, Unisys doesn't intend to provide an explanation as it has moved for a protective order on the 30(b)(6) deposition topic concerning same.  D.E. 139, p. 21-22.  The payroll records Unisys has produced do not contain the detail that is on the earnings statements and are unwieldy due to, *inter alia*, multiple rows of data for a single employee's regular wages for a given week.

**Where work was performed.**  None of the time data Unisys has provided notes where work was performed.  None of the payroll data provides where work was performed or how much of any given person's wages are attributable to work performed in New York.  Moreover, the ticketing data, which again is similar to work orders, does not reflect the amount of wages earned in New York as opposed to neighboring states.  Further, the ticketing data contains far less than 256 unique IDs, which Unisys claims is the number of class members.

Unisys should produce excel versions of the earnings statements for Plaintiff Sorbie and each of the Unisys class members, as well as documents which show the amount of wages

earned by state for each workweek.

## II. PLAINTIFFS ARE ENTITLED TO THE DISCOVERY REQUESTED AND DEFENDANTS' OBJECTIONS ARE WITHOUT MERIT

The scope of discovery is very broad.  FRCP 26(b)(1) provides, in pertinent part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Not only are the time/payroll/location records that are the subject of this motion relevant to both Plaintiffs' claims and Defendants' defenses, but they go directly to the heart of this case.  Indeed, case after case has recognized the importance of time and payroll records in wage and hour cases. *Lujan v. Cabana Mgmt.*, 284 F.R.D. 50, 71 (E.D.N.Y. 2012)("Payroll and time records [were] at the heart of plaintiffs' allegations" in the class and collective action for violations of NYLL and the FLSA); *Balderramo v. Go N.Y. Tours Inc.*, 2021 U.S. Dist. LEXIS 88931, at *30 (S.D.N.Y. May 10, 2021)("Plaintiffs [] submitted time records showing that some class members may have been paid more than seven days after the end of the work week in violation of NYLL § 191."); *Flores v. Anjost Corp.*, 284 F.R.D. 112, 123 (S.D.N.Y. 2012)(noting that the "class can clearly be ascertained by objective documentation, such as Defendants' employee payroll records and wage statements[.]")

Defendants have devoted tremendous effort to resisting discovery.  In this case, Defendants have, among other things: (1) refused to produce a single document concerning workers' compensation classifications; (2) declined to meet and confer regarding ESI as required by the parties' so-ordered ESI protocol; (3) declined several invitations to participate in a good faith meet and confer with Plaintiffs' ESI consultant; (4) refused to disclose the identity of Defendants' consultants and technical employees involved in the identification, extraction, verification and production of ESI; (5) declined to provide ESI showing the specific workweeks in which wages were earned for each payment of wages; (6) declined to furnish ESI showing the wages earned in New York; (7) stated that the data Plaintiffs seek is "inaccessible" rather than "unavailable"; (8) declined to offer a legitimate explanation as to why the Collective List produced in response to the so-ordered stipulation is incomplete; (9) claimed that whether the Collective List complied with the so-ordered stipulation is protected by the attorney-client privilege; and (10) not responded to Plaintiffs' request to produce the original Collective List with metadata intact.

A party who believes that transparency will result in a favorable outcome has an incentive to be transparent, while a party who fears that transparency in the discovery process will result in an unfavorable outcome might be tempted to do otherwise. We are concerned that the Defendants' concern about the outcome if they are transparent is informing their decision to dedicate resources to resisting discovery as opposed to engaging in the full disclosure envisioned by the federal rules.

Turning to the Defendants' specific objections:

(1) Defendants interpose several objections that claim that the discovery request(s) are overly broad and unduly burdensome without any specificity. These generalized objections are insufficient;

5 E. MAIN ST., HUNTINGTON, NY 11743
WWW.MOSEREMPLOYMENTLAW.COM

(2) As to some objections, Defendants provide additional explanations which are not compelling.  For example, Unisys claims that the information sought regarding document demand No. 7 is "overbroad, premature, and seeks irrelevant information insofar as it seeks payroll information concerning putative members of a class that has yet to be certified.  *See Burnett v. Wahlburgers Franchising LLC*, No. 16-4602 (WFK) (CLP), 2017 WL 11504788, at *5 (E.D.N.Y. Dec. 6, 2017) (denying pre-certification payroll discovery as "premature")." Initially, the parties agreed not to bifurcate discovery.  Moreover, the request is not overbroad, but rather seeks documents concerning the timing, frequency and amount of pay during the relevant time period. Further, *Burnett* is inapposite. In *Burnett*, the Court denied plaintiffs' request for payroll information for the entire putative FLSA collective prior to collective action certification.  *Burnett v. Wahlburgers Franchising LLC*, 2017 U.S. Dist. LEXIS 227922, at *10 (E.D.N.Y. Dec. 6, 2017).  Here, the collective has been certified and the information sought is relevant to a Rule 23 motion as well.  *See e.g. Mogollan v. La Abundancia Bakery & Rest., Inc.*, 2019 U.S. Dist. LEXIS 191115, at *19-20 (S.D.N.Y. Nov. 4, 2019); *Zhang v. Wen Mei, Inc.*, 2017 U.S. Dist. LEXIS 213389, at *54 (E.D.N.Y. Dec. 28, 2017); *Reyes v. City of Rye*, 2016 U.S. Dist. LEXIS 99428, at *13 (S.D.N.Y. July 28, 2016); *Balverde v. Lunella Ristorante, Inc.*, 2017 U.S. Dist. LEXIS 59778, at *16 (S.D.N.Y. Apr. 19, 2017).  Unisys also objects to producing the above discussed earnings statements on the grounds that it would need to produce almost 16,500 pieces of paper.  All discovery in this case has been electronic.  Moreover, Plaintiffs have always agreed that they would take excel versions of the earnings statements, but Unisys has not provided same or even informed Plaintiffs if they can.[14]  The HP Defendants object to certain requests (e.g. interrogatories 4 and 6) as unduly burdensome because they seek information purportedly already known to Plaintiffs.  Plainly stated, Plaintiffs do not recall, *inter alia*, all pay dates, the beginning and end of all pay periods, or their or the members of the classes' daily employment locations and, as mentioned above, the HP Defendants failed to provide same in the pertinent payroll records.  Unisys' similar objections fail for the same reasons;

(3) Defendants also object to several demands by feigning ignorance about the meaning of common words and phrases such as "payroll records," "time records," "wages," "job duties/responsibilities," "all employment locations," and "employed in New York."  Using a definitional objection to avoid production of documents or answering an interrogatory is inconsistent with local rule 26.4(b) which states that "[d]iscovery requests shall be read reasonably[.]"  Moreover, Plaintiffs have had extensive discussions with Defendants regarding the meaning of those terms;

(4) Defendants also object to several demands on the grounds of attorney-client privilege or work-product.  Defendants' objections do not cite to a single document or specific type of document that they believe is covered by attorney-client privilege or work-product doctrine and indeed none are. The documents requested are payroll records, time data, and location data;

---

[14] As a result of Unisys' lack of candor, Plaintiffs were forced to dedicate 30(b)(6) topics to the details surrounding the creation of the earnings statements.  In an effort to further avoid their discovery obligations, on October 26, 2021, Unisys moved for a protective order with respect to the topic concerning whether the earnings statements can be produced in a single excel file.  D.E. 139, p. 21-22.

(5) The HP Defendants object to several demands on the grounds that they concern HPI employees from November 1, 2015 to present. This issue was raised in Plaintiffs' October 12, 2021 motion to compel and the pertinent argument is incorporated herein by reference. D.E. 134, p. 1-2.  In brief, the HP Defendants take the position that since the named Plaintiffs were "transferred" from HPI to HPE Plaintiffs are not entitled to discovery with respect to any violations that occurred at HPI after the date of the transfer.  HP's position is predicated, in part, on the assertion that HPI and HPE (who are both represented by the same attorneys in this case) are not related entities.   How employees can be transferred between two "unrelated employers" is curious, but even if the HP Defendants are not related, the complaint alleges that there were violations that occurred at HPI both during and after the time Plaintiffs worked there.  Indeed, the HP Defendants' position results in situations in which a given individual worked for HPI on Friday October 30, 2015 and was a class member and then, notwithstanding that the individual stayed in the same title, doing the same duties, and being paid in the same improper manner, was not a class member on Monday November 2, 2015 or thereafter;

(6) Defendants object to several requests on the grounds that answers can be derived by reviewing certain documents and that the burden of answering is the same for Plaintiffs and Defendants. As established above, Plaintiffs do not have the time/payroll/location data that they need. Moreover, even if they did, Defendants have access to programs which can put the data into a reasonably useable format from which they can provide responses, Plaintiffs do not;

(7) Defendants also object on the grounds of relevancy claiming, *inter alia*, payroll records and time records are irrelevant when they clearly are relevant (e.g. document request 26 to Unisys);

(8) As to Plaintiffs' interrogatories, Defendants object that they exceed the permitted number of interrogatories (25) when they do not;

(9) Defendants also object that the requests concern improper periods of time when to the contrary they concern the 6-year period predating the filing of the initial complaint to present for NYLL claims and a 3-year period for the FLSA claims;

(10) Defendants object to producing discovery concerning the nature and extent of work performed outside of the State of New York.  Simultaneously, however, HP and Unisys have taken the position that that work performed outside of New York is not covered by the NYLL, thereby putting the nature and extent of work performed in each state at issue;

(11) Defendants also object to several requests on the grounds that they are purportedly duplicative and/or unnecessary in light of certain documents they produced/answers to certain allegations in Plaintiffs' complaint.  Plaintiffs still do not have the time/payroll/location information they need. To the extent Defendants believe the requests are duplicative, they are welcome to produce the necessary information in response to any of them;

(12) Unisys has objected to many of the requests on the grounds that they seek information pertaining to individuals who may have signed releases. Since its objections, Unisys

had produced some documents with respect to those individuals, but not the necessary documents and information discussed above;

(13) Unisys has also objected to interrogatories 6 and 7 to the extent they do not concern Plaintiffs Sorbie's FLSA claim.  Simply put, the information requested in same is equally applicable to Plaintiff Sorbie's and the putative class' NYLL 191 claims;

(14) The HP Defendants object to Plaintiffs' requests for identifying information as premature because no class has been certified. As set forth above, the parties agreed not to bifurcate discovery and moreover Plaintiffs are entitled to class lists as set forth in their October 12, 2021 motion to compel which is incorporated by reference herein. D.E. 134, p. 2-11;

(15) The HP Defendants object to document request 7 as seeking confidential information of non-party employees/former employees. It doesn't and moreover there is a confidentiality order in place for this matter;

(16) In response to document request 7 Unisys argues that Plaintiffs have failed to articulate a sufficient basis upon which the payroll information sought is necessary to move for certification. Among other things, whether the payroll information is necessary for certification is not the threshold inquiry, whether the information is relevant to any claim or defense is. Moreover, the information sought goes right to the heart of both the anticipated Rule 23 and decertification motions in that a central issue with respect to the members of the classes and collective is when they earned their wages and when they were paid. The requested information would provide, *inter alia*, that information and thereby help satisfy the respective thresholds for the anticipated motions; and

(17) Finally, Unisys objects to document request 7 to the extent it can be construed as requiring a search of certain electronically stored information on the grounds that it does not provide any reasonable proposal for a search such as time frame, custodians, search terms, sources, etc. Unisys' objection is incorrect as the relevant time period is defined and the documents requested are apparent and readily available.

### III. THE DEFENDANTS SHOULD PROVIDE DISCOVERY FOR ALL INDIVIDUALS WHO WORKED IN NEW YORK

This case is brought on behalf of classes consisting of "Field Service Engineers" employed in the State of New York, and alleges that the class members "work, or have worked, in the State of New York for HP[I], HPE, and/or Unisys." D.E. 55, p. 11, ¶ 90.  Article 6 of the New York Labor Law is "clearly aimed at regulating the conduct of actors within the state's boundaries." *Hammell v. Banque Paribas*, 90 Civ. 4799 (JSM), 1993 U.S. Dist. LEXIS 14755, at *5 (S.D.N.Y. Oct. 19, 1993).  However, *counsel for HP advised for the first time on October 18, 2021*, that HP does not consider individuals who performed some work in New York but most of their work outside of New York as being "employed in State of New York." Therefore, no discovery has been produced for such individuals and they have been excluded from the classes by HP. The precise number of such individuals is currently unknown.  This position is inconsistent with Plaintiffs' complaint which specifically alleges that the putative class members work/worked in New York.  *See e.g.* D.E. 55, p. 11, ¶ 90.  Additionally, on October 24, 2021, the

undersigned learned that Unisys also is improperly excluding from its production individuals who mostly perform work outside of New York, but also perform work inside New York.

**CONCLUSION**

Plaintiffs respectfully request that HPI be directed to furnish amended responses and produce all responsive documents concerning requests 7, 13, and 27 and interrogatories 4, 6, and 7 without objection. Plaintiffs further respectfully request that HPE be directed to furnish amended responses and produce all responsive documents concerning requests 7, 13, and 28 and interrogatories 4, 6, and 7 without objection. Plaintiffs request that the HP Defendants and Unisys be required to amend their interrogatories and document production to include all class members who performed work in New York.  Finally, Plaintiffs respectfully request that Unisys be directed to furnish amended responses and produce all responsive documents concerning requests 7,13, 26 and 27 and interrogatories 6 and 7, as well as amended responses and responsive documents for all individuals it omitted from the Census Data List/Collective List.

Respectfully submitted,

*Paul Pagano*

Paul A. Pagano

cc: All Counsel of Record (VIA ECF)

22