**MOSER LAW FIRM, PC**

**Steven J. Moser**
Tel: 631.824.0200
steven.moser@moserlawfirm.com

November 1, 2021

**VIA ECF**

U.S. Magistrate Judge James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 117222

      Re:    *Caccavale v. Hewlett-Packard Company a/k/a HP Inc., et al.*
                2:20-cv-00974-GRB-AKT (E.D.N.Y.)

Dear Judge Wicks:

      We represent the Plaintiffs. We note that Judge Tomlinson expressly waived her three-page limit only for motions to compel responses to discovery requests.[1] Here, Defendants' motions for protective orders total <u>69 single spaced pages</u> (33 for the HP Defendants and 36 for Unisys), which are almost exclusively legal argument and which, if they had been submitted as formal motions, would total approximately <u>140 double spaced pages</u>. The Defendants move for a protective order with regard to <u>each and every topic</u>.

      It has been a challenge to address the volume of Defendants' motions with brevity. We respectfully submit this summary to our opposition to Defendants' respective motions for protective orders regarding each of the following general topics (some of which contain subtopics):[2]

1.      ```
"The factual bases for the [answers to] Plaintiffs' Second
Amended Complaint, [and]
```

2.      ```
"The factual basis of all affirmative defenses asserted [in the
answers]."
```

**Summary.** "[A]s a general matter, the factual bases of contentions, denials, and affirmative defenses are properly subject to questioning under Fed. R. Civ. P. 30(b)(6). . .and Defendant must provide the court with a good cause justification for protection to the contrary[,]" *Woelfle v. Black & Decker (U.S.) Inc.*, No. 1:18-cv-486, 2020 U.S. Dist. LEXIS 43308, at *10-11 (W.D.N.Y. Mar. 12, 2020).

3.      ```
(1) When Defendants became aware of this action (2) the timing,
nature and scope of preservation efforts and (3) the timing,
nature and scope of efforts to preserve information in the
possession, custody or control of 3rd parties.
```[3]

---

[1] *See* ECF No. 75, p. 7, ll. 15-20 (referring motions to compel as "the one and only spot where I exempt people from the [. . .] three-page limitation on letter motions" simply because by the time the full interrogatory or document request, and the response thereto, is set forth in its entirety, "you're going to be at the three page limit").

[2] To the extent that the Court deems this letter and the annexed motion duplicative, we ask that the Court disregard this letter.

[3] This topic 3 was revised to avoid any privileged communications.

**Summary.** Plaintiffs will not be asking about privileged communications. HP's and Unisys' production of ESI remains incomplete. HP has admitted that it no longer has "access" to certain ESI, but still refuses to disclose when and how it preserved ESI.

```
4.      "The job titles of all individuals employed. . .in the State of
        New York, and facts concerning the classification by Unisys of
        employees for the purposes of NYLL 191.
```

**Summary.** This topic is relevant to the Defendants' methods and procedures for classifying employees for the purpose of compliance with the pay provisions of NYLL § 191. Plaintiffs should be permitted to delve into this process, and to find out how many titles were classified as "manual", or "clerical", or as "commissioned salesperson" for the purposes of NYLL § 191. If the Defendants claim that "Field Service Technicians" are not manual workers, whether they also classified the employees who cleaned the floors as "manual workers" goes to the credibility of their classification methods and policies.

```
5.      "[Defendants'] policies and practices for recording work
        performed by Unisys Employees in states other than New York and.
        . .policies and practices for withholding, reporting, and payment
        of payroll taxes for work performed by Unisys Employees in states
        other than New York."
```

**Summary.** This action was brought on behalf of all Field Service Technicians who worked in the State of New York. Defendants claim that work performed outside of New York is not covered by the NYLL, but don't want the Plaintiffs to discover, either in paper discovery or by way of deposition, the nature and extent of work performed inside and outside of New York. The Court's Order of May 28, 2021, explicitly directs Unisys to produce a FLSA collective list consisting of all individuals "who worked or have worked in New York as Field Service Engineers of Defendant Unisys from December 17, 2017 to present." Defendant Unisys failed to furnish a complete and accurate collective list and now advises, in its motion for a protective order, that it could never have complied with the Court's order because there is "no sensible way of identifying who performed work in New York."

```
6.      "Duties, experience, educational requirements, qualifications,
        skills, physical requirements, work environment and employment
        conditions of the. . .Employees during the Relevant Time Period."
```

**Summary.** This topic is intended to permit the Plaintiffs to explore the facts necessary to determine whether the Plaintiffs were manual workers.

```
7.      "Worker's compensation information pertaining to the Unisys
        Employees during the Relevant Time Period including, but not
        limited, to their classifications, applications, audits,
        renewals."
```

**Summary.** This topic is intended to permit the Plaintiffs to explore the facts necessary to determine whether the Plaintiffs were manual workers.

```
8.      "The number of. . .Employees holding each job title [comprising
        the class] during the Relevant Time Period."
```

**Summary.** There are multiple job titles encompassed by the "Field Service Technician" category. As of today, Plaintiffs do not yet know how many class members held each job title during the relevant time period. The Defendants have admitted to interpreting the definition of

the class in a self-serving way. Furthermore, as previously mentioned, Defendant Unisys advise there is "no sensible way of identifying who performed work in New York" and is therefore a class member.

```
9.      "[Defendants'] document production[s] to date in this litigation
        including all reports that have been produced;
```

**Summary.** Defendants have not stated whether any documents have been withheld as required by FRCP 34, as amended in 2015. HP has refused to participate in a good faith meet and confer with the parties' respective ESI consultants. Defendants' discovery responses are woefully deficient. At the same time, Defendants do not want Plaintiffs to be able to explore these deficiencies. The Plaintiffs are working under the assumption that all of the documents produced by the Defendants are relevant, as Defendants have objected to furnishing documents that are not relevant. However, the Defendants have refused to stipulate to the authenticity or admissibility of any ESI or document produced in this litigation. Now, they move for a protective order. If granted, Plaintiffs' will be unable to establish the authenticity or admissibility of any document before trial, or to explore the deficiencies in the Defendants' document productions.

```
10.     "[W]hen [Defendants each] became aware of [the requirements of
        NYLL 191], and Defendants' efforts [to] compl[y] with same."
```

**Summary.** The Defendants have asserted good faith defenses to NYLL § 191, making the topic a subject of fair inquiry.

```
11.     "When Unisys "became aware of [the FLSA's prompt payment
        requirement], Unisys' efforts regarding compliance with same[.]"⁴
```

**Summary.** The Defendants have asserted good faith defenses to NYLL § 191, making the topic a subject of fair inquiry.

```
12.     "Databases, programs, and/or software utilized for timekeeping
        during the Relevant Time Period including, but not limited to,
        the types of databases, programs and/or software, what records
        are kept, in what format, what instructions are given to
        employees regarding reporting time, and who records time"⁵, [and]
```

```
13.     "Databases, programs, and/or software utilized for payroll during
        the Relevant Time Period including, but not limited to, the types
        of databases, programs and/or software, what records are kept, in
        what format, what instructions are given to employees regarding
        payroll, and who runs payroll."⁶
```

**Summary.** As set forth in detail in Plaintiffs' motion to compel (ECF No. 141) the parties' Ordered ESI protocol states that "[t]o the extent a response to discovery requires production of discoverable electronic information contained in [] a database, the Parties shall negotiate appropriate parameters for querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file[]." ECF No. 39, p. 4, ¶ 5. The Protocol also requires the parties to "meet and confer to exchange information regarding issues associated with any production of ESI." ECF No. 39, p. 4, ¶ 6.

---

[4] This topic is for Unisys Only.
[5] This topic is #12 for Unisys, and #11 for HP.
[6] This topic is #13 for Unisys, and #12 for HP.

Neither HP nor Unisys has, at any time before the production of ESI, had a meaningful discussion regarding the format in which ESI would be identified, extracted, or produced. Both HP and Unisys have furnished ESI based upon self-serving re-definitions of the class that they reached without consulting Plaintiffs or the Court. HP has refused to participate in a meet and confer with individuals with knowledge of ESI and has opposed Plaintiffs' motion for same. HP has routinely deleted metadata from files prior to furnishing same. Unisys has taken the position that the production of the information contained on earnings statements on a class wide basis would be unduly burdensome as it would have to produce "16,500 pieces of paper." However, Plaintiffs never asked for, nor do we want "16,500 pieces of paper." Our technical consultant has indicated that the earnings statements are simply PDF files which were generated by a software program that collected the data from a database and put the data into a particular format. Therefore, producing earnings statements on a class-wide basis should not be unduly burdensome. Unisys has offered no explanation as to why the information could not be extracted into a single Excel spreadsheet.

Now Defendants, as a final measure, ask to be protected from questions about the nature of the programs which were used to process payroll information, the databases which contain the information, and other relevant information.

**CONCLUSION.** Defendants' motions for protective orders should be denied in their entirety. There is not a single topic or subtopic for which Defendants have provided particular and specific facts revealing injustice, prejudice or consequential harm that would result if the requests for protective orders were denied.

    Respectfully submitted,

    */s/ Steven J. Moser*
    Steven J. Moser

cc: All Counsel of Record (VIA ECF)