# Morgan Lewis

**Matthew E. Cooper**
+1.212.309.6044
matthew.cooper@morganlewis.com

November 30, 2021

**VIA ECF**

The Honorable James M. Wicks
United States Magistrate Judge
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 117222

Re: *Caccavale v. Hewlett-Packard Company a/k/a HP Inc., et al.*, 2:20-cv-00974-GRB-JMW (E.D.N.Y.)

Dear Judge Wicks:

I write on behalf of non-party ADP, Inc. ("ADP") in connection with *Caccavale v. Hewlett-Packard Company a/k/a HP Inc., et al.*, 2:20-cv-00974-GRB-JMW (E.D.N.Y.) (this "Action"). Plaintiffs in this Action have served two separate Subpoenas to Testify at a Deposition in a Civil Action upon ADP, dated June 18, 2021 and September 9, 2021 (collectively the "Subpoenas" attached hereto as Exhibits "A" and "B"). Both Subpoenas also seek documents. Plaintiffs indicated that ADP could resolve the need for the deposition by producing documents. Accordingly, ADP conducted a reasonable search of its records and produced all available and responsive documents to Plaintiffs. Notwithstanding ADP's efforts, Plaintiffs have not withdrawn their deposition demand, have suggested that a deposition of ADP may be required on December 3, 2021, and have failed to respond to multiple communications from ADP attempting to meet and confer over their perceived need for the deposition.

Accordingly, out of an abundance of caution, pursuant to Local Rule 37.3(c), ADP hereby submits this Motion for Protective Order to Preclude Deposition Testimony and Motion for an Order to Quash the Subpoenas.

## I. Background

Plaintiffs purport to bring a class action lawsuit on behalf of certain employees of Hewlett-Packard Company a/k/a HP Inc. ("HPI"), Hewlett-Packard Enterprise Company ("HPE"), and Unisys Corporation ("Unisys"), alleging its employees were not timely paid wages and were not provided wage notices within ten days of hiring. As a non-party, ADP has limited information related to this Action.

ADP is a global provider of payroll software services. Among its many clients, ADP provided its proprietary payroll software to Defendants HPE, HPI, and Unisys. HPE, HPI, and Unisys used ADP's software to pay its employees based on each company's individual employment practices and compliance obligations. Plaintiffs' Subpoenas seek documents and information related to ADP's contractual relationships with the Defendants, as well as other wage payment information related to Defendants' employees. Plaintiffs indicated that the need for a deposition could be resolved by the production of documents.

ADP objected to the document requests set forth in the Subpoenas. Nevertheless, ADP was willing to cooperate with Plaintiffs to eliminate the need for deposition testimony. ADP has since made four productions in response to the Subpoenas. After a reasonable search and contacting ADP employees likely to have such information, if it still exists, ADP has produced all documents responsive to the Subpoenas.

Despite ADP's productions, Plaintiffs sent an email on October 13, 2021 referencing a "deposition to be conducted on 10/22 at 10:00 a.m." without being clear whether that was a proposed deposition of ADP or explaining what deposition testimony would be sought. On October 14, ADP made an additional production of documents. On October 15, ADP emailed Plaintiffs to say the production of documents was close to being finished. That email also sought clarity on the October 22 deposition and whether Plaintiffs were insisting on

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY 10178     T +1.212.309.6000
United States     F +1.212.309.6001

proceeding with it.  ADP followed up again by emails and phone calls on October 19 and 20.  On October 20, Plaintiffs emailed ADP to say that it would adjourn the depositions to November 12, 2021.  That same day, ADP responded to seek clarity on the deposition topics Plaintiffs proposed for the November 12 deposition.  Plaintiffs did not provide clarity on this point.  On October 26, ADP informed Plaintiffs that ADP had completed its production of documents related to HPE and HPI and explained why no additional responsive documents are available after ADP's reasonable search.[1]  On October 29, ADP made its final production of documents related to Unisys.  ADP sent Plaintiffs a cover letter with the production explaining ADP's reasonable search for documents and why no further responsive documents are available.[2]  ADP emailed Plaintiffs on October 30 and November 5 to (again) seek clarity on the proposed November 12 deposition.  Weeks later, on November 16, Plaintiffs responded to ADP stating that the deposition was adjourned to December 3.  The next day, November 17, ADP requested a meet and confer with Plaintiffs regarding the need for the deposition in light of the information in ADP's productions.  Plaintiffs have not responded to this request.

To date, Plaintiffs have not: (1) responded to ADP's meet and confer request or described to ADP why a deposition is still required in light of ADP's document productions, despite many requests from ADP for that information; (2) sought to coordinate schedules with an ADP witness or otherwise subpoena or notice a December 3, 2021 deposition; or (3) clarified whether Plaintiffs believe they have properly subpoenaed and noticed a deposition of ADP on December 3, 2021.  Therefore, out of an abundance of caution, ADP brings this motion.

## II.     Legal Standard

District courts may limit discovery "for good cause" shown by issuing "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Further, courts must limit discovery which is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).  Similarly, a court may quash or modify a subpoena if it subjects a non-party to "undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iv).

## III.    Argument

### A.      Deposition testimony of an ADP witness would be unreasonably cumulative and duplicative of the information ADP has already produced.

ADP has already produced documents in response to the Subpoenas to provide Plaintiffs with the information they seek.  Any information Plaintiffs now seek through deposition testimony is equally available in the documents ADP has already provided or from productions from the parties to the case.

Accordingly, because ADP has already produced all responsive documents sought in Plaintiffs' Subpoena requests, deposition testimony would be unreasonably cumulative and duplicative and disproportionate to what is required in this Action.  *See Kleeberg v. Eber*, No. 16CV9517LAKKHP, 2019 WL 2051811, at *3 (S.D.N.Y. May 9, 2019) (granting protective order precluding a noticed deposition because the defendants "have received information about Topic 4" and therefore "deposition testimony on this topic is . . . duplicative and not proportional to the needs of the case").

### B.      ADP would suffer an undue burden if forced to participate in depositions.

At a minimum, Plaintiffs must take "reasonable steps to avoid imposing undue burden or expense" on ADP.  Fed. R. Civ. P. 45(d)(1).  An evaluation of "undue burden" requires the court to weigh the burden to the subpoenaed party against the value of the information to the issuing party.  *See Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 299-300 (S.D.N.Y. 2009) (noting that evaluating undue burden requires courts to "balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it").  Courts must be particularly mindful of expense and inconvenience when the witness is a non-party, like ADP.  *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996).

Furthermore, the value of information to the issuing party significantly decreases if the information sought in the subpoena "is available from any other source."  *Aristocrat*, 262 F.R.D. at 300; *see also* Fed. R. Civ. P

---

[1] A copy of the October 26, 2021 email from counsel for ADP to counsel for Plaintiffs is attached as Exhibit C.
[2] A copy of the October 29, 2021 letter from counsel for ADP to counsel for Plaintiffs is attached as Exhibit D.

2

26(b)(2)(C)(i) (requiring courts to limit discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive").  The information Plaintiffs seek is equally available from other sources.  First, as addressed above, the information has already been provided in the form of document productions—a far less costly and time-consuming source of information than deposition testimony.  Second, the information is equally available through Defendants Unisys, HPI, and HPE.

ADP should not be required to expend great expense, resources, and time to prepare for and attend a deposition when the information Plaintiffs seek either has already been provided or could be provided through document requests to the Defendants.  Accordingly, the burden and expense non-party ADP will incur to prepare for and attend depositions far outweighs any minimal benefit to Plaintiffs.  *See Powers v. Mem'l Sloan Kettering Cancer Ctr.*, No. 20 CIV. 2625, 2020 WL 5968126, at *3 (S.D.N.Y. Oct. 8, 2020) (granting motion to quash subpoena because "Plaintiff can obtain information regarding Defendants' practices and procedures through document requests and the depositions of other fact witnesses").

      C.    <u>Deposition testimony of an ADP witness is not relevant to this Action.</u>

As the issuing party, Plaintiffs, not ADP, must demonstrate that the information sought is "relevant and material to the allegations and claims at issue in the proceedings."  *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011); *see also* Fed. R. Civ. P. 26(b)(1) (instructing courts to consider the "importance of the discovery in resolving the issues").

Plaintiffs seek to depose an ADP witness regarding a wide range of topics, most of which are irrelevant to this Action.  The deposition topics address numerous facets of ADP's business, including its database applications, database engines, and database files, the reporting and exporting capabilities of its internal systems, its software engineering employees (including its employees' educational background, qualifications, experience, etc.), and several topics related to ADP's document preservation and data extraction processes.  ADP's general business practices are not at issue in this Action, and Plaintiffs have failed to demonstrate otherwise.  It would be unduly burdensome for ADP to prepare its witness on such a wide variety of unrelated topics when doing so would yield little to no information relevant to this Action.

      D.    <u>Plaintiffs made no effort to accommodate the ADP witness's schedule, who is unavailable on December 3, 2021</u>.

ADP and Plaintiffs have been in contact over the past several weeks in order for ADP to provide Plaintiffs the requested information.  During this time, Plaintiffs made no effort to work with ADP to find a mutually agreeable time for any proposed deposition.  Although it is unclear exactly which ADP employee may be required to satisfy Plaintiffs, the most likely witness is not available on December 3, 2021 given the short notice and busy holiday season.  Under these circumstances, Plaintiffs' demand is unreasonable.

## IV. Conclusion

For the foregoing reasons, this Court should grant non-party ADP's Motion for Protective Order to Preclude Deposition Testimony and Motion to Quash the Subpoenas.

Respectfully submitted,

/s/ Matthew E. Cooper

Matthew E. Cooper