

**Kristofor T. Henning**
Partner

T. 215-979-3846
F. 215-988-4314

khenning@mccarter.com

McCarter & English, LLP

1600 Market Street
Suite 3900
Philadelphia, PA 19103-7501

www.mccarter.com

December 17, 2021

VIA ECF

The Honorable James M. Wicks
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722

**Re: <u>Caccavale, et al. v. HP Inc., et al. (Case No. 20-cv-974)</u>**

Dear Judge Wicks:

We represent Defendants Hewlett Packard Enterprise Company and Hewlett-Packard Company n/k/a HP Inc., but we are writing jointly on behalf of all parties. During the November 23, 2021 oral argument in this matter, the Court set a deadline of December 31, 2021 for the parties to file any motions to amend the operative pleadings. The Court also directed the parties to meet and confer about a schedule for remaining discovery and to submit their joint proposal to the Court by December 3, 2021. *See* ECF 151. By Order dated December 1, 2021, the Court extended that deadline to December 17, 2021. Please accept the following as the parties' proposal:

**Deadline for completion of all fact discovery:** September 14, 2022

**Deadline for all parties to serve amended Rule 26 initial disclosures:** January 18, 2022

**Deadline for parties to identify affirmative experts and produce Rule 26 expert reports:** October 24, 2022

**Deadline for parties to identify rebuttal experts and produce Rule 26 expert reports:** December 5, 2022

**Deadline for completion of all expert discovery:** January 16, 2023

This schedule is not intended to prohibit the use of any discovery devices.

**Deadline for parties to produce discovery, including affidavits or sworn statements, ordered by the Court as part of the November 23, 2021 oral argument:** The parties have not reached an agreement on this deadline. Their respective positions are described below.

### Defendants' Position

**<u>Defendants propose January 31, 2022 as the date to comply with the Court's November 23, 2021 order.</u>** In connection with the November 23, 2021 oral argument, the Court ordered some or all Defendants to produce additional

documents (at least some of which will include spreadsheets with voluminous data) and several affidavits or sworn statements. In light of the holidays following the November 23, 2021 argument and client/counsel vacation schedules, Defendants will need until January 31, 2022 to comply with the Court's orders. Defendants HP Inc. and Hewlett Packard Enterprise Company's United States' offices, in fact, are closed from December 24 through January 3. Unisys's offices are likewise closed on December 24 and January 3. As they informed counsel for Plaintiffs on December 15, 2021, Defendants will produce documents or affidavits/sworn statements before January 31 if they are available. A January 31, 2022 deadline will not prejudice Plaintiffs or cause undue delay because, among other reasons, Plaintiffs have agreed to a fact discovery cut-off of September 14, 2022. In addition, for certain discovery disputes addressed on November 23, 2021, the Court instructed Plaintiffs that the information they seek should be obtained through interrogatories or requests for admission (as opposed to depositions). Plaintiffs have not served any such written discovery requests at this point, meaning no responses would be due before January 5, 2022. As such, the January 31, 2022 deadline Defendants propose will not prejudice Plaintiffs' receipt of additional discovery for this reason as well. Defendants' counsel informed Plaintiffs' counsel on December 15, 2021 that their proposed January 31, 2022 deadline was one of necessity and that they could not agree to a proposed deadline (January 5, 2022) that their clients could not meet, but the parties did not reach an agreement.

## Plaintiffs' Position

**Plaintiffs propose that the parties should comply with the Court's November 23, 2021 order on or before January 5, 2022.** It has been almost one month since the Court directed the parties to produce discovery which includes,

1. Class Lists;
2. A verification to interrogatories;
3. A response to a single interrogatory;
4. Affidavits and sworn statements;
5. Supplemental document production.

None of the foregoing has yet been produced, and now Defendants explain that they will need more than two months after the Court's order (until January 31, 2022) to comply. So that the Court is aware, Defendants will not agree to produce any of the foregoing items prior to January 31, 2022. Instead, they propose to submit a voluminous production only two weeks before a status conference, leaving us inadequate time to iron out any issues before the conference.

**Class Lists.** Unisys already has a class list, and has explained in detail how it created its class list. As pointed out in our recent submission, Unisys has stated that it will continue its practice of obtaining releases, arbitration agreements, and

class action waivers from absent class members. Defendants have not explained why it will take more than two months to produce information already in the Defendants' possession. The class lists should be produced on or before January 5, 2022.

**Interrogatory Verification.** Unisys states it needs more than two months to furnish the verification to interrogatories that the Court directed be produced on November 23, 2021. This should be produced on or before January 5, 2022.

**Interrogatory response.** Unisys also states that it needs until January 31, 2022, more than two months after the Court's order, to furnish a response to a single interrogatory. The interrogatory response should be produced by January 5, 2022.

**Affidavits and sworn statements.** Defendants want to wait more than two months (and only two weeks before the Court's status conference) to furnish affidavits and declarations supporting the representations that they have already made to the Court in multiple motions. These should be produced no later than January 5, 2022.

**Balance of Production.** As to the balance of the required production Plaintiffs believe same can and should be produced by January 5, 2022.

The parties thank the Court for its consideration.

Respectfully submitted,

*Kristofor T. Henning*

Kristofor T. Henning

cc: All counsel of record (via ECF)