UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TONY CACCAVALE, ANTHONY MANGELLI,          Case No.: 20-cv-00974(GRB)(JMW)
DOUGLAS SORBIE, and JAMES BILLUPS
individually and on behalf of all others similarly situated,
                                                           Hon. Gary R. Brown

                        Plaintiffs,

            -against-

HEWLETT-PACKARD COMPANY A/K/A HP INC.,
HEWLETT PACKARD ENTERPRISE COMPANY and
UNISYS CORPORATION,

                        Defendants.
----------------------------------------------------------------X


### PLAINTIFFS' MEMORANDUM OF LAW REGARDING STANDING AND REQUESTING LEAVE TO AMEND COMPLAINT


Law Offices of Paul A. Pagano, P.C.
*Attorneys for Plaintiffs*
100 Duffy Avenue, Suite 510
Hicksville, NY 11810


Law Offices of Jason L. Abelove, P.C.
*Attorneys for Plaintiffs*
666 Old Country Road, Suite 303
Garden City, NY 11530


Of Counsel:
        Paul A. Pagano, Esq.
        Jason L. Abelove, Esq.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 1

PERTINENT PROCEDURAL AND FACTUAL HISTORY ....................................... 3

ARGUMENT ............................................................................................................... 6

I. PLAINTIFFS AND THE PUTATIVE CLASS MEMBERS HAVE SUFFERED CONCRETE HARM AND THE SAC IS SUFFICIENT TO ALLEGE ARTICLE III STANDING ................. 6

A.   Plaintiffs have suffered concrete harm and adequately alleged same ................................... 6

B.   FLSA Claims .................................................................................................. 9

C.   *Rosario* does not warrant dismissal of the instant action ....................................... 10

II. IF THE COURT SHOULD FIND THAT THE SAC DOES NOT ADEQUATELY ALLEGE STANDING, PLAINTIFFS SHOULD BE ALLOWED TO AMEND THE SAC ...................... 16

CONCLUSION ........................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Barber v. Lincoln Nat'l Life Ins. Co.*, 260 F. Supp. 3d 855 (W.D. Ky. 2017),........................13, 14

*Bd. of Trs. of the Local Union No. 373 United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. Benefit Funds v. Mid Orange Mech. Corp.*, No. 17-cv-2669 (NSR), 2020 U.S. Dist. LEXIS 182022 (S.D.N.Y. Sep. 30, 2020) ...........................................19

*Brooklyn Bank v. O'Neil*, 324 U.S. 697 (1945) ...........................................................................10

*Canales v. Sheahan*, No. 12-CV-693A, 2016 U.S. Dist. LEXIS 15768 (W.D.N.Y. Feb. 9, 2016). ........................................................................................................................................................16

*Carter v. HealthPort Techs., LLC*, 822 F.3d 47 (2d Cir. 2016) ...................................................15

*Caul v. Petco Animal Supplies, Inc.*, No. 1:20-cv-03534-RPK-SJB, 2021 U.S. Dist. LEXIS 253174 (E.D.N.Y. Dec. 22, 2021). .......................................................................................9, 19

*Caul v. Petco Animal Supplies, Inc.*, No. 20-CV-3534 (RPK) (SJB), 2021 U.S. Dist. LEXIS 184652 (E.D.N.Y. Sep. 27, 2021) .......................................................................................... Passim

*Ensminger v. Credit Law Ctr.*, No. 19-2147-JWL, 2019 U.S. Dist. LEXIS 155461 (D. Kan. Sep. 12, 2019),.................................................................................................................................14

*Epstein v. JPMorgan Chase & Co.*, 2014 U.S. Dist. LEXIS 38628 (S.D.N.Y. Mar. 21, 2014) ...15

*Hunt v. Interactive Med. Specialists, Inc.,* No. 1:19CV13, 2019 U.S. Dist. LEXIS 208561 (N.D.W. Va. Dec. 4, 2019)..............................................................................................................1o

*Jenkins v. Cty. of Nassau*, No. 19-cv-557 (GRB)(SIL), 2021 U.S. Dist. LEXIS 26700 (E.D.N.Y. Feb. 10, 2021).................................................................................................................................19

*John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732 (2d Cir. 2017)...............................................7

*Kawa Orthodontics, LLP v. Secretary, U.S. Department of the Treasury*, 773 F.3d 243 (11th Cir. 2014)............................................................................................................................................13, 14

*Maddox v. The Bank of N.Y. Mellon Tr. Co.*, 2021 U.S. App. LEXIS 34056 (2d Cir Nov. 17, 2021)......................................................................................................................................... Passim

*Middle Atlantic Utilities Co. v. S.M.W. Development Corp.*, 392 F.2d 380 (2d Cir. 1968)..........18

5050633.1

*MSPA Claims 1, LLC v. Tenet Florida*, 918 F.3d 1312 (11th Cir. 2019) ....................................13

*Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418 (S.D.N.Y. 2019) ......................................................9,13

*Rogers v. the City of Troy, New York*, 148 F.3d 52, 55 (2d Cir. 1998) .......................................10

*Rosario v. Icon Burger Acquisition LLC*, 2022 U.S. Dist. LEXIS 11454 (E.D.N.Y. Jan. 21, 2022) ......................................................................................................................... Passim

*Scott v. Whole Foods Mkt. Grp., Inc.*, No. 18-CV-0086 (SJF) (AKT), 2019 U.S. Dist. LEXIS 61726 (E.D.N.Y. Apr. 9, 2019) ....................................................................................... Passim

*Speedfit LLC v. Woodway USA, Inc*, No. 13-CV-1276 (KAM)(AKT), 2015 U.S. Dist. LEXIS 142132 (E.D.N.Y. Oct. 19, 2015)...................................................................................19

*Spokeo, Inc. v. Robins,* 136 S. Ct. 1540 (2016), ................................................................ Passim

*Taylor v. Fed. Aviation Admin.*, 351 F. Supp. 3d 97 (D.D.C. 2018) ......................................12, 13

*TransUnion L.L.C. v. Ramirez*, 141 S. Ct. 2190 (2021) ....................................................... Passim

*United States v. Scrap*, 412 U.S. 669 (1973) ..............................................................................15

*Van v. LLR, Inc.*, 962 F.3d 1160 (9th Cir. 2020)........................................................................15

*Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019)................ Passim

*Wright v. Levitt*, No. 13-CV-563V, 2016 U.S. Dist. LEXIS 144232 (W.D.N.Y. Oct. 18, 2016). 17

**Statutes**

New York Labor Law § 191(1)(a),..................................................................................... Passim

**Rules**

FRCP 15(a)(2) ......................................................................................................................16, 19

FRCP 16(b)(4) ............................................................................................................................19

5050633.1

Plaintiffs Tony Caccavale ("Caccavale"), Anthony Mangelli ("Mangelli"), Douglas Sorbie ("Sorbie"), and James Billups ("Billups"), individually and on behalf of all others similarly situated (collectively "Plaintiffs") submit this memorandum of law in accordance with Your Honor's March 17, 2022 order directing Plaintiffs to Show Cause why this matter should not be dismissed for failure to plausibly allege standing and in support of Plaintiffs' request that, if necessary, they be given leave to amend their second amended class and collective action complaint ("SAC") to the form of the proposed third amended class and collective action complaint ("TAC") submitted herewith or to another complaint consistent with the Court's decision on the instant motion.

## PRELIMINARY STATEMENT

Plaintiffs and the putative class members are manual workers who, in accordance with New York Labor Law § 191(1)(a), were and are required to be paid their wages weekly and no later than seven calendar days after the end of the workweek in which their wages are earned. Both *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1145 n. 2 (1st Dep't 2019), the seminal case on NYLL § 191(1)(a) from the Appellate Division First Department, and *Scott v. Whole Foods Mkt. Grp., Inc.*, No. 18-CV-0086 (SJF) (AKT), 2019 U.S. Dist. LEXIS 61726, at *9 (E.D.N.Y. Apr. 9, 2019), the first case in the Eastern District to address NYLL § 191(1)(a) in substantial depth, have stressed the substantial harm that occurs when manual workers are not timely paid their wages.  Plaintiffs and the putative classes have echoed those sentiments and sufficiently alleged an injury in fact/concrete harm in their pleading by, *inter alia*, alleging that they have not been paid wages (including overtime wages) timely, that they did not receive their wages when due, that they lack the financial resources to recover liquidated damages for

1

Defendants' underpayments, that Plaintiffs have been damaged in excess of $75,000 individually and in excess of $5,000,000 as classes, and that they are entitled to interest.  Time and again such allegations have been sufficient for Article III standing purposes.  *See e.g. Caul v. Petco Animal Supplies, Inc.*, No. 20-CV-3534 (RPK) (SJB), 2021 U.S. Dist. LEXIS 184652, at *9-10 (E.D.N.Y. Sep. 27, 2021).

*Rosario v. Icon Burger Acquisition LLC*, 2022 U.S. Dist. LEXIS 11454 (E.D.N.Y. Jan. 21, 2022) respectfully, strains the holdings of *TransUnion L.L.C. v. Ramirez*, 141 S. Ct. 2190 (2021), *Maddox v. The Bank of N.Y. Mellon Tr. Co.*, 2021 U.S. App. LEXIS 34056 (2d Cir Nov. 17, 2021), and a handful of out of circuit and/or outlier cases to hold that a plaintiff does not have Article III standing if he doesn't explicitly allege that he forwent the opportunity to invest or otherwise use the money to which he was legally entitled.  *Rosario*, 2022 U.S. Dist. LEXIS 11454 at *9.  Such holding creates a new pleading standard that was not contemplated by *TransUnion or Maddox* and should not be followed.

Even assuming *arguendo* that the Court was to follow *Rosario*, Plaintiffs' SAC meets the pleading threshold set forth in *Rosario*.  However, even if for some reason the Court was to determine that the SAC does not meet the pleading threshold set forth in *Rosario*, Plaintiffs, consistent with the fact that leave to amend should be freely granted when justice so requires, should be permitted to amend their SAC to the form of the proposed TAC in order to more explicitly plead the particular allegations that *Rosario* suggests are required.  Defendants would not be prejudiced by the proposed amendments set forth in the TAC.  Same do not represent a

2

5050633.1

change in legal theory or a meaningful change in the underlying facts,[1] fact discovery is open until, at present, September 14, 2022 and not a single deposition has occurred.

Plaintiffs' SAC should remain in its entirety or alternatively, if the Court should find it insufficient, Plaintiffs should be permitted to amend it into the form of the proposed TAC or to another complaint consistent with the Court's decision on the instant motion.

## PERTINENT PROCEDURAL AND FACTUAL HISTORY

On February 21, 2020, Plaintiffs Caccavale and Mangelli filed their initial complaint in this matter alleging that Defendants Hewlett-Packard Company, Hewlett Packard Enterprise Company ("HPE") and Unisys Corporation ("Unisys") violated NYLL § 191(1)(a) by paying them and putative class members bi-weekly and later than 7 calendar days after the end of the workweek in which wages were earned.  *See e.g.*. Docket Entry ("D.E.") 1, p. 1, ¶ 1, 2.  In so pleading, Plaintiffs Caccavale and Mangelli alleged that they and the putative classes were not paid timely, that they have been damaged by Defendants' actions, that they lack the financial resources to recover the damages for Defendants' underpayment of their wages, that they are entitled to interest, and that individually they have been damaged in an amount in excess of $75,000 and that Plaintiffs and the members of the putative classes have been damaged in an amount in excess of $5,000,000.  *See e.g.* D.E. 1, p. 1, 4, 5, 6, 7, 8, 9, 10, ¶ 1, 2, 27, 37, 47, 58, 68, 75, 76, 77, 78, 79, 80.

Thereafter, counsel for Unisys advised that Plaintiffs Caccavale and Mangelli had executed general releases when they were terminated from Unisys.  In connection with such

---

[1] The proposed TAC corrects HPE's principal place of business, accounts for Plaintiff Sorbie's December 2021 termination from Unisys and that he wasn't paid his last paycheck, and removes a claim that the parties' agreed to remove.

information, on April 27, 2020, Plaintiffs Caccavale and Mangelli, along with new Plaintiff

Sorbie, filed a first amended complaint that was subsequently signed and dated and re-filed as a

correction on May 5, 2020 ("FAC").  D.E. 11.  As with the initial complaint, the FAC contained

allegations that Plaintiffs and the putative classes were not timely paid, that they have been

damaged by Defendants' actions, that they lack the financial resources to recover the damages

for Defendants' underpayment of their wages, that they are entitled to interest, and that

individually they have been damaged in an amount in excess of $75,000 and that Plaintiffs and

the members of the putative classes have been damaged in an amount in excess of $5,000,000.

D.E. 11, p. 1, 4, 6, 7, 8, 10, 11, 12,  ¶ 1, 2, 30, 43, 56, 67, 78, 86, 87, 88, 89, 90, 91.

On June 19, 2020, each of the Defendants filed pre-motion letters seeking a conference to

move to dismiss the FAC.  D.E. 27 and 29.  Each Defendant sought to dismiss the complaint due

to a purported lack of a private right of action.  None of the Defendants argued that Plaintiffs

hadn't pled harm with enough particularity for purposes of Article III standing.  D.E. 27 and 29.

Indeed, there would have been no basis for them to do so.  On July 15, 2020, Your Honor

ordered the parties to brief Defendants' motions to dismiss.  D.E. 35.  Thereafter, the parties

briefed Defendants' motions to dismiss.  D.E. 40-45.  At no point in their papers did the

Defendants argue that Plaintiffs hadn't pled harm with enough particularity for purposes of

Article III standing.  D.E.  40-41, 44-45.

After an unsuccessful mediation, the parties discussed amending the FAC to account for

additional Plaintiff Billups and a claim, individually and on behalf of a collective, by Plaintiff

Sorbie against Unisys for violation of the prompt payment requirement of the Fair Labor

4

Standards Act ("FLSA") with such conversation resulting in a stipulation permitting an amendment.  D.E. 54.

On December 17, 2020, the SAC (which is the presently operative complaint in the case) was filed.  D.E. 55, 56.  As with the complaints before it, the SAC pleads that Plaintiffs and the putative classes were not timely paid, that they have been damaged by Defendants' actions, that they lack the financial resources to recover the damages for Defendants' underpayment of their wages, that they are entitled to interest, and that individually they have been damaged in an amount in excess of $75,000 and that Plaintiffs and the members of the putative classes have been damaged in an amount in excess of $5,000,000.  D.E. 55, p. 1, 2, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19,  ¶ 1, 2, 3, 4, 36, 51, 66, 67, 68, 81-83, 94, 97, 98, 103, 104, 105, 106, 107, 108, 111, 118, 119, 120, 126, 127, 128, 135, 136, 137, 141, 142, 143, 146.  On December 23, 2020, each of the Defendants submitted letters seeking pre-motion conferences with respect to moving to dismiss the SAC.  D.E.  57 and 58.  None of the Defendants' letters argued that Plaintiffs hadn't pled harm with enough particularity to generate Article III standing.  D.E.  57 and 58.

On January 12, 2021, Your Honor held a pre-motion conference in connection with Defendants' requests to move to dismiss Plaintiffs' SAC.  At no point was a purported lack of standing due to Plaintiffs' alleged failure to plead harm with enough particularity to generate Article III standing raised by Defendants and Your Honor denied Defendants' motions to dismiss Plaintiffs' SAC.  *See* D.E. dated February 2, 2021.

On March 22, 2021, each of the Defendants filed answers to Plaintiffs' SAC.  D.E. 71-73.

5

5050633.1

None of the answers asserted an affirmative defense that Plaintiffs failed to plead harm with enough particularity to generate Article III standing.

On January 3, 2022, the Honorable James M. Wicks extended Plaintiffs' time to move to amend the SAC until March 1, 2022.  *See* D.E. dated January 3, 2022.  On March 17, 2022, Your Honor issued an order directing Plaintiffs to show cause why this matter should not be dismissed for failure to plausibly allege standing in light of *Rosario*.

To date, written discovery is still ongoing, no depositions have yet been conducted, and fact discovery is not slated to close until September 14, 2022.  *See* Pagano Declaration ("Pagano Dec."), p. 2, ¶ 9; D.E. dated December 21, 2021.  Further, in light of Your Honor's order, and in compliance with Local Civil Rule 37.3(a), on March 17, 2022, Plaintiffs' counsel called counsel for each of the Defendants to request permission to amend the SAC.  Pagano Dec., p. 2, ¶ 5. Each Defendant denied Plaintiffs' request verbally and in a follow up email.  Pagano Dec., p. 2, ¶ 6, 7.

## ARGUMENT

## I. PLAINTIFFS AND THE PUTATIVE CLASS MEMBERS HAVE SUFFERED CONCRETE HARM AND THE SAC IS SUFFICIENT TO ALLEGE ARTICLE III STANDING

### A.     Plaintiffs have suffered concrete harm and adequately alleged same

In *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021)*,* the U.S. Supreme Court held that to have Article III standing, one must suffer concrete harm and that, "Central to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—**such as** physical harm, **monetary harm**, or various intangible harms[.]"  Emphasis Added.  The U.S. Supreme

6

Court went to hold that to establish standing, " a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." Id., 141 S. Ct. at 2203.   Notably, the injury in fact requirement has been described as "a low threshold[.]" *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017). Returning to *Transunion*, the U.S. Supreme Court then went on to provide, citing to its prior decision in *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540 (2016), that "**certain harms readily qualify as concrete injuries under Article III**. **The most obvious are traditional tangible harms, such as physical harms and monetary harms. If a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III.**" *TransUnion LLC*, 141 S. Ct. at 2204.  The U.S. Supreme Court then distinguished tangible harms such as physical or monetary injury from intangible harms such as reputational harms, disclosure of private information, and intrusion upon seclusion, each of which, though more intangible than physical or monetary harm, could still qualify as concrete harm for purposes of Article III standing.  Id., 141 S. Ct. at 2204.  The U.S. Supreme Court ultimately held that class members whose credit reports were disseminated to third parties and which contained information indicating they might be terrorists, drug dealers or other serious criminals suffered concrete harm while the individuals whose credit reports were not disseminated and the individuals who did not receive properly formatted mailings did not suffer concrete harm.  Id., 141 S. Ct. at 2209-2214. *Transunion* did not deal with NYLL § 191(1)(a) or what specifically is required to be pled in instances of concrete monetary harm.  Here, Plaintiffs and the putative classes have alleged

7

precisely the type of harm contemplated by *Transunion*, namely monetary harm, caused by

Defendants' failure to pay them timely, which would be redressed by payment to Plaintiffs and

the putative classes.  D.E. 55, p. 1, 2, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19 ¶ 1, 2, 3, 4,

36, 51, 66, 67, 68, 81-83, 94, 97, 98, 103, 104, 105, 106, 107, 108, 111, 118, 119, 120, 126, 127,

128, 135, 136, 137, 141, 142, 143, 146.

      Such monetary harm has been echoed in cases that have addressed NYLL § 191(1)(a).  In

*Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019), the Court

provided that the imposition of liquidated damages is to compensate an employee for the loss of

the use of his money and that the employee loses the use of his money whether he is never paid,

partially paid, or paid late.  Id., 175 A.D.3d at 1146 n. 2.  Similarly, in *Scott v. Whole Foods Mkt.

Grp., Inc.*, No. 18-CV-0086 (SJF) (AKT), 2019 U.S. Dist. LEXIS 61726, at *9 (E.D.N.Y. Apr. 9,

2019), the Court noted that the purpose of the frequency of payment statute is "to protect the

manual worker who [is] dependent upon the 'wages' he receive[s] weekly for his existence[,]" in

other words to attempt to prevent the concrete harm that befalls manual workers when their

wages are not received timely.  Notably, there was no question with respect to whether the

plaintiffs in *Scott* had Article III standing and no analysis of their complaint for certain words

like time value of money.  More recently, in *Caul v. Petco Animal Supplies, Inc.*, No. 20-CV-

3534 (RPK) (SJB), 2021 U.S. Dist. LEXIS 184652, at *10 (E.D.N.Y. Sep. 27, 2021), decided

*after Transunion* on which *Rosario* relies, the Court dismissed defendant's argument regarding a

lack of Article III standing in connection with a NYLL § 191(1)(a) claim holding that "the late

payment of wages is a concrete harm. [T]emporary deprivation of money to which a plaintiff has

5050633.1

a right constitutes a sufficient injury in fact to establish Article III standing." (Internal quotation marks omitted).[2]  In *Caul*, as with *Scott*, there was no scouring of the complaint for particular words.  Indeed, the *Caul* Court noted that

> **Defendants further complain…that plaintiff did not 'allege a 'lost time value of money' injury in her complaint,'…But the complaint alleges the facts necessary to establish that plaintiff suffered that injury.  Specifically, it alleges that throughout plaintiff's employment, defendants paid her on a bi-weekly basis, instead of 'within seven calendar days after the end of the week in which…wages were earned,' as she alleges was required by law,…Those allegations are adequate to plead that she was deprived of the time value of her money during periods in which payment was illegally delayed.**

*Caul v. Petco Animal Supplies, Inc.*, No. 1:20-cv-03534-RPK-SJB, 2021 U.S. Dist. LEXIS 253174, at *6-7 (E.D.N.Y. Dec. 22, 2021).

Here, Plaintiffs and the putative classes have alleged the same allegations that the Court in *Caul* found to be adequate for purposes of pleading the deprivation of the time value of money and for purposes of Article III standing.  *See* Pagano Dec. Exhibit 1; D.E 55, p. 5, 6, 7, 8, 9, 15, 16, 17,  ¶ 36, 51, 66, 67, 81, 82, 83, 118, 119, 126, 127, 134, 135, 136.  Plaintiffs and the putative class members have both suffered and alleged a concrete harm caused by the Defendants sufficient for Article III standing.

**B.**     **FLSA Claims**

In reviewing various dockets with NYLL § 191(1)(a) claims it seems that the same order to show cause order was issued in each of them.  To that end, it is unclear if the Court is seeking

---

[2] *See also Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424 (S.D.N.Y. 2019)(holding that temporary deprivation of money that a plaintiff has a right to constitutes injury in fact for Article III purposes).

5050633.1

a response solely with respect to Plaintiffs' and the putative classes' NYLL § 191(1)(a) claims or if the Court is also seeking a response with respect to Plaintiff Sorbie's and the collective members' claims for violation of the prompt payment requirement of the FLSA.  To the extent the Court seeks both, Plaintiff Sorbie and the collective members note that Courts have routinely found that wages paid late in violation of the prompt payment requirement of the FLSA constitute harm, that *Rosario* says nothing about FLSA claims, and that, even if *Rosario* did apply to FLSA claims, Plaintiff Sorbie and the collective members have set forth sufficient allegations of harm for Article III standing.  *See e.g.. Brooklyn Bank v. O'Neil*, 324 U.S. 697, 707 (1945)(failure to pay wages "on time may be so detrimental to maintenance of the minimum standard of living 'necessary for health, efficiency and general well-being of workers' and to the free flow of commerce, that double payment must be made in the event of delay in order to insure restoration of the worker to that minimum standard of well-being.");[3] D.E. 55, p. 1, 2, 8, 9, 13, 14, 15, 18, 19,  ¶ 2, 4, 67, 68, 69, 83, 103, 104, 105, 106, 107, 108, 111, 139-146.  Notably, the SAC includes specific examples of instances in which Plaintiff Sorbie was paid his overtime late.  D.E. 55, p. 13-14, ¶ 104, 105.

### C.   *Rosario* does not warrant dismissal of the instant action

*Rosario* is a District Court decision out of this District.  It is not a decision by the U.S. Supreme Court or the United States Court of Appeals for the Second Circuit that the Court is required to follow.  Further, cases like *Caul,* likewise out of the Eastern District, have already

---

[3] *See also Rogers v. the City of Troy, New York,* 148 F.3d 52, 55 (2d Cir. 1998); *Hunt v. Interactive Med. Specialists, Inc.,* No. 1:19CV13, 2019 U.S. Dist. LEXIS 208561, at *3-4 (N.D.W. Va. Dec. 4, 2019)(N.D.W. Va. Dec. 4, 2019)(injury in fact where employer failed to pay wages on time in violation of FLSA).

5050633.1

held that NYLL § 191(1)(a) plaintiffs have Article III standing based on allegations identical to the ones in the SAC.  Moreover, *Rosario explicitly agrees* that the late payment of wages can constitute a concrete harm sufficient to confer jurisdiction stating "As stated at the [pre-motion conference], the Court agrees with Judge Kovner [in *Caul*] that the late payment of wages can constitute a concrete harm sufficient to confer standing on a plaintiff who seeks relief under Sections 191 and 198 of the NYLL."  *Rosario*, 2022 U.S. Dist. LEXIS 11454 at *7.

Where *Rosario* diverges from established jurisprudence is in requiring a plaintiff to specifically allege that he forwent the opportunity to invest or otherwise use the money to which he was legally entitled.  *Rosario*, 2022 U.S. Dist. LEXIS 11454 at *9.  None of the cases on which *Rosario* relies support the proposition it advances.  Initially, *Rosario* holds that alleging that defendant failed to pay plaintiff and the class on a timely basis as required by the NYLL and so they are entitled to damages is insufficient under *Transunion*.  *Rosario*, 2022 U.S. Dist. LEXIS 11454 at *8.  To the contrary, *Transunion* explicitly provides that monetary harms are the exact type of harms that constitute concrete injury for Article III standing.  *TransUnion LLC*, 141 S. Ct. at 2204.  Nowhere in *Transunion* does it address how monetary harms are required to be alleged.

Further, in relying on *Maddox*, *Rosario* compares apples and oranges.  In *Maddox*, the Court found that: (1) where the Maddoxes did not allege that the delayed recording of a mortgage discharge clouded title or that they had to pay a duplicative filing fee they did not allege concrete harm; (2) where the Maddoxes did not allege that they suffered reputational harm they did not allege concrete harm; (3) where the Maddoxes did not allege that the bank's delay

11

5050633.1

adversely affected their credit rating making it difficult to obtain financing had they needed it in an emergency or for a new home they did not allege concrete harm; and (4) where the Maddoxes did not set forth specific enough allegations of stress, anguish, anxiety, distress, the use of time in tracking down the status of the discharge document or in seeking out legal counsel they did not allege concrete harm. *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, No. 19-1774, 2021 U.S. App. LEXIS 34056, at *14-18 (2d Cir. Nov. 17, 2021). Nowhere does *Maddox* hold that the untimely payment of wages does not constitute injury for purposes of Article III standing or that plaintiffs are specifically required to allege certain things like the lost time value of their money. Moreover, to the extent Defendants in reply would attempt to highlight for the Court that *Maddox* recommended that the plaintiffs pursue their potential $1,500 penalties in state court, there are several differences between *Maddox* and the instant matter. *Maddox,* 2021 U.S. App. LEXIS 34056, at *19. Such differences include that, here, the liquidated damages Plaintiffs stand to recover are to compensate them for the unlawful late payment of their wages (the deprivation of the use of their money) whereas the $1,500 penalty addresses a failure to timely file a discharge document and that, the *Maddox* Court, provided that such a small amount is amenable to a recovery without dispute and without counsel or fees stating it is hard to imagine that a bank would press the issue to litigation whereas, here, Defendants have been contesting the substantial sums owed to Plaintiffs and the class for over two years and will undoubtedly continue to do so if this case needs to be re-filed in state court. Id.

   *Rosario*'s reliance on *Taylor v. Fed. Aviation Admin.*, 351 F. Supp. 3d 97 (D.D.C. 2018) is also misplaced. In *Taylor* the Court did not reach a decision regarding whether the time value

5050633.1

of money constituted concrete harm for Article III standing purposes and instead focused on the fact that the amount in controversy was interest on $5. *Taylor*, 351 F. Supp. 3d at 103. Indeed, in *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 425 (S.D.N.Y. 2019) the Court recognized that *Taylor* had not squarely addressed the issue of whether the lost time value of money is an adequate injury in fact for Article III standing purposes and found that $50.63 was sufficient injury in fact to establish standing. *Porsch*, 380 F. Supp. 3d 418 at 422-425.

Likewise *Rosario's* reliance on *Kawa Orthodontics, LLP v. Secretary, U.S. Department of the Treasury*, 773 F.3d 243 (11th Cir. 2014) is misplaced. *Kawa* concerned plaintiff's claim that it lost some, if not all, of the value of the time and resources it expended in 2013 in anticipation of a mandate going into effect the following year which mandate was then postponed until 2015. *Kawa*, 773 F.3d at 246. While the majority found that such allegations were not sufficient to allege Article III standing, the dissent disagreed finding that plaintiff's claim could be characterized as two years of lost interest and suffice for Article III standing. *Kawa*, 773 F.3d at 249-50. Since *Kawa*, the 11th Circuit has recognized that the lost use of money is sufficient for purposes of Article III standing. *See e.g. MSPA Claims 1, LLC v. Tenet Florida*, 918 F.3d 1312, 1318 (11th Cir. 2019)(holding that a delayed reimbursement was an economic injury which was the epitome of concrete).

Rosario's reliance on *Barber v. Lincoln Nat'l Life Ins. Co.*, 260 F. Supp. 3d 855 (W.D. Ky. 2017), a case out of the Western District of Kentucky, which, *inter alia*, pre-dates *Caul* is misplaced. In *Barber* the Court did not determine that the lost time value of money is insufficient for Article III standing purposes, but instead noted that there was a split amongst the

13

circuits and held that "If all the complaint does is imply that any time a person is denied money he or she suffers an injury from being denied the opportunity to grow that money, then the complaint has not stated an injury with sufficient particularity." *Barber*, 260 F. Supp. 3d at 862. The *Barber* Court's holding was based on a mistaken interpretation of *Spokeo*. More particularly, *Barber* interpreted *Spokeo* to mean that a harm must be *unique* to an individual when *Spokeo* says no such thing; rather, it says that each individual must suffer the harm personally. Indeed, *Spokeo* gives the example of a mass tort and says "The fact that an injury may be suffered by a large number of people does not of itself make that injury a nonjusticiable generalized grievance. The victims' injuries from a mass tort, for example, are widely shared, to be sure, but each individual suffers a particularized harm[.]" *Spokeo, Inc*., 136 S. Ct. at 1548 n.7. Similarly, here, each of the Plaintiffs and putative class members are injured in the same way, by not being paid their wages weekly and within seven calendar days of the end of the workweek in which wages are earned, but they each suffer a particularized harm, their individual loss of the use of their money. As with *Kawa*, subsequent cases in the same circuit have found the lost time value of money to be sufficient for Article III standing. Indeed, in *Ensminger v. Credit Law Ctr.*, No. 19-2147-JWL, 2019 U.S. Dist. LEXIS 155461, at *7 (D. Kan. Sep. 12, 2019), the Court specifically held that the loss of the time value of money constitutes a concrete injury for purposes of Article III standing and that even a small amount constitutes a tangible financial injury that satisfies the requirement of an injury in fact for standing purposes stating that the "fact of such injury from the loss of the use of money is an accepted economic reality, and the Supreme Court has confirmed that 'an identifiable trifle' is enough of an injury to create

5050633.1

standing." (citing to *United States v. Students Challenging Regulatory Agency Procs. (SCRAP)*, 412 U.S. 669, 689 n.14 (1973)).

Notably, in *Van v. LLR, Inc.*, 962 F.3d 1160, 1162-1165 (9th Cir. 2020), on which *Rosario* relies, the Court held that the loss of use of money is sufficient for Article III standing and reversed the lower Court's dismissal of the complaint on standing grounds.

The last case on which *Rosario* relies is *Epstein v. JPMorgan Chase & Co.*, 2014 U.S. Dist. LEXIS 38628 (S.D.N.Y. Mar. 21, 2014). In *Epstein*, the Court, in dicta, hypothesized that plaintiff could seek to premise standing on a damages theory that he was deprived of the opportunity to use or earn interest on $.67 for a seven week period and then suggests, *inter alia*, that Courts should not be concerned with such an amount. *Epstein*, at *24 n. 6. Such dicta is far from establishing that the lost time value of money is not sufficient for purposes of Article III standing and is premised, in part, on the incorrect position that small amounts are irrelevant. *United States v. Scrap*, 412 U.S. 669, 689 n.14 (1973)(rejecting *de minimis* arguments to standing and citing examples of standing where very little economically was at stake such as a $5 fine and costs and a $1.50 poll tax.); *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016)(even a small financial loss constitutes an injury in fact).

In summary, neither *Rosario* nor any of the cases on which it relies require a dismissal of Plaintiffs' instant claims. Indeed, the Court in *Rosario* tacitly conceded as much when it permitted repleading, agreed with *Caul*, acknowledged Justice Brett Kavanaugh's statement that money later is not the same as money now, and expressly acknowledged that it is axiomatic as a matter of financial and economic theory that losing the opportunity to invest or otherwise use

15

money to which someone is entitled constitutes concrete harm to establish Article III standing. *Rosario*, 2022 U.S. Dist. LEXIS 11454 at * 9.

## II. IF THE COURT SHOULD FIND THAT THE SAC DOES NOT ADEQUATELY ALLEGE STANDING, PLAINTIFFS SHOULD BE ALLOWED TO AMEND THE SAC

To the extent *Rosario* mandates anything, its that a complaint must specifically allege that a plaintiff lost the time value of money or forwent the opportunity to invest or otherwise use the money to which he was legally entitled.  If the foregoing items need to be stated more explicitly than in the SAC, the Court should grant Plaintiffs leave to amend their SAC into the form of the proposed TAC (or another appropriate complaint) that contains those exact allegations.

As an initial matter, the Court in *Rosario* did not dismiss plaintiff's claims with prejudice or hold that there was no possible way to allege concrete harm, but instead gave the plaintiff 30 days to replead his first amended complaint into a second amended complaint which would set forth factual allegations that the plaintiff forewent the opportunity to invest or otherwise use the money to which he was legally entitled.  *Rosario*, 2022 U.S. Dist. LEXIS 11454 at * 9.  To the extent amendment beyond the SAC is necessary, such leave should be granted here.

Moreover, it is axiomatic that under FRCP 15(a)(2) leave to amend should be freely given when justice so requires.  Such leave should be granted unless there is undue delay, bad faith, futility of the amendment, or, most importantly, resulting prejudice to the opposing party. *Canales v. Sheahan*, No. 12-CV-693A, 2016 U.S. Dist. LEXIS 15768, at *12 (W.D.N.Y. Feb. 9, 2016).  Moreover, delay without a showing of bad faith or undue prejudice should not be a basis for denial of a right to amend.  Id.  Here, the Defendants cannot genuinely argue that any of the

foregoing factors are present.  As to the most important factor, prejudice, Courts analyze whether the amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Wright v. Levitt*, No. 13-CV-563V, 2016 U.S. Dist. LEXIS 144232, at *13-14 (W.D.N.Y. Oct. 18, 2016).  None of those factors are present.  Plaintiffs' proposed TAC adds allegations that they (and the putative class and collective members) lost the time value of money (including that attributable to Plaintiff Sorbie not being paid his last check from Unisys in the amount of approximately $1,600-$2,000) and forwent the opportunity to invest or otherwise use the money to which they were legally entitled. *See* Pagano Dec., Exhibit 2, p. 15-18, ¶ 112-137. Such allegations would not change the scope of discovery or trial and would not cause Defendants to expend significant additional resources to conduct discovery or prepare for trial.  Further, there will be no delay of the resolution of the dispute due to the proposed amendments.  Neither an answer nor a motion to dismiss should impact the fact discovery deadline that is currently September 14, 2022 and during which time Plaintiffs intend on moving forward with discovery.[4]  Moreover, neither Plaintiffs nor the class/collective members will be prevented from bringing a timely action in another forum.

As to undue delay and bad faith there is no basis for Defendants to argue same.  On March 17, 2022, the Court issued an order *sua sponte* raising a standing issue based on a decision that was rendered on January 21, 2022 and which none of the Defendants had raised to

---

[4] Given the potential ramifications of Your Honor's decision, Plaintiffs sought, on consent, a brief adjournment of discovery obligations and an upcoming status conference of March 28, 2022, but are otherwise prepared to move forward with discovery.  D.E. 174.

17

5050633.1

date.  As soon as that order was issued, Plaintiffs began preparing their instant motion papers to, *inter alia*, address whatever alleged deficiencies exist as a result of *Rosario* and have filed their instant papers within a week of the order.  *Middle Atlantic Utilities Co. v. S.M.W. Development Corp.*, 392 F.2d 380, 384 (2d Cir. 1968)(allowing amendment after 3 year delay).

Further, it cannot be said that amendment would be futile.  In addition to maintaining the pertinent allegations from the SAC, the allegations in the proposed TAC were designed specifically to address any purported deficiencies in the SAC raised by *Rosario* in that with respect to each Plaintiff, the class members, and the collective members the TAC alleges: (1) that they suffered a concrete injury as a result of the Defendants' untimely payments in that they forwent the opportunity to invest or otherwise use the money to which they were entitled; (2) an approximate dollar amount of the concrete monetary harm; (3) that Defendants were the entities who paid them in an untimely manner; and (4) that their injuries can be redressed by the judicial relief of having the Court direct Defendants to pay monetary damages.  *See* Pagano Dec., Exhibit 2, p. 15-18, ¶ 112-137.  In opposition Defendants are likely to argue that what they consider conclusory allegations of the loss of the time value of money, the loss of the ability to invest money, or the loss of the use of money are insufficient to confer Article III standing.  However, such argument would not be consistent with governing and persuasive case law including, but not limited to, *TransUnion LLC*, 141 S. Ct. at 2204; *Vega*, 175 A.D.3d at 1146 n.2; *Scott*, 2019 U.S. Dist. LEXIS 61726, at *9; *Caul*, 2021 U.S. Dist. LEXIS 253174, at *6-7; and *Spokeo*, 136 S. Ct. at 1548 n.7 (unique damage is not required only that the damage impacts the individual personally).

5050633.1

Defendants are also likely to argue that Plaintiffs' request for leave to amend should be governed by FRCP 16(b)(4) since the deadline to move to amend elapsed on March 1, 2022. FRCP 16(b)(4) provides that a scheduling order may be modified only for good cause and with the Judge's consent.  Courts have held that a determination of good cause depends on the diligence of the moving party.  *Bd. of Trs. of the Local Union No. 373 United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. Benefit Funds v. Mid Orange Mech. Corp.*, No. 17-cv-2669 (NSR), 2020 U.S. Dist. LEXIS 182022, at *12 (S.D.N.Y. Sep. 30, 2020).  Courts further look at whether the applicable deadline could not have been met and whether the proposed amendment is based on information the party knew or should have known in advance of the deadline.  *Jenkins v. Cty. of Nassau*, No. 19-cv-557 (GRB)(SIL), 2021 U.S. Dist. LEXIS 26700, at *9-10 (E.D.N.Y. Feb. 10, 2021).  The standing issue raised by *Rosario* was not raised until March 17, 2022.  There is no way that Plaintiffs could have addressed such issue prior to the March 1, 2022 deadline to move for leave to amend.  Had the standing issue been raised prior to the deadline, Plaintiffs would have been able to assess if an amendment was necessary and seek leave for same prior to the deadline.  Under such circumstances, Plaintiffs respectfully submit that they have demonstrated good cause. Id. 2021 U.S. Dist. LEXIS 26700, at *10-11 (finding good cause where plaintiff could not reasonably have filed motion for leave to amend before deadline).  Once good cause is shown, leave to amend is governed by FRCP 15(a)(2) which, as shown above, should be granted.  *Speedfit LLC v. Woodway USA, Inc*, No. 13-CV-1276 (KAM)(AKT), 2015 U.S. Dist. LEXIS 142132, at *7 (E.D.N.Y. Oct. 19, 2015).

19

## <u>CONCLUSION</u>

For the reasons set forth herein, the case should progress forward under the SAC, or, in the alternative, if the Court finds the specific allegations in the SAC insufficient, Plaintiffs should be granted leave to amend their complaint to the form of the proposed TAC or another amended complaint consistent with this Court's guidance from its forthcoming decision.

Dated: Hicksville, New York
        March 24, 2022

                                        Law Office of Paul A. Pagano, P.C.


                                By:     *Paul Pagano*
                                        _____
                                        Paul A. Pagano, Esq.
                                        *Attorneys for Plaintiffs*
                                        100 Duffy Avenue, Suite 510
                                        Hicksville, NY 11810
                                        (917) 589-1479

20