**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| TONY CACCAVALE, ANTHONY MANGELLI, DOUGLAS SORBIE, and JAMES BILLUPS, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>HEWLETT-PACKARD COMPANY A/K/A HP INC., HEWLETT PACKARD ENTERPRISE COMPANY and UNISYS CORPORATION,<br><br>        Defendants. | Civil Action No.: 20-CV-00974 (GRB)(JMW) |

---

### HP INC.'S AND HEWLETT PACKARD ENTERPRISE COMPANY'S JOINT RESPONSE TO PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE DATED MARCH 17, 2022

---

        **McCARTER & ENGLISH, LLP**
        Four Gateway Center
        100 Mulberry Street
        Newark, NJ  07101-0652
        (973) 622-4444

        Attorneys for Defendants HP Inc. and
        Hewlett Packard Enterprise Company

## **TABLE OF CONTENTS**

                                                                         **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................... 1

ARGUMENT ........................................................................................................................ 3

      I.     THE SAC DOES NOT PLAUSIBLY ALLEGE PLAINTIFFS'
             STANDING. .................................................................................................... 4

      II.    PLAINTIFFS' PROPOSED TAC IS UNTIMELY AND FUTILE. ........................ 7

             A.     Plaintiffs' Proposed TAC Is Untimely. ......................................................... 8

             B.     Plaintiffs' Proposed Amendment Would Be Futile. ..................................... 9

CONCLUSION ................................................................................................................... 13

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adler v. Penn Credit Corp.*,
   2022 WL 744031 (S.D.N.Y. Mar. 11, 2022) ........................................................................11

*Aiola v. Malverne Union Free Sch. Dist.*,
   115 F. Supp. 3d 321 (E.D.N.Y. 2015) ..................................................................................7

*Amirhamzeh v. Chase Bank USA, N.A.*,
   2013 WL 7219270 (C.D. Calif. Oct. 7, 2013) ......................................................................9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...............................................................................................................6

*BMW of N. Am., Inc. v. Gore*,
   517 U.S. 559 (1996) .............................................................................................................13

*Bush v. Optio Solutions, LLC*,
   551 F. Supp. 3d 66 (E.D.N.Y. 2021) ................................................................................3, 4

*Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l*,
   790 F.3d 411 (2d Cir. 2015) ..................................................................................................4

*In re FDCPA Mailing Vendor Cases*,
   551 F. Supp. 3d 57 (E.D.N.Y. 2021) ....................................................................................5

*Harty v. West Point Realty, Inc.*,
   --- F4th ----, 2022 WL 815685 (2d Cir. 2022) ................................................................3, 11

*Holaway v. Protective Life Ins. Co.*,
   2007 WL 2904162 (M.D. Ga. Oct. 3, 2007) ........................................................................9

*Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*,
   850 F. App'x 38 (2d Cir. 2021) ............................................................................................8

*Kawa Orthodontics, LLP v. Secretary, U.S. Dep't of Treasury*,
   773 F.3d 243 (11th Cir. 2014) ............................................................................................11

*Kirschenbaum v. Federal Ins. Co.*,
   505 B.R. 126 (E.D.N.Y. 2014) .............................................................................................9

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ...............................................................................................................5

*Maddox v. Bank of New York Mellon Trust Co., N.A.*,
   19 Fth 58 (2d Cir. 2021) ............................................................................................. *passim*

*Nicholas v. Davis*,
    74 F. App'x 131 (2d Cir. 2003) ..................................................................................9

*Park v. Columbia Pictures Industr.*,
    204 F.3d 326 (2d Cir. 2000)......................................................................................8

*Rosario v. Icon Burger Acquisition LLC*,
    21-cv-4313 (JS)(ST), 2022 WL 198503 (E.D.N.Y. Jan. 21, 2022)................................. passim

*State Farm Mut. Auto. Ins. Co. v. Campbell*,
    538 U.S. 408 (2003)................................................................................................13

*Taylor v. Fed. Aviation Admin.*,
    2019 WL 3767512 (D.D.C. Aug. 9, 2019) ...............................................................11

*Taylor v. Fed. Aviation Admin.*,
    351 F. Supp. 3d 97 (D.D.C. 2018) ..........................................................................12

*TransUnion LLC v. Ramirez*,
    594 U.S. ---, 141 S. Ct. 2190 (2021)...............................................................3, 4, 7, 9

*Warth v. Seldin*,
    422 U.S. 490 (1975).................................................................................................4

*Zlotnick v. Equifax Information Servs., LLC*,
    --- F. Supp. 3d ----, 2022 WL 351996 (E.D.N.Y. Feb. 3, 2022)....................................4, 6, 13

**Statutes**

New York Labor Law § 191 ...............................................................................1, 2, 4, 6

**Other Authorities**

NY CPLR § 901(b) .................................................................................................13

Federal Rule of Civil Procedure 15 .........................................................................7, 8

Federal Rule of Civil Procedure 16 ...........................................................................8

## **PRELIMINARY STATEMENT**

Plaintiffs have not plausibly alleged facts demonstrating that they have standing to sue in federal court in either their operative Second Amended Complaint (SAC) (ECF 55) or their belatedly proposed Third Amended Complaint (TAC) (ECF 176-2). Therefore, the Court should dismiss the SAC and reject the TAC as both untimely and futile.

According to the SAC, in November 2015, Hewlett-Packard Company separated into two different companies: Hewlett Packard Enterprise Company (HPE) and HP Inc. SAC ¶ 37. Plaintiffs are four former employees of Hewlett-Packard Company and HPE. *Id.* ¶¶ 19-22; 38-45. They allege that during their employment they were "manual workers" who were paid bi-weekly instead of weekly, allegedly in violation of New York Labor Law § 191. *Id.* ¶¶ 117-119, 125-127.[1] Importantly, Plaintiffs do not allege that they failed to receive all of the wages they earned, nor could they. Instead, they claim only that some portion of their wages paid bi-weekly was paid seven days late. ECF 43 at 8 n.2. As a result, Plaintiffs do not – and cannot – seek in this lawsuit any wages they did not receive – *i.e.*, actual damages. They seek only statutory "liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest." SAC ¶¶ 120, 128.

*Rosario v. Icon Burger Acquisition LLC*, 21-cv-4313 (JS)(ST), is another case pending in this District in which the plaintiff alleges he was a "manual worker" paid bi-weekly instead of weekly. Like Plaintiffs in this case, the plaintiff in *Rosario* did not allege that he failed to receive all of the wages he earned, but instead only claimed that some portion of those wages was paid late. Also like Plaintiffs in this case, the plaintiff in *Rosario* sought only liquidated damages, attorneys' fees, and pre/post-judgment interest.

---

[1] Plaintiffs have withdrawn the NYLL § 195 claim that appears in the SAC. ECF 79.

In January 2022, the *Rosario* Court concluded that the plaintiff had not plausibly alleged facts demonstrating an injury-in-fact required for subject matter jurisdiction:

> Here, Plaintiff seeks to hold Defendant liable for failing to pay him weekly as required by the NYLL. . . . [T]he Court agrees with Judge Kovner that the late payment of wages can constitute a concrete harm sufficient to confer standing on a plaintiff who seeks relief under Sections 191 and 198 of the NYLL. . . . Nevertheless, as *Maddox* makes clear, a plaintiff must 'plead enough facts to make it plausible that [he] did indeed suffer the sort of injury that would entitle [him] to relief.'
>
> In the present action, Plaintiff's barebones Amended Complaint contains no facts from which the Court could plausibly conclude that Plaintiff actually suffered the sort of harm that would entitle him to relief. The Amended Complaint simply alleges that 'Defendant failed to pay Plaintiff and the Class on a timely basis as required by the NLL,' so Plaintiff and the Class are entitled to damages. This is insufficient under *TransUnion* and *Maddox*. . . . But while axiomatic as a matter of financial and economic theory [that '[m]oney later is not the same as money now'], *Maddox* underscores that, absent factual allegations that the plaintiff forewent the opportunity to invest or otherwise use the money to which he was legally entitled, he cannot plausibly claim he suffered a harm sufficiently concrete to establish Article III standing.

*Rosario v. Icon Burger Acquisition LLC*, 21-cv-4313 (JS)(ST), 2022 WL 198503, at *3 (E.D.N.Y. Jan. 21, 2022) (permitting plaintiff to file amended complaint).

On March 17, 2022, this Court issued an Order to Show Cause providing, in part: "In light of *Rosario* . . . and the cases cited therein, plaintiffs are directed to Show Cause why this matter should not be dismissed for failure to plausibly allege standing." Plaintiffs have not "plausibly allege[d] standing" for at least the same reasons found in *Rosario* and, therefore, the Court should dismiss the SAC. Like the plaintiff in *Rosario*, Plaintiffs allege only that some portion of their wages was not paid in a timely manner for purposes of New York Labor Law § 191 (even though they do not allege that, during their employment, they expected weekly payment of wages, or that they were not paid in a timely manner according to their expected payroll schedule)—but a purely statutory violation, alone, is not sufficient to confer standing and, therefore, cannot establish federal subject matter jurisdiction.

2

Indeed, recognizing this failure in their SAC, Plaintiffs ask the Court for permission to file a *fourth* complaint in this matter in an attempt to plausibly allege standing. But the deadline in the operative scheduling order to seek leave to file the TAC has passed and Plaintiffs cannot show good cause for their belated request. In any event, Plaintiffs' proposed TAC is futile because it does not plausibly allege facts demonstrating a concrete and particularized injury-in-fact. At most, Plaintiffs' allegations are conjectural and hypothetical.[2]

## ARGUMENT

A plaintiff seeking to have his case heard in federal court bears the burden of showing that he has Article III standing by demonstrating: "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. ---, ---, 141 S. Ct. 2190, 2203, 2207 (2021). An "actual or imminent" injury cannot be "conjectural or hypothetical." *Maddox v. Bank of New York Mellon Trust Co., N.A.*, 19 Fth 58, 62 (2d Cir. 2021).

A "statutory violation alone … is not sufficient for Article III standing." *Harty v. West Point Realty, Inc.*, --- F4th ----, 2022 WL 815685, at *4 (2d Cir. 2022) (citing *TransUnion*, 141 S. Ct. at 2205); *Bush v. Optio Solutions, LLC*, 551 F. Supp. 3d 66, 70 (E.D.N.Y. 2021) (Brown, J.) ("[B]are procedural violations, divorced from any concrete harm do not suffice for Article III standing." (quoting *TransUnion*, 141 S. Ct. at 2213)). Rather, the plaintiff must show he suffered concrete harm *because* of the statutory violation. *TransUnion*, 141 S. Ct. at 2205.

Named plaintiffs in a class action "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which

---

[2] HP Inc. and HPE incorporate by reference co-defendant Unisys Corporation's arguments demonstrating why this case should be dismissed for lack of standing and why the Court should reject Plaintiffs' proposed TAC.

3

they belong and which they purport to represent." *Warth v. Seldin*, 422 U.S. 490, 5023 (1975). Moreover, plaintiffs "must plead enough facts to make it plausible that they did indeed suffer the sort of injury that would entitle them to relief." *Maddox*, 19 Fth at 65-66. When a plaintiff lacks standing to bring the action, the district court has no power to adjudicate it and the case must be dismissed. *Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l*, 790 F.3d 411, 416 (2d Cir. 2015).

I. **THE SAC DOES NOT PLAUSIBLY ALLEGE PLAINTIFFS' STANDING.**

Like in *Rosario*, Plaintiffs here challenge only the timeliness (by seven days) of some portion of their bi-weekly paid wages – but with no allegation that they suffered any actual concrete harm as a result of allegedly receiving some portion of their wages one week "late" for purposes of NYLL § 191. Plaintiffs rely on the same allegation that was insufficient to confer standing in *Rosario* – *i.e.*, that they are entitled to statutory liquidated damages in federal court simply because they were "manual workers" not paid weekly. *See* SAC ¶¶ 117-120, 125-128; *id.* ¶ 94 ("The members of the Classes have been damaged and are entitled to recovery as a result of Defendants' violations of [the] NYLL . . . ."); *Rosario v. Icon Burger Acquisition LLC*, 2022 WL 198503, at *3 (E.D.N.Y. Jan. 21, 2022) (finding allegation that "'Defendant failed to pay Plaintiff and the Class on a timely basis as required by the NYLL,' so Plaintiff and the class are entitled to damages" "insufficient under *TransUnion* and *Maddox*"). At most, Plaintiffs have alleged a mere statutory violation that is not sufficient to confer Article III jurisdiction. As the Supreme Court explained, "[n]o concrete harm, no standing," and for Article III purposes, a concrete injury is required "even in the context of a statutory violation" because an "injury in law is not an injury in fact." *TransUnion*, 141 S. Ct. at 2200, 2205. *Cf. Zlotnick v. Equifax Information Servs., LLC*, --- F. Supp. 3d ----, 2022 WL 351996 (E.D.N.Y. Feb. 3, 2022) (Brown, J.) (no standing for statutory violation of FCRA); *Bush*, 551 F. Supp. 3d at 70 (no standing for

4

statutory violation of FDCPA); *In re FDCPA Mailing Vendor Cases*, 551 F. Supp. 3d 57 (E.D.N.Y. 2021) (Brown, J.) (same).

Indeed, the nature of Plaintiffs' claim – that they were fully paid their wages on a regular, bi-weekly basis – establishes that they had no monetary injury as of the filing of their lawsuit. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 570 n.5 (1992) ("[S]tanding is to be determined as of the commencement of suit."). As the court explained in *Epstein v. JPMorgan Chase & Co.*, because the defendant reimbursed the plaintiff "for all economic damage he incurred as a result of the alleged breach" of a credit card agreement, the refund check "demonstrates the absence of any 'actual' injury on which Plaintiff's standing could be established." 2014 WL 1133567, at *2-3, *7 (S.D.N.Y. Mar. 21, 2014) (collecting cases). The court in *Dress v. Capital One Bank (USA), N.A.* similarly found the plaintiff who received a refund of the charge that was challenged in the complaint lacked standing, even though she claimed statutory damages because, as discussed above, "entitlement to statutory damages, in and of itself, does not establish the requisite injury-in-fact for standing." 2019 WL 3451304, at *3 (E.D. Va. July 30, 2019)*, aff'd on other grounds*, 849 F. Appx 55 (4th Cir. 2021). Similarly, in this case, there is no dispute that well before they filed this lawsuit, Plaintiffs had been paid their wages in full by Hewlett-Packard Company and HPE.[3] Plaintiffs' claim for statutory damages based on an alleged failure to pay those wages on a weekly basis does not establish an injury-in-fact sufficient to confer standing.[4]

---

[3] *See* SAC ¶¶ 19-22 (Plaintiffs were employed by Hewlett-Packard Company until November 2015); *id.* ¶¶ 38-45 (Plaintiffs were employed by HPE until July 2018). This lawsuit was filed in February 2020.

[4] Aside from the fact that Plaintiffs were fully paid their wages and cannot allege a concrete injury-in-fact, there is no allegation in the SAC that any Plaintiff ever, at any time, expected to be paid on a weekly basis during his employment. That shows not only that Plaintiffs received what they expected, but also that no Plaintiff considered himself a "manual worker" during his employment with Hewlett-Packard Company or HPE.

5

Plaintiffs' attempts to salvage their SAC have no merit:

*First*, Plaintiffs claim they sufficiently pled a concrete harm in the SAC because it alleges (1) "they did not receive their wages when due," (2) "they lack the financial resources to recover liquidated damages," (3) they have been damaged above the jurisdictional threshold, and (4) "they are entitled to interest." ECF 175 at 1-2, 5. The first allegation is simply a restatement of the alleged statutory violation, which, as discussed above, is insufficient to confer standing. As to the second, Plaintiffs' current financial condition is not a concrete harm *caused by* Defendants' bi-weekly payment of wages. Plaintiffs received all of the wages they earned even under their own allegations and, therefore, neither HP Inc. nor HPE could have adversely affected Plaintiffs' "financial resources."[5] Their third allegation, that they were damaged above the diversity jurisdictional threshold, is a mere legal conclusion without any facts plausibly demonstrating a concrete, particularized injury-in-fact. In the words of the Supreme Court, it is a "threadbare recital" of a necessary condition for Plaintiffs' lawsuit. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Zlotnick*, 2022 WL 351996, at *2 ("[C]onclusory assertions do not confer standing."). Finally, the SAC seeks pre-judgment and post-judgment interest on the liquidated damages Plaintiffs seek, which again has nothing to do with concrete harm.

*Second*, Plaintiffs point to *TransUnion*'s inclusion of "monetary harm" as a type of concrete harm (ECF 175 at 6-7), but the SAC does not actually allege monetary harm. It could not because Plaintiffs received their wages in full. Again, Plaintiffs seek only statutory liquidated damages, attorneys' fees, and pre-and post-judgment interest.

*Third*, Plaintiffs rely on *Vega* and *Scott*, which address whether an implied or express private right of action exists to enforce NYLL § 191. ECF 175 at 8. Neither of those cases

---

[5] Furthermore, this allegation in the SAC was part of Plaintiffs' efforts to allege that a class action is superior to other methods of adjudicating this litigation – and had nothing to do with any alleged injury-in-fact. *See* ECF 55 ¶ 94.

6

addressed the requirements for Article III standing, however. In fact, because it was a state court case, *Vega* could not have done so.

*Fourth*, Plaintiffs rely on *Caul* and *Porsch* (ECF 175 at 8-9) for the proposition that "late payment of wages can constitute a concrete harm" under certain circumstances. *Rosario*, 2022 WL 198503, at *3. Even assuming without conceding that is the case, *Rosario* itself considered the *Caul* and *Porsch* decisions and still found the allegation that "Defendant failed to pay Plaintiff and the Class on a timely basis as required by the NYLL" by itself to be "insufficient under *TransUnion* and *Maddox*." *Rosario*, 2022 WL 198503, at *3. That is the most the SAC alleges and, therefore, it fails to plausibly allege Plaintiffs' standing.

*Finally*, Plaintiffs attempt to distinguish the cases cited in *Rosario*. ECF 175 at 11–15. But, none of those cases holds that a plaintiff who (i) was paid all of the wages he earned, (ii) does not seek actual damages (only statutory liquidated damages), and (iii) claims damage only from a statutory violation has plausibly alleged Article III standing. Therefore, none help Plaintiffs.

## II. PLAINTIFFS' PROPOSED TAC IS UNTIMELY AND FUTILE.

In an attempt to cure the SAC's failure to plausibly allege standing, Plaintiffs seek permission to file yet another amended complaint that would allege uniformly for all four Plaintiffs that each of them "forwent the opportunity to invest or otherwise use the money to which he was entitled and he was deprived of the time value of his money, including but not limited to, interest." ECF 176-2 at ¶¶ 120, 123, 126, 129.[6] Like the SAC, however, the TAC does not seek any actual damages – only statutory liquidated damages, attorneys' fees, and pre-

---

[6] At times, Plaintiffs also appear to request leave to file "another complaint consistent with the Court's decision on the instant motion." ECF 175 at 1, 3, 20. The TAC is the only proposed amended complaint Plaintiffs have provided to the Court, however. Neither the Court nor Defendants can evaluate any other proposed amendment and, therefore, Plaintiffs' request is improper. *See Aiola v. Malverne Union Free Sch. Dist.*, 115 F. Supp. 3d 321, 343 (E.D.N.Y. 2015) ("[A] bare request to amend a pleading contained in a brief, which does not also attach the proposed amended pleading, is improper under FRCP 15.").

7

and post-judgment interest. ECF 176-2 at ¶¶ 145, 153. Plaintiffs' proposed TAC is both untimely and futile.

### A.  Plaintiffs' Proposed TAC Is Untimely.

The deadline in the operative scheduling order to seek leave to file an amended complaint was March 1, 2022 (extended from December 31, 2021), with one exception – a March 15, 2022 deadline to seek leave to add claims by one identified individual (Mr. Daniel Johnson). ECF 152 at 2; Order dated 1/3/22; ECF 169. Both deadlines have passed. Because the scheduling order deadline has passed, any request to amend must satisfy the higher "good cause" standing found in Rule 16 (not only the standard found in Rule 15). *Park v. Columbia Pictures Industr.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[T]he Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings."); *see* ECF 95 (Plaintiffs conceding "good cause" standard applies after scheduling order deadline). This is to "ensur[e] that at some point both the parties and the pleadings will be fixed." *Parker*, 204 F.3d at 340. "A finding of 'good cause' depends on the diligence of the moving party," *id.*, and does not turn on prejudice to the non-moving party. *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 850 F. App'x 38, 43 (2d Cir. 2021) ("A lack of diligence is … reason alone to deny leave to amend.").

Plaintiffs cannot meet their burden of demonstrating "good cause." Article III standing, including injury-in-fact, is a well-settled and known pre-condition to any plaintiff's attempt to sue in federal court. Further, plaintiffs always bear the burden of demonstrating the jurisdiction of the Court. And, the information necessary to assess the existence or absence of an injury-in-fact is fully within Plaintiffs' possession. They required no facts to be obtained through

8

discovery from Defendants in order to allege a concrete injury. Therefore, they could have attempted to cure this failure in their SAC at any time. They simply did not.[7]

### B. Plaintiffs' Proposed Amendment Would Be Futile.

The Court should also reject Plaintiffs' proposed TAC because it would be futile – both because it does not plausibly allege standing and because it seeks relief that is unconstitutional. *Kirschenbaum v. Federal Ins. Co.*, 505 B.R. 126, 131 (E.D.N.Y. 2014) (explaining that amendment "is considered futile if, for example, it could not defeat a motion to dismiss … for lack of subject matter jurisdiction").

*First*, while the Second Circuit has not yet decided whether an alleged lost time value of money/interest constitutes an injury-in-fact for Article III standing purposes, at least where (as here) the amount on which interest would be taken was paid to the plaintiff before commencement of litigation, the better reasoned case law answers that question in the negative.[8] *See Holaway v. Protective Life Ins. Co.*, 2007 WL 2904162, at *2 (M.D. Ga. Oct. 3, 2007) (no standing based on "potential claim for interest *alone* … when the underlying obligation upon which the speculative interest is based was fully discharged *prior* to the filing of the lawsuit" (emphasis in original)); *Amirhamzeh v. Chase Bank USA, N.A.*, 2013 WL 7219270, at *4 (C.D. Calif. Oct. 7, 2013) (same); *Epstein*, 2014 WL 1133567, at *7 n.6 (potential allegation that plaintiff "was deprived of the opportunity to use and/or earn interest on the $0.67 for the seven-week period" that defendants held it "would be far too slender a reed on which to premise Article III standing").

---

[7] If *Transunion* and *Maddox* announced a change in the law for assessing injury-in-fact, Plaintiffs' proposed TAC is still untimely. Those decisions were issued last year – *TransUnion* eight months before the March 1 or 15 deadline to seek leave to file an amended complaint, and *Maddox* three months before the deadline. *See Nicholas v. Davis*, 74 F. App'x 131, 134 (2d Cir. 2003) (no good cause to amend where plaintiff filed motion to amend three months after learning of basis on which to amend).

[8] This is not a case where the defendant refunded or otherwise paid the plaintiff those underlying amounts only after a long delay and shortly before any litigation was commenced. To the contrary, as Plaintiffs themselves allege, they were paid bi-weekly for their entire employment at Hewlett-Packard Company and HPE. SAC ¶¶ 36, 51.

9

*Second*, even if the lost time value of money/interest could support a finding of injury-in-fact under certain circumstances (as *Rosario* suggested), Plaintiffs do not allege facts in the TAC that could support such a finding. Plaintiffs propose to allege that they "forwent the opportunity to invest or otherwise use the money" so they were "deprived of the time value" of their money. But Plaintiffs received all their wages – only, according to them, a portion was one week late – so they did, in fact, have "the opportunity to invest or otherwise use the money" as they saw fit. Given Plaintiffs' theory of the case, they would need to allege there was some "opportunity" available to them after the first week of each of their bi-weekly pay periods that they considered but had to forgo because those wages were not paid until the following week. Plaintiffs do not allege any such opportunities, nor is it believable that they could do so. Indeed, they do not even allege that they pursued *any* investment opportunities with their regular, bi-weekly paychecks, which makes their new contention that they would have invested a portion of their paychecks one week earlier all the more implausible. *Maddox*, 19 Fth at 65-66 (plaintiffs "must plead enough facts to make it plausible that they did indeed suffer the sort of injury that would entitle them to relief").[9]

*Third*, Plaintiffs' allegations are too "conjectural" and "hypothetical" to identify a concrete, particularized, and actual injury for multiple reasons. *Id.* at 62. Plaintiffs have not identified or offered any details about the specific investment "opportunities" they allegedly forwent, and their allegation that they could have "otherwise use[d] the money" in unidentified ways could not be more vague. At most, Plaintiffs offer multiple, possible, vague courses of action they could have taken, but do not identify a specific action they would have taken with the portion of their wages they contend should have been paid one week earlier. Other courts have

---

[9] Plaintiffs' identical allegations that they "forwent the opportunity to invest or otherwise use the money" are even more implausible in light of the same exact allegation they plead on behalf of more than one hundred putative class members, *see* ECF 176-2 at ¶ 132, most of whom Plaintiffs' counsel likely has not communicated with.

found this type of allegation to be "conjectural" and "hypothetical," and the Court should do the same here. *See, e.g.*, *Taylor v. Fed. Aviation Admin.*, 2019 WL 3767512, at *3 (D.D.C. Aug. 9, 2019) (rejecting allegation that plaintiff "*could have* invested" as hypothetical and finding no injury in fact where plaintiff did not allege "facts to support the contention that he *would have* invested" (emphasis in original)); *Kawa Orthodontics, LLP v. Secretary, U.S. Dep't of Treasury*, 773 F.3d 243, 246 (11th Cir. 2014) ("bare allegation that [plaintiff] has lost the 'value of the time and resources it expended' … sets out an injury that is too abstract and indefinite" without allegation that plaintiff "had specific plans to invest its money into an interest-bearing asset"); *cf. Harty*, 2022 WL 815685, at *4 ("Such 'some day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the 'actual or imminent' injury that Article III requires."); *Adler v. Penn Credit Corp.*, 2022 WL 744031, at *10 (S.D.N.Y. Mar. 11, 2022) (in FDCPA cases, plaintiff must show "specific plans to invest his money" to be "deemed monetarily injured").

Moreover, Plaintiffs cannot plausibly allege a specific plan of how they *would have* used some portion of their paycheck seven days earlier than they received it because they have not alleged that, during their employment with Hewlett-Packard Company or HPE, they ever expected for that amount to be paid weekly. If they did not expect to have received their wages weekly, Plaintiffs could have had no plan to use their wages in any way that is different from the way in which they actually used them.

*Fourth*, Plaintiffs do not sufficiently allege an *actual* injury because they only allege they "forwent the opportunity to invest or otherwise use the money," without any allegation that such unidentified opportunities or uses would have put them in a better financial position than they were in as a result of however they used the wages they received on a bi-weekly basis. This is insufficient. *See Dress*, 2019 WL 3451304, at *3 ("conclusory allegations that the plaintiff 'was

11

deprived of the use of'" $21 without allegation that "she would have invested the $21 to increase its value" are insufficient to establish injury-in-fact "even at the motion to dismiss stage"); *Taylor v. Fed. Aviation Admin.*, 351 F. Supp. 3d 97, 103 (D.D.C. 2018) ("conclusory proclamations" that plaintiff was "deprived … of the use of" paid registration fee without allegation that "he would have invested the $5 in some way to increase its value" are "not the kind of clear allegations of fact necessary to establish an injury in fact, even at the motion to dismiss stage").

*Fifth*, even if Plaintiffs' vague and hypothetical allegations about lost investment opportunities or other unidentified uses could be considered plausible and concrete (which they should not), the proposed TAC would still be futile because it does not satisfy the "redressability" requirement for Article III standing. Although the proposed TAC purports to allege the monetary injury of lost time value of money/interest, the remedies it seeks are limited to (as in the SAC) statutory "liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest." *Compare* SAC ¶¶ 120, 128 *with* TAC ¶¶ 145, 153. The TAC does not seek a remedy that would redress the newly claimed injury, *i.e.*, (i) seven days' worth of interest on the portion of each bi-weekly paycheck Plaintiffs claim should have been paid one week earlier or (ii) any alleged monetary damages reflecting the difference between the way in which they used their fully paid wages and any other possible "opportunit[ies]." Therefore, the relief Plaintiffs seek does not redress their alleged injury.[10]

---

[10] Plaintiffs also claim that the TAC is not deficient because it alleges "an approximate dollar amount of the concrete monetary harm," ECF 175 at 18, presumably referring to their identical allegations that, having forgone opportunities to invest or use their money, they have been "damaged in an amount in excess of $75,000." ECF 176-2 ¶¶ 120, 123, 126, 129. But their newly claimed injury of lost time value of money could not possibly exceed $75,000. For example, Plaintiff Mangelli claims approximately $230,000 of his wages were paid late. Assuming an overly generous 6% interest rate, the lost time value of these wages from being paid seven days late is approximately $265.

12

*Finally*, any order to pay statutory liquidated damages in the amounts Plaintiffs seek for the injury they now claim would violate Defendants' Due Process rights. As a hypothetical, assume Plaintiffs claim that $1,000 of one bi-weekly paycheck should have been paid one week earlier, and assume an overly generous 6% interest rate. Plaintiffs' claimed injury corresponds to $1.15, but they seek liquidated damages of $1,000. This gross disparity – damages of 869 times the claimed injury – is unconstitutional. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996).[11]

## CONCLUSION

The Court should dismiss the SAC and deny Plaintiffs leave to file the TAC.[12]

Respectfully submitted,

McCARTER & ENGLISH, LLP
Attorneys for Defendants HP Inc. and Hewlett Packard Enterprise Company

By: */s/ Kristofor T. Henning*
      Kristofor T. Henning

---

[11] If Plaintiffs are permitted to file the TAC, HP Inc. and HPE reserve the right to seek permission to move to dismiss it on all appropriate grounds, as well as the right to seek limited jurisdictional-related discovery as part of such motion to dismiss as to the unspecified lost investment opportunities or uses Plaintiffs claim in the TAC.

[12] The Article III standing requirements are for federal court litigation and, therefore, would not prevent Plaintiffs from bringing their claims in state court on an individual, non-class basis, assuming they can meet all of the necessary requirements for state court litigation. *Maddox*, 19 F.4th at 66; *Zlotnick*, 2022 WL 351996, at *3; NY CPLR § 901(b).