**FILED
CLERK**

5/5/2022 11:12 am

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NEW YORK

                                     .
 Tony Caccavale, et al.,             . Docket #CV-20-974 (GRB)(JMW)
                                     .
          Plaintiffs,                .
                                     . United States Courthouse
              vs.                    . Central Islip, New York
                                     . May 2, 2022
 Hewlett-Packard Company,            . 9:30 a.m.
 et al.,                             .
                                     .
          Defendants.                .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .


                  TRANSCRIPT OF ZOOM STATUS CONFERENCE
                  BEFORE THE HONORABLE JAMES M. WICKS
                     UNITED STATES MAGISTRATE JUDGE


 APPEARANCES:

 For The Plaintiffs:              Paul A. Pagano, Esq.
                                  Law Office of
                                  Paul A. Pagano, PC
                                  100 Duffy Ave.-Ste. 510
                                  Hicksville, NY 11801

                                  Jason L. Abelove, Esq.
                                  Law Office of
                                  Jason L. Abelove, PC
                                  666 Old Country Rd.-Ste. 303
                                  Garden City, NY 11530

 For The Defendants:              Kenneth W. DiGia, Esq.
                                  Epstein Becker & Green, PC
 (Unisys Corporation)             875 Third Ave.
                                  New York, NY 10022

                                  Kristofor T. Henning, Esq.
 (HP, Inc. & Hewlett              McCarter & English
 Packard Enterprise, Co.)         1600 Market St.-Ste. 3900
                                  Philadelphia, PA 19103
```

2

                                  Ilana S. Levin, Esq.
                                  McCarter & English
                                  100 Mulberry St.
                                  Newark, NJ 07102

Audio Operator:

Transcribing Firm:        Writer's Cramp, Inc.
                                  1027 Betty Lane
                                  Ewing, NJ 08628
                                  609-588-8043

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

```
 1              THE CLERK:  Calling case #20-CV-974, Caccavale, et
 2   al. vs. Hewlett-Packard Company, et al.  Counsels, please
 3   state your appearances for the record.
 4              MR. PAGANO:  We have Paul Pagano and Jason Abelove
 5   for plaintiffs.
 6              THE COURT:  Good morning, gentlemen.
 7              MR. ABELOVE:  Good morning, Your Honor.
 8              MR. PAGANO:  Good morning.
 9              MR. ABELOVE:  I'm appearing by phone.  I apologize,
10   we're -- my power is going on and off in my building so I just
11   called in.
12              THE COURT:  All right, no worries.  Thank you for
13   calling in.
14              MR. HENNING:  And good morning, Your Honor.  Kris
15   Henning and Ilana Levin from McCarter & English for defendants
16   HP, Inc. and Hewlett Packard Enterprise Company.
17              THE COURT:  And good morning to both of you.
18              MR. DIGIA:  Good morning, Your Honor.  Kenneth
19   DiGia, Epstein Becker & Green, for defendant Unisys
20   Corporation.
21              THE COURT:  Good morning, Mr. DiGia.  Okay, who
22   wants to report on where you guys are at with discovery and
23   deadlines?
24              MR. PAGANO:  I guess I'll lead out if the defendants
25   are okay with it.  So, I mean, I think we're all kind of in a
```

```
 1   similar hive mind here.
 2            THE COURT:  Yes.
 3            MR. PAGANO:  You know, we were progressing along
 4   with discovery and then, of course, as we mentioned in our
 5   letter, we received an order to show cause from Judge Brown
 6   asking the defendants to show -- I'm sorry, plaintiffs to show
 7   cause as to why the case should not be dismissed for lack of
 8   article 3 standing.
 9            THE COURT:  Yes.
10            MR. PAGANO:  So, you know, I think our world view at
11   the time was, given the potential ramifications of that
12   decision, I mean, suffice it to say if he grants his order to
13   show cause --
14            THE COURT:  Right.
15            MR. PAGANO:  -- you know, we're either in appeal
16   territory or something else.  So, you know, our world view is
17   kind of, hey, let's see what happens with respect to the
18   decision.  This way, you know, if we get a decision that
19   allows the case to move forward, we'll continue on with
20   discovery.
21            THE COURT:  Okay.
22            MR. PAGANO:  If we don't, then we'll deal with it in
23   that vein.  So that's kind of where we've been.
24            THE COURT:  Okay.  All right, and what -- so what's
25   left?  Assuming that order to show cause was not issued, what
```

```
 1   is left in discovery?
 2              MR. PAGANO:  So I think -- and again, the defendants
 3   can jump in here if there's a difference of opinion.  I think
 4   we're kind of on the tail end of written discovery here.  We
 5   have -- I think from plaintiff's world view, we have a
 6   substantial amount of documents from Unisys.  We've retained
 7   an expert who has been analyzing the payroll records on the
 8   Unisys end and starting to go through the payroll records and
 9   time records from the HP end.  You know, we've received the
10   affidavits and declarations and, I mean, I don't know if this
11   is the proper forum to discuss it because we haven't really
12   exhausted our meet and confers on the issue but, you know, we
13   have a difference of opinion with respect to the sufficiency
14   of the affidavits that are produced.
15              THE COURT:  Okay.
16              MR. PAGANO:  And then we've got the -- you know,
17   depositions need to take place.  You know, we have, I think,
18   the 30(b)(6) depositions; we understand what they are.  The
19   plaintiffs had reached out to both sets of defendants and
20   asked them who the appropriate fact witnesses would be for the
21   various documents that were produced, and to their credit, of
22   course, you know, they were in the process of accomplishing
23   that when we received the order.
24              THE COURT:  Have you met and conferred on the
25   30(b)(6) topics and witnesses, or --
```

```
 1              MR. PAGANO:  Also, if Your Honor recalls, and how
 2   could you not because you had to deal with all the motion
 3   practice, we had substantial motion practice with protective
 4   orders with respect to the 30(b)(6) depositions.
 5              THE COURT:  Yes.
 6              MR. PAGANO:  And so where we kind of left it was we
 7   wanted to get fact witnesses with respect to, not all the
 8   documents but the key documents for the litigation.  So, you
 9   know, we went back and forth, I think if memory serves, with
10   the deficiency letter, and then we basically said to Kris and
11   to Ken, hey, guys, these are the documents we really need.
12   Why don't you let us know which fact witnesses you think would
13   be best for each of these things so we can streamline this
14   and, you know, not go back to Your Honor and, you know, my
15   understanding was we were in the process of that.
16              THE COURT:  All right, so you're fully briefed
17   before Judge Brown at this point, correct?
18              MR. PAGANO:  Yes.
19              THE COURT:  I think it was end of March, it looks
20   like.
21              MR. PAGANO:  29th I believe the defendants submitted
22   their --
23              THE COURT:  Reply.
24              MR. PAGANO:  -- for lack of a better term, reply
25   papers, yeah.
```

```
 1                THE COURT:  Yes, yes, yes.  Okay.  And is he -- I
 2   guess you don't know if he's scheduling oral argument on that,
 3   or --
 4                MR. PAGANO:  No.
 5                THE COURT:  Okay.  Okay.  All right, then we should
 6   probably hold off on setting new deadlines at this point
 7   unless others disagree.  How about for the defense, any views
 8   there?
 9                MR. HENNING:  Your Honor, this is Kris Henning.  I
10   think Paul has recounted where we stand accurately.  Should we
11   proceed, we certainly have some discovery issues to work
12   through.  That is all true.
13                THE COURT:  Yes.
14                MR. HENNING:  I agree with Paul's assessment that
15   when we saw Judge Brown, sort of on his own, he raised the
16   question about subject matter jurisdiction, we all thought
17   sort of discretion might be the better part of valor there and
18   to sit tight for a bit, so I share Paul's view there.
19                THE COURT:  Okay.
20                MR. HENNING:  Don't really have much to add.  If and
21   when we start, there's certainly discovery issues to bang
22   through and then depositions to get to.  That is all true.
23                THE COURT:  Yes, okay.  All right, so let's -- you
24   know, let's -- why don't we -- I want to have another check-in
25   conference, though, and we'll see if Judge Brown decides the
```

8

1   motion or not by then, but I'm thinking, you know, sort of end
2   of June.  Week of June 20th, we could do it the same way,
3   we'll do it by Zoom.  And if he does not have a decision at
4   that point, I may even cancel it, but let's get something on
5   our calendars, all right.  And if he decides it sooner, you
6   know, next week, this week, then, you know, we may advance
7   that, or I may issue a bounce suggesting that you meet and
8   confer and submit a proposed remaining discovery deadline, you
9   know, dates and deadlines for the -- and then we can talk
10  about them at the conference.  But the week of June 20th, does
11  that week generally work for you?  Anybody on trial or away?
12           MR. PAGANO:  I can't speak for Jason, but for me
13  it's fine.
14           THE COURT:  All right.  Mr. Abelove?
15           MR. ABELOVE:  I have no issue.
16           THE COURT:  All right.  Mr. Henning?
17           MR. HENNING:  All good, Your Honor.
18           THE COURT:  All right.  Mr. DiGia?
19           MR. DIGIA:  All good, thank you.
20           THE COURT:  Ms. Levin, good for you?
21           MS. LEVIN:  Yes.
22           THE COURT:  All right, so Grisel, what do we have
23  for a status conference -- we'll do it by Zoom -- the week of
24  June 20th?
25           THE CLERK:  Yes, we're available that Monday, June

1   20th, at 9 a.m.
2           THE COURT:  Okay, June 20, 9 a.m.  Work, everybody?
3           MR. PAGAN:  Yes.  I'm sorry, Grisel, if I may, I
4   just -- for some reason I'm not making it into the email
5   distribution lists for Zooms and stuff like that, so if I
6   could just be added to it, I'd appreciate it.
7           THE CLERK:  Make sure that your appearance is on the
8   docket and the email that is on the docket is correct, because
9   that's the emails that I use.
10          MR. PAGANO:  Okay, I'll take a look at it, thank
11  you.
12          THE CLERK:  Thank you.
13          THE COURT:  Yes, I just checked the docket.  I just
14  had it up a minute ago.  Let me just take a quick look, make
15  sure you're on it, because that's how it goes.
16          MR. PAGANO:  Yeah, I know there was some transition
17  from when I was working with Steve to now, and I think I put
18  in a new notice of appearance, but maybe it didn't take, for
19  lack of a better description.
20          THE COURT:  You are --
21          THE CLERK:  Oh, your appearance is showing as
22  terminated as of April 28th of 2020.
23          MR. PAGANO:  Okay.  I'll put a new notice of
24  appearance in today then.
25          THE COURT:  Yes, good idea.  That's why.  I'm just

```
 1   looking at the same thing, yes.  Okay.  All right, then that
 2   will ensure you get the notices.
 3              MR. PAGANO:  Thank you.
 4              THE COURT:  Okay, anything else we need to cover
 5   while we're on, Mr. Pagano?
 6              MR. PAGANO:  No, not at the moment.  Thank you, Your
 7   Honor.
 8              THE COURT:  All right, any -- how about Mr. Henning,
 9   Mr. DiGia, Ms. Levin?
10              MR. HENNING:  Nothing more from us, Your Honor.
11              MR. DIGIA:  No, Your Honor.
12              THE COURT:  All right.  So that will be the status
13   conference.  If we hear from Judge Brown before then, you
14   know, I may issue a bounce, as I say, asking you to put
15   together a proposed schedule for the remainder of the case,
16   otherwise we'll be on for the week of June 20.  All right?
17              MR. PAGANO:  All right.  Thank you.
18              MR. HENNING:  Thank you, Your Honor.
19              THE COURT:  Thank you all, good to see you.
20              MR. PAGANO:  Likewise.
21              THE COURT:  Take care.
22          (Court adjourned)
23
24
25
```

```
 1                         CERTIFICATION
 2    I certify that the foregoing is a correct transcript from the
 3    electronic sound recording of the proceedings in the above-
 4    entitled matter.
 5
 6
 7    [signature: Lewis Parham]                    5/5/22
 8
 9    _____          _____
10    Signature of Transcriber                    Date
```