UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TONY CACCAVALE, ANTHONY
MANGELLI, DOUGLAS SORBIE, and
JAMES BILLUPS, individually and on behalf
of all others similarly situated,

        *Plaintiff*,     **REPORT &**
                **RECOMMENDATION**
 -against-
                20-CV-00974 (GRB) (ST)

HEWLETT-PACKARD COMPANY A/K/A
HP INC., HEWLETT PACKARD
ENTERPRISE COMPANY, and UNISYS
CORPOROATION,

        *Defendants*.
------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

 Before this Court is a motion by Plaintiffs for leave to amend their Second Amended Complaint in response to an Order to Show Cause to establish Article III standing issued by Judge Brown on March 17, 2022. Plaintiffs' complaint arises out of alleged violations of New York Labor Law § 191(1)(a) ("NYLL"). Plaintiffs argue their proposed Third Amended Complaint alleviates any deficiencies in demonstrating Article III standing. Defendants argue that Plaintiffs have not suffered nor sufficiently pled a concrete injury needed to show standing. For the reasons discussed below, I respectfully recommend that Plaintiffs' motion to amend the Second Amended Complaint be GRANTED.

## FACTUAL BACKGROUND

 Plaintiffs are named defendants of a class of manual workers employed by Defendants. Pl. Br., 3, ECF No. 175; Def. Unisys Corp Opp. Br., 2, ECF No. 179; Def. HP Inc Opp. Br., 1,

1

ECF No. 178. Under NYLL § 191(1)(a), manual workers are required to be paid their wages weekly and no later than seven calendar days after the end of the workweek in which their wages are earned. Pl. Br., 3, ECF No. 175; Def. Unisys Corp Opp. Br., 2, ECF No. 179; Def. HP Inc Opp. Br., 1, ECF No. 178. Plaintiffs allege that they were paid bi-weekly and later than seven calendar days after the end of the workweek in which their wages were earned. Pl. Br., 3, ECF No. 175; Def. Unisys Corp Opp. Br., 2, ECF No. 179; Def. HP Inc Opp. Br., 1, ECF No. 178. Plaintiffs filed their initial complaint on February 21, 2020. Pl. Br., 3, ECF No. 175. The complaint was amended twice, once as a matter of course (the "First Amended Complaint"), and once on consent from all parties (the "Second Amended Complaint"). Pl. Br., 3, ECF No. 175; Def. Unisys Corp Opp. Br., 2-3, ECF No. 179. Following the Second Amended Complaint, this Court set a deadline to amend the pleadings of March 1, 2022. Def. Unisys Corp Opp. Br., 8, ECF No. 179.

On March 17, 2022 this Court issued an Order to Show Cause *sua sponte* directing Plaintiffs to demonstrate why the complaint should not be dismissed in light of this Court's decision in *Rosario v. Icon Burger Acquisition LLC*, 21-cv-4313 (JS)(ST), 2022 WL 198503 (E.D.N.Y. Jan. 21, 2022). Pl. Br., 1, ECF No. 175; Def. Unisys Corp Opp. Br., 1, ECF No. 179; Def. HP Inc Opp. Br., 2, ECF No. 178. In response to that order, Plaintiffs filed a motion for leave to amend along with a proposed Third Amended Complaint. Pl. Br., 16-20, ECF No. 175; Pl. proposed 3d Am. Compl., ECF No. 176-2. Defendants oppose Plaintiffs' motion arguing that Plaintiffs' motion is both untimely and futile. Def. Unisys Corp Opp. Br., 9-20, ECF No. 179; Def. HP Inc Opp. Br., 3-13, ECF No. 178.

## LEGAL STANDARDS

Normally, a party's motion for leave to amend its pleading is governed by Federal Rules of Civil Procedure 15(a). However, when the court has laid out a pleading schedule under Rule 16, motions for leave to amend made after the deadlines set in said schedule are also governed by Rule 16(b). *Parker v. Columbia Pictures Industr.*, 204 F.3d 326, 340 (2d Cir. 2000). In order to succeed on a motion for leave to amend following a court's pleading deadline, the moving party must meet both the Rule 16(b) and 15(a) standards. *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 850 F. App'x 38, 43 (2d Cir. 2021).

Rule 16(b) states that the deadlines laid out in a court's scheduling orders "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b); *see also Parker*, 204 F.3d at 339. A showing of good cause requires a showing that the moving party has acted diligently. *See Werking v. Andrews*, 526 F. App'x 94, 96 (2d Cir. 2013). Whether a party has acted diligently turns on their behavior during the entirety of the litigation, both in regard to the promptness with which the party filed a motion to amend after learning of the factual underpinning of the motion as well as the party's general responsiveness to previous motions and discovery requests. *See id*; *Parker*, 204 F.3d at 340.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, after a party has amended once as a matter of course, or after the window for amendments as a matter of course has closed "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011); Thus, "Federal Rule of Civil Procedure 15(a) dictates that motions to amend complaints be liberally granted absent a good

3

reason to the contrary . . . ." *Assam v. Deer Park Spring Water, Inc.,* 163 F.R.D. 400, 404 (E.D.N.Y. 1995).

"[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *accord McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200-01 (2d Cir. 2007). "The party opposing amendment bears the burden of demonstrating good reason for denial." *Debrosse v. City of New York*, 2016 WL 3647589, at *5 (E.D.N.Y. May 25, 2016) (citing *Speedfit, LLC v. Woodway USA, Inc.*, 2015 WL 6143697, at *3 (E.D.N.Y. Oct. 19, 2015)), *adopted by*, 2016 WL 3647590 (E.D.N.Y. June 30, 2016).

"An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted). Following *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must consider whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Under this heightened standard of pleading, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

"In determining whether to grant leave to amend, the Court must accept the moving party's non-conclusory factual pleadings and draw all reasonable inferences in that party's favor, 'to determine whether the allegations plausibly give rise to an entitlement to relief.'" *Heinz-Wright v. City of New York*, 2016 WL 3627323, at *4 (E.D.N.Y. June 3, 2016) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)), *adopted by*, 2016 WL 3620759 (E.D.N.Y. June 29, 2016); *see also Konrad v. Epley,* 2013 WL 6200009, at *20 (E.D.N.Y. July 31, 2013), *adopted by,* 2013 WL 6200009 (E.D.N.Y. Nov. 25, 2013). Whether to allow a party to amend its complaint is left to the discretion of the Court. *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir. 1993).

"Article III confines the federal judicial power to the resolution of Cases and Controversies." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021); *see* U.S. Const. art. III § 2, cl. 1. This principal has been developed in the federal judiciary's Article III "standing" jurisprudence. To show standing "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 141 S. Ct. at 2203; *Maddox v. Bank of New York Mellon Tr. Co*., 19 F.4th 58, 62 (2d Cir. 2021). Whether a harm is concrete and particularized hinges on "whether the alleged injury to the plaintiff has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts" such as "physical and monetary harms . . . ." *Maddox*, 19 F.4th at 63 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340-41 (2016)) (internal citations and quotations omitted).

**DISCUSSION**

Plaintiffs' motion seeks leave to amend the Second Amended Complaint in response to this Court's Order to Show Cause instructing Plaintiffs to demonstrate Article III standing. For the reasons set forth below, I recommend that Plaintiffs' motion to amend be GRANTED.

### I. Plaintiffs have satisfied the Rule 16(b) "Good Cause" Standard by acting diligently in response to the Order to Show Cause.

Defendants argue that Plaintiffs have failed to act diligently in moving to amend the Second Amended Complaint because Plaintiffs were put on notice as to the standing requirements governing the Plaintiffs' complaint by three relevant decisions; *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2021), *Maddox v. Bank of New York Mellon Tr. Co.*, 19 F.4th 58 (2d Cir. 2021), and *Rosario v. Icon Burger Acquisitions*, *LLC*, No. 21-CV-4313 (JS)(ST), 2022 WL 198503 (E.D.N.Y. Jan. 21, 2022). Def. Unisys Corp Opp. Br., 16-17, ECF No. 179; Def. HP Inc Opp. Br., 8-9, ECF No. 178. All three of these cases were decided before the Court's deadline to amend the pleadings of March 1, 2022. As such, the Defendants argue, Plaintiffs were on notice and should have known that they had failed to sufficiently plead a concrete injury necessary to show standing under these decisions. Def. Unisys Corp Opp. Br., 16-17, ECF No. 179; Def. HP Inc Opp. Br., 8-9, ECF No. 178. Plaintiffs argue that as the Court, and the Defendants, did not raise the potential issue of standing until the March 17, 2022 Order to Show Cause, Plaintiffs could not have possibly met the March 1 deadline as no standing issue had previously been raised. *See* Pl. Br., 19, ECF No. 175. Defendants' arguments are ultimately unpersuasive.

Defendants primarily argue that Plaintiffs should have known to amend their pleadings to specifically allege that Plaintiffs were forced to forego investment opportunities as a result of Defendants' pay schedule that they otherwise would have been able to take advantage of had

they been paid weekly as required under the NYLL. Def. Unisys Corp Opp. Br., 16-17, ECF No. 179; Def. HP Inc Opp. Br., 8-9, ECF No. 178. However, neither *TransUnion* nor *Maddox* can reasonably be read to give notice of that premise. The Court in *TransUnion*—and the Second Circuit in *Maddox,* while discussing *TransUnion*—acknowledged that "monetary harms" are one of the "[t]he most obvious" of "traditional harms" that "readily qualify as concrete injuries under Article III." *TransUnion*, 141 S.Ct. at 2204; *see also Maddox*, 19 F.4th at 63. Based on both precedents, Plaintiffs could not have been expected to plead their alleged monetary harms with the level of particularity Defendant's suggest.

This Court has, however, required the pleading of specific facts to show some foregone investment opportunity in *Rosario v. Icon Burger Acquisitions*, *LLC*. There, plaintiff's allegations that his employers failed to pay plaintiff weekly as required by the NYLL was insufficient to establish standing "absent factual allegations that the plaintiff forewent the opportunity to invest or otherwise use the money to which [plaintiff] was legally entitled." *Rosario*, No. 21-CV-4313 (JS)(ST), 2022 WL 198503 at *3. While *Rosario* represents persuasive authority of this premise, contrary authority of equal weight also supported Plaintiffs' position that their injury was sufficiently pled. This Court in *Caul v. Petco Animal Supplies, Inc.*, stated that an actionable "underpayment" under the NYLL occurs "the moment than an employer fails to pay wages in compliance with [the NYLL]." No. 20-CV-3534 (RPK)(SJB), 2021 WL 4407856, *2 (E.D.N.Y. Sep. 27, 2021). With equal, nonbinding authority on either side, Plaintiffs could not have been on notice that pleading some foregone investment opportunity was required prior to the March 1st deadline. Once the Court raised the issue in its Order to Show Cause, Plaintiffs made a motion to amend to include such factual allegations in their timely response to that Order. *See* Pl. Br., 16-19, ECF No. 175. As such, I recommend that the Court

7

find that the Plaintiffs have acted with diligence and therefore have shown the good cause needed to satisfy Rule 16(b). *See Jenkins v. Cty. of Nassau*, No. 19-cv-557 (GRB)(SIL), 2021 U.S. Dist. LEXIS 26700, at *9-10 (E.D.N.Y. Feb. 10, 2021) (finding good cause where plaintiff could not have reasonably known facts giving rise to motion to amend prior to court's deadline for motions for leave to amend).

**II.  Plaintiffs have satisfied the Rule 15(a) Standard as amending would not be futile.**

In addition to showing good cause under Rule 16(b), Plaintiffs must also meet the more lenient Rule 15(a) standard which "dictates that motions to amend complaints be liberally granted absent a good reason to the contrary . . . ." *Assam.,* 163 F.R.D. at 404. Defendants argue that Plaintiffs cannot meet the Rule 15(a) standard as granting leave to amend would be futile because Plaintiffs' proposed Third Amended Complaint would not survive a 12(b)(6) motion to dismiss for failure to state a claim.  Def. Unisys Corp Opp. Br., 17-20, ECF No. 179; Def. HP Inc Opp. Br., 9-13, ECF No. 178; *see also Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). Plaitniffs' proposed Third Amendment Complaint, according to Defendant, still fails to allege facts with sufficient particularity needed to allege an injury in fact to show Article III standing. Def. Unisys Corp Opp. Br., 17-20, ECF No. 179; Def. HP Inc Opp. Br., 9-13, ECF No. 178. Plaintiffs deny this argument and claim that all elements of *Rosario* have been met. Pl. Br., 18, ECF No. 175.

Plaintiffs' proposed Third Amended Complaint alleges that because each Plaintiff was paid bi-weekly, instead of weekly, each Plaintiff "forwent the opportunity to invest or otherwise use the money to which he was entitled and he was deprived of the time value of his money, including but not limited to, interest." Pl. proposed 3d Am. Compl., 17-18, ECF No. 176-2. Defendants argue that because Plaintiffs failed to allege particular investment opportunities forgone by the Plaintiffs,

8

the Third Amended Complaint amounts to nothing more than conclusory legal statements insufficient to show standing. Def. Unisys Corp Opp. Br., 18-20, ECF No. 179; Def. HP Inc Opp. Br., 10-12, ECF No. 178.

However, regardless of whether specific instances of forgoing an investment opportunity must be pled, Plaintiffs' proposed Third Amended Complaint sufficiently alleges a claim of lost time value of money. This Court recently decided *Levy v. Endeavor Air, Inc.*, No. 21-CV-4387 (ENV)(JRC), ECF No. 195-1 (E.D.N.Y. Oct. 22, 2022), in which defendants claimed plaintiffs' complaint alleging loss of the time value of money due to defendant's bi-weekly pay schedule failed to show a concrete and particularized injury. *Id* at 4. The Court rejected this argument finding that "there is a time value to the possession of money. Plaintiffs need not, as defendants suggests, spell out how the time value of money, as an economic theory, applies to their case." *Id.* at 7. Simply put, Plaintiffs' claims of lost time value of money both in this case and in *Levy* allege a harm that "*has* materialized" as Plaintiffs' pay was worth less when it was paid out bi-weekly than it would have been had it been paid weekly. *Id* (emphasis in original). Defendants do not challenge the validity of this economic principle and it does not matter that the relative loss in time value would likely be minor. *See id* at 8 ("There is no de minimis exception to Article III standing." (quoting *Porsch v. LLR, Inc*, 380 F. Supp, 3d 418, 425 (S.D.N.Y. 2019) (internal quotations omitted)). A claim for loss time value of money, which is rooted in a firmly established economic principle, is fundamentally different than the plaintiff's claim in *Rosario*, who pled simply that because "[d]efendant failed to pay Plaintiff and the Class on a timely basis . . . [the] Plaintiff and [C]lass are entitled to damages . . . ." without any apparent reference to a factual or economic basis for that entitlement. No. 21-CV-4313 (JS)(ST), 2022 WL 198503 at *3. Plaintiffs in this case have sufficiently alleged a concrete and particular injury through a sound economic theory that is exactly

9

the kind of monetary harm federal courts have traditionally addressed. Therefore, I respectfully recommend that the Court find that the Plaintiffs have sufficiently demonstrated Article III standing and that allowing leave to amend in this case would not be futile.

## CONCLUSION

For the reasons stated above, I respectfully recommend that Plaintiffs' motion to amend the Complaint be GRANTED.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
December 23, 2022