UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

TONY CACCAVALE, ANTHONY MANGELLI,
DOUGLAS SORBIE, and JAMES BILLUPS, individually
and on behalf of all others similarly situated,

                                                Plaintiffs,

                         -against-

HEWLETT-PACKARD COMPANY A/K/A HP INC.,
HEWLETT PACKARD ENTERPRISE COMPANY and
UNISYS CORPORATION,

                                        Defendants.

-------------------------------------------------------------------------X

Case No: 20-CV-00974
(GRB)(JMW)

**THIRD AMENDED CLASS
AND COLLECTIVE
ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiffs TONY CACCAVALE, ANTHONY MANGELLI, DOUGLAS SORBIE, and

JAMES BILLUPS, individually and on behalf of all others similarly situated, as representatives,

by their attorneys Law Office of Paul A. Pagano, P.C. and Law Offices of Jason L. Abelove,

P.C., allege, upon personal knowledge as to themselves and upon information and belief as to

other matters, as follows:

## PRELIMINARY STATEMENT

       1. Plaintiffs TONY CACCAVALE ("Caccavale"), ANTHONY MANGELLI

("Mangelli"), DOUGLAS SORBIE ("Sorbie") and JAMES BILLUPS ("Billups")(collectively

"Plaintiffs") bring this action individually in accordance with New York Labor Law ("NYLL")

for failure to timely pay wages including, but not limited to, regular wages and overtime wages

under NYLL § 191(1)(a).

       2. Plaintiff Sorbie also brings this action individually for failure to timely pay

overtime wages in violation of the Fair Labor Standards Act ("FLSA").

1

3.  Plaintiffs also bring this action on behalf of themselves and all similarly situated manual workers who furnished labor to Defendants HEWLETT-PACKARD COMPANY A/K/A HP INC. ("HP"), HEWLETT PACKARD ENTERPRISE COMPANY ("HPE") and/or UNISYS CORPORATION ("Unisys"), who were not timely paid, *inter alia*, regular and overtime wages under NYLL § 191(1)(a).

4.  Plaintiff Sorbie also brings this action on behalf of himself and other similarly situated individuals who were not paid overtime wages timely in violation of the FLSA.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(1), 28 U.S.C. § 1332 (d)(2)(a), 29 U.S.C. § 201 et. seq. and 28 U.S.C. § 1367.

6.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

### Plaintiffs

7.  Plaintiff Caccavale is an individual who resides in the State of New York, County of Suffolk.

8.  Plaintiff Mangelli is an individual who resides in the State of New York, County of Nassau.

9.  Plaintiff Sorbie is an individual who resides in the State of New York, County of Suffolk.

10. Plaintiff Billups is an individual who resides in the State of New York, County of Nassau.

7074733.1

**Defendants**

11. Defendant HP is a foreign company incorporated in Delaware with a principal place of business in Palo Alto, California.

12. Defendant HPE is a foreign company incorporated in Delaware with a principal place of business in Spring, Texas.

13. Defendant Unisys is a foreign corporation incorporated in Delaware with a principal place of business in Blue Bell, Pennsylvania.

14. Defendant HP, *inter alia*, sells printers, laptops and desktop personal computers.

15. Defendant HPE, *inter alia*, focuses on enterprise hardware products such as servers and networking equipment.

16. Defendant Unisys, *inter alia*, offers outsourcing and managed services, systems integration and consulting services, high end server technology, cybersecurity and cloud management software, and maintenance and support services (HP, HPE and Unisys collectively "Defendants").

17. At all times, Plaintiffs and the members of the below classes and collective were/are employees of Defendants within the meaning of the NYLL and FLSA.

18. At all times, Defendants were/are employers of the Plaintiffs and the members of the below classes and collective within the meaning of the NYLL and FLSA.

## STATEMENT OF FACTS

19. Plaintiff Caccavale was employed by HP and/or its predecessors from approximately 1985 until November 2015.

7074733.1

20. Plaintiff Mangelli was employed by HP and/or its predecessors from approximately 1980 until November 2015.

21. Plaintiff Sorbie was employed by HP and/or its predecessors from approximately 1997 until November 2015.

22. Plaintiff Billups was employed by HP and/or its predecessors from approximately 2000 until November 2015.

23. During their employment with HP, Plaintiffs worked as Field Service Engineers in Long Island, Queens, Brooklyn, the Bronx and/or Manhattan.

24. Their jobs required that they physically fix various pieces of hardware and software.

25. On a typical day, Plaintiffs would access an application which indicated where their first job would be located.

26. Plaintiffs would drive to a location to pick up the needed part(s) which would be pre-selected for them.

27. The needed part(s) typically would be located in different locations throughout the New York metropolitan area.

28. Once the part(s) were picked up, Plaintiffs would drive to a customer location and find the listed contact for the given client.

29. Thereafter, Plaintiffs would take the given part(s), which, depending upon volume and weight, may have to be moved by a hand truck, as well as their tools (generally including, but not limited to, screwdrivers, Allen wrenches, hex tools, and a digital volt meter), into the customer's building.

7074733.1

30. Plaintiffs would then have to fix given items which could entail physically breaking down the item several times and having to reassemble it.

31. Once the first job was over, Plaintiffs would often receive subsequent jobs where they would repeat the above described tasks.

32. When the given jobs for the day were completed, Plaintiffs would be required to account for various parts. If, for example, a replaced item was damaged they would either have to physically bring the item to a given location or pack it up, put it in a box, and put a label on it for mailing to a given location.

33. At all times that Plaintiffs were employed by HP, they spent most of their time engaged in physical labor.

34. At all times that Plaintiffs were employed by HP, they spent at least 25% of their working time engaged in physical labor.

35. At all times that Plaintiffs were employed by HP, Plaintiffs were manual workers.

36. During their employment with HP, Plaintiffs were paid, *inter alia*, their regular and overtime wages on a bi-weekly basis and were routinely not paid within seven calendar days after the end of the week in which wages were earned.

37. In or about November 2015, Hewlett-Packard Company split into two independent entities with the creation of HPE and Hewlett-Packard Company being renamed HP Inc.

38. In or about November 2015, Plaintiff Caccavale was hired by HPE.

39. Plaintiff Caccavale was employed by HPE from approximately November 2015 to July 2018.

40. In or about November 2015, Plaintiff Mangelli was hired by HPE.

5

41. Plaintiff Mangelli was employed by HPE from approximately November 2015 to July 2018.

42. In or about November 2015, Plaintiff Sorbie was hired by HPE.

43. Plaintiff Sorbie was employed by HPE from approximately November 2015 to July 2018.

44. In or about November 2015, Plaintiff Billups was hired by HPE.

45. Plaintiff Billups was employed by HPE from approximately November 2015 to July 2018.

46. During their employment with HPE, Plaintiffs worked as Field Service Engineers in Long Island, Queens, Brooklyn, the Bronx and/or Manhattan.

47. During their time working for HPE, Plaintiffs performed the same duties that they had previously performed for HP.

48. At all times that Plaintiffs were employed by HPE, they spent most of their time engaged in physical labor.

49. At all times that Plaintiffs were employed by HPE, they spent at least 25% of their working time engaged in physical labor.

50. At all times that Plaintiffs were employed by HPE, Plaintiffs were manual workers.

51. During their employment with HPE, Plaintiffs were paid, *inter alia*, their regular and overtime wages on a bi-weekly basis and were routinely not paid within seven calendar days after the end of the week in which wages were earned.

52. In 2018, Unisys hired HPE Field Service Engineers employed in the State of New York.

7074733.1

53. In or about July 2018, Plaintiff Caccavale was hired by Unisys.

54. Plaintiff Caccavale was employed by Unisys from approximately July 2018 until February 28, 2019.

55. In or about July 2018, Plaintiff Mangelli was hired by Unisys.

56. Plaintiff Mangelli was employed by Unisys from approximately July 2018 until February 28, 2019.

57. In or about July 2018, Plaintiff Sorbie was hired by Unisys.

58. Plaintiff Sorbie was employed by Unisys from approximately July 2018 until December 2021.

59. Unisys did not pay Plaintiff Sorbie his final paycheck in the amount of approximately $1,600-$2,000.

60. In or about July 2018, Plaintiff Billups was hired by Unisys.

61. Plaintiff Billups was employed by Unisys from approximately July 2018 until February 28, 2019.

62. During their employment with Unisys, Plaintiffs were employed as Field Service Engineers and worked in Long Island, Queens, Brooklyn, the Bronx and/or Manhattan.

63. During their employment with Unisys, Plaintiffs performed the same duties that they had previously performed for HP and HPE.

64. At all times that Plaintiffs were employed by Unisys, they spent most of their time engaged in physical labor.

65. At all times that Plaintiffs were employed by Unisys, they spent at least 25% of their working time engaged in physical labor.

7

7074733.1

66. At all times that Plaintiffs were employed by Unisys, Plaintiffs were manual workers.

67. During their employment with Unisys, Plaintiffs were paid, *inter alia*, their regular wages on a bi-weekly basis.

68. During their employment with Unisys, Plaintiffs were paid, *inter alia*, their overtime wages on a bi-weekly basis and moreover their overtime wages were not paid until, at minimum, approximately two weeks after the workweek in which they were earned.

69. Further, Plaintiffs did not receive the overtime compensation they earned in a particular workweek on the regular payday for the period in which such workweek ended.

70. Unisys had the ability to pay Plaintiffs overtime compensation on the regular payday for the period in which such workweek ended as Plaintiffs submitted their overtime hours into an electronic system every Friday.

71. HP has not been authorized by the New York Commissioner of Labor to pay manual workers less frequently than weekly pursuant to Labor Law § 191.

72. HPE has not been authorized by the New York Commissioner of Labor to pay manual workers less frequently than weekly pursuant to Labor Law § 191.

73. Unisys has not been authorized by the New York Commissioner of Labor to pay manual workers less frequently than weekly pursuant to Labor Law § 191.

## CLASS ACTION ALLEGATIONS

74. All Field Service Engineers employed by Defendants in the State of New York performed/perform the same duties as Plaintiffs.

75. All Field Service Engineers employed by Defendants in the State of New York performed/perform duties similar to those performed by Plaintiffs.

8

7074733.1

76. All Field Service Engineers employed by Defendants in the State of New York had/have the same job description.

77. All Field Service Engineers employed by Defendants in the State of New York had/have a similar job description.

78. All Field Service Engineers employed by Defendants in the State of New York spent/spend most of their time engaged in physical labor.

79. All Field Service Engineers employed by Defendants in the State of New York spent/spend at least 25% of their time engaged in physical labor.

80. All Field Service Engineers employed by Defendants in the State of New York were/are manual workers.

81. All Field Service Engineers employed by Defendants HP and HPE in the State of New York were/are paid, *inter alia*, their regular and overtime wages on a bi-weekly basis and were/are routinely not paid within seven calendar days after the end of the week in which wages were/are earned.

82. All Field Service Engineers employed by Defendant Unisys in the State of New York were/are paid, *inter alia*, their regular wages, on a bi-weekly basis.

83. All Field Service Engineers employed by Defendant Unisys in the State of New York were/are paid, *inter alia*, their overtime wages on a bi-weekly basis and moreover their overtime wages were/are not paid until, at minimum, approximately two weeks after the workweek in which they were/are earned.

84. Plaintiffs bring this action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and the following classes:

9

7074733.1

(a) All Field Service Engineers who were/are employed by HP in the State of New York at any time from six years prior to the filing of the initial complaint in this matter to the present (the "HP Class");

(b) All Field Service Engineers who were/are employed by HPE in the State of New York at any time from six years prior to the filing of the initial complaint in this matter to the present (the "HPE Class"); and

(c) All Field Service Engineers who were/are employed by Unisys in the State of New York at any time from six years prior to the filing of the initial complaint in this matter to the present (the "Unisys Class" with the HP Class and HPE Class the "Classes").

85. There is diversity of citizenship between at least one class member and the Defendants.

86. Upon information and belief, there is complete diversity of citizenship between Plaintiffs and the members of the Classes on the one hand and Defendants on the other hand.

87. The members of the Classes are so numerous that joinder of all members is impracticable. The members of the Classes are believed to be in excess of 100 individuals. The precise number of members of the Classes is known to the Defendants.

88. Common questions of law and fact exist as to the Classes that predominate over any questions only affecting members of the Classes individually, namely: (1) whether the Field Service Engineer job is a "manual worker" position; (2) whether Field Service Engineers were paid on a bi-weekly basis; and (3) the damages to which members of the Classes are entitled due to the Defendants' failure to comply with NYLL § 191.

89. The Plaintiff(s)' claims are typical of the claims of the Classes they seek to represent. Plaintiffs and all of the members of the Classes work, or have worked, in the State of New York for HP, HPE, and/or Unisys. Plaintiffs and all of the members of the Classes have performed similar job duties and have spent more than 25% of their time engaged in physical labor. The Plaintiffs and the members of the Classes all enjoy the same statutory rights under NYLL § 191.

10

7074733.1

90. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Classes.  Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the Classes to represent their interests fairly and adequately.  Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Classes just as they would represent and consider their own interests.  Plaintiffs understand that in decisions regarding the litigation and its possible settlement, they must not favor their own interests over the Classes.  Plaintiffs recognize that any resolution of a class action must be in the best interest of the Classes.  Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial.

91. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.

92. There is no conflict between Plaintiffs and the members of the Classes.

93. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Classes have been damaged and are entitled to recovery as a result of Defendants' violations of NYLL § 191.  Although the relative damages suffered by the individual members of the classes are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual members of the Classes lack the financial resources to vigorously prosecute individual lawsuits against Defendants to recover, *inter alia*, liquidated damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

7074733.1

94. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) as the questions of law and fact common to the members of the Classes predominate over any other questions affecting only individual members, and as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

95. This action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(1)(A) and 23(b)(1)(B) in that prosecuting separate actions by individual members of the Classes would create a risk of adjudications with respect to the individual members of the Classes that may establish incompatible standards of conduct for the parties opposing the Classes and/or that, as a practical matter, would be dispositive of the interests of the other members of the Classes not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

96. Due to Defendants' violations of the NYLL, each of the individual Plaintiffs has been damaged in an amount in excess of $75,000.

97. Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Classes have been damaged in an amount in excess of $5,000,000.

## COLLECTIVE ACTION ALLEGATIONS

98. Plaintiff Sorbie brings this action individually and on behalf of all others similarly situated pursuant to, *inter alia*, 29 U.S.C. § 216(b). Plaintiffs and the similarly situated individuals worked/work for Defendant Unisys. The proposed collective is defined as follows:

> (a)    All Field Service Engineers in the State of New York who worked/work for Defendant Unisys at any time within the three year period immediately preceding the filing of the initial complaint to present who did not receive their overtime wages timely as required by the FLSA ("Late Paid Overtime Collective").

7074733.1

99.    Plaintiff Sorbie has consented in writing to be a part of this action pursuant to

29 U.S.C. § 216(b) and his consent form is attached hereto as Exhibit A.  As this case proceeds,

it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

100.    Plaintiffs and the members of the Late Paid Overtime Collective were/are

employed by Defendant Unisys within the meaning of the FLSA.

101.    Defendant Unisys employed/employs Plaintiffs and the members of the

Late Paid Overtime Collective within the meaning of the FLSA.

102.    Plaintiffs and the members of the Late Paid Overtime Collective

worked/work substantial overtime hours for which they were not/are not compensated in a timely

fashion.

103.    As a case in point, Plaintiff Sorbie has been paid approximately 185 hours

of overtime late.  Defendant Unisys failed to pay Plaintiff Sorbie timely in, *inter alia*, August,

September, November and December 2018, January, March, April, May, July, August, October,

and December 2019, and February, March and August 2020.

104.    More particularly, Plaintiff Sorbie was not timely paid his overtime wages

for overtime earned during, *inter alia*, the following periods: (1) 9/9/18-9/22/18; (2) 10/28/18-

11/3/18; (3) 11/4/18-11/10/18; (4) 11/25/18-12/01/18; (5) 12/16/18-12/22/18; (6) 12/23/18-

12/29/18; (7) 1/6/19-1/12/19; (8) 3/10/19-3/16/19; (9) 4/14/19-4/20/19; (10) 4/21/19-4/27/19;

(11) 4/28/19-5/4/19; (12) 5/5/19-5/11/19; (13) 5/19/19-5/25/19; (14) 7/21/19-7/27/19; (15)

7/28/19-8/3/19; (16) 8/4/19-8/10/19; (17) 8/18/19-8/24/19; (18) 9/29/19-10/5/19; (19) 10/6/19-

10/12/19; (20) 10/27/19-11/2/19; (21) 12/1/19-12/7/19; (22) 12/8/19-12/14/19; (23) 12/15/19-

12/21/19; (24) 2/2/20-2/8/20; (25) 2/9/20-2/15/20; (26) 3/22/20-3/28/20; (27) 3/29/20-4/4/20;

and (28) 8/23/20-8/29/20.

13

105.     Defendant Unisys required/requires overtime work.  Defendant Unisys is aware that Plaintiffs and the Late Paid Overtime Collective worked/work overtime and despite that knowledge did not/does not pay them in a timely fashion.

106.      During their employment with Unisys, Plaintiffs and the members of the Late Paid Overtime Collective were/are paid, *inter alia*, their overtime wages on a bi-weekly basis and moreover their overtime wages were/are not paid until, at minimum, approximately two weeks after the workweek in which they were/are earned.

107.      Further, Plaintiffs and the members of the Late Paid Overtime Collective did not/do not get paid the overtime compensation they earned/earn in a particular workweek on the regular payday for the period in which such workweek ends.

108.     Defendant Unisys' unlawful conduct is widespread, repetitious, and consistent affecting Plaintiffs and the Late Paid Overtime Collective.

109.     Defendant Unisys' conduct was and is willful and in bad faith and has caused significant damages to Plaintiffs and the Late Paid Overtime Collective.

110.     Defendant Unisys is liable under the FLSA for failing to properly compensate Plaintiffs and the Late Paid Overtime Collective.

111.     Notice of this action should be sent to the Late Paid Overtime Collective. There are numerous similarly situated current and former employees of Defendant Unisys who have been denied timely compensation in violation of the FLSA who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case.  Those similarly situated employees are known to Defendant Unisys and are readily identifiable through Defendant Unisys' records.

7074733.1

## ARTICLE III STANDING ALLEGATIONS

112.      Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

113.      According to the U.S. Supreme Court, Article III standing requires that a plaintiff suffer a concrete harm such as physical harm, monetary harm, or various intangible harms.

114.      The Second Circuit has described the requirement as a low threshold that helps to ensure that a plaintiff has a personal stake in the outcome of the controversy.

115.      The Second Circuit has also held that at the pleading stage a plaintiff need only generally allege facts that, accepted as true, make his alleged injury plausible.

116.      Further, according to the U.S. Supreme Court, the type of harm suffered need not be unique but rather must be suffered personally by the plaintiff.

117.      To establish standing a plaintiff must show that: (1) he suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) that the injury was likely caused by the defendant; and (3) that the injury would likely be redressed by judicial relief.

118.      With respect to monetary harms, the Second Circuit has held that any monetary loss, no matter how small, suffered by the plaintiff satisfies the injury in fact element.

119.      With respect to the delayed payment of wages in NYLL § 191(1)(a) claims, various Courts, including the Appellate Division First Department and the United States District Court for the Eastern District of New York, have found that the delayed payment of wages constitutes harm.

120.      Plaintiff Caccavale suffered an injury in fact that is concrete, particularized and actual.  Namely, during his employment with HP, HPE, and Unisys, said

7074733.1

Defendants failed to pay Plaintiff Caccavale his wages timely when due. As a result of the untimely payments, Plaintiff Caccavale forwent the opportunity to invest or otherwise use the money to which he was entitled and he was deprived of the time value of his money, including but not limited to, interest. He has been damaged in an amount in excess of $75,000.

121.    Plaintiff Caccavale's injuries were caused by Defendants HP, HPE, and Unisys as they were the Defendants who failed to pay Plaintiff Caccavale timely.

122.    Plaintiff Caccavale's injuries can be redressed through the judicial relief of the ordering of the payment of monetary damages by Defendants to Plaintiff Caccavale.

123.    Plaintiff Mangelli suffered an injury in fact that is concrete, particularized and actual. Namely, during his employment with each of HP, HPE, and Unisys, said Defendants failed to pay Plaintiff Mangelli his wages timely when due. As a result of the untimely payments, Plaintiff Mangelli forwent the opportunity to invest or otherwise use the money to which he was entitled and he was deprived of the time value of his money, including but not limited to, interest. He has been damaged in an amount in excess of $75,000.

124.    Plaintiff Mangelli's injuries were caused by Defendants HP, HPE, and Unisys as they were the Defendants who failed to pay Plaintiff Mangelli timely.

125.    Plaintiff Mangelli's injuries can be redressed through the judicial relief of the ordering of the payment of monetary damages by Defendants to Plaintiff Mangelli.

126.    Plaintiff Billups suffered an injury in fact that is concrete, particularized and actual. Namely, during his employment with each of HP, HPE, and Unisys, said Defendants failed to pay Plaintiff Billups his wages timely when due. As a result of the untimely payments, Plaintiff Billups forwent the opportunity to invest or otherwise use the money to which he was

16

entitled and he was deprived of the time value of his money, including but not limited to, interest. He has been damaged in an amount in excess of $75,000.

127. Plaintiff Billups' injuries were caused by Defendants HP, HPE, and Unisys as they were the Defendants who failed to pay Plaintiff Billups timely.

128. Plaintiff Billups' injuries can be redressed through the judicial relief of the ordering of the payment of monetary damages by Defendants to Plaintiff Billups.

129. Plaintiff Sorbie suffered an injury in fact that is concrete, particularized and actual. Namely, during his employment with HP, HPE, and Unisys, said Defendants failed to pay Plaintiff Sorbie his wages timely when due including $1,600-$2,000 for his last Unisys paycheck. As a result of the untimely payments, Plaintiff Sorbie forwent the opportunity to invest or otherwise use the money to which he was entitled and he was deprived of the time value of his money, including but not limited to, interest. He has been damaged in an amount in excess of $75,000.

130. Plaintiff Sorbie's injuries were caused by Defendants HP, HPE, and Unisys as they were the Defendants who failed to pay Plaintiff Sorbie timely.

131. Plaintiff Sorbie's injuries can be redressed through the judicial relief of the ordering of the payment of monetary damages by Defendants to Plaintiff Sorbie.

132. Each of the members of the Classes has suffered an injury in fact that is concrete, particularized and actual. Namely, during their employment with HP, HPE, and/or Unisys, said Defendants failed to pay the members of the Classes their wages timely when due. As a result of the untimely payments, the members of the Classes forwent the opportunity to invest or otherwise use the money to which they were entitled and they were deprived of the time

17

value of their money, including but not limited to, interest.  They have been damaged in an amount in excess of $5,000,000.

133.     The members of the Classes' injuries were caused by Defendants HP, HPE, and Unisys as they were/are the Defendants who failed/fail to pay the members of the Classes timely.

134.     The members of the Classes' injuries can be redressed through the judicial relief of the ordering of the payment of monetary damages by Defendants to the member of the Classes.

135.     Each of the Collective members who have (or will) opted into this action has suffered an injury in fact that is concrete, particularized and actual.  Namely, during their employment with Unisys, Unisys failed to pay the Collective members their overtime wages timely when due.  As a result of the untimely payments, the Collective members forwent the opportunity to invest or otherwise use the money to which they were entitled and they were deprived of the time value of their money, including but not limited to, interest.  They have been damaged in an amount in excess of $1,000,000.

136.     The Collective members' injuries were caused by Defendant Unisys as it was/is the Defendant who failed/fails to pay the Collective members timely.

137.     The Collective members' injuries can be redressed through the judicial relief of the ordering of the payment of monetary damages by Defendants to the Collective members.

**FIRST CAUSE OF ACTION**
**Plaintiffs and HP Class against HP for Violations of NYLL §§ 191(1)(a) and 198**

138.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

18

139.    Plaintiffs and the members of the HP Class were/are employed by Defendant HP.

140.    Plaintiffs and the members of the HP Class spent/spend most of their time engaged in physical labor.

141.    Plaintiffs and the members of the HP Class spent/spend at least 25% of their time engaged in physical labor.

142.    Plaintiffs and the members of the HP Class were/are manual workers as defined by the NYLL.

143.    Plaintiffs and the members of the HP Class were/are paid, *inter alia*, their regular and overtime wages on a bi-weekly basis and were/are routinely not paid within seven calendar days after the end of the week in which wages were/are earned.

144.    Defendant HP willfully failed to pay the Plaintiffs and the members of the HP Class as frequently as required by NYLL § 191.

145.    Due to Defendant HP's violations of the NYLL, Plaintiffs and the members of the HP Class are entitled to recover from Defendant HP liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SECOND CAUSE OF ACTION
**Plaintiffs and HPE Class against HPE for Violations of NYLL §§ 191(1)(a) and 198**

146.    Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

147.    Plaintiffs and the members of the HPE Class were/are employed by Defendant HPE.

148.    Plaintiffs and the members of the HPE Class spent/spend most of their time engaged in physical labor.

19

149.     Plaintiffs and the members of the HPE Class spent/spend at least 25% of their time engaged in physical labor.

150.     Plaintiffs and the members of the HPE Class were/are manual workers as defined by the NYLL.

151.     Plaintiffs and the members of the HPE Class were/are paid, *inter alia*, their regular and overtime wages on a bi-weekly basis and were/are routinely not paid within seven calendar days after the end of the week in which wages were/are earned.

152.     Defendant HPE willfully failed to pay the Plaintiffs and the members of the HPE Class as frequently as required by NYLL § 191.

153.     Due to Defendant HPE's violations of the NYLL, Plaintiffs and the members of the HPE Class are entitled to recover from Defendant HPE liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### Plaintiff Sorbie and Unisys Class against Unisys for Violations of NYLL §§ 191(1)(a) and 198

154.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

155.     Plaintiffs and the members of the Unisys Class were/are employed by Defendant Unisys.

156.     Plaintiffs and the members of the Unisys Class spent/spend most of their time engaged in physical labor.

157.     Plaintiffs and the members of the Unisys Class spent/spend at least 25% of their time engaged in physical labor.

7074733.1

158.     Plaintiffs and the members of the Unisys Class were/are manual workers as defined by the NYLL.

159.      During their employment with Unisys, Plaintiffs and the members of the Unisys Class were/are paid, *inter alia*, their regular wages on a bi-weekly basis.

160.     During their employment with Unisys, Plaintiffs and the members of the Unisys Class were/are paid, *inter alia*, their overtime wages on a bi-weekly basis and moreover their overtime wages were/are not paid until, at minimum, approximately two weeks after the workweek in which they were/are earned.

161.     Defendant Unisys willfully failed to pay Plaintiffs and the members of the Unisys Class as frequently as required by NYLL § 191.

162.     Due to Defendant Unisys' violations of the NYLL, Plaintiffs and the members of the Unisys Class are entitled to recover from Defendant Unisys Plaintiff Sorbie's underpayment for his last check, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
**Plaintiff Sorbie and Late Paid Overtime Collective/Collective Members against Unisys for Violations of the FLSA**

163.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

164.     Plaintiffs and the members of the Late Paid Overtime Collective/Collective members were/are employed by Defendant Unisys.

165.     Plaintiffs and the Late Paid Overtime Collective/Collective members are covered by the FLSA as, *inter alia*, Defendant Unisys does well in excess of $500,000 in sales/business per year and as Plaintiffs and the members of the Late Paid Overtime Collective/Collective

21

7074733.1

members are regularly involved in interstate commerce in that, *inter alia*, they work outside of New York State and work with parts that are shipped from outside of New York State.

166.    The FLSA mandates, as a general rule, that overtime compensation earned in a particular workweek must be paid on the regular payday for the period in which such workweek ends.

167.    In violation of the FLSA, Defendant Unisys has engaged in a widespread pattern and practice of failing to promptly pay Plaintiffs and the Late Paid Overtime Collective/Collective members their overtime wages.

168.    During their employment with Unisys, Plaintiffs and the members of the Late Paid Overtime Collective/Collective members did not/do not get paid the overtime compensation they earned/earn in a particular workweek on the regular payday for the period in which such workweek ends.

169.    Defendant Unisys' unlawful conduct has been willful and intentional. Defendant Unisys was aware or should have been aware that its practices with respect to the compensation of Plaintiffs and the Late Paid Overtime Collective/Collective members are unlawful.  Because Defendant Unisys willfully violated the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

170.    Defendant Unisys has not made a good faith effort to comply with the FLSA's prompt payment requirement and indeed continues to violate same to this day.

171.    As a result of Defendant Unisys' unlawful acts, Plaintiffs and the Late Paid Overtime Collective/Collective members are entitled to recovery of liquidated damages, interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

22

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that the Court grant the following relief:

a)   Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b)   That at the earliest possible time, Plaintiff Sorbie be allowed to give notice of this Collective Action, or that the Court issue such notice to the Late Paid Overtime Collective, as defined above.  Such notice shall inform the Late Paid Overtime Collective of the filing of this civil action, the nature of this action, and their right to join this action;

c)   Designation of Plaintiff(s) as representatives of the Classes and Collective and counsel of record as class and collective counsel;

d)   On the first cause of action, damages in an amount to be determined at trial which includes, but is not limited to, liquidated damages, interest, and attorneys' fees, costs and disbursements;

e)   On the second cause of action, damages in an amount to be determined at trial which includes, but is not limited to, liquidated damages, interest, and attorneys' fees, costs and disbursements;

f)   On the third cause of action, damages in an amount to be determined at trial which includes, but is not limited to, Plaintiff Sorbie's underpayment for his last check, liquidated damages, interest, and attorneys' fees, costs and disbursements;

g)   On the fourth cause of action, damages in an amount to be determined at trial which includes, but is not limited to, liquidated damages, interest, and attorneys' fees, costs and disbursements;

7074733.1

h) All pertinent and available damages under the NYLL, FLSA, and supporting regulations such as the United States Department of Labor Regulations;

i) Appropriate injunctive and declaratory relief;

j) Prejudgment interest;

k) Post-Judgment interest;

l) Reasonable attorneys' fees and costs of the action; and

m) Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims properly triable by a jury.

Dated: Hicksville, New York
     March 24, 2022

Respectfully Submitted,
LAW OFFICES OF PAUL A. PAGANO, P.C.

By: _Paul Pagano_____

Paul A. Pagano, Esq.
*Attorneys for Plaintiffs*
100 Duffy Avenue, Suite 510
Hicksville, NY 11801
(917) 589-1479
Paul@LawOfficePaulPagano.com

Law Offices of Jason L, Abelove, P.C.

By: _____/s_____

Jason L. Abelove, Esq.
*Attorneys for Plaintiffs*
666 Old Country Road, Suite 303
Garden City, NY 11530
(516) 222-7000

24

7074733.1

# EXHIBIT A

## CONSENT TO JOIN COLLECTIVE ACTION

I am employed by Defendant Unisys as a field service engineer.

Pursuant to Section 16(b) of the Fair Labor Standards Act, I hereby consent to be a party plaintiff in a collective action brought in the United States District Court for the Eastern District of New York entitled *Caccavale et. al. v. Hewlett-Packard Company a/k/a HP Inc. et al* to recover liquidated damages and other sums owing to me and to other similarly-situated employees under the FLSA and other applicable laws. I hereby authorize Moser Law Firm, P.C. to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

12/15/2020
Date

Signature

Douglas Sorbie
Print Name

7074733.1