**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TONY CACCAVALE, ANTHONY MANGELLI, DOUGLAS SORBIE, and JAMES BILLUPS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY A/K/A HP INC., HEWLETT PACKARD ENTERPRISE COMPANY and UNISYS CORPORATION,<br><br>Defendants. | Civil Action No.: 20-CV-00974 (NJC)(ST) |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS HP INC. AND HEWLETT PACKARD ENTERPRISE COMPANY'S MOTION TO STAY**

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07101-0652
(973) 622-4444

1600 Market St., Suite 3900
Philadelphia, PA 19103
(215) 979-3846

Attorneys for Defendants HP Inc. and Hewlett Packard Enterprise Company

May 24, 2024

I. **PRELIMINARY STATEMENT**

The New York Court of Appeals has not decided – and the intermediate New York state appellate courts are split on – a potentially dispositive issue in this litigation – *i.e.*, whether NYLL § 198(1-a) provides either an express or implied right of action to alleged "manual workers" who were paid in full through regular bi-weekly paychecks. *See Vega v. CM & Assocs. Constr. Mgmt., LLC*, 107 N.Y.S.3d 286 (1st Dep't 2019) (yes); *Grant v. Glob. Aircraft Dispatch, Inc.*, 204 N.Y.S.3d 117 (2d Dep't Jan. 17, 2024) (no). The plaintiff in *Grant* has sought leave to appeal to the New York Court of Appeals. If the Court of Appeals answers that question in the negative, Plaintiffs' claims fail because they concede that they have been paid all of their wages through regular bi-weekly paychecks. Therefore, Defendants seek to stay further action on Plaintiffs' claims against them pending the Court of Appeals' potential review of *Grant*.

Several other courts have entered the stay Defendants seek here – including two that were discussed in Defendants' moving brief and a third that followed that brief. *See, e.g.*, *Sethy v. Victoria's Secret Stores*, 23-CV-3452 (RA) (S.D.N.Y.) (DE 26, 28, 29, 31); *Urena v. Sonder USA Inc.*, No. 22 CIV. 7736 (VM), 2024 WL 1333012 (S.D.N.Y. Mar. 28, 2024); *Garcia v. 10 Roads Express, LLC*, 22-cv-02783-JMA-LGD (E.D.N.Y.) (text order dated Apr. 17, 2024); *cf. also Mohammed v. Leap Services, Inc.*, No. 2:24-cv-01318-JMF (S.D.N.Y. May 23, 2024)(DE 35)(entering agreed upon stay pending review of *Grant*). As *Urena* explained, in addition to the fact that the defendant in *Grant* did not oppose the plaintiff's request for leave to appeal to the Court of Appeals, *Grant* created "a conflict within the New York Appellate Division on a significant issue of state law – an issue still unresolved by the New York Court of Appeals," and this "substantially bolsters the prospects that the Second Department will grant the motion for leave to appeal." *Urena*, 2024 WL 1333012, at *2. According to the Court in *Garcia*:

> A brewing department split within the New York Appellate Division exists as to whether there is a private right of action under NYLL § 191 to enforce New York's weekly pay requirements for manual workers. *Compare Vega v. CM & Assoc. Constr. Mgt., LLC*, 107 N.Y.S.3d 286 (N.Y. App. Div. 1st Dep't 2019), *with Grant v. Global Aircraft Dispatch, Inc.*, 223 A.D.3d 712 (N.Y. App. Div. 2d Dep't 2024). Considering this conflicting authority from the New York appellate courts, the Court's challenge is to predict whether the New York Court of Appeals will agree with the reasoning in *Vega* or the reasoning in *Grant*.... Further complicating any prediction is *Grant*'s analysis, which suggests that *Vega*'s holding may be irreconcilable with the New York Court of Appeals' recent decision in *Konkur v. Utica Academy of Science Charter School*, 38 N.Y.3d 38 (2022). *See* 223 A.D.3d at 719-20.
>
> The New York Court of Appeals has yet to address this question. But that may soon change. The Plaintiff in *Grant* recently filed a motion with the Second Department seeking leave to appeal to the New York Court of Appeals, which is currently pending. (*See* App. Div. Docket No. 2021-03202 (Feb. 15, 2024), NYSCEF Doc. No. 24). In light of these developments, the Court denies Plaintiff's motion to certify a Rule 23 class on Count One without prejudice and stays this case, pending the New York Court of Appeals' potential review of *Grant*.

The same logic applies with equal force here.

Defendants demonstrated in their opening brief (DE 259-2) that all of the relevant factors counsel in favor of a stay. Defendants have addressed Plaintiffs' arguments based on those factors below, but Plaintiffs advance several additional arguments that require separate attention. None is sufficient to defeat Defendants' motion.

First, Plaintiffs argue that, if it reviews *Grant*, the Court of Appeals will find a private right of action. DE 264-8 at 8. But, if a plaintiff's belief that a Court will decide a dispositive issue in a way that is favorable to it were sufficient to avoid a stay, no stay would ever be entered. Moreover, Plaintiffs' argument ignores the obvious fact that one of the two New York intermediate appellate courts to address the issue disagrees with them and believes the Court of Appeals will *not* find a private right of action.

Second, Plaintiffs argue that recent action or inaction by the Governor and New York legislature indicates that a private right of action exists. DE 264-8 at 4-5. Defendants disagree that

2

Plaintiffs' recitation of that action or inaction is correct, but that is irrelevant for current purposes because neither the Governor nor the legislature can decide the statutory interpretation question of whether NYLL § 198(1-a) currently provides a private right of action to alleged "manual workers" who were paid in full through regular bi-weekly paychecks.  The Court of Appeals has the final word on questions of statutory interpretation.  *See also* DE 263.

Third, Plaintiffs argue that, after *Grant*, some – but not all – New York federal courts have sided with *Vega* over *Grant*.  DE 264-8 at 8-9.  Again, however, the New York intermediate appellate courts are evenly split on the issue.  And, according to Plaintiffs, without guidance from the Court of Appeals, decisions from that level of court – not New York federal courts – are "controlling."  DE 264-8 at 1 (referring to *Vega* as "controlling" authority).  The Court of Appeals can decide whether the analysis in *Vega* or *Grant* controls.

Fourth, Plaintiffs argue that "[t]here is no guarantee that the plaintiff in *Grant* will be granted reargument or that the Court of Appeals will ever hear the case."  DE 264-8 at 7 n. 5; *but see Urena*, 2024 WL 1333012, at *2 (explaining that conflict between *Grant* and *Vega* and fact that *Grant* plaintiff's request for leave to appeal to Court of Appeals is unopposed "substantially bolsters the prospects that the Second Department will grant the motion for leave to appeal").  Even the court in one of Plaintiffs' cases (*Zachary*), however, concluded that "it seems likely" that *Grant* will be heard by the Court of Appeals.  DE 264-7 at 3.  That is presumably why the other courts cited above entered the stay Defendants seek here.  And, the *Grant* plaintiff's request for leave to appeal to the Court of Appeals was filed more than three months ago (on February 15, 2024), so it is reasonable to expect a decision soon.

Finally, Plaintiffs argue that Defendants have somehow improperly delayed the resolution of this litigation.  DE 264-8 at 1-3.  Plaintiffs' charge is irrelevant to Defendants' motion but, in

any event, it is incorrect. This litigation has been pending for as long as it has because Plaintiffs' claims raise numerous significant issues, both on the merits and relating to their motion for class certification. And, Defendants filed their motion to stay within about 60 days after the *Grant* plaintiff sought leave to appeal to the Court of Appeals and only about two weeks after the Court in *Urena* entered the stay Defendants seek here.

## II.   THE COURT SHOULD STAY FURTHER ACTION ON PLAINTIFFS' CLAIMS AGAINST DEFENDANTS.

Defendants seek a stay of further action on Plaintiffs' claims against them until it becomes clear whether the Court of Appeals will review *Grant*. *Cf.* DE 264-8 at 13 n. 7. If not, then the stay will end. If so, however, then Defendants seek to continue the stay until the Court of Appeals resolves the split between *Vega* and *Grant*. All five factors that courts consider support Defendants' requested relief.

<u>A Stay Would Not Prejudice Plaintiffs</u>. A stay would not prejudice Plaintiffs because they already have been paid all of their wages. *See Urena*, 2024 WL 1333012, at *2 (finding no undue prejudice to plaintiff or putative class "since [Plaintiff] seeks only monetary damages (in the form of penalties) and does not dispute that he was already paid all of his outstanding wages"); *Sethy*, DE 26, p. 2. Plaintiffs offer several arguments on this factor, but none demonstrates any prejudice to them that is sufficient to avoid a stay.

First, Plaintiffs argue that that they "have an interest in proceeding expeditiously with their claims." DE 264-8 at 7. But every plaintiff claims such an interest and if that were sufficient to avoid a stay, no stay would ever be granted. In addition, each of the four Plaintiffs began employment with HP Inc.'s predecessor sometime in the 1980s, 90s, or in 2000 (DE 201, ¶¶ 19-22) and obviously knew they were paid bi-weekly during their decades of employment. But, they waited until February 2020, more than a year and a half after their employment with HPE ended,

4

to file this lawsuit. Thus, under these circumstances, the stay Defendants seek will not prejudice Plaintiffs.

Second, Plaintiffs claim a stay would prejudice them because this litigation is in "its latter stages" and, according to them – "on the cusp of resolution." DE 264-8 at 6, 11. It is true that fact and expert discovery have been completed and Defendants' motion for summary judgment on Plaintiffs' individual claims and Plaintiffs' motion for class certification are fully briefed, but without a stay, a substantial amount of time and effort (along with the related expense) – from both the Court and the litigants – remains that could be wasted if the Court of Appeals finds that no private right of action exists. Without a stay, the Court would decide Defendants' motion for summary judgment that includes numerous arguments beyond that NYLL § 198(1-a) does not provide a private right of action. Thereafter, if necessary in light of its decision on that motion, the Court would decide Plaintiffs' motion for class certification that, again, implicates numerous issues beyond whether a private right of action exists for Plaintiffs and includes 90 combined pages of briefing and 53 exhibits collectively from the parties. Then, Plaintiffs have indicated that they may file a motion for summary judgment of their own. DE 258. Then, depending on the results of all of those decisions, a trial and appeals would follow. Even Plaintiffs' own description of the future of this litigation without a stay shows how long and burdensome it could be. DE 264-8 at 12 ("That said, if the Court grants Plaintiffs' motion for class certification, denies Defendants' motion for summary judgment, or grants Plaintiffs' motion for summary judgment, Defendants would have the right to seek an appeal in the first two instances and would have an appeal as of right in the third. To the extent the Court of Appeals takes up *Grant*, its decision could be issued during the pendency of Defendants' appeal(s), or, in connection with Defendants' appeal(s), the Second Circuit could independently certify the question of a private right of action to the Court of

5

Appeals. The same logic applies with a trial."). Put simply, this case is not so close to resolution as to overcome the efficiencies gained by waiting for the highest court of New York to provide the final word on a dispositive issue. Indeed, *Garcia* entered a stay even after the plaintiff filed a motion for class certification in that case.

Defendants Would Be Unduly Prejudiced Without A Stay. As both *Urena* and *Sethy* recognized, Defendants would be unduly burdened and prejudiced if they were required to expend additional litigation resources on this matter that would be wasted if a Court of Appeals decision in *Grant* required dismissal of this case. *See Urena*, 2024 WL 1333012, at *2 ("Both parties would be prejudiced by expending time and resources litigating a claim that may be rendered moot if the New York Court of Appeals considers the appeal in *Grant*."); *Sethy*, DE 26, p. 2. Plaintiffs complain that Defendants did not provide an affidavit or declaration for this point (DE 264-8 at 6, 9-10), but it is obvious and cannot be disputed.[1] The weakness in Plaintiffs' argument is further confirmed by the fact that they did not submit an affidavit/declaration for their claim of prejudice. DE 264-8 at 7 & n. 5.

Judicial Economy Is Best Served By A Stay. A Court of Appeals decision in *Grant* could be dispositive of the entire litigation, which would avoid the potential for a waste of significant judicial resources. *See Urena*, 2024 WL 1333012, at *2 (stay would serve the "interest of judicial economy" to avoid the "inefficient use of time and resources of the Court and the parties to proceed in light of a pending [higher court] decision that will significantly impact this litigation" (quotations omitted)); *Sethy*, DE 26, p. 2. Therefore, judicial economy is best served by a stay.

---

[1] The Court's decision denying preliminary approval of Plaintiff Sorbie's settlement with Unisys has nothing to do with Defendants' present motion for a stay. *Cf.* DE 264-8 at 10.

Any Interest Of Non-Parties Favors A Stay.  As the *Urena* court recognized, any interest of non-parties is in the Court not expending its limited resources in a way that may be wasted by a Court of Appeals decision.  *See Urena*, 2024 WL 1333012, at *2.  Plaintiffs respond that certain putative class members still work for Defendants (DE 264 ¶ 8; DE 264-5).  That is incorrect for HPE but, regardless, those putative class members are being paid all of their wages and, therefore, will not be prejudiced by the stay Defendants seek.

A Stay Serves The Public Interest.  Again, as the *Urena* court recognized, the public has an interest in "avoiding extra judicial cost."  *Urena*, 2024 WL 1333012, at *2 (quotations omitted).

For all of these reasons and the reasons set forth in the cases upon which Defendants rely, the Court should stay further action on Plaintiffs' claims against them.  Plaintiffs' primary cases are distinguishable because they were decided before the Second Department decided *Grant*.  *See Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57 (S.D.N.Y. 2023); *Davis v. Banana Republic, LLC*, 2023 US Dist. LEXIS 165874 (E.D.N.Y. Aug. 25, 2023); *Gutierrez v. Carter's Inc.*, 2023 US Dist. LEXIS 199963 (E.D.N.Y. Nov. 7, 2023); DE 264-8 at 14.  The defendants in those cases sought a stay to await a decision on the same level as *Vega*, but Defendants here seek a stay to await a decision from New York's highest court that has the final say on the dispositive question of whether NYLL § 198(1-a) provides a private cause of action for alleged "manual workers" who have been paid all of their wages through regular bi-weekly paychecks.

Plaintiffs' other cases are also distinguishable.  *Frattarola* involved more claims than just a §§ 191(1)(a) and 198(1-a) claim and, therefore, a Court of Appeals decision in *Grant* could not have ended that case like it could end this litigation. DE 264-8 at 14.  Even that case, however, recognized that "[a] stay might be appropriate . . . should review by the New York Court of Appeals or reconsideration by the Second Department become concrete …."  *Frattarola et al v. Prosegur*

*Security USA Inc.*, 7:23-cv-00137-CS, DE 45 (S.D.N.Y. Apr. 23, 2024). *Zachary* decided a motion to for an interlocutory appeal under § 1292(b) – a totally different issue. DE 264-8 at 13. Finally, *HMT, Inc.* is not a §§ 191(1)(a) and 198(1-a) case and the basis for the stay request in that case was related litigation pending in another court – not a decision from the relevant state's highest court on a dispositive issue. DE 264-8 at 7.

### III.   CONCLUSION

The Court should stay further action on Plaintiffs' claims against HP Inc. and HPE pending the New York Court of Appeals' potential decision in *Grant* about whether this lawsuit can exist.

Respectfully submitted,

By: */s/Kristofor T. Henning*
    Kristofor T. Henning
    (Admitted *Pro Hac Vice*)

8

ME1 48446184v.3