UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TONY CACCAVALE, ANTHONY MANGELLI,   Case No.: 20-cv-00974(NJC)(ST)
DOUGLAS SORBIE, and JAMES BILLUPS
individually and on behalf of all others similarly situated,

                                         Hon. Nusrat J. Choudhury

                      Plaintiffs,

        -against-

HEWLETT-PACKARD COMPANY A/K/A HP INC.,
HEWLETT PACKARD ENTERPRISE COMPANY and
UNISYS CORPORATION,

                     Defendants.
------------------------------------------------------------------X

## **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Paul A. Pagano, Esq.
Law Office of Paul A. Pagano, P.C.
100 Duffy Avenue, Suite 510
Hicksville NY 11810
(917) 589-1479

Jason L. Abelove, Esq.
Law Offices of Jason L. Abelove, P.C.
666 Old Country Road, Suite 303
Garden City, NY 11530

Yale Pollack, Esq.
Law Offices of Yale Pollack, P.C.
66 Split Rock Road
Syosset, NY 11779

Anthony J. LoPresti, Esq.
Law Offices of Anthony J. LoPresti
300 Garden City Plaza, Suite 226
Garden City, NY 11530

Served June 13, 2024

One of the arguments the HP Defendants advanced in their motion for summary judgment and in opposition to Plaintiffs' motion for class certification was that there is no private right of action for violation of NYLL § 191(1)(a).  On June 10, 2024, the Northern District issued *Covington v Childtime Childcare, Inc.*, 2024 US Dist. LEXIS 102155 (NDNY June 10, 2024).  There, the Court denied defendants' motion to dismiss on the grounds that there was purportedly a lack of a private right of action for violation of NYLL § 191(1)(a).  *Covington*, 2024 US Dist, LEXIS 102155, at *6-10.  In so doing the Court acknowledged the split of authority between the First and Second Departments but noted that "District courts sitting in this Circuit have had the opportunity to weigh-in on *Grant* and address the split in authority—all but one have continued to follow *Vega* as the predominate authority and predict that the Court of Appeals is more likely to adopt the First Department's conclusion." *Covington*, 2024 US Dist. LEXIS 102155, at *9.  The Court then went on to hold that "The Court is persuaded by the reasoning of, and the conclusion reached by, the majority of its sister courts and sees no reason to depart from such rulings. Therefore, defendants' motion is denied, insofar as it seeks dismissal of the NYLL § 191 claim, because the Court predicts that the Court of Appeals would agree with the First Department's decision in *Vega* and find that a private right of action (either express or implied) exists for the violation of the pay frequency requirement contemplated by NYLL § 191." *Covington*, 2024 US Dist. LEXIS 102155, at *9-10.

Additionally, on June 13, 2024, the HP Defendants submitted a letter in response to the Court's order directing the parties to advise as to when a decision would be forthcoming on the motion for leave to appeal in *Grant*.  Docket Entry 270.  In doing so the HP Defendants cited to *Calixte v. Bioreference Labs., Inc.*, 1:24-00083-AMD-VMS (E.D.N.Y) at May 8, 2024 Order in support of their request for a stay.  Docket Entry 270, p. 1-2, fn 1.  *Calixte* is easily distinguishable

1

as the case is in its infancy having just been filed in January of this year with the only substantive actions appearing to be the filing of plaintiff's complaint in January followed by the defendants' motion for a stay filed in March.  *See Calixte* Docket Entries 1, 15.  By contrast, here, the case has been litigated for years, discovery is closed, substantive motions have been filed, and the matter is approaching resolution.

Dated: Hicksville, New York  
       June 13, 2024

Law Office of Paul A. Pagano, P.C.

By: *Paul Pagano*  
Paul A. Pagano, Esq.