UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                       :

TONY CACCAVALE, ANTHONY MANGELLI,
DOUGLAS SORBIE, and JAMES BILLUPS,        :    2:20-cv-00974 (NJC)(ST)
individually and on behalf of all others similarly
situated,

              Plaintiffs,

              v.

HEWLETT-PACKARD COMPANY A/K/A HP
INC., HEWLETT PACKARD ENTERPRISE
COMPANY and UNISYS CORPORATION,

              Defendants.

------------------------------------------------------------- X

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("**Settlement Agreement**" or "**Agreement**") is made by and between Named Plaintiff Douglas Sorbie (the "**Settlement Class Representative**"), on behalf of himself, his agents, representatives, assigns, heirs, executors, beneficiaries, trustees, and on behalf of the Settlement Class/Collective, as defined below, and Unisys Corporation, on behalf of itself, and all of its past, present, and future parents, divisions, affiliates, subsidiaries, predecessors, and successors, and all of its and their respective current and former directors, partners, principals, officers, shareholders, members, fiduciaries, trustees, employees, representatives, attorneys, administrators, benefit plans, insurers, reinsurers, and agents, and the assigns of each of them, each in their individual and corporate capacities (collectively, "**Unisys**" or the "**Company**").  Unisys or the Company and the Settlement Class Representative are referred to herein as the "**Parties**." Unless specifically provided elsewhere in this Agreement, capitalized terms used in this Agreement shall have the meanings set forth in Section 1 below. For the avoidance of doubt, the terms Unisys and Company shall not include any of the Hewlett-Packard entities as described in Section 1(bb).

WHEREAS, in this Action, the Settlement Class Representative asserted federal and state wage and hour claims against Unisys under: (i) the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., ("FLSA"); and (ii) New York Labor Law, N.Y. LAB. L. § 190, *et seq.* ("NYLL"), specifically NYLL § 191(1)(a) and § 198;

WHEREAS, the Settlement Class Representative brought claims on behalf of himself and others who are purportedly similarly situated current and former Unisys employees who are or were employed within the applicable federal and state statutes of limitation with a Unisys-assigned work location in the State of New York in the Service Delivery Employee job family in the following positions: Field Engineer 1, Field Engineer 2, Field Engineer 3, Field Engineer 4, Customer Engineer 2, Customer Engineer 3, Customer Engineer 4, Customer Engineer 5, Customer Engineer 6, Client

1

Infrast Rep 3-Barg Unit, Client Infrast Rep 4-Bar Unit, Client Infrast Rep 5-Barg Unit, UTS Field Svc Associate, UTS Field Svc Tech 1, UTS Field Svc Tech 2, UTS Field Svc Tech 3, UTS Field Svc Tech 4, or UTS Field Svc Tech 5 as a purported collective action pursuant to 29 U.S.C. § 216(b) and a purported class action pursuant to Fed. R. Civ. P. 23;

WHEREAS, on May 28, 2021, the Court conditionally certified a collective action of purportedly "'similarly situated' individuals who work or have worked in New York as Field Service Engineers of Defendant Unisys from December 17, 2017 to present" under 29 U.S.C. § 216(b) solely for the purpose of disseminating notice to members of the conditionally certified collective (ECF Doc. 83);

WHEREAS, Unisys denies that it has committed any wrongdoing or violated any state or federal laws pertaining to the payment of wages, has vigorously disputed the claims asserted in this Action, and asserts that it has strong and meritorious defenses to the claims in this Action;

WHEREAS, in order to avoid the expense and burden of further litigation, the Parties desire to resolve the Action in accordance with the terms of this Agreement;

WHEREAS, the Parties, through their counsel, represent that they have conducted a thorough investigation into the facts of this Action and, having diligently investigated the claims asserted in this Action, have exchanged volumes of documents and information in response to written discovery, and are of the opinion and belief that the Settlement between the Parties is fair, reasonable, adequate, and in the best interests of all in light of all known facts and circumstances, including the considerable expense of discovery and litigation, claims made by the Settlement Class Representative, defenses asserted by Unisys, uncertainty of the result through continued litigation, appeal and other developments, and the risks of delay and an adverse judgment;

WHEREAS, the Parties have engaged in arm's-length settlement negotiations; and

NOW, THEREFORE, in consideration of the foregoing and the mutual promises hereinafter set forth, the Parties agree as follows:

1.    **Definitions.**

    a.    "**Action**" means the above-captioned civil action, namely, the putative class and collective action filed by Named Plaintiffs pending in the United States District Court for the Eastern District of New York, styled *Tony Caccavale, Anthony Mangelli, Douglas Sorbie, and James Billups, individually and on behalf of all others similarly situated v. Hewlett-Packard Company a/k/a HP Inc., Hewlett Packard Enterprise Company, and Unisys Corporation*, Case No. 1:20-cv-00974 (NJC)(ST), as currently pending and as may be amended pursuant to this Agreement.

    b.    "**Administration Costs**" means any and all fees and costs of the Claims Administrator paid or incurred for the duties of the Claims Administrator set forth in this Agreement, and any and all other fees, costs and/or expenses determined to be reasonably necessary for the administration of the Settlement.

2

c.    "**Attorneys' Fees**" means all attorneys' fees incurred in this case by Class Counsel. Attorneys' Fees shall not exceed thirty-three and one-third percent (33 1/3%) of Six Hundred Twenty-Five Thousand Dollars ($625,000.00), subject to Court approval, which Unisys will not oppose.

d.    "**Check Cashing Period**" means the period of time between the mailing of a check by the Claims Administrator to a Participating Settlement Member and one hundred twenty (120) days after such checks are mailed.

e.    "**Claim Form**" means the form attached as Exhibit C to this Agreement or another form approved by the Court which a Settlement Member must timely return to become a Participating Settlement Member.

f.    "**Claim Period**" means the period for filing claims, which shall be the time period commencing on the date of the first mailing of the Notice to Settlement Members and ending sixty (60) days later.

g.    "**Claim(s)**" means without limitation any and all actions, claims, suits, causes of action, litigations, lawsuits, arbitrations, expert determinations, enforcement actions, investigations, proceedings, demands, assertions, contentions, allegations, disputes, matters, issues, obligations, rights, duties, debts, liabilities, levies, executions, dues, accounts, charges, bonds, agreements, contracts, covenants, representations, warranties, promises, judgments, interests, compensation, damages, losses, expenses, costs, fees (including, but not limited to, attorneys' fees) of every nature, kind, type, and description, whether in law or in equity, including based on statutory, constitutional, express or implied contractual, or any common law, whether known or unknown, contingent or absolute, matured or unmatured, accrued or unaccrued, apparent or unapparent, liquidated or unliquidated, or otherwise.

h.    "**Claims Administrator**" means Rust Consulting, a neutral third-party administrator, or such other neutral administrator as chosen by the Parties and approved by the Court (see Sections 11 and 13).

i.    "**Class Counsel**" means all current counsel of record for the Named Plaintiffs in this case, namely, Paul A. Pagano of the Law Office of Paul A. Pagano, P.C.; Jason L. Abelove of the Law Office of Jason L. Abelove, P.C.; Anthony J. LoPresti of the Law Offices of Anthony J. LoPresti; and Yale Pollack of the Law Offices of Yale Pollack, P.C.

j.    "**Complaint**" means each and every Complaint and Amended Complaint filed in this Action, including the Third Amended Complaint filed on January 26, 2023, ECF No. 201, all of which set forth the claims to be encompassed in, and dismissed by, this Settlement.

k.    "**Court**" means the United States District Court for the Eastern District of New York.

l.  "**Defense Counsel**" means counsel of record for Unisys in this case, specifically, Epstein, Becker & Green, P.C.

m.  "**Distribution Amount**" means the amount distributed to a Participating Settlement Member as set out in Section 1(w) and Section 6 of this Agreement.

n.  "**Effective Date**" means three (3) days after the date on which the Final Approval Order becomes Final.

o.  "**Final**" means, when used in connection with any Court order or judgment:

1.  if no appeal is taken therefrom, on the date on which the time to appeal therefrom (including any potential extension of time) has expired; or

2.  if any appeal is taken therefrom, on the date on which all appeals therefrom, including petitions for rehearing or reargument, petitions for rehearing *en banc*, and petitions for *certiorari* or any other form of review, have been finally disposed of, such that the time to appeal therefrom (including any potential extension(s) of time) has expired, in a manner resulting in final judicial approval of this Agreement.

p.  "**Final Approval Order**" means a Final Order that approves the Settlement, grants final certification of the Settlement Class/Collective for settlement purposes only, authorizes payments to the Settlement Class Representative, the Participating Settlement Members, the Claims Administrator, and Class Counsel, as provided in this Agreement, releases Unisys from the Claims of the Settlement Class/Collective as set forth in this Agreement, and dismisses the Action with prejudice, which the Parties shall submit in a mutually agreed upon form. The Court need not use the exact language set forth herein or in the proposed final approval order as long as the Final Approval Order effectuates the purposes of this Agreement.

q.  "**Gross Settlement Amount**" means the maximum settlement sum paid by Unisys, which total amount shall not under any circumstance exceed Six Hundred Twenty-Five Thousand Dollars ($625,000.00), which shall be apportioned as set forth below to pay all Court approved Attorneys' Fees, Lawsuit Costs, Service Awards, Administration Costs, and the Distribution Amounts to Participating Settlement Members. Under no circumstances shall the Gross Settlement Amount exceed $625,000.00, which shall include the employer's (i.e., Unisys') share of payroll taxes, if any.

r.  "**Lawsuit Costs**" means all litigation expenses and costs incurred in this Action by Class Counsel. Class Counsel represents that such Lawsuit Costs are estimated to be no more than Thirty-Five Thousand Dollars and No Cents ($35,000.00) for this Action.

s.  "**Named Plaintiffs**" means Douglas Sorbie, Tony Caccavale, Anthony Mangelli, and James Billups.

t.  "**Net Settlement Amount**" means the Gross Settlement Amount, plus any applicable interest, less:

4

1.  Attorneys' Fees and Lawsuit Costs awarded to Class Counsel pursuant to Section 8 of this Agreement;

2.  Taxes, if any;

3.  Administration Costs; and

4.  Service Award.

**u.**   "**Notice**" means the notice describing the Parties' proposed Settlement to Settlement Members, as approved by the Court in the Preliminary Approval Order in the form attached hereto as Exhibit A or other similar form as approved by the Court.

**v.**   "**Opt-out**" means a request by a Settlement Member that is submitted in accordance with Section 13(k) and the Notice which expresses the Settlement Members' desire not to participate in the Settlement.

**w.**   "**Participating Settlement Member**" means a Settlement Member (including, for the avoidance of doubt, the Settlement Class Representative) who does not submit a valid Opt-out in accordance with Section 13(k) and the Notice and who properly submits a Valid Claim Form within the Claim Period, in the manner described by and in compliance with the terms of this Agreement. A Settlement Member must not Opt-out of the Settlement to be a Participating Settlement Member and must timely submit a Valid Claim Form to become a Participating Settlement Member and receive a Distribution Amount pursuant to Section 6.

**x.**   "**Party**" means Unisys/the Company or the Settlement Class Representative.

**y.**   "**Preliminary Approval Date**" means the date a Preliminary Approval Order is entered by the Court.

**z.**   "**Preliminary Approval Order**" means an order entered by the Court on the Preliminary Approval Date that preliminarily approves the terms and conditions of this Agreement. For purposes of this Agreement, "**Preliminary Approval**" shall occur upon the issuance of a Court order granting Preliminary Approval of the Agreement for the purpose of providing notice to the Settlement Members; preliminarily certifying the Settlement Class/Collective for purpose of providing Notice to the Settlement Members; asserting jurisdiction over the implementation and administration of this Agreement; adjudging the terms of the Agreement to be fair, reasonable, and adequate, and in the best interests of the Settlement Class Representative and Settlement Members, and directing consummation of its terms and provisions; approving the form and content of a Notice and Claim Form advising the Settlement Members of the material terms of this Settlement, the procedure for approval thereof, and their rights with respect thereto; confirming Class Counsel as counsel to the Settlement Class; and appointing a Claims Administrator. The Court need not use the exact language set forth herein as long as the Preliminary Approval Order effectuates the purposes of this Agreement.

aa.    "**Qualified Settlement Fund**," or "**QSF**," means the qualified settlement fund established under Section 468B of the Internal Revenue Code, and more fully discussed herein, established and administered by the Claims Administrator.

bb.    "**Released Parties**" or "**Releasees**" means collectively Defendant Unisys Corporation, and all of its past, present, and future parents, divisions, affiliates, subsidiaries, predecessors, and successors, and all of its and their respective current and former directors, partners, principals, officers, shareholders, members, fiduciaries, trustees, employees, representatives, attorneys, administrators, benefit plans, insurers, reinsurers, and agents, and the assigns of each of them, each in their individual and corporate capacities. For the avoidance of doubt, Hewlett-Packard Company, HP Inc. and Hewlett Packard Enterprise Company (collectively "HP") and all other HP entities/HP related entities are not considered Released Parties.

cc.    "**Releases**" means the release of claims set forth in Section 14 below.

dd.    "**Service Award(s)**" means a service payment to the Settlement Class Representative, as set forth in Section 9 below.

ee.    "**Service Delivery Employee**" means current or former employees of Unisys (including the Named Plaintiffs) who are or were employed at any time by Unisys in New York based on a Unisys-assigned New York work location, during the period February 21, 2014 through October 20, 2023 in one or more of the following positions in the Service Delivery Employee job family: Field Engineer 1, Field Engineer 2, Field Engineer 3, Field Engineer 4, Customer Engineer 2, Customer Engineer 3, Customer Engineer 4, Customer Engineer 5, Customer Engineer 6, Client Infrast Rep 3-Barg Unit, Client Infrast Rep 4-Bar Unit, Client Infrast Rep 5-Barg Unit, UTS Field Svc Associate, UTS Field Svc Tech 1, UTS Field Svc Tech 2, UTS Field Svc Tech 3, UTS Field Svc Tech 4, or UTS Field Svc Tech 5.

ff.    "**Settlement**" means the terms of the settlement agreed to by the Parties and their counsel, as set forth in this Agreement.

gg.    "**Settlement Members**" means all Service Delivery Employees.  Unless specifically stated otherwise, the term "**Settlement Members**" includes the Named Plaintiffs.

hh.    "**Settlement Class/Collective**" means the New York State Settlement Class and the Federal FLSA Settlement Collective defined as follows:

- The "**New York State Settlement Class**" consists of all Settlement Members.

- The "**Federal FLSA Settlement Collective**" consists of all Settlement Members limited to the period December 17, 2017 through October 20, 2023.

ii.    "**Valid Claim Form**" means a completed and signed Claim Form that satisfies the

6

requirements set forth in Section 13 below, and that is timely submitted within the Claim Period in the form attached as Exhibit C or other similar form as approved by the Court.

2.    **No Admission of Liability and No Concession as to the Merits.**  Unisys denies that it violated the law in any manner, denies that it violated any statutory law alleged in this Action, and asserts that it has strong defenses to the allegations in the Complaint. The Settlement Class Representative makes no concessions as to the merits of his claims against Unisys. The Parties have entered into this Agreement to avoid the risks, uncertainty, expense, and burden of further litigation. Nothing contained herein, nor the consummation of this Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Unisys, or concession thereof on the part of the Settlement Class Representative.

3.    **Process for Approval of Settlement**.

    a.    No later than fifteen (15) days after full execution of this Agreement and agreement of the Parties as to the content of the following documents, or other deadline as set by the Court, Class Counsel shall submit to the Court a Motion for Preliminary Approval on consent, along with this Agreement and the following:

        1.    Proposed Preliminary Approval Order (Exhibit A);

        2.    Notice (Exhibit B); and

        3.    Claim Form (including a consent to join form, and release) (Exhibit C).

    b.    In conjunction with the filing of the Motion for Preliminary Approval on consent, counsel for the Parties will communicate with the Clerk of the Court as needed and make any further filings necessary to secure a Preliminary Approval Order.

    c.    The Motion for Preliminary Approval will also include a request that the Court, consistent with its authority pursuant to the All Writs Act, 28 U.S.C. § 1651(a), enjoin all Settlement Members from initiating lawsuits asserting Claims encompassed within Sections 14(a) and 14(b) against Unisys on behalf of any class or collective of Service Delivery Employees, until such time as Final Approval has been granted. The Motion will request that the Court issue an injunction as broad and comprehensive as permitted and that such injunction be included in the Preliminary Approval Order.

    d.    In connection with seeking a Preliminary Approval Order, the Parties will ask the Court to schedule and conduct a final approval/fairness hearing regarding the Settlement (the "**Final Approval/Fairness Hearing**"), and to grant a Final Approval Order no earlier than the time period required by 28 U.S.C. § 1715, and as soon thereafter as practicable, after the Preliminary Approval Order date. The Parties will file an agreed-upon Motion for Final Approval of the Settlement and shall present a proposed final approval order in connection therewith.

**e.**    If the Court enters a Final Approval Order, the Effective Date shall occur as set forth above in Section 1(n).

**f.**    The Parties agree to cooperate and take all steps necessary and appropriate to obtain Preliminary and Final Approval Orders, to effectuate all aspects of this Agreement, and to dismiss this case with prejudice.

**g.**    In the event that: (i) the Court does not preliminarily approve the Settlement as provided herein, except insofar as Section 3(c); (ii) the Court does not finally approve the Settlement as provided herein; (iii) the Court does not certify the Settlement Class/Collective; or (iv) the Settlement does not become Final for any other reason, the Parties agree to engage in follow-up negotiations with the intent of resolving the Court's concerns, and, if feasible, to resubmit the Settlement for approval within thirty (30) days (the "Good Faith Period"). The obligation to negotiate in good faith for 30 days shall survive even if the Court does not grant the Parties' approval motion(s).

**h.**    If the Court does not issue a Preliminary Approval Order or Final Approval Order or declines to certify the Settlement Class/Collective, or if the Effective Date does not occur for any reason, then, after the expiration of the Good Faith Period, this Settlement Agreement (and any prior negotiations, understandings, or agreements concerning its subject matter, including, but not limited to, the understanding the Parties confirmed via email correspondence on May 2, 2023) shall be null and void and of no further use or effect, and the Parties will be returned to their respective positions in this case *nunc pro tunc* as of the date of the Settlement Agreement, including the posture of the case vis-à-vis certification under 29 U.S.C. § 216(b) and Rule 23, without prejudice to Unisys' ability to seek decertification under 29 U.S.C. § 216(b) and/or oppose certification of the putative class under Rule 23. The Parties acknowledge that under such circumstances additional discovery will need to be conducted and they each reserve their rights with regard thereto and with regard to making any application to the Court either party deems to be appropriate.

**i.**    If at any time after the Notice has been sent out, the Court declines to grant a Final Approval Order, the Settlement Class/Collective fail to be certified or are decertified, or the Effective Date does not occur, and the Parties are thereafter unable to renegotiate a settlement that is granted final approval such that the Effective Date occurs and the Settlement Class/Collective are certified, the Claims Administrator, upon the request of the Parties, or as ordered by the Court, will provide an additional notice to the Participating Settlement Members, in a form jointly agreed upon by the Parties (or as ordered by the Court), advising that the Settlement did not receive final approval and that, as a result, no payments will be made to Participating Settlement Members and the Settlement is void and that their Claim Forms are null and void. To the extent such additional notice is sent, the cost therefor shall be split equally between the Settlement Class Representative and Unisys.

**j.**    Neither this Agreement nor any prior negotiation, understanding, or agreement to resolve this Action shall be deemed or construed to be an admission or evidence of any violation of any statute or law, common law principle, administrative code, rule or

8

regulation, of any liability or wrongdoing by Unisys, or of the truth or falsity of any of the claims or allegations contained in this Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in this Action or in any other action or proceeding. Unisys does not waive, and instead expressly reserves, its right to challenge the propriety of collective treatment and/or class certification in this Action or otherwise for any purpose as if this Agreement had not been entered into by the Parties, in the event that the Court does not certify the Settlement Class/Collective or in the event that the Court does not issue a Preliminary Approval Order or Final Approval Order or if the Effective Date otherwise does not occur. The Parties expressly reserve all of their rights and defenses if the Effective Date does not occur. In such event, the provisions of this Agreement may not be used by the Parties to enforce the terms of this Agreement. Neither this Agreement nor any document submitted in connection with this Agreement including those seeking preliminary approval of this Agreement, nor any term contained herein or therein shall be used as evidence in any other legal proceeding or for any other purpose whatsoever.

**k.** All terms and conditions of this Agreement, including, without limitation, certification by the Court of the Settlement Class/Collective, are contingent upon the occurrence of the Effective Date.

4. **Settlement Class/Collective.** Solely for settlement purposes, the Parties agree to seek conditional certification by the Court of the New York State Settlement Class as a Federal Rule of Civil Procedure 23 class and the Federal FLSA Settlement Collective pursuant to 29 U.S.C. § 216(b).

5. **Settlement Funding and Payments.**

**a.** Unisys agrees to pay up to a maximum of Six Hundred Twenty-Five Thousand Dollars ($625,000.00), in order to fully and finally resolve this Action in its entirety as set out in this Agreement, inclusive of all Attorneys' Fees and Lawsuit Costs, interest, Administration Costs, Distribution Amounts, liquidated, punitive, and multiplier of damages, taxes, and Service Awards, if any. Unisys shall not be responsible for any taxes imposed by federal, state, or local law on the Participating Settlement Members or Unisys as a result of payments made under this Agreement, or any other sums in excess of the Gross Settlement Amount. The amounts necessary to pay the Administration Costs shall be paid from the Gross Settlement Amount. In no case shall the Gross Settlement Amount exceed Six Hundred Twenty-Five Thousand Dollars ($625,000.00). Any amount in excess of the Gross Settlement Amount necessary to pay Administration Costs shall be deducted from the Distribution Amounts paid to each Participating Settlement Member on a pro rata basis.

**b.** Unisys shall deposit the Gross Settlement Amount into the Qualified Settlement Fund as follows: within twenty-one (21) days after the Effective Date, Unisys shall deposit the Gross Settlement Amount into an interest-bearing account mutually agreed upon by Class Counsel and Defense Counsel and to be under the control of the Claims Administrator and designated as a QSF for distribution in accordance with the terms of the Agreement.

9

c.    Unisys's payments into the QSF shall be treated as a payment of a Qualified or Designated Settlement Fund under I.R.C. § 468B and the regulations or proposed regulations promulgated thereunder (including, without limitation, Treasury Reg. § 1.468B-1-5 or any successor regulation).

d.    The QSF will be established by the Claims Administrator pursuant to the Internal Revenue Code and insured and guaranteed to the full extent permissible under 12 CFR § 370.4. Any funds on deposit in the QSF shall be deemed and considered to be in *custodia legis* of the Court. The QSF will be created as an interest-bearing account, and the Claims Administrator will prepare any tax returns on any interest earned by the QSF and pay such taxes from the QSF.

e.    Within fourteen (14) days of the issuance of a Final Approval Order and the Court's ruling on the amounts to be awarded for (a) Attorneys' Fees and Lawsuit Costs and (b) Service Awards, the Claims Administrator shall determine and provide to Defense Counsel and Class Counsel the Administration Costs, Net Settlement Amount, and Distribution Amounts.

f.    The Parties acknowledge and agree that no portion or part of the Gross Settlement Amount or any payment hereunder is being made as a fine or penalty to any governmental agency.

6.  **Calculation of Distribution Amounts**.

a.    Each Settlement Member who becomes a Participating Settlement Member will receive a Distribution Amount calculated pursuant to the following formula:

1.    The number of applicable overtime hours worked by all Participating Settlement Members will be totaled ("**Total Overtime Hours**").

2.    Each Participating Settlement Member's applicable individual total overtime hours (the numerator) will be divided by the Total Overtime Hours (the denominator) to arrive at that Participating Settlement Member's "**Overtime Participation Percentage**."

3.    Each Participating Settlement Member's Overtime Participation Percentage will be multiplied by the Net Settlement Amount.

4.    Participating Settlement Members whose Distribution Amount would result in a payment of less than $50, or no payment, will receive a minimum Distribution Amount from the Net Settlement Amount in the amount of $50.

5.    Allocation to Participating Settlement Members whose Distribution Amount would result in a payment equal to or greater than $50, will be made from the Net Settlement Amount minus the total amount of minimum payments set forth in Section 6(a)(4) above.

6. The resulting amount set out in Section 6(a)(4) or as applicable Section 6(a)(5) will be that "**Participating Settlement Member's Distribution Amount**."

7. Only Participating Settlement Members shall be entitled to receive an individual Distribution Amount.

    **b.**    If the Court awards amounts less than as identified in Sections 8 (Attorneys' Fees and Lawsuit Costs), 9 (Service Award), and/or 11 (Administration Costs), the amounts not awarded will become part of the Net Settlement Amount to be distributed to Participating Settlement Members as described in Section 6(a)(1)-(7).

    **c.**    In the event that the QSF yields interest, the interest earned shall revert to the Class.

    **d.**    $50,000 of the Gross Settlement Amount will be reserved (the "**Reserve Settlement Fund**") to be used to (i) correct any errors made in the determination of a Participating Settlement Member's Distribution Amount; or (ii) pay disputed claims, including but not limited to claims from putative Settlement Members who are mistakenly not identified as Settlement Members by the Parties for purposes of receiving Notice. Any unused portion of this fund will be distributed to Participating Settlement Members within 30 days after the Check Cashing Period in accordance with their Overtime Participation Percentage, *provided, however*, a Participating Settlement Member will not participate in such distribution if he/she already received a payment from the Reserve Settlement Fund. In no event shall any payment paid pursuant to this Reserve Settlement Fund increase Unisys' Gross Settlement Amount under this Settlement.

**7. Payments shall be made to Participating Settlement Members:**

    **a.**    Within thirty (30) days after the Effective Date, the Claims Administrator shall disburse the Distribution Amounts to the Participating Settlement Members by mailing checks by U.S. Mail. The Claims Administrator will also include a calculation of the Distribution Amount for each Participating Settlement Member. Checks issued pursuant to this Section shall expire one hundred twenty (120) days after they are mailed, but a failure by any Participating Settlement Member to deposit or cash a check within the time period allotted shall have no effect on that individual's consent to join this Action or Releases. At the close of the 120-day period, the Claims Administrator will issue a stop-payment order on all uncashed/undeposited or returned checks. If a check is returned as undeliverable, the Claims Administrator shall follow the procedures set forth in Section 13(g) regarding returned Notice packets. After following the foregoing procedures, the Claims Administrator shall issue a stop-payment order on all remaining uncashed/undeposited or returned checks.

    **b.**    In the event of a Participating Settlement Member's report of a lost or destroyed check within the Check Cashing Period, the Claims Administrator shall issue a stop payment order on the original check and issue a new check to such Participating Settlement Member.

    **c.**    The Parties agree that the amount distributed to each Participating Settlement Member

11

will be considered non-wage liquidated damages and will be reported by the Claims Administrator as such to each Participating Settlement Member on an IRS Form 1099.

**d.**    The payment of Distribution Amounts to Participating Settlement Members shall have no impact on their entitlement to or receipt of any benefits under any Unisys policy, practice, or welfare or benefit plan, or, as allowable by law, to their entitlement or receipt of workers' compensation benefits or unemployment compensation.

**e.**    This Settlement is not a claims-made settlement.  Unless Unisys exercises its right to void this Agreement pursuant to Section 17(b), as of the Effective Date, Unisys shall not have any right to the return of the Qualified Settlement Fund or any portion thereof irrespective of the number of claims submitted, the collective amount of losses of Participating Settlement Members, the percentage of recovery of losses, or the amounts to be paid to Participating Settlement Members from the Qualified Settlement Fund. If any portion of the Qualified Settlement Fund remains following distribution pursuant to Section 7(a), then such remaining funds, after payment of any further Court-approved fees, costs, or expenses, shall be distributed to the National Institute for Workers' Rights, or other charity approved by the Court.

**8.**    **Attorneys' Fees and Lawsuit Costs**.

**a.**    Within thirty (30) days preceding the date of the Final Approval/Fairness Hearing or the date set by the Court, Class Counsel shall make, and Unisys agrees not to oppose, an application for Attorneys' Fees that does not exceed thirty-three and one third percent (33 1/3%) of the Gross Settlement Amount of Six Hundred Twenty-Five Thousand Dollars ($625,000.00).  This percentage amount shall be calculated after the Lawsuit Costs are deducted from the Gross Settlement Amount. The Attorneys' Fees and Lawsuit Costs awarded by the Court shall be the sole aggregate compensation for all Class Counsel and retained and other associated counsel in this Action, including, without limitation, Douglas E. Rowe of Certilman, Balin, Adler & Hyman, LLP, and Steven J. Moser of Moser Law Firm, P.C. (collectively, "**Predecessor Counsel**").  For the avoidance of doubt, to the extent that any Predecessor Counsel has a lien on any recovery from or against Unisys in this Action, the Participating Settlement Members and/or Class Counsel are solely responsible for discharging that lien. However, should the Court decline to award the full amount of attorneys' fees requested, any differential shall become part of the Net Settlement Amount to be distributed to Participating Settlement Members.

**b.**    Any Attorneys' Fees and Lawsuit Costs awarded by the Court in connection with this Settlement shall include and constitute satisfaction of the entire amount of Class Counsel's Attorneys' Fees and Lawsuit Costs.

**c.**    Any Attorneys' Fees and Lawsuit Costs awarded by the Court in connection with this Settlement shall be retained by the Claims Administrator in the QSF until thirty (30) days after the Effective Date. If the Final Approval Order is reversed or modified on appeal, or if the Effective Date does not occur, or if the Settlement Agreement is otherwise terminated pursuant to the provisions of this Settlement Agreement, then any

FIRM:64882252

Attorneys' Fees and Lawsuit Costs are no longer payable. Upon payment of the Attorneys' Fees and Lawsuit Costs awarded by the Court, Unisys, the Released Parties, Defense Counsel, and the Claims Administrator shall have no further liability or responsibility to Class Counsel, Predecessor Counsel or to any vendors or third parties employed by the Settlement Class Representative, any Settlement Member, or Class Counsel for Attorneys' Fees and Lawsuit Costs.

**d.**    Class Counsel shall allocate the Attorneys' Fees and Lawsuit Costs payable to Class Counsel in a manner that, in Class Counsel's good-faith judgment, reflects such counsel's contribution to the institution, prosecution, or resolution of the claims in this Action and thereafter shall be distributed as directed by Class Counsel or by order of the Court. By executing this Agreement, all Class Counsel specifically agree to this process and waive any right to seek any additional Attorneys' Fees and Lawsuit Costs from Unisys. Payments made pursuant to this Section shall be reported to state and federal taxing authorities by the Claims Administrator as non-wage income on IRS form 1099. Class Counsel agree that any allocation of fees among Class Counsel shall be the sole responsibility of Class Counsel, and Class Counsel agrees to defend and indemnify the Released Parties from any claims or liability by Class Counsel, Predecessor Counsel or any other party relating to attorneys' fees or costs, including any lien claimed by Predecessor Counsel.

**e.**    In addition to Class Counsel's obligations to indemnify the Released Parties as set forth above in Section 8(d), to the extent an action is instituted against any of the Released Parties by Predecessor Counsel, Class Counsel other than the Law Office of Paul A. Pagano, Esq. and the Law Office of Jason L. Abelove, P.C., or any other party for attorneys' fees and/or costs ("**Attorney Fee Action**"): (1) Paul Pagano of the Law Office of Paul A. Pagano, Esq. and Jason Abelove of the Law Office of Jason L. Abelove, P.C. shall, to the extent not prohibited by any applicable rules of professional conduct, defend the action at no cost to Unisys and have settlement authority; (2) alternatively Unisys may choose its own counsel for the defense of such action in which event Unisys shall be responsible for any attorneys' fees and costs associated with such defense (but not any liability which shall remain the responsibility of Class Counsel), but Unisys will not settle any such action without approval by the Law Office of Paul A. Pagano, Esq. and the Law Office of Jason L. Abelove, P.C.; or (3) in the event that a third party (more specifically not any of the parties to the Action) asserts Paul Pagano and Jason Abelove are prohibited from defending Unisys in the Attorney Fee Action by any applicable  rules of professional conduct and such rule/conflict is not reasonably waivable and such third party seeks and obtains a judicial determination that such rule/conflict is not waivable, Unisys may choose one of the following options: (i) Unisys may choose counsel to defend the action and Class Counsel will indemnify Unisys for the costs of such defense and liability up to the amount of attorneys' fees awarded to Class Counsel by the Court in this Action; (ii) Unisys may choose its own counsel for the defense of such action in which event Unisys shall be responsible solely for the costs of defense of any such action (but not liability which shall remain the responsibility of Class Counsel), but Unisys will not settle any such action without approval by the Law Office of Paul A. Pagano, Esq. and the Law Office of Jason L. Abelove, P.C.; or (iii) Kevin O'Donoghue of the Law Office of Kevin O'Donoghue

13

shall represent Unisys and defend the action at no cost to Unisys and any resulting liability shall remain the responsibility of Class Counsel. For the avoidance of doubt, in connection with 3(i), (ii), and (iii) Unisys shall waive any reasonably waivable rule/conflict and Unisys will not settle the action without approval by the Law Office of Paul A. Pagano, Esq. and the Law Office of Jason L. Abelove, P.C.

    **f.**    The Parties further agree that it is the intent of this Agreement that any Settlement Member who retains an attorney in this Action other than Class Counsel does so at his or her own expense and that Unisys shall not be liable to any other party or Settlement Member claiming or seeking to claim attorneys' fees or costs other than Class Counsel, and that any such claim for attorneys' fees or costs by Class Counsel would be subject to Section 1(c).

**9.**    **Service Award to Settlement Class Representative.**

    **a.**    In return for services rendered to the Settlement Members, the Settlement Class Representative will petition the Court to receive Ten Thousand Dollars and No Cents ($10,000.00) as a Service Award.

    **b.**    Any such petition by Class Counsel shall be filed no less than thirty (30) days prior to the Final Approval/Fairness Hearing or the date set by the Court.

    **c.**    Any Service Award(s) approved by the Court in conjunction with the Settlement shall be paid from the QSF and shall reduce only the amount of the Gross Settlement Amount payable to the Settlement Members, not the Net Settlement Amount. Any Service Award(s) to the Settlement Class Representative shall be in addition to the payment(s) that the Settlement Class Representative shall receive as a Participating Settlement Member. Any Service Award(s) shall be distributed by the Claims Administrator in separate checks mailed within twenty (20) days after the Effective Date and shall be reported by the Claims Administrator to state and federal taxing authorities as non-wage income on IRS Form 1099.

    **d.**    In the event that the Final Approval Order is reversed or modified on appeal, or if the Effective Date does not occur, or if the Settlement Agreement is otherwise terminated pursuant to the provisions of this Settlement Agreement, or if the Settlement Agreement is denied Preliminary or Final Approval by the Court, then Unisys' obligation to make the Service Award payment will not be binding upon the Parties and will be null and void. For the avoidance of doubt, provided the Settlement Class Representative submits a Valid Claim Form, becomes a Participating Settlement Member, and receives his distribution, the Court's reduction or denial of his sought Service Award will not impact the releases he provides in Section 14 (subject to Sections 1(bb) and 14(d)).

**10.**    **Tax Liabilities**

    **a.**    With respect to payments received pursuant to this Agreement that are not characterized as W-2 wage income, the Participating Settlement Members assume full responsibility

for the payment of any and all federal, state, and local taxes or contributions which may hereafter be imposed or required to be paid under any federal, state, or local law of any kind. As such, although the Parties believe, in good faith, that the tax treatment of all payments set forth in this Agreement are proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state, or local government, administrative agency, or court determines that any individual or entity and/or Unisys or Released Parties are liable for any failure by the Participating Settlement Members and/or Unisys or the Released Parties to pay federal, state, or local income or employment or payroll taxes with respect to any payment received pursuant to this Settlement that is not characterized as W-2 wage income, the Participating Settlement Members agree to indemnify Unisys and the Released Parties for any payments Unisys may be required to make (including any payments for interest and penalties) to any taxing authority, including resulting from the issuance of any IRS Form 1099, and any Participating Settlement Members' failure to pay any taxes that any such individual or entity owes related to said income.

**b.**    With respect to payments received pursuant to this Agreement that are characterized as attorneys' fees, the attorney who receives such payments assumes responsibility for the payment of any and all federal, state, and local taxes or contributions which may hereafter be imposed or required to be paid under any federal, state, or local law of any kind related to the attorneys' fees he receives. As such, although the Parties believe, in good faith, that the tax treatment of all payments set forth in this Agreement are proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state, or local government, administrative agency, or court determines that such attorney is liable for any federal, state, or local taxes or contributions with respect to any payment received pursuant to this Settlement that is characterized as attorneys' fees, said attorney shall be responsible for said payments (including any payments for interest and penalties) and shall indemnify and hold Unisys and the Released Parties harmless for said payments.

## 11.   Claims Administrator

**a.**    The Parties jointly retained Rust Consulting as Claims Administrator prior to filing the Unopposed Motion for Preliminary Approval. The Claims Administrator shall serve as the administrator of the Settlement and perform the services described in this Agreement, including, without limitation:

1.    Establish and maintain a QSF;

2.    Receive from Unisys and update and maintain as necessary a mailing list of Settlement Members, mail the Notices and Claims Forms, and utilize follow-up methods of contacts set forth herein to effectuate notice;

3.    Receive Valid Claim Forms and Opt-out forms;

4.    Calculate the Distribution Amounts for Participating Settlement Members;

5.      Pay, from the QSF, the Attorneys' Fees and Lawsuit Costs, the Service Award, and any other awards approved by the Court;

6.      Pay, from the QSF, the Distribution Amounts to Participating Settlement Members who submit Valid Claim Forms during the Claim Period;

7.      Prepare tax returns and tax reporting of payments;

8.      Make determinations concerning disputes submitted by Participating Settlement Members concerning his or her Overtime Participation Percentage they are assigned for purposes of calculating their Distribution Amounts;

9.      Prepare and submit to the Parties an accounting of the portion of the Net Settlement Amount that is comprised of the Distribution Amounts to be paid to Participating Settlement Members, in accordance with Sections 6 and 7 of this Agreement;

10.      Prepare and submit to the Court an accounting of the Settlement, along with a declaration to be submitted by the Claims Administrator with the Motion for Final Approval;

12.      Prepare and submit to the Parties a final accounting of the QSF, including all amounts paid therefrom, and confirming its completion of the administration of the Agreement, not later than thirty (30) days after the date on which uncashed checks are deemed void pursuant to Section 7(a); and

13.      Any other obligations established in this Agreement or subsequently agreed to by the Parties.

b.      All disputes relating to the Claims Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Agreement, until all payments and obligations contemplated by the Agreement have been fully carried out.

c.      All Court-approved Administration Costs, in an amount to be sought for approval from the Court at the time of the Final Approval/Fairness Hearing (but which are currently estimated not to exceed Eleven Thousand Six Hundred Dollars ($11,600.00)), shall be paid from the QSF. The necessary amounts to pay Administration Costs shall be paid from the Gross Settlement Amount (as set forth in Section 5(a)).  In the event that the Administration Costs, when added to other components of the Settlement, exceed the Gross Settlement Amount of Six Hundred Twenty-Five Thousand Dollars ($625,000.00), any sums over the Gross Settlement Amount shall be deducted from the Distribution Amounts paid to each Participating Settlement Member on a pro rata basis, as set forth in Section 5(a).

d.      Within twenty-two (22) days after the close of the Claim Period, the Claims Administrator will provide Class Counsel and Defense Counsel with a report of the Participating Settlement Members, Opt-out notices and objections, and the total

16

number of Participating Settlement Members and the approximate Distribution Amount to be made to each Participating Settlement Member. After receiving the Claims Administrator's report, Class Counsel shall review the same to determine if the calculation of payments to Participating Settlement Members is consistent with this Agreement.

e.   The Gross Settlement Amount, which under no circumstances shall exceed Six Hundred Twenty-Five Thousand Dollars ($625,000.00), shall be distributed by the Claims Administrator as follows:

   1.   First, all Court-approved Attorneys' Fees;

   2.   Second, all Court-approved Lawsuit Costs;

   3.   Third, any Court-approved Service Awards;

   4.   Fourth, all Court-approved Administration Costs, including, but not limited to, the payment of any taxes (including any estimated taxes, interest, or penalties) due as a result of interest income, if any, earned by the QSF; and

   5.   Fifth, Distribution Amounts to Participating Settlement Members.

f.   The Claims Administrator shall prepare and deliver the necessary tax documentation for signatures by all necessary parties and cause the appropriate informational and other tax return filing to occur.

g.   The Claims Administrator will provide copies of all canceled settlement checks, including payments of Distribution Amounts, Service Awards, and Attorneys' Fees and Lawsuit Costs, to Defense Counsel and Class Counsel.

h.   The Claims Administrator shall provide proof of bonding and insurance coverage sufficient to secure the Gross Settlement Amount.

i.   The Claims Administrator shall execute a non-disclosure agreement similar to the one the parties entered into in this Action on October 28, 2020.

12.   **Notices Mandated by Statute**. On October 26, 2023, Unisys sent out notices to an "Appropriate Federal Official" and "Appropriate State Officials" as required by 28 U.S.C. § 1715.  Unisys will send out supplemental notices pursuant to 28 U.S.C. §1715 within ten days of the filing of the renewed motion for preliminary approval of the Parties' settlement.

13.   **Notice of Settlement and Distribution of Settlement**.

a.   **Mailing Notice and Claim Form to Settlement Members**.  Within twenty-one (21) days following the Preliminary Approval Order, Unisys shall provide to the Claims Administrator a confidential list, in electronic form, containing the following information for all Settlement Members:  name, telephone number, last known address, and email address as such information exists in Unisys' records ("**Class List**").  Within

17

fourteen (14) days after Unisys provides the Class List to the Claims Administrator, the Claims Administrator will mail to Settlement Members packets containing a Notice and Claim Form. The Claims Administrator shall run a United States Post Office National Change of Address (NCOA) database update on the names/addresses contained within the Class List in a commercially reasonable time prior to issuing the Notice. The Claims Administrator shall send such packets by first-class U.S. Mail to each Settlement Member at such individual's last known address as provided by Unisys, or the updated address based upon the NCOA database search. A pre-addressed return envelope will be included with the first-class mailing.

**b.**     **Notice**.  The Notice informing Settlement Members of the Settlement will include the date of the Final Approval/Fairness Hearing and will explain the method of calculating the Distribution Amount for each Participating Settlement Member. The Notice shall also summarize the release language as set forth herein.

**c.**     **Claim Form**.  The Claim Form shall denote that the individual returning the form consents to Opt-in to the Federal FLSA Settlement Collective as a party plaintiff and chooses not to Opt-out of the New York State Settlement Class. The Claim Form will also reference the release language that is set forth in the Notice, which will be consistent with the Releases contained in Section 14 of this Agreement.

**d.**     **Validity of Claim Form**.  In order to be a Valid Claim Form, the Claim Form must be completed as instructed on the Claim Form with no other material alterations (excepting disputes pursuant to Section 13(h)), signed, dated, and postmarked or otherwise returned to the Claims Administrator within the Claim Period. Claim Forms may be provided to the Claims Administrator only via mail, facsimile, or email (if allowed by Claims Administrator). There will be no web-based or online submission of a Claim Form.

1.     Within fifteen (15) days of receipt of an unsigned, incomplete, deficient or altered Claim Form, the Claims Administrator shall notify the Settlement Member who returned the form of its deficiency and provide such individual with a substitute form that the individual may use to cure the deficiency within the later of the Claim Period or fifteen (15) days after being notified of the deficiency by the Claims Administrator (but in no event later than fifteen (15) days after the end of the Claim Period). The notice of deficiency and substitute form required hereunder shall be provided to the individual via U.S. Mail. The substitute Claim Form must be returned and be a Valid Claim Form in the time provided in this subsection. The Parties agree to allow the Claims Administrator to resolve any challenges regarding the validity of any Claim Form made pursuant to this subsection, consistent with the terms of this Agreement, and to make a final and binding determination on all issues presented by any such challenges.

2.     Any Settlement Member who fails to submit a timely, complete, and Valid Claim Form shall be barred from receiving any Distribution Amount pursuant to this Agreement. The Claims Administrator shall not review or consider any Claim Form postmarked after the end of the Claim Period, nor shall the Claims

18

Administrator make any distribution whatsoever with respect to any Claim Form received after the end of the Claim Period (except as specifically set forth in Section 13(d)(1) and this Section). Except for persons provided a notice of deficiency under Section 13(d)(1) and as specifically set forth in Section 13(d)(1) and this Section, it shall be conclusively presumed that, if a Claim Form is not postmarked on or before the end of the Claim Period, the Settlement Member did not return the Claim Form in a timely manner. Under no circumstances shall the Claims Administrator have the authority to extend the deadline for Settlement Members to file a Claim Form. However, the Claims Administrator will inform Counsel for the Parties of any Claim Forms received within ten (10) days of the end of the Claim Period and the reason provided for submitting an untimely Claim Form. The Parties will discuss whether or not to include that individual as a Participating Settlement Member. The Parties agree not to unreasonably deny a late filer's Claim Form.

3. Settlement Members who do not return a Valid Claim Form to the Claims Administrator in compliance with the preceding sections within the Claim Period, and do not timely Opt-out, shall be deemed to release all claims against Unisys and the Released Parties as described in Section 14(a), and shall be deemed to have waived any right to receive a payment in conjunction with the Settlement.

4. For the avoidance of doubt, for any Settlement Member to become a Participating Settlement Member and receive a Distribution Amount under this Agreement, he or she must not Opt-out of this Settlement and must timely return a Valid Claim Form.

5. Class Counsel shall not be barred by this Agreement from communicating with Settlement Members regarding the settlement or their claims against Unisys, provided such communications are not designed to result in discouraging any Settlement Member's participation in the Settlement through the end of the Claim Period. Nothing herein shall interfere with Class Counsel's ability to practice law or to otherwise prosecute Plaintiffs' claims against the HP Defendants.

e. **Filing of Consents to Join with Court**. Within twenty-two (22) days of the expiration of the Claim Period, the Claims Administrator shall make a copy, and transmit all originals of the Claim Forms submitted by Participating Settlement Members to Defense Counsel, a copy of which shall be provided to Class Counsel. In addition, at the time the Motion for Final Approval is filed, the Claims Administrator shall submit to the Court a declaration verifying full compliance with its Preliminary Approval Order and this Agreement. Should the Agreement not receive Final Approval, or the New York State Settlement Class or the Federal FLSA Settlement Collective fails to be certified or be decertified, the Claim Forms and releases are null and void and shall not be filed with the Court at any time for any purpose whatsoever.

f. **Timeliness of Submissions**. A required mailing sent by a Settlement Member shall be considered timely pursuant to this Agreement if the mailing is sent by U.S. Mail and postmarked on or before the applicable deadline or emailed/faxed and received on or

FIRM:64882252

before the applicable deadline. Notwithstanding this requirement, if a Settlement
Member fails to send a required form by U.S. Mail, email, or facsimile, then the form
will not be considered valid unless actually received by the Claims Administrator on
or before the applicable deadline.

**g.**    **Locating Settlement Members and Returned Notices**.   If a Settlement Member's
Notice packet is returned with a forwarding address, the Notice shall be re-mailed by the
Claims Administrator to that address within three (3) days following the receipt by
the Claims Administrator of the returned mail. If a Settlement Member's Notice packet
is returned without a forwarding address, the Claims Administrator shall perform a
standard Level 2 skip trace, in an effort to attempt to ascertain the current address of
the particular Settlement Member in question and, if such an address is ascertained, the
Claims Administrator will re-send the Notice within three (3) days of receiving or
obtaining such information. Unisys will reasonably assist the Claims Administrator in
performing any such skip traces.

**h.**    **Disputes**.

1.    If a Settlement Member disputes the number of applicable overtime hours he
or she worked as a Service Delivery Employee, he or she must present pay stubs
evidencing the number of such overtime hours he or she believes he or she
worked while a Service Delivery Employee during the relevant period. Counsel
for the Parties shall promptly be notified by the Claims Administrator of any
such dispute.  The information as to the applicable overtime hours worked, as
pre-printed on the Claim Form, shall be determinative of any disputed
Distribution Amount, except that a Settlement Member may present to the
Claims Administrator one or more Unisys paycheck stub(s) supporting a
greater number of such overtime hours. In this event, the number of such
overtime hours while a Service Delivery Employee during the relevant period,
as reflected on the Unisys paycheck stub(s), will be determinative, unless the
Claims Administrator concludes after consultation with Unisys that the Unisys
paycheck stub(s) is not authentic, is inaccurate, is incomplete, and/or was
altered.  The Parties agree that the Claims Administrator's decision on the
number of overtime hours that a Settlement Member during the relevant period
worked as a Service Delivery Employee will be final and binding. Settlement
Members will be advised in the Notice that, to participate in the Settlement,
they must agree to this dispute provision as well.

2.    If any person contacts any of the Parties or the Claims Administrator during the
Claim Period, asserting that he or she should have been sent a Notice and should
be entitled to participate in the Settlement but that person is not included in the
Class List sent by Unisys to the Claims Administrator, that person shall be
instructed by the Party or Claims Administrator to submit the dispute in writing
to the Claims Administrator together with any documents or other evidence in
support of his or her position.  Counsel for the Parties shall be promptly notified
of any dispute.  The Claims Administrator shall resolve the dispute by making
a binding determination as to the issues presented by the claim, after

20

consultation with the Parties' Counsel and review of any relevant documents. The Claims Administrator shall inform the potential Settlement Member of the outcome of the dispute. However, in making such a determination, the presumption will be that the records kept by Unisys are accurate.

3.      If any Settlement Member contacts Unisys or Defense Counsel about the Settlement, he or she will be instructed to contact the Claims Administrator. It is the intent of the Parties that the Claims Administrator will be the initial interface with Settlement Members about this Settlement and administration of the Settlement. However, should the Settlement Member's inquiry be legal in nature, the Claims Administrator shall immediately refer the Settlement Member to Class Counsel.

**i.**      **Non-interference with Claims Procedure**. The Parties and their counsel agree that they shall not seek to solicit or otherwise encourage Settlement Members to submit requests for exclusion or objections to the Settlement or to appeal from the Final Approval Order.

**j.**      **Procedures for Objecting to the Settlement.**

1.      Settlement Members who do not Opt-out and who wish to object to the proposed Settlement should file and serve such written objection no later than sixty (60) days after the Notice is mailed to the Settlement Member. The Notices mailed to Settlement Members shall contain the requirements and information set forth in this subsection.

2.      To object, Settlement Members should file with the Claims Administrator a written statement describing their reasons for objecting to the Settlement. The Claims Administrator shall provide Class Counsel and Defense Counsel with any objections received and file such objections with the Court. The written objection should contain a description of all reasons the objecting Settlement Member objects to the settlement.

3.      Settlement Members who do not Opt-out of the Settlement and who do not submit a written objection to the Claims Administrator may still appear at the Final Approval/Fairness Hearing and object.

4.      Persons who are not Settlement Members may not object to the Settlement, and any objections filed by such persons will be null and void.

**k.**      **Procedure for Opting Out of the Settlement**. Settlement Members who wish to Opt-out of the Settlement must submit to the Claims Administrator a request to Opt-out that includes their name, address, and telephone number, postmarked no later than the end of the Claim Period. A Settlement Member will not be entitled to Opt-out of the Settlement established by this Agreement unless he or she does all of the following: (i) makes a proper written request to Opt-out of the Settlement, (ii) signs the Opt-out request, and (iii) returns the Opt-out request so that it is postmarked on or before the

21

expiration of the Claim Period. It shall be conclusively presumed that, if an Opt-out request is not postmarked on or before the end of the Claim Period, the Settlement Member did not make the request in a timely manner. If, however, the Settlement Member submits a Valid Claim Form, his or her Opt-out request will be void. The Notices mailed by the Claims Administrator shall contain the requirements and information set forth in this subsection.

**14.    Releases.**

   **a.**    Upon the Effective Date, all members of the New York State Settlement Class, who have not timely opted out, including each of their respective successors, assigns, heirs, executors, administrators, beneficiaries, legal representatives, trustees, and estates, shall be deemed to fully, forever, irrevocably, and unconditionally release, remise, and discharge the Released Parties from any and all Claims against the Released Parties or any of them arising from, relating to or based on any state or local law (both statutory and common law) pertaining in any way to wages or hours worked, including minimum wage, overtime, unreimbursed expenses, interest, liquidated damages, punitive damages, attorneys' fees, costs and expenses, hours of work, record keeping/wage statements, payment of wages and overtime, and/or frequency of pay while employed by the Released Parties, including, without limitation, all state and local wage and hour statutory and common law Claims that were asserted or could have been asserted against the Released Parties in this Action, including under the New York State Labor law and its related regulations and wage orders, regarding events that occurred or are alleged to have occurred from the beginning of time until the date of the Final Approval Order; *provided, however,* Claims shall not include any Claims that were asserted or could have been asserted under federal law including the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

   **b.**    Upon the Effective Date,  and in addition to the release contained in Section 14(a), all members of the Federal FLSA Settlement Collective who submit a Valid Claim Form and thus become Participating Settlement Members, including each of their respective successors, assigns, heirs, executors, administrators, beneficiaries, legal representatives, trustees, and estates, shall be deemed to fully, forever, irrevocably, and unconditionally release, remise, and discharge the Released Parties from any and all Claims against the Released Parties or any of them arising from, relating to, or based on federal law (both statutory and common law) pertaining in any way to wages or hours worked, including minimum wage, overtime, unreimbursed expenses, interest, liquidated damages, punitive damages, attorneys' fees, costs and expenses, hours of work, record keeping/wage statements, payment of wages and overtime, and/or frequency of pay while employed by the Released Parties, including, without limitation, all Claims that were asserted or could have been asserted now or in the future against the Released Parties in this Action, including under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and its regulations, regarding events that occurred or are alleged to have occurred from the beginning of time until the date of the Final Approval Order.

**c.** Except as provided in this Agreement, upon payment of the Attorneys' Fees and Lawsuit Costs approved by the Court, Class Counsel and the Settlement Class Representative hereby irrevocably and unconditionally release, acquit, and forever discharge any Claim that he or they may have against the Released Parties for attorneys' fees, expenses, or costs associated with Class Counsel's representation of the Settlement Class Representative and the Settlement Class/Collective. Class Counsel further understands and agrees that any fee payments approved by the Court will be the full, final, and complete payment of all attorneys' fees, expenses, and costs associated with Class Counsel's representation in the Action with respect to Unisys.

**d.** For the avoidance of doubt, none of Hewlett-Packard Company, HP Inc., Hewlett Packard Enterprise Company or any entities related to the foregoing shall be considered Releasees. Moreover, nothing contained herein shall operate to release or waive any Claims that are not waivable as a matter of law or that the Settlement Class Representative and Settlement Members may have against Hewlett-Packard Company, HP Inc., Hewlett Packard Enterprise Company, any/or related entities asserted in the instant litigation under Docket Number 20-cv-00974 or otherwise.

**15.** **Covenant Not to Sue.** The Settlement Class Representative, New York State Settlement Class Members who do not timely Opt-out of this Settlement, and Federal FLSA Settlement Collective Members who submit a Valid Claim Form and thus become Participating Settlement Members promise not to file a lawsuit in any court, or participate as a party, including, but not limited to, as a class or collective action member in any legal proceedings, in any forum, against the Released Parties, for any Claim included and released in the Release(s) in Sections 14(a) through 14(c), above as applicable. In consideration of the promises made by Unisys in this Agreement, the Settlement Class Representative, each New York State Settlement Class Member who does not timely Opt-out of this Settlement, and each Federal FLSA Settlement Collective Member who submits a Valid Claim Form and thus becomes a Participating Settlement Member agrees never to institute any Claim in any court of the United States, state, or municipality, or any arbitration or other legal forum, against Unisys for any Claim included in the Release(s) in Sections 14(a) through 14(c), above as applicable. The Settlement Class Representative, New York State Settlement Class Members who do not timely Opt-out of this Settlement, and Federal FLSA Settlement Collective Members who submit a Valid Claim Form and thus become Participating Settlement Members also agree that they will not join, participate in, or consent to Opt-in to any actions alleging that they are similarly situated to any other employee with respect to any such released claims, and that they will elect to Opt-out of any such actions against Unisys of which they are involuntarily made a member or participant (except that the term "participant" does not apply to or include serving as a witness in another proceeding). If the Settlement Class Representative, any New York State Settlement Class Member who does not timely Opt-out of this Settlement, or any Federal FLSA Settlement Collective Member who submits a Valid Claim Form and thus becomes a Participating Settlement Member is joined in any class or collective lawsuits for any released claims, he or she will receive no further compensation of any kind for such released claim. The Settlement Class Representative, New York State Settlement Class Members, and Federal FLSA Settlement Collective Members further acknowledge and agree that the covenant not to sue is an essential and material term of this Agreement, and that no settlement could have been reached by the Parties without this term.

The Settlement Class Representative, New York State Settlement Class Members, and Federal FLSA Settlement Collective Members affirm that they understand and acknowledge the significance and consequence of this specific term of the Agreement. Nothing in this Agreement shall prohibit or restrict any Settlement Member from filing a charge, testifying, assisting, or participating in any manner in an investigation hearing or proceeding; responding to any inquiry; or otherwise communicating with, any administrative or regulatory (including any self-regulatory) agency or authority.

16.    **Dismissal of Lawsuit**.  The Court's Final Approval Order shall order that the Action is dismissed with prejudice as it pertains to Unisys pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). In addition, following payment of the Distribution Amounts, the Claims Administrator shall provide a written certification of such payments to Counsel for the Parties.

17.    **Voiding the Settlement Agreement**.

    **a.**    This Agreement is contingent upon the Court's approval of the Settlement and certification of the New York State Settlement Class and the Federal FLSA Settlement Collective. If the Court refuses to issue a Preliminary or Final Approval Order or to certify the New York State Settlement Class or the Federal FLSA Settlement Collective, or the Effective Date does not occur, after the expiration of the Good Faith Period this Agreement may be voided at either Party's option, in which case this Agreement and any exhibits, as well as prior negotiations, understandings, or agreements relating to the resolution of this Action, will not be admissible as evidence or otherwise and may not be used for any purpose in connection with any further litigation in this Action or any other lawsuit, administrative, or other legal proceeding, claim, investigation, or complaint.

    **b.**    Unisys, at its sole discretion, may withdraw from and void this Agreement by providing notice to Class Counsel and to the Court within ten (10) days after the Claims Administrator provides the Parties with a list of all New York State Settlement Members who have Opted out of this Action, but only if fifteen percent (15%) or more of the members of the New York State Settlement Class exercise their rights to Opt-out and be excluded from the New York State Settlement Class and this Agreement. If fifteen percent (15%) or more of the members of the New York State Settlement Class Opt-out of this Action, Unisys shall have the right, notwithstanding any other provisions of this Agreement, to withdraw from this Agreement, whereupon the Agreement will be null and void for all purposes, except the Good Faith provisions, and may not be used or introduced in further litigation or any other proceeding of any kind. For the avoidance of doubt, to the extent any Settlement Member withdraws from the Action prior to the date of the Preliminary Approval Order, such withdrawal will count towards the fifteen percent (15%) threshold discussed above, *provided, further, however*, any such person will still receive the Notice and Claim Form and will be bound by the terms of this Agreement.

    **c.**    All and any additional lawsuits filed by Settlement Members until the date of Preliminary Approval asserting Claims encompassed within Sections 14(a) and 14(b) of this Agreement and filed in federal court prior to Final Approval, if feasible, shall

be added to this Settlement under the terms of this Agreement and dismissed following Final Approval, unless such Settlement Member Opts-out of the Settlement. Defense Counsel agrees to timely identify such pending lawsuits.

18. **Return of Documents**. Any documents and information that have been produced by Unisys as part of the Action from its inception until execution of this Agreement, including all copies, excerpts, and electronic versions thereof, shall be destroyed by Class Counsel, or returned to Defense Counsel within ten (10) days after the end of the Check Cashing period. Notwithstanding this provision, Class Counsel may retain copies of such documents to the extent and for the duration of time required by applicable ethical rules provided that the terms of the parties' Confidentiality Order endorsed by the Court on October 28, 2020 shall otherwise remain in effect.

19. **No Retaliation**.

    a.    Consistent with its legal obligations, Unisys will not retaliate against any Settlement Members. Neither Party will retaliate against any Settlement Members based on his or her decision to participate or not to participate in this Action and/or the Settlement.

    b.    Unisys will not discourage Settlement Members from submitting claims for Distribution Amounts. Class Counsel will promptly notify Defense Counsel of any complaints by Settlement Members about any conduct by any Unisys management employee regarding this obligation.

20. **Mutual Full Cooperation**. The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including, but not limited to, execution of such documents as may be necessary to implement the terms of this Agreement. The Parties shall use their best efforts to effectuate this Agreement, including during any appeals. As soon as practicable after execution of this Agreement, Class Counsel shall, with the assistance and cooperation of Defense Counsel, take all necessary steps to secure the Preliminary and Final Approval Order and certification of the New York State Settlement Class and the Federal FLSA Settlement Collective. The Settlement Class Representative, Class Counsel, and Unisys each agree to abide by the terms of this Agreement in good faith and to support it fully, and shall use their best efforts to defend it from any legal challenge, whether by appeal or collateral attack.

21. **Non-Waiver**. No delay or omission by either Party in exercising any right under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on any one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion.

22. **Complete Agreement**. Other than as stated herein, the Parties warrant that no representation, promise, or inducement has been offered or made to induce any Party or Settlement Member to enter into this Agreement, and that they are competent to execute this Agreement and accept full responsibility therefor. This Agreement contains the entire, complete, and integrated statement of each and every term and provision agreed to by and among the Parties, and constitutes the entire understanding and agreement between the Parties and supersedes all previous oral and written negotiations, agreements, commitments, and writings in connection

25

therewith. This Agreement may not be amended or modified except by a writing signed by authorized representatives of all Parties. For the avoidance of doubt, to the extent any Settlement Member previously signed with Unisys a Confidential Settlement Agreement and General Release and/or a Separation and Release Agreement (including any Mutual Arbitration Agreement), the terms of such agreements shall remain in full force and effect.

23. **Knowing and Voluntary Agreement**.  The Parties each agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. The Parties further affirm that they have not been coerced, threatened, or intimidated into signing this Agreement; that they have been advised to consult with an attorney; and that they in fact have consulted with an attorney before signing this Agreement. Class Counsel represent that they have conducted a thorough investigation into the facts of the Action and have diligently pursued an investigation of the claims asserted on behalf of Settlement Members against Unisys.

24. **Notifications and Communications**.  Any notifications and communications made pursuant to, required by or otherwise in connection with the terms of this Agreement shall be sent to the Parties at the addresses of their respective counsel as follows:

*For Settlement Class Representative*            *For Unisys, to:*
*and Settlement Members, to:*

Paul Andrew Pagano, Esq.                          Kenneth W. DiGia, Esq.
Law Office of Paul A. Pagano, P.C.                Epstein, Becker & Green, P.C.
100 Duffy Avenue, Suite 510                       875 Third Avenue
Hicksville, NY 11801                              New York, NY 10022
*paul@lawofficepaulpagano.com*                    *kdigia@ebglaw.com*

25. **Severability**.  If any part of this Agreement is found to be illegal, invalid, inoperative, or unenforceable in law or equity, such finding shall not affect the validity of any other provisions of this Agreement, which shall be construed, reformed, and enforced to effect the purposes thereof to the fullest extent permitted by law.  If one or more of the provisions contained in the Agreement shall for any reason be held to be excessively broad in scope, subject matter, or otherwise, so as to be unenforceable, the Parties agree that such provision(s) shall be construed to be limited or reduced so as to be enforceable to the maximum extent under the applicable law, subject to the provisions of Section 3(g) permitting any Party to void the Agreement in the event of a change to a material term.

26. **Enforcement of Settlement Agreement and Governing Law**.  This Agreement shall be governed by New York law, without regard to that state's choice of law provisions.  The Parties also hereby submit to the jurisdiction of the Court for all purposes relating to the review, approval, and enforcement of the terms of this Agreement. The Parties agree that the Court shall retain jurisdiction to enforce the terms of this Agreement unless specifically set forth otherwise herein.

27.     **No Settlement Party Is the Drafter**.  No Party shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of construction that would or might cause any provision to be construed against the drafter hereof.  This Agreement was drafted with the input by all Parties upon consultation with their counsel, and no reliance was placed on any representations other than those contained herein.

29.     **Headings Not Controlling**.  The headings in this Settlement Agreement have been inserted for convenience only and are not to be considered when construing the provisions of this Settlement Agreement.

30.     **Calculation of Time Periods**.  All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Settlement Agreement or by order of the Court, the day of act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act to be done is the filing of a party in Court, a day on which weather or other conditions have made the office of the Clerk of the Court inaccessible, in which event the period shall run until the end of the next day that is not one of the observance of New Year's Day, the birthday of Dr. Martin Luther King, Jr., Presidents' Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a federal or a New York state holiday on which the Court is closed.

31.     **Agreement Form and Construction**.

  a.     The Parties agree that the terms and conditions of this Agreement are the result of lengthy, carefully considered, arms-length negotiations between the Parties and that this Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Agreement.

  b.     This Agreement may not be changed, altered, or modified, except in writing and signed by counsel for the Parties, and, if material, approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties.

  c.     To the extent necessary to effectuate the terms of this Agreement, including, without limitation, the meaning of any defined terms, the singular shall be construed as the plural and the plural construed as the singular, except where a plain reading of the language indicates that the use of the singular or plural is intended.

  d.     This Agreement shall be binding upon and inure to the benefit of the Parties and the Settlement Members, and their collective respective successors, assigns, heirs, executors, administrators, beneficiaries, legal representatives, trustees, and estates.

  e.     The Notices will advise all Settlement Members of the binding nature of the Agreement. Submission of a Valid Claim Form or cashing of the Distribution Amount

check shall have the same force and effect as if each Participating Settlement Member signed this Agreement.

f.   This Agreement may be executed in electronic counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon the Effective Date as to all Parties subject to the terms and conditions provided herein.

g.   This Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Agreement, for a complete resolution of the released claims.

h.   In the event of an inconsistency between the (1) Notice and/or Claim Form; and (2) the Settlement Agreement, this Agreement shall govern.

IN WITNESS WHEREOF, the Parties each voluntarily and without coercion have caused this Agreement to be signed and entered under seal as of the respective dates written below as their free acts and deeds.

**Unisys Corporation:**

_____        _6/21/2024_____
Katherine Dix Elsner                                                    DATE
Vice President, Deputy General Counsel
Global Head of Employment Law
and Chief Privacy Officer


**Epstein Becker & Green, P.C.:**
**875 Third Avenue**
**New York, NY 10022**
**212-351-4610**

_____        _6/24/24_____
Kenneth W. DiGia                                                     DATE

28

**Settlement Class Representative:**

_____                              6/20/24
Douglas Sorbie                                                                    DATE

**Law Office of Paul Pagano, P.C.:**
**100 Duffy Avenue, Suite 501**
**Hicksville, NY   11801**
**(917) 589-1479**

_Paul Pagano_                                                          6/20/2024
_____                   _____
Paul Pagano                                                                      DATE

**Law Office of Jason L. Abelove, P.C.:**
**666 Old Country Road, Suite 303**
**Garden City, NY 11530-2014**
**(516) 222-7000**


_____                   _____
Jason L. Abelove                                                            DATE

**Law Offices of Anthony J. LoPresti:**
**585 Stewart Avenue, Suite 544**
**Garden City, NY 11530**
**(516)739-2020**


_____                   _____
Anthony J. LoPresti                                                        DATE

**Law Offices of Yale Pollack, P.C.:**
**66 Split Rock Road**
**Syosset, NY 11791**
**(516) 634-6340**


_____                   _____
Yale Pollack                                                                    DATE

29

**Settlement Class Representative:**

_____          _____
Douglas Sorbie                                                DATE

**Law Office of Paul Pagano, P.C.:**
**100 Duffy Avenue, Suite 501**
**Hicksville, NY   11801**
**(917) 589-1479**

_Paul Pagano_                                           6/20/2024
_____          _____
Paul Pagano                                                   DATE

**Law Office of Jason L. Abelove, P.C.:**
**666 Old Country Road, Suite 303**
**Garden City, NY 11530-2014**
**(516) 222-7000**

_Jason L. Abelove_                                    June 21, 2024
_____          _____
Jason L. Abelove                                            DATE

**Law Offices of Anthony J. LoPresti:**
~~585 Stewart Avenue, Suite 544~~  300 Garden City Plaza
**Garden City, NY 11530**                    Suite 226
**(516) 739-2020**

_[signature]_                                           6/21/24
_____          _____
Anthony J. LoPresti                                       DATE

**Law Offices of Yale Pollack, P.C.:**
**66 Split Rock Road**
**Syosset, NY 11791**
**(516) 634-6340**

_____          _____
Yale Pollack                                                   DATE

**Settlement Class Representative:**

_____          _____
Douglas Sorbie                                                    DATE

**Law Office of Paul Pagano, P.C.:**
**100 Duffy Avenue, Suite 501**
**Hicksville, NY   11801**
**(917) 589-1479**

*Paul Pagano*                                                       6/20/2024
_____          _____
Paul Pagano                                                       DATE

**Law Office of Jason L. Abelove, P.C.:**
**666 Old Country Road, Suite 303**
**Garden City, NY 11530-2014**
**(516) 222-7000**

_____          _____
Jason L. Abelove                                                  DATE

**Law Offices of Anthony J. LoPresti:**
**585 Stewart Avenue, Suite 544**
**Garden City, NY 11530**
**(516)739-2020**

_____          _____
Anthony J. LoPresti                                              DATE

**Law Offices of Yale Pollack, P.C.:**
**66 Split Rock Road**
**Syosset, NY 11791**
**(516) 634-6340**

_____          _____
Yale Pollack                                                       6/20/2024
                                                                   DATE

29

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                                    :
TONY CACCAVALE, ANTHONY MANGELLI,                   :
DOUGLAS SORBIE, and JAMES BILLUPS,                  :      2:20-cv-00974 (NJC)(ST)
individually and on behalf of all others similarly  :
situated,                                           :
                                                    :
                    Plaintiffs,                     :
                                                    :
            v.                                      :
                                                    :
                                                    :
HEWLETT-PACKARD COMPANY A/K/A HP                    :
INC., HEWLETT PACKARD ENTERPRISE                    :
COMPANY and UNISYS CORPORATION,                    :
                                                    :
                    Defendants.                     :
                                                    :
---------------------------------------------------------------X

**[PROPOSED] ORDER GRANTING PLAINTIFF DOUGLAS SORBIE AND DEFENDANT UNISYS CORPORATION'S JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS/COLLECTIVE, APPROVAL OF PROPOSED NOTICE OF SETTLEMENT AND CLAIM FORM, APPROVAL OF SETTLEMENT PROCEDURE, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, APPOINTMENT OF CLAIMS ADMIN, AND INJUNCTIVE RELIEF**

The above-entitled matter came before the Court on Plaintiff Douglas Sorbie ("Plaintiff or "Sorbie") and Defendant Unisys Corporation's ("Defendant" or "Unisys" and collectively the "Parties") Joint Motion for Preliminary Approval of Class and Collective Action Settlement, Conditional Certification of the Settlement Class/Collective, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of the Parties' Proposed Notice of Settlement ("Motion for Preliminary Approval"). Unless provided elsewhere herein, capitalized terms used in this Order shall have the meanings set forth in the parties' Settlement Agreement and Release.

Solely for settlement purposes of this matter, the Court grants the relief sought herein including conditional certification by the Court of the New York State Settlement Class as a

Federal Rule of Civil Procedure 23 class and the Federal FLSA Settlement Collective pursuant to 29 U.S.C. § 216(b).

**I.      Preliminary Approval of Settlement**

1.      Based upon the Court's review of the Parties' Motion for Preliminary Approval and all papers submitted in support thereof, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement" or "Agreement") between Plaintiff and Defendant, and hereby conditionally approves all the Settlement Agreement's terms, subject to further consideration thereof at the Final Approval Hearing provided for below.

2.      Courts have discretion regarding the approval of a proposed class action settlement. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998). In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action cases because they and their counsel are in unique positions to assess potential risks. *See Clark v. Ecolab, Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009).

3.      Preliminary approval, which is what the Parties seek here, is the first step in the settlement process. *Hartley v. Wells Fargo & Co.*, Civil Action No. 14-cv-5169 (JMA) (ARL), 2016 U.S. Dist. LEXIS 139874, at *7 (E.D.N.Y. Sep. 30, 2016). It simply allows notice to issue to the class and for class members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input. *Clark*, 2009 WL 6615729, at *3.

4.      Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and, in some cases,

2

an informal presentation by the settling parties. *Clark*, 2009 WL 6615729, at *3 (citing Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*") § 11.25 (4th ed. 2002)). Courts often grant preliminary settlement approval without requiring a hearing or a court appearance. *See Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472, 2012 WL 5862749, at *1 (S.D.N.Y. Nov. 15, 2012) (granting preliminary approval based on plaintiffs' memorandum of law, attorney declaration, and exhibits); *Palacio v. E*TRADE Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *1 (S.D.N.Y. Mar. 12, 2012) (same). To grant preliminary approval, the court need only find that there is "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980) (internal citation omitted). If the proposed settlement "appears to fall within the range of possible approval," the court should order that the class members receive notice of the settlement. *Clark*, 2009 WL 6615729, at *3.

5.    The Court has reviewed the terms and conditions of the Settlement Agreement, including the monetary relief provisions, the plan of allocation, and the releases of claims. The Court concludes that the proposed Settlement Agreement is within the range of final settlement approval such that notice to the class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d at 634; *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 33 (E.D.N.Y. 2006). The Court further finds that the Settlement Agreement is fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23.  The Settlement will ensure prompt payment to class and collective members and avoid the continued risks and expense of additional litigation. The Settlement is in the best interest of the Settlement Class Representative (namely, Plaintiff Douglas Sorbie) and the members of the Settlement Class/Collective.

3

6.      The Court finds that the Settlement Agreement is the result of arms' length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. *Hartley*, 2016 U.S. Dist. LEXIS 139874, at *8. "Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005). "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, Nos. 05 Civ. 10240, 05 Civ. 10287, 05 Civ. 10515, 05 Civ. 10610, 06 Civ. 304, 06 Civ. 347, 06 Civ. 1684, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007).

7.      Courts should grant preliminary approval where the settlement agreement has "no obvious defects." *See Alli v. Boston Market Corp.*, No. 10 Civ. 00004, 2011 WL 6156938, at *3 (D. Conn., Dec. 9, 2011). The Court finds that the Settlement Agreement presented here has "no obvious defects" that prevent preliminary approval.

## II.      Conditional Certification of the Proposed Rule 23 Settlement Class

8.      Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed settlement agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790–92 (3d Cir. 1995) (discussing the advantages of certifying classes for settlement purposes); *Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 WL 382200, at *1 (S.D.N.Y. Jan. 21, 2011) (conditionally certifying wage and hour settlement class and granting preliminary approval of settlement).

4

9.      Therefore, the Court certifies the following class under Fed. R. Civ. P. 23(e) for settlement purposes ("New York State Settlement Class"):

> Current or former employees of Unisys (including the Named Plaintiffs) who are or were employed at any time by Unisys in New York based on a Unisys-assigned New York work location, during the period February 21, 2014 through October 20, 2023 in one or more of the following positions in the Service Delivery Employee job family: Field Engineer 1, Field Engineer 2, Field Engineer 3, Field Engineer 4, Customer Engineer 2, Customer Engineer 3, Customer Engineer 4, Customer Engineer 5, Customer Engineer 6, Client Infrast Rep 3-Barg Unit, Client Infrast Rep 4-Bar Unit, Client Infrast Rep 5-Barg Unit, UTS Field Svc Associate, UTS Field Svc Tech 1, UTS Field Svc Tech 2, UTS Field Svc Tech 3, UTS Field Svc Tech 4, or UTS Field Svc Tech 5 (collectively "Service Delivery Employees").

Additionally, for the reasons previously set forth in this Court's May 28, 2021 Order Regarding Conditional Certification, Issuance of Collective Action Notice and Disclosure of Contact Information (ECF No. 83), the Court conditionally certified a collective action under 29 U.S.C. § 216(b) and notice was sent out. As a result of the opt-in process and the Settlement Agreement, the Federal FLSA Settlement Collective is now defined as:

> All Settlement Members limited to the period December 17, 2017 through October 20, 2023.

10.     Plaintiff meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

11.     Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(1) because there are 295 Settlement Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.").

12.     Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2) because he and the New York State Settlement Class members share common issues of fact and law, including whether Unisys failed to pay them overtime wages within the period of time set forth in New York Labor

5

Law § 191(1)(a). *Cf. Morris v. Affinity Health Plan, Inc.,* 859 F. Supp. 2d 611, 615-16 (S.D.N.Y. 2012) (commonality satisfied where, among other allegations, plaintiffs claimed that defendant had policy of not paying all class members overtime pay); *Clark v. Ecolab Inc.,* Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2010 WL 1948198, at *3 (S.D.N.Y. May 11, 2010) (common issues that help to satisfy Rule 23 commonality requirement include "whether [Defendant] failed to pay Plaintiffs and the state settlement Class Members overtime premium pay for all hours they worked over 40 in a workweek").

13.    Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3) because his pay-frequency claim arises from the same factual and legal circumstances that form the bases of the New York State Settlement Class members' claims (i.e., Unisys's overtime pay frequency practices). *See Westerfield v. Wash. Mut. Bank,* No. 06-CV-2817 (CBA)(JMA), 2009 U.S. Dist. LEXIS 54553, at *7 (E.D.N.Y. June 24, 2009) (typicality satisfied where Plaintiffs' claims for overtime pay arose from same factual and legal circumstances that form the bases of class members' claims); *Morris*, 859 F. Supp. 2d at 616 (same).

14.    Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4) because there is no evidence that his and the New York State Settlement Class members' interests are at odds. *See Hartley*, 2016 U.S. Dist. LEXIS 139874, at *10 (no evidence that named plaintiffs' and class members' interests were at odds).

15.    In addition, Plaintiff's Counsel also meets Rule 23(a)(4)'s adequacy requirement because they are experienced in wage and hour litigation, including class and collective actions, and thus are well-qualified to represent the Class.

16.    Plaintiff also satisfies Rule 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among the New York State Settlement

6

Class members. *Cf. Hartley*, 2016 U.S. Dist. LEXIS 139874, at *11 (common factual allegations and legal theory predominated over variations in wage and hour misclassification case); *Torres v. Gristede's Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) (plaintiff "introduced sufficient proof that Defendants engaged in a common practice to deny employees overtime pay," and "this issue predominates over any individual calculations of overtime wages"). Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See Morris*, 859 F. Supp. 2d at 617; *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 161, 164 (S.D.N.Y. 2008).

## III.   Appointment of Plaintiff's Counsel as Class Counsel and Appointment of Administrator

17.    The Court appoints Paul A. Pagano of the Law Office of Paul A. Pagano, P.C.; Jason L. Abelove of the Law Office of Jason L. Abelove, P.C.; Anthony J. LoPresti of the Law Offices of Anthony J. LoPresti; and Yale Pollack of the Law Offices of Yale Pollack, P.C., as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia*, 250 F.R.D. at 165 (explaining that Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, … counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, … counsel's knowledge of the applicable law, and … the resources counsel will commit to representing the class") (internal quotation marks omitted).

18.    Plaintiff's Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiff's and the New York State Settlement Class members' claims.

19.     Class Counsel are experienced class action litigators and are "well-versed in wage and hour and class action law." *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 1872405, at *2 (S.D.N.Y. May 17, 2011) (internal quotation marks omitted).

20.     The work that Class Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the Class's interests. *See Hartley*, 2016 U.S. Dist. LEXIS 139874, at *12.

21.     In addition, the Court appoints Rust Consulting as a third-party administrator.

**IV.    Notice**

22.     The Court approves the Proposed Notice of Class Action Settlement ("Proposed Notice"), filed on June 24, 2024, and directs its distribution to the Class.

23.     The content of the Proposed Notice fully complies with due process and Federal Rule of Civil Procedure 23. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

24.     The Proposed Notice satisfies each of these requirements and adequately puts the Settlement Class/Collective members on notice of the proposed settlement. *See, e.g.*, *In re Michael Milken & Assocs. Sec. Litig.,* 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"); *Johnson*, 2011 WL 1872405, at *3. The Proposed Notice is also appropriate because it describes the terms of the settlement, informs the class about the

8

allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. *Hernandez*, 2012 WL 5862749, at *5.

## V.    Injunction

25.    Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), the Court hereby enjoins all Settlement Members from initiating lawsuits asserting Claims encompassed within Sections 14(a) and 14(b) of the Agreement against Unisys on behalf of any class or collective of Service Delivery Employees, until such time as Final Approval has been granted.

## VI.    Class Action Settlement Procedure

26.    The Court hereby adopts the following settlement procedure:

a.    Within 21 days of the date of this Order, Unisys shall provide to the Claims Administrator a Class List. Within 14 days of receiving such information, the Claims Administrator shall mail the Notices to Settlement Members;

b.    Settlement Members who do not opt-out will have 60 days from the date the Notice is mailed to file any objection(s) to the settlement with the Claims Administrator, and 60 days from the date the Notice is mailed to opt out of the settlement;

c.    As long as a Settlement Member does not opt-out s/he may appear at the Final Approval/Fairness Hearing and object;

d.    The Parties shall file their Motion for Final Approval of the Settlement by _____;

e.    The Court will hold a final approval/fairness hearing on _____ at _____ a.m./p.m. at the United States District

Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, New York, Courtroom 910;

f.    If the Court grants the Parties' Motion for Final Approval of the Settlement, the Court will issue a Final Approval Order. If no party appeals the Court's Final Approval Order, the "Effective Date" of the settlement will be three days after the deadline for taking an appeal has passed;

g.    If rehearing, reconsideration, or appellate review is sought, the "Effective Date" shall be three days after all such challenges and appeals are resolved in favor of final approval;

h.    The Claims Administrator will disburse settlement checks to the Class Members, Class Counsel's attorneys' fees and expenses to Class Counsel, the Service Awards, and the Claims Administrator's fee within 30 days of the Effective Date; and

i.    The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this ___ day of _____, 2024.

_____
Honorable Nusrat Jahan Choudhury
United States District Judge

10

EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                :

TONY CACCAVALE, ANTHONY MANGELLI,    :
DOUGLAS SORBIE, and JAMES BILLUPS,     :    2:20-cv-00974 (NJC)(ST)
individually and on behalf of all others similarly :
situated,                                    :
                                :

               Plaintiffs,      :

               v.            :
                                :

HEWLETT-PACKARD COMPANY A/K/A HP    :
INC., HEWLETT PACKARD ENTERPRISE     :
COMPANY and UNISYS CORPORATION,     :
                                :

               Defendants.     :
                                :
---------------------------------------------------------------X

### <u>NOTICE OF PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT</u>

### YOU COULD GET A PAYMENT FROM A CLASS AND COLLECTIVE ACTION SETTLEMENT

**Current or former employees of Unisys (including the Named Plaintiffs) who are or were employed at any time by Unisys in New York based on a Unisys-assigned New York work location, during the period February 21, 2014 through October 20, 2023, in one or more of the following positions in the Service Delivery Employee job family: Field Engineer 1, Field Engineer 2, Field Engineer 3, Field Engineer 4, Customer Engineer 2, Customer Engineer 3, Customer Engineer 4, Customer Engineer 5, Customer Engineer 6, Client Infrast Rep 3-Barg Unit, Client Infrast Rep 4-Bar Unit, Client Infrast Rep 5-Barg Unit, UTS Field Svc Associate, UTS Field Svc Tech 1, UTS Field Svc Tech 2, UTS Field Svc Tech 3, UTS Field Svc Tech 4, or UTS Field Svc Tech 5 (collectively "Service Delivery Employees"), should read this notice.**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

A former employee ("Plaintiff") of Unisys Corporation ("Unisys" or "Defendant") sued Unisys claiming that it violated the New York Labor Law by paying Service Delivery Employees overtime wages on a bi-weekly, as opposed to weekly, basis and later than seven calendar days after the end of the workweek in which wages were earned and violated the federal Fair Labor Standards Act by failing to pay overtime promptly. The Plaintiff sought recovery of liquidated damages of up to 100% of the amount of overtime wages that he contends were not paid timely. Defendant expressly contests and denies the allegations made by the Plaintiff and denies any liability or damages. Defendant has nevertheless decided to settle the case to avoid the burden and expense of continuing the lawsuit.

1

Questions?   See Question 6

The Plaintiff and Defendant have entered into a settlement regarding the above claims, subject to Court approval. Defendant has agreed to pay a total of six hundred and twenty-five thousand dollars ($625,000.00) that will be used to pay current and former Service Delivery Employees who are eligible to participate in the settlement and attorneys' fees and costs.

You are receiving this Notice because you may be eligible to receive a payment based on the settlement agreement. You are not guaranteed to receive a payment just because you have received this Notice. To receive a settlement payment and become a Participating Settlement Member under the settlement agreement, you must meet the eligibility criteria under the settlement and return a valid Claim Form (enclosed) postmarked by [INSERT DATE OF END OF CLAIM PERIOD – 60 DAYS AFTER NOTICE IS SENT]

We cannot estimate the amount of your payment at this time because it depends on the number of Participating Settlement Members, but if the settlement is approved by the Court, your payment, provided you meet the eligibility criteria, will be calculated based on the applicable number of overtime hours you worked as a Service Delivery Employee divided by the total applicable number of overtime hours worked by all Participating Settlement Members.

The Court has not decided who is right and who is wrong. Your legal rights may be affected whether you act or don't act, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **PARTICIPATE** | To participate in the monetary recovery provided by the settlement, you must complete and return the enclosed Claim Form postmarked by [INSERT DATE OF END OF CLAIM PERIOD – 60 DAYS AFTER NOTICE IS SENT]. |
| **OBJECT** | If you believe that the settlement is not fair or reasonable, you can write to the Claims Administrator  to express your views. You should object in writing [INSERT DATE OF END OF CLAIM PERIOD – 60 DAYS AFTER NOTICE IS SENT]. If the Court rejects your objection, you will still be bound by the terms of the settlement.<br><br>To object to the settlement you must not opt-out of the settlement.<br><br>Your objection should be postmarked no later than [INSERT DATE OF END OF CLAIM PERIOD – 60 DAYS AFTER NOTICE IS SENT].<br><br>If you do not opt-out of the settlement and do not submit a written objection to the Claims Administrator, you may still appear at the Final Approval/Fairness Hearing and object. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt-out") from the settlement, you must follow the directions outlined in Question 13 below. If you exclude yourself, you will receive no payment and you cannot object to the settlement. If you are one of the four Named Plaintiffs or previously filed a Consent to Join form in connection with this lawsuit, you may still exclude yourself from this |

2

Questions?   See Question 6

| | settlement. |
|---|---|
| | Your exclusion request must be postmarked no later than <mark>[INSERT DATE OF END OF CLAIM PERIOD – 60 DAYS AFTER NOTICE IS SENT]</mark>. |

Your rights and options – and the deadlines to exercise them – are explained in this Notice. The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why did I get this Notice?

You have received this Notice because Defendant's records show that you are or were a Service Delivery Employee employed by Unisys in New York based on a Unisys-assigned New York work location during the period February 21, 2014 through October 20, 2023.

The Court ordered that you be sent this Notice because you have a right to know about a proposed settlement and all your options before the Court decides whether to approve the settlement. The lawsuit is known as *Tony Caccavale, Anthony Mangelli, Douglas Sorbie, and James Billups, individually and on behalf of all others similarly situated v. Hewlett-Packard Company a/k/a HP Inc., Hewlett Packard Enterprise Company, and Unisys Corporation*, Case No. 2:20-cv-00974 (NJC)(ST), and it is pending in the United States District Court for the Eastern District of New York.

### 2. What is this lawsuit about?

This lawsuit is about whether the Defendant timely paid employees in accordance with federal and state labor laws.  In particular, this Notice relates to claims that the Defendant violated state law by paying Service Delivery Employees their overtime wages on a bi-weekly, as opposed to weekly, basis and later than seven calendar days after the end of the workweek in which the overtime wages were earned and federal law by not paying overtime wages promptly. There is no allegation that Service Delivery Employees were not paid for all hours worked.

Defendant denies that it violated any laws or did anything wrong. The Court has not issued any decision finding that Defendant violated any laws or did anything wrong.

### 3. What is a Class and Collective Action?

A class and collective action is a lawsuit where one or more persons ("Class and Collective Representatives") (in this case Plaintiff Douglas Sorbie is both the Class and Collective Representative) sue not only for themselves, but also for other people who have similar claims. These other people are known as Class and Collective Members. In a class and collective action, one court resolves the issues for all Class and Collective Members, except for those who exclude themselves from the Class and do not join the Collective.  Here, the Class Representative is asserting, on behalf of the Class, claims under state wage and hour laws. The Collective Representative is asserting, on behalf of the Collective, claims under the Fair Labor Standards Act.

3

Questions?   See Question 6

Settlement Members means all Service Delivery Employees as described above.

The New York State Settlement Class and Federal FLSA Settlement Collective are referred to collectively as the Settlement Class/Collective.

You are automatically a member of the New York State Settlement Class if you are a Service Delivery Employee employed by Unisys in New York based on a Unisys-assigned New York work location during the period February 21, 2014 through October 20, 2023.

You are a potential member of the Federal FLSA Settlement Collective if you are a Service Delivery Employee employed by Unisys in New York based on a Unisys-assigned New York work location during the period December 17, 2017 through October 20, 2023.  To become a member of the Federal FLSA Settlement Collective you must submit a timely and valid Claim Form.

**4. Why is there a settlement?**

The Court did not decide in favor of Plaintiff or Defendant. Both Plaintiff and Defendant believe they have valid arguments, and that they could have won if they went to trial.  But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the costs, delays, and uncertainties associated with a trial.

The Class and Collective Representative and Class and Collective Counsel (identified in Question 6 below) think the settlement is the best result for Settlement Members. Class and Collective Counsel are satisfied that the terms and conditions of the settlement are fair, reasonable, and adequate, and that the settlement is in the best interest of the Class and Collective Representative and the Settlement Members.

The "New York State Settlement Class" and "Federal FLSA Settlement Collective" are described in Question 3 above.

## WHO IS IN THE SETTLEMENT

**5. How do I know if I am part of the settlement?**

**You are part of the settlement if you are encompassed within the Class and/or Collective as described in Question 3 above.**

**In order to be eligible to receive a monetary award from the settlement, you must now complete and return the enclosed Claim Form (as described in Question 9 below) provided you have not submitted a valid Opt-out in accordance with Section 13(k) of the Agreement and this Notice.**

If you return a complete and valid copy of the enclosed Claim Form (and you do not opt out of the settlement) postmarked by **[INSERT DATE – 60 DAYS AFTER NOTICE PACKET]**, you will be a "Participating Settlement Member."

**6. I'm still not sure if I am included?**

4

Questions?   See Question 6

If you are still not sure whether you are included, you can contact the Claims Administrator in this matter at [INSERT CONTACT INFORMATION.]   You may also contact Class and Collective Counsel – Paul A. Pagano of the Law Office of Paul A. Pagano, P.C. (917-589-1479); Jason L. Abelove of the Law Office of Jason L. Abelove, P.C. (516-222-7000); Anthony J. LoPresti of the Law Offices of Anthony J. LoPresti (516-739-2020); and Yale Pollack of the Law Offices of Yale Pollack, P.C. (516-634-6340) – for more information, but your first contact should be the Claims Administrator.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 7. What does the settlement provide?

Defendant has agreed to pay $625,000.00. Subject to the Court's approval of the settlement and deductions for requested Class and Collective Counsel fees and litigation costs, incentive payment to the Class and Collective Representative, administration costs, and employment taxes (if any), a minimum of approximately $_____ (the "Net Settlement Amount") will be distributed among Participating Settlement Members.

### 8. How much will my payment be?

If you return a valid Claim Form postmarked by [INSERT DATE – 60 DAYS AFTER NOTICE PACKET], then you are a Participating Settlement Member and subject to Court approval your settlement allocation will be calculated as follows:

Each Settlement Member who becomes a Participating Settlement Member will receive a Distribution Amount calculated pursuant to the following formula:

1. The number of applicable overtime hours worked by all Participating Settlement Members will be totaled ("Total Overtime Hours").

2. Each Participating Settlement Member's applicable individual total overtime hours (the numerator) will be divided by the Total Overtime Hours (the denominator) to arrive at that Participating Settlement Member's "Overtime Participation Percentage."

3. Each Participating Settlement Member's Overtime Participation Percentage will be multiplied by the Net Settlement Amount.

4. Participating Settlement Members whose Distribution Amount would result in a payment of less than $50, or no payment, will receive a minimum Distribution Amount from the Net Settlement Amount in the amount of $50.

5. Allocation to Participating Settlement Members whose Distribution Amount would result in a payment equal to or greater than $50, will be made from the Net Settlement Amount minus the total amount of minimum payments set forth in number (4) above.

5

6. The resulting amount set out in number (4) above or as applicable number (5) above will be that "Participating Settlement Member's Distribution Amount."

7. Only Participating Settlement Members shall be entitled to receive an individual Distribution Amount.

We cannot estimate your payment at this time because it depends on the Participating Settlement Members, and the Court needs to approve, among other things, the service award and attorneys' fees and costs.

To the extent you dispute the number of applicable overtime hours you worked as a Service Delivery Employee you are required to contact the Claims Administrator.

## HOW YOU GET A PAYMENT

### 9. How can I get my payment?

In order to be eligible to receive the payment identified in Question 8, you must return the enclosed Claim Form to the *Tony Caccavale, Anthony Mangelli, Douglas Sorbie, and James Billups, individually and on behalf of all others similarly situated v. Hewlett-Packard Company a/k/a HP Inc., Hewlett Packard Enterprise Company, and Unisys Corporation* Claims Administrator at [ADDRESS], postmarked by [INSERT DATE – 60 DAYS AFTER NOTICE PACKET]. If you choose to exclude yourself (as explained in Question 13 below), or you fail to return a valid Claim Form prior to the deadline, then you will not receive a payment but in the latter instance you will still be bound by certain provisions of the settlement.

### 10. When will I receive my payment?

The Court will hold a hearing on [INSERT DATE AND TIME OF FAIRNESS HEARING] to decide whether to approve the settlement. If the Court approves the settlement and there are no appeals, within approximately thirty (30) days, funds will be disbursed to the Participating Settlement Members. If you receive a settlement check, you must deposit or cash your settlement check within one hundred twenty (120) calendar days after it is mailed to you. The funds from any uncashed checks will be distributed to the following charitable organization: National Institute for Workers' Rights.

### 11. How will my payment be taxed?

You will be responsible for paying taxes due on any settlement payment to you. The payment will be treated as non-wage income representing payment for alleged liquidated damages (with no taxes withheld and a 1099 Form issued). Neither Class and Collective Counsel nor Defendant or Defendant's counsel makes any representations concerning the tax consequences of this settlement, and you are advised to seek your own personal tax advice regarding the tax implications of the settlement.

6

Questions?  See Question 6

**12. What am I giving up to get a payment or stay in the Collective or Class?**

The settlement impacts you as follows:

- Unless you exclude yourself (as explained in Question 13 below), you waive and release Unisys and its related entities from all State and local wage and hour claims if you are a member of the New York State Settlement Class as defined in Question 3 above whether or not you submit a valid Claim Form and whether or not you receive a payment under the settlement.

- You waive and release Unisys and its related entities from all Federal wage and hour claims **only if** you submit a valid Claim Form and become a member of the Federal FLSA Settlement Collective as defined in Question 3.

If you return a valid attached Claim Form postmarked by [INSERT DATE OF END OF CLAIM PERIOD – 60 DAYS AFTER NOTICE IS SENT], you will also join the Federal FLSA Settlement Collective. That means that you will release the wage payment claims under the federal Fair Labor Standards Act discussed in the second bullet point above.

Releasing your claims means that you cannot sue, continue to sue, or be party to any other lawsuit against Defendant and its related entities about the legal issues in this case. By staying in the New York State Settlement Class and/or joining the Federal FLSA Settlement Collective, you are agreeing that all of the Court's orders pertaining to the settlement will apply to you and legally bind you.

Also, any lawsuits filed by Settlement Members prior to [INSERT DATE OF PRELIMINARY APPROVAL ORDER] asserting claims encompassed within the first two bullet points above, shall be added to this settlement and dismissed as part of the Final Approval Order.

**Please Note: Plaintiff has also brought claims against Hewlett Packard Company ("HP"), HP Inc. ("HPI"), and Hewlett Packard Enterprise Company ("HPE") alleging violations of New York State wage and hour laws in this lawsuit. HP, HPI, and HPE are not parties to the settlement. Plaintiff's claims against them are still being litigated in court. Your participation in this settlement does not affect any claims you might have against HP, HPI, HPE, or related entities.**

<u>**EXCLUDING YOURSELF FROM THE SETTLEMENT**</u>

If you want to keep the right to sue or continue to sue Unisys on state and local wage and hour claims you must exclude yourself from the New York State Settlement Class. If you want to keep the right to continue to sue Unisys on federal wage and hour claims you must not submit a Claim Form. The process of excluding yourself is also sometimes referred to as "opting out" of the Class.

**13. How do I opt out of the settlement?**

7

FIRM:64882254.2

To exclude yourself from the settlement, you must mail a written, signed statement including your name, address, and telephone number(s) to the *Tony Caccavale, Anthony Mangelli, Douglas Sorbie, and James Billups, individually and on behalf of all others similarly situated v. Hewlett-Packard Company a/k/a HP Inc., Hewlett Packard Enterprise Company, and Unisys Corporation* Claims Administrator, Rust Consulting, at [ADDRESS], postmarked by [INSERT DATE – 60 DAYS AFTER NOTICE PACKET]. This written statement must also state: "I, [NAME], was or am employed by Unisys as a Service Delivery Employee and had a Unisys-assigned work location in New York between February 21, 2014 through October 20, 2023. I hereby exercise my right to opt out of the *Tony Caccavale, Anthony Mangelli, Douglas Sorbie, and James Billups, individually and on behalf of all others similarly situated v. Hewlett-Packard Company a/k/a HP Inc., Hewlett Packard Enterprise Company, and Unisys Corporation* Settlement, knowing that by doing so I waive any and all rights I may have to participate in that Settlement and to be paid any portion of the settlement proceeds that I would otherwise be eligible to receive under that Settlement." The written opt-out statement must be postmarked no later than [INSERT DATE OF END OF CLAIM PERIOD – 60 DAYS AFTER NOTICE IS SENT]. **If you ask to be excluded, you will not receive a settlement payment, and you cannot object to the settlement.** You will not be legally bound by anything that happens in this lawsuit. You may also be able to sue (or continue to sue) Defendant in the future, but Class and Collective Counsel cannot represent you. If you wish to exclude yourself in order to file an individual lawsuit against Defendant, you should speak to a lawyer as soon as possible because your claims are subject to a statute of limitations.

## 14. If I don't exclude myself can I sue Defendant for the same thing later?

Unless you exclude yourself, you give up any rights to sue Defendant as outlined in Question 12.

## 15. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this settlement. You may sue, continue to sue, or be part of a different lawsuit against Defendant regarding the same claims.

## THE LAWYERS REPRESENTING YOU

## 16. Do I have a lawyer in this case?

The Court has decided that (a) Paul A. Pagano of the Law Office of Paul A. Pagano, P.C., 100 Duffy Avenue, Suite 510, Hicksville, New York 11801; (b) Jason L. Abelove of the Law Office of Jason L. Abelove, P.C., 666 Old Country Road, Suite 303, Garden City, New York 11530-2014; (c) Anthony J. LoPresti of the Law Offices of Anthony J. LoPresti, 585 Stewart Avenue, Suite 544, Garden City, New York 11530; and (d) Yale Pollack of the Law Offices of Yale Pollack, P.C., 66 Split Rock Road, 11791, Syosset, New York 11779 are qualified to represent you and all Class and Collective Members. These lawyers have been designated as "Class and Collective Counsel" in this lawsuit. More information about these lawyers' practices and experience is available on the following websites:

- https://www.jasonabelove.com/

8

Questions?  See Question 6

- https://www.nassaufamilylaw.com/

- https://www.yalepollacklaw.com/.

| **17. How will the lawyers be paid?** |
|---|

Class and Collective Counsel will ask the Court to approve payment of up to 33 1/3 % of the settlement amount to them for attorneys' fees. The fees would pay Class and Collective Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class and Collective Counsel will also ask the Court to approve payment of up to $35,000.00 for their out-of-pocket costs. The Court may award less than these requested amounts to Class and Collective Counsel. Class and Collective Counsel will take their fees from the total settlement payment before making individual settlement allocations, and before settlement payments are distributed.

## OBJECTING TO THE SETTLEMENT

You can tell the Court if you don't agree with the settlement, or some part of it.

| **18. How do I tell the Court that I don't like the settlement?** |
|---|

New York State Settlement Class Members who do not opt-out and who wish to object to the proposed Settlement can do so if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you should send a written statement including your name, address, and telephone number(s) to the *Tony Caccavale, Anthony Mangelli, Douglas Sorbie, and James Billups, individually and on behalf of all others similarly situated v. Hewlett-Packard Company a/k/a HP Inc., Hewlett Packard Enterprise Company, and Unisys Corporation* Claims Administrator, Rust Consulting, at [ADDRESS], including all reasons for the objection. The written objection statement should be postmarked no later than [INSERT DATE TO OBJECT] While it is preferred that, if you wish to object, you do so in writing by [INSERT DATE TO OBJECT], you may still object at the Fairness Hearing even if you do not submit a prior written objection.

| **19. What is the difference between objecting to the settlement and excluding myself?** |
|---|

Objecting is simply telling the Court that you do not like something about the settlement. Excluding yourself is telling the Court that you do not want to be part of the New York State Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a Fairness Hearing on [INSERT DATE AND TIME OF FAIRNESS HEARING], at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, New York 11722, Courtroom 1040. You may attend and you may ask to speak, but you don't have to. At this hearing, the Court will consider whether the settlement is fair, reasonable, and

9

Questions?   See Question 6

adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do not know how long the Court's decision will take.

**20. Do I have to come to the hearing?**

No. Class and Collective Counsel will represent you at the hearing. You are welcome to come at your own expense. If you send an objection, you do not have to come to Court. You may also pay your own lawyer to attend, but it is not necessary.

**21. May I speak at the hearing?**

You may speak at the Final Approval/Fairness Hearing. While it is preferable to submit a written objection in advance of the hearing consistent with Question 18 above, a written objection is not a prerequisite to appearing at the Final Approval/Fairness Hearing to object to the settlement.  You cannot speak at the Final Approval/Fairness Hearing if you exclude yourself from the settlement.

## <u>GETTING MORE INFORMATION</u>

**22. Are more details available?**

You can obtain more information about the settlement or obtain a copy of the settlement agreement by contacting the Claims Administrator.

DATED:        [INSERT DATE]

10

EXHIBIT C

*Tony Caccavale, Anthony Mangelli, Douglas Sorbie, and James Billups, individually and on behalf of all others similarly situated v. Hewlett-Packard Company a/k/a HP Inc., Hewlett Packard Enterprise Company, and Unisys Corporation*
**Claims Administrator**
**[ADDRESS]**

[Notice ID]
[First Name] [Last Name]
[Street 1]
[City], [State] ZIP

Applicable overtime hours worked from February 21, 2014, or the date of hire if later, to October 20, 2023 or date of termination if earlier: _____ hours

## CLAIM FORM

### You Must Return This Form Postmarked by [INSERT DATE] To Receive a Settlement Payment

*Tony Caccavale, Anthony Mangelli, Douglas Sorbie, and James Billups, individually and on behalf of all others similarly situated v. Hewlett-Packard Company a/k/a HP Inc., Hewlett Packard Enterprise Company, and Unisys Corporation*,
United States District Court for the Eastern District of New York, Case No. Case No. 2:20-cv-00974 (NJC)(ST)

**To receive a payment under this Settlement, the Court must grant Final Approval of the Settlement Agreement and you must complete, sign, and send this Claim Form via mail or overnight delivery so it is postmarked no later than [INSERT DATE], to:**

*Tony Caccavale, Anthony Mangelli, Douglas Sorbie, and James Billups, individually and on behalf of all others similarly situated v. Hewlett-Packard Company a/k/a HP Inc., Hewlett Packard Enterprise Company, and Unisys Corporation*
**Claims Administrator**

**Rust Consulting**
**[INSERT ADDRESS]**

**If your Claim Form is postmarked AFTER [INSERT DATE], your claim will be rejected.**

## CLAIMANT INFORMATION (IF DIFFERENT FROM ABOVE):

**Print Clearly or Type:**

Name _____    _____    _____
　　　　　　First　　　　　　　　　　Middle　　　　　　　　Last

Other Names (if any): _____

Current Residential Street Address_____

City _____ State _____ ZIP Code _____

Telephone Number _____  _____

Email Address  _____  _____

If you are submitting this Claim Form on behalf of a Settlement Member who is deceased or has become incapacitated, provide details about the capacity in which you are submitting this Claim Form on a separate sheet and include it with this completed Claim Form.

Remember:

- You are not required to submit a Claim Form.
- You are required to submit a timely and valid Claim Form to obtain a payment in connection with this action.
- Whether or not you submit a timely and valid Claim Form, you will nonetheless be bound by all applicable provisions in the Settlement Agreement provided you have not submitted a valid Opt-out form.

**PLEASE CONTINUE TO BACKSIDE OF THE CLAIM FORM**

## EMPLOYMENT INFORMATION AND SETTLEMENT PAYMENT CALCULATIONS

Your settlement payment will be determined as follows: First, the number of applicable overtime hours worked by all Participating Settlement Members from February 21, 2014 through October 20, 2023 will be totaled ("Total Overtime Hours"). Second, each Participating Settlement Member's applicable individual total overtime hours (the numerator) will be divided by the Total Overtime Hours (the denominator) to arrive at that Participating Settlement Member's "Overtime Participation Percentage." Third, each Participating Settlement Member's Overtime Participation Percentage will be multiplied by the Net Settlement Amount (which is the gross settlement payment of $625,000, plus any interest it accrues, minus attorneys' fees, litigation costs, an incentive award to Named Plaintiff Douglas Sorbie (if any), taxes (if any), and administration costs.)

If your settlement payment would be less than $50, or no payment, you will receive a payment of $50 in exchange for returning this Claim Form and participating in the settlement. If your settlement payment would be equal to or greater than $50, your payment will be from the Net Settlement Amount minus the total amount of minimum payments in the preceding sentence.

## CONSENT TO JOIN THE LAWSUIT AND RECEIVE SETTLEMENT PAYMENT AND RELEASE OF CLAIMS – CONFIRMATION AND SIGNATURE

By signing below, I confirm that: (1) I am knowingly and voluntarily signing this Claim Form and releasing all claims under the Fair Labor Standards Act and all wage claims under the New York Labor Law as described more fully in the Notice and Settlement Agreement, against Unisys and its related entities; (2) I agree to participate in and be bound by all the terms of the Settlement, if approved by the Court; (3) I am not opting out of the New York State Settlement Class and (4) I am consenting to join the Federal FLSA Settlement Collective portion of this case and am opting-in to become a plaintiff in *Tony Caccavale, Anthony Mangelli, Douglas Sorbie, and James Billups, individually and on behalf of all others similarly situated v. Hewlett-Packard Company a/k/a HP Inc., Hewlett Packard Enterprise Company, and Unisys Corporation*, Case No. Case No. 2:20-cv-00974 (NJC)(ST) (the "Lawsuit"), in the United States District Court for the Eastern District of New York. By signing and returning this Claim Form, I further consent to and authorize Class and Collective Counsel to act on my behalf in all matters relating to this action, including the settlement of my claims. If the Court grants final approval, I understand that my settlement payment is attributable to liquidated damages and will be treated as non-wage income and be reported on an IRS Form 1099. No taxes will be withheld from my settlement payment. I understand that, if taxes are due and owing on my settlement payment, I am responsible for the payment of such taxes.

_____          _____

Claimant's Name (Please Print):


Signature of Claimant                          Date

**REMEMBER: In order to be eligible to receive a settlement payment, you must timely submit a fully completed and signed Claim Form to the Claims Administrator so that it is postmarked by [DATE].**
**Please contact the Claims Administrator, Rust Consulting, at _____ with any questions, and/or to confirm receipt of your Claim Form.**