UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tony Caccavale, *et al.*,<br><br>       Plaintiffs,<br><br>  -v-<br><br>Hewlett-Packard Company A/K/A HP Inc., *et al.*,<br><br>       Defendants. | 2:20-cv-974<br>(NJC) (ST) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

  Before me is a Renewed Joint Motion for Preliminary Approval of Class and Collective Action Settlement, Conditional Certification of the Settlement Class and Collective, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of the Parties' Proposed Notice of Settlement (the "Renewed Motion for Preliminary Approval") filed by named Plaintiff Douglas Sorbie ("Sorbie") and Defendant Unisys Corporation ("Unisys"). (Mot., ECF No. 273.) On March 14, 2025, Magistrate Judge Steven Tiscione issued a Report and Recommendation (the "R&R") recommending that the Renewed Motion for Preliminary Approval be granted. (R&R, ECF No. 277.) For the reasons set forth below, I adopt the R&R in full and grant the Renewed Motion for Preliminary Approval in its entirety.

## BACKGROUND

  Sorbie brings claims against Unisys for failure to timely pay regular and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") §§ 191(1)(a) and 198, on behalf of himself, a conditionally certified FLSA collective, and a proposed class of Unisys's former service delivery employees. (Third Am. Compl. ¶¶ 154–71, ECF No. 201; *see also* Cond. Cert. Order, ECF No. 83.) On March 13, 2025, I denied

1

without prejudice and with leave to renew Sorbie's initial motion for preliminary approval of a proposed class and collective action settlement with Unisys because the parties had failed to provide sufficient information for me to assess whether the proposed settlement was likely to be approved under Rule 23(e) of the Federal Rule of Civil Procedure ("Fed. R. Civ. P."), *Moses v. New York Times Co.*, 79 F.4th 235 (2d Cir. 2023), and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and because certain provisions of the proposed agreement rendered it unfair and unreasonable under these precedents. *Caccavale v. Hewlett-Packard Co.*, No. 20-cv-974, 2024 WL 4250337 (E.D.N.Y. Mar. 13, 2024), ECF No. 252. The March 13, 2024 Opinion and Order is incorporated by reference, and I assume the parties' familiarity with it. *See Williams v. Nat'l R.R. Passenger Corp. (Amtrak)*, No. 18-cv-7070, 2019 WL 3423267, at *1 (S.D.N.Y. July 30, 2019) (incorporating by reference prior recitations of procedural history and facts).

Sorbie and Unisys negotiated modifications to their proposed agreement and filed the Renewed Motion for Preliminary Approval on June 24, 2024. (Mot.) On March 14, 2025, Magistrate Judge Steve Tiscione issued the R&R recommending that the Renewed Motion for Preliminary Approval be granted. (R&R.) The R&R was electronically served on Sorbie and Unisys the same day, on March 14, 2025. (*Id.*) The R&R instructed that any objections to the R&R must be submitted in writing to the Clerk of Court within fourteen (14) days of service, *i.e.*, by March 28, 2025. (*Id.* at 42.) On March 18, 2025, Sorbie and Unisys filed a joint letter which in which the parties "note[d] that they have no objections to the R&R and ask[ed] that it be adopted in full." (ECF No. 278.)

## DISCUSSION

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no objections are filed, a district court reviews a report and recommendation for clear error. *King v. Paradise Auto Sales I, Inc.*, No. 15-cv-1188, 2016 WL 4595991, at *1

2

(E.D.N.Y. Sept. 2, 2016) (citation omitted); *Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Because the parties have stated that they have no objections to the R&R (ECF No. 278), I may review the R&R for clear error. Nevertheless, I reviewed the R&R de novo out of an abundance of caution. Having reviewed the motion papers, the applicable law, and the R&R, I adopt the thorough and well-reasoned R&R (ECF No. 277) in its entirety. For the reasons set forth in the R&R, the parties' revised proposed Settlement Agreement and Release ("Proposed Agreement") (ECF No. 273-3) is preliminarily approved because it is likely fair and reasonable under Rule 23(e), Fed. R. Civ. P., *Moses*, 79 F.4th 235, and *Cheeks*, 796 F.3d 199.

I supplement the careful and thorough R&R only to set forth additional findings regarding the parties' Proposed Notice of Class Action Settlement ("Proposed Notice") (ECF No. 273-4). I find that the Proposed Notice complies with Rule 23(c)(2)(B) and Rule 23(e) and with the Due Process Clause of Fifth Amendment to the U.S. Constitution and is thus approved as well.

Under Rule 12(e)(1)(B), once a court has determined that it will likely be able to approve a proposed class settlement and certify a class for the purposes of the settlement, the court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). Rule 23(c)(2)(B) requires that, for the purposes of notice of a preliminary approved settlement agreement, "the court must direct [that] class members [be provided with] the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). This notice may be made by mail, electronic means, or other appropriate means and it

> must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

3

Fed. R. Civ. P. 23(c)(2)(B); *see also In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.* ("*In re Payment Card*"), 330 F.R.D. 11, 58–59 (E.D.N.Y. 2019).

"The standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules [of Civil Procedure] is measured by reasonableness." *Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, 62 F.4th 704, 719–20 (2d Cir. 2023). "There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." *Id.* The Second Circuit has found that notice "is adequate if it may be understood by the average class member." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 114 (2d Cir. 2005) (citation omitted), *superseded on other grounds by* Fed. R. Civ. P. 23(e)(2).

"Courts in this Circuit have explained that a Rule 23 Notice will satisfy due process when it describes the terms of the settlement generally, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing." *In re Payment Card*, 330 F.R.D. at 58–59 (collecting cases) (cleaned up).

The Proposed Notice is reasonable under these authorities in both its content and the procedure by which it will be provided to potential class members. First, the content of the Proposed Notice is reasonable and complies with Rule 23(c). The Proposed Notice includes each of the enumerated criteria set out by Rule 23(c): it explains the nature of the action; the definition of the certified class; the class claims, issues, or defenses; that a class member may enter an appearance through an attorney; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on members under Rule 23(c)(3). (*See* Proposed Notice.) Further, the Proposed Notice describes the terms of the Proposed Agreement generally, explains the allocation of attorneys' fees,

4

and will include the time, date, and location of the Final Approval/Fairness Hearing. Proposed Agreement ¶ 13(b); Proposed Notice; *see also In re Payment Card*, 330 F.R.D. at 58–59. The Proposed Notice will also explain the method of calculating the Distribution Amount for each Participating Settlement Member and includes a claim form for Settlement Members to communicate that they are not opting out of the New York State Settlement Class and that they consent to join the Federal FSLA Settlement Collective.[1] (Proposed Agreement ¶ 13(b); Proposed Notice.)[2]

Second, the procedure by which potential class and collective members will be identified and sent the Proposed Notice is also reasonable and complies with Rule 23(c). Under the Proposed Agreement, the Proposed Notice will be mailed to the last known address of each Settlement Member, which is defined as "all Service Delivery Employees," who are further defined in the Proposed Agreement as certain former Unisys employees, and "[u]nless specifically stated otherwise, . . . includes the Named Plaintiffs." (Proposed Agreement ¶¶ 1(gg), 9, 13(a).) Unisys will provide a list of identifying information for all Settlement Members (the "Class List") to Rust Consulting, a third-party administrator ("Claims Administrator"), within 21 days of my order

---

[1] Unless provided elsewhere, capitalized terms used in this Memorandum and Order shall have the meanings set forth in Sorbie and Unisys's Settlement Agreement and Release (ECF No. 273-3).

[2] Defendants Hewlett Packard Enterprise Company and Hewlett-Packard Company ("HP Defendants"), who are not party to the Proposed Agreement, raised an objection to the proposed notice filed with Sorbie's initial motion for preliminary settlement approval because it contained references to the pending litigation between Sorbie and the HP Defendants. *See Caccavale*, 2024 WL 4250337, at *3; Min. Entry, Dec. 13, 2023. I overruled that objection, finding that the references to the HP Defendants were "reasonable, limited in scope, and effective in providing clear notice to putative class and collective members that the Proposed Agreement does not resolve any wage and hour claims that they may have against the HP Defendants, which are still being litigated." *Caccavale*, 2024 WL 4250337, at *3. The references in the Proposed Notice filed the Renewed Motion for Preliminary Approval are the same as those in the proposed notice filed with Sorbie's initial motion. The HP Defendants have not renewed their objection to these references. For the reasons set forth in the March 14, 2024 Opinion and Order, I find the references to the HP Defendants in the Proposed Notice to be reasonable. *Caccavale*, 2024 WL 4250337, at *3.

preliminarily approving the Proposed Agreement, and the Claims Administrator will mail the Proposed Notice to each Settlement Member within 14 days of receiving the Class List. (*Id.* ¶ 13(a).) The Claims Administrator will run a search through the United States Post Office National Change of Address ("NCOA") database for the names and addresses contained within the Class List "in a commercially reasonable time prior to issuing the Notice." (*Id.*) The Claims Administrator will send the Proposed Notices by first-class U.S. Mail to each Settlement Member at that individual's last known address as provided by Unisys, or the updated address based upon the NCOA database search. (*Id.*) A pre-addressed return envelope will be included with the first-class mailing for Settlement Members to return the enclosed claim form. (*Id.*) These procedures provide for a reasonable effort to identify and notify all members of the class of the Proposed Settlement. *See* Fed. R. Civ. P. 23(c)(2)(B).

Because the Proposed Notice is reasonable under Second Circuit precedents and complies with Rule 23(c), I approve the Proposed Notice.

## CONCLUSION

For the reasons set forth above, I adopt the thorough and well-reasoned R&R (ECF No. 277) in its entirety, and I find the Proposed Notice reasonable. Accordingly, I grant Sorbie and Unisys's Renewed Motion for Preliminary Approval (ECF No. 273) in full and order the following:

1. The Proposed Agreement (ECF No. 273-3) is preliminarily approved under Rule 23(e), Fed. R. Civ. P., *Moses*, 79 F.4th 235, and *Cheeks*, 796 F.3d 199.

2. The following class (the "New York State Settlement Class") is conditionally certified for settlement purposes under Rule 23(e)(1)(B), Fed. R. Civ. P.:

   > Current or former employees of Unisys (including the Named Plaintiffs) who are or were employed at any time by Unisys in New York based on a Unisys-assigned New York work location, during the period February 21, 2014 through October 20, 2023 in one or more of the following positions in the Service Delivery Employee

6

>   job family: Field Engineer 1, Field Engineer 2, Field Engineer 3, Field Engineer 4, Customer Engineer 2, Customer Engineer 3, Customer Engineer 4, Customer Engineer 5, Customer Engineer 6, Client Infrast Rep 3-Barg Unit, Client Infrast Rep 4-Bar Unit, Client Infrast Rep 5-Barg Unit, UTS Field Svc Associate, UTS Field Svc Tech 1, UTS Field Svc Tech 2, UTS Field Svc Tech 3, UTS Field Svc Tech 4, or UTS Field Svc Tech 5 (collectively "Service Delivery Employees").

3. The following collective (the "Federal FLSA Settlement Collective") is conditionally certified for settlement purposes only under 29 U.S.C. § 216(b):

   >   Current or former employees of Unisys (including the named Plaintiffs) who are or were employed at any time by Unisys in New York based on a Unisys-assigned New York work location, during the period December 17, 2017 through October 20, 2023 in one or more of the following positions in the Service Delivery Employee job family: Field Engineer 1, Field Engineer 2, Field Engineer 3, Field Engineer 4, Customer Engineer 2, Customer Engineer 3, Customer Engineer 4, Customer Engineer 5, Customer Engineer 6, Client Infrast Rep 3-Barg Unit, Client Infrast Rep 4-Bar Unit, Client Infrast Rep 5-Barg Unit, UTS Field Svc Associate, UTS Field Svc Tech 1, UTS Field Svc Tech 2, UTS Field Svc Tech 3, UTS Field Svc Tech 4, or UTS Field Svc Tech 5.

4. Paul A. Pagano of the Law Office of Paul A. Pagano, P.C.; Jason L. Abelove of the Law Office of Jason L. Abelove, P.C.; Anthony J. LoPresti of the Law Offices of Anthony J. LoPresti; and Yale Pollack of the Law Offices of Yale Pollack, P.C., are appointed as Class Counsel because they meet all of the requirements of Rule 23(g), Fed. R. Civ. P.

5. Rust Consulting is appointed as a third-party administrator (the "Claims Administrator").

6. The Proposed Notice (ECF No. 273-4) is approved pursuant to Rule 23(c)(2)(B), Fed. R. Civ. P., and I direct its distribution to the Settlement Members.

7. Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), all Settlement Members are hereby enjoined from initiating lawsuits asserting Claims encompassed within

7

        Sections 14(a) and 14(b) of the Proposed Agreement against Unisys on behalf of any class or collective of Service Delivery Employees, until such time as Final Approval has been granted.

8. The Parties shall comply with the following settlement procedure in accordance with the Proposed Agreement:

    a. Within 21 days of the date of this Order, Unisys shall provide to the Claims Administrator a Class List. Within 14 days of receiving such information, the Claims Administrator shall mail the Proposed Notices to Settlement Members;

    b. Settlement Members who do not opt-out will have 60 days from the date the Proposed Notice is mailed to file any objection(s) to the Proposed Agreement with the Claims Administrator, and 60 days from the date the Proposed Notice is mailed to opt out of the Proposed Agreement;

    c. As long as a Settlement Member does not opt-out s/he may appear at the Final Approval/Fairness Hearing and object;

    d. The parties shall file their Motion for Final Approval of the settlement by **September 15, 2025**;

    e. The parties shall appear for a Final Approval/Fairness Hearing on **October 15, 2025 at 1:00 PM** at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, New York, Courtroom 1040;

    f. If the Court grants the parties' Motion for Final Approval of the settlement, the Court will issue a Final Approval Order. If no party

  appeals the Court's Final Approval Order, the "Effective Date" of the settlement will be three days after the deadline for taking an appeal has passed;

g. If rehearing, reconsideration, or appellate review is sought, the "Effective Date" shall be three days after all such challenges and appeals are resolved in favor of final approval;

h. The Claims Administrator will disburse settlement checks to the Class Members, Class Counsel's attorneys' fees and expenses to Class Counsel, the Service Award to Sorbie, and the Claims Administrator's fee within 30 days of the Effective Date; and

i. The parties shall abide by all terms of the Proposed Agreement.

Dated: Central Islip, New York
   March 21, 2025

            */s Nusrat J. Choudhury*
            NUSRAT J. CHOUDHURY
            United States District Judge